IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XIAOLING CHE AND JINYAN DUAN<br><br>Plaintiffs,<br><br>v.<br><br>SHEN ZHEN NUO BEI SHI CHUANG YI FA ZHAN CO., LTD.; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI-SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI<br><br>Defendants. | Case No. 1:25-cv-4946<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Xiaoling Che ("Che") and Jinyan Duan ("Duan") (collectively, "Plaintiffs"); hereby brings this Complaint against Defendants Shenzhen Ximeikeji Youxian Gongsi ("XM Official"); Shenzhen Mumuwan Maoyi Youxian Gong Si ("Woodever Direct"); QingYunXianGeSiWeiShangMaoYouXianGongSi ("GeSiWeiShangMao"); and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi ("PetMagic Shop") (collectively, "Defendants") and allege as follows:

**THE PARTIES**

1. Plaintiff Xiaoling Che is a Chinese citizen residing in China.

2. Plaintiff Jinyan Duan is a Chinese citizen residing in China.

3. Upon information and belief, Defendant Shenzhen Ximeikeji Youxian Gongsi is a company organized under the laws of China with a place of business at Room 16B, 1 Building, Block A, North Section, Gongguan 1866, Hongshan Community, Minzhi Street, Longhua

1

District, Shenzhen, China 518131.

4. Upon information and belief, Defendant Shenzhen Mumuwan Maoyi Youxian Gong Si is a company organized under the laws of China with a place of business at 201, No. 148, Mali West New Area, Guancheng Community, Guanhu Street, Longhua District, Shenzhen, Guangdong Province, China 518110.

5. Upon information and belief, Defendant QingYunXianGeSiWeiShangMaoYouXianGongSi is a company organized under the laws of China with a place of business at No. C00113, Room 1, 2nd Floor, Management Service Center, Zhongqing International Smart Logistics Park, Shangtang Town, Qingyun County, Dezhou City, Shandong Province, China 253700.

6. Upon information and belief, Defendant Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi is a company organized under the laws of China with a place of business at Room 705, No. 6, Lane 6, Wangtang Community, Bantian Street, Longgang District, Shenzhen City, Guangdong Province, China 518129.

7. Defendants are properly joined under 35 U.S.C. § 299(a) because Defendants, through their own acts and/or through the acts of each other Defendant acting as its representative, alter ego, or agent, make, use, sell, offer to sell, and/or import into the United States the same or materially similar accused puzzle boards such that questions of fact will arise that are common to all Defendants. Upon information and belief, the accused puzzle boards are all manufactured and/or sourced from the same supplier. For example, each accused puzzle board includes the same assembly instructions without any distinguishing brand or source indicia.

**JURISDICTION AND VENUE**

8. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code §§ 100, *et seq.*

9. Subject-matter jurisdiction over Plaintiffs' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

10. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in Illinois, including this District, at least by marketing, supplying, distributing, selling, and/or offering to sell accused puzzle boards through Amazon.com to Illinois residents. As alleged herein, Defendants have committed acts of patent infringement giving rise to this action within this District.

11. Venue is proper under 28 U.S.C. § 1391(c)(3) because none of the Defendants is a resident of the United States and therefore may be sued in any district, including this District.

**FIRST CLAIM FOR RELIEF**

**(Direct Infringement of U.S. Patent No. 12,220,648)**

12. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in all previous paragraphs as if fully set forth herein.

13. U.S. Patent No. 12,220,648 (the "'648 patent") entitled, "Movable Puzzle Platform," was duly and legally issued by the U.S. Patent and Trademark Office on February 11, 2025. Plaintiffs own all rights, title, and interest in and to the '648 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for any infringement thereof. A true and correct copy of the '648 patent is attached as **Exhibit A**.

14. Defendants, pursuant to 35 U.S.C. § 271(a), have directly infringed and continue to directly infringe, literally and/or under the doctrine of equivalents, at least claims 10 and 17 of

3

the '648 patent by making, using, selling, offering to sell, and/or importing into the United States the following puzzle boards and materially similar puzzle boards under different brand names and/or versions (former, current, or future):

| Defendant | Amazon Store Name | ASIN(s) |
|---|---|---|
| Shenzhen Ximeikeji Youxian Gongsi | XM Official | B0CNSS2S59 B0CYW9MQST |
| Shenzhen Mumuwan Maoyi Youxian Gong Si | Woodever Direct | B0CZCSVXKW B0D49HG8GF |
| QingYunXianGeSiWeiShang-MaoYouXianGongSi | GeSiWeiShangMao | B0DT65CX2Z |
| Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi | PetMagic Shop | B0DT8VFLKX |

These puzzle boards are identified by Defendant seller and corresponding Amazon store name and Amazon Standard Identification Numbers ("ASINs"). The puzzle boards identified above and all materially similar puzzle boards under different brand names and/or versions (former, current, or future) are collectively referred to as the "Accused Products."

15. Upon information and belief, the Accused Products are all manufactured and/or sourced from the same supplier. For example, each accused puzzle board includes the same assembly instructions without any distinguishing brand or source indicia. A copy of the assembly instructions that are shipped with the Accused Products is attached as **Exhibit B**.

16. All of the Accused Products are materially identical and include versions intended for use with 1,000 puzzle pieces (i.e., ASINs B0CNSS2S59, B0CZCSVXKW, and B0DT65CX2Z) or 1,500 puzzle pieces (i.e., ASINs B0CYW9MQST, B0D49HG8GF, and B0DT8VFLKX). The only differences between Accused Products for 1,000 pieces versus those for 1,500 pieces is that the 1,500 pieces puzzle boards are slightly larger and have square puzzle

4

drawers whereas the 1,000 pieces puzzle boards are slightly smaller and have rectangular puzzle drawers. A representative infringement claim chart showing how the Accused Products infringe at least claims 10 and 17 of the '648 patent is attached as **Exhibit C**.

## SECOND CLAIM FOR RELIEF

### (Indirect Infringement of U.S. Patent No. 12,220,648)

17. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in all previous paragraphs as if fully set forth herein.

18. On January 24, 2025, Defendant Shenzhen Mumuwan Maoyi Youxian Gong Si filed a complaint in the Northern District of Illinois, Case No. 1:25-cv-00845. The complaint in that case identifies four of the same Accused Products, i.e., ASINs B0CNSS2S59, B0CYW9MQST, B0CZCSVXKW, and B0D49HG8GF. (*See* Case No. 1:25-cv-00845 at Dkt. 1 ¶ 12.) The complaint alleges that these ASINs do not infringe U.S. Patent No. 12,048,885, which is related to the '648 patent.

19. On April 25, 2025, the court in Case No. 1:25-cv-00845 issued the following order: "By 5/1/2025, the parties shall file a report of the parties' planning meeting pursuant to LPR 1.2…. If defendant has not entered an appearance or been served, plaintiff must file a status report advising the court of the status of service of process or any communication with defendant." (Case No. 1:25-cv-00845, Dkt. 5.) The court's order was ignored by Defendant Shenzhen Mumuwan Maoyi Youxian Gong Si, indicating its unwillingness to litigate noninfringement of U.S. Patent No. 12,048,885, and evincing a tacit admission that any alleged noninfringement arguments for U.S. Patent No. 12,048,885 lack merit.

20. Upon information and belief, Defendant Shenzhen Mumuwan Maoyi Youxian Gong Si and the rest of the Defendants knew of the '648 patent before the filing of this

Complaint because (i) the '648 patent is related to U.S. Patent No. 12,048,885; (ii) U.S. Patent No. 12,048,885 is referred to in Case No. 1:25-cv-00845; and (iii) all the Accused Products are manufactured and/or sourced from the same supplier.

21. Defendants, pursuant to 35 U.S.C. § 271(b), knowingly and intentionally actively induce the infringement of at least claims 10 and 17 of the '648 patent by instructing and otherwise encouraging customers of the Accused Products to make and use the Accused Products. To the extent that the Accused Products are not shipped to customers with wheels fully assembled, and the assembly of wheels on the Accused Products is relevant to direct infringement of any asserted claim of the '648 patent, Defendants instruct and otherwise encourage their customers to directly infringe the '648 patent by intending and instructing their customers to install wheels onto the Accused Products per the assembly instructions that are shipped with the Accused Products and attached as **Exhibit B**.

## THIRD CLAIM FOR RELIEF

### (Willful Infringement of U.S. Patent No. 12,220,648)

22. Plaintiffs repeat, reallege, and incorporate each and every allegation contained in all previous paragraphs as if fully set forth herein.

23. Defendants have prior knowledge of the '648 patent for at least the reasons explained *supra* in paragraphs 18-20 of this Complaint.

24. Because, as explained *supra* in paragraphs 18-20 of this Complaint, (i) Defendants have tacitly admitted that its noninfringement arguments for U.S. Patent No. 12,048,885, lack merit; (ii) the '648 patent is related to U.S. Patent No. 12,048,885; and (iii) Defendants' have prior knowledge of the '648 patent, Defendants' infringement of the '648 patent has been and continues to be egregious and willful.

**DAMAGES**

25. On information and belief, 35 U.S.C. § 287(a) has been complied with at all relevant times.

26. Plaintiffs have sustained damages as a direct and proximate result of Defendants' infringement of the '648 patent.

27. As a consequence of Defendants' past infringement of the '648 patent, Plaintiffs are entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

28. As a consequence of Defendants' continued and future infringement of the '648 patent, Plaintiffs are entitled an injunction preventing Defendants from making, using, selling, offering to sell, and/or importing into the United States the Accused Products. In the alternative and in addition to injunctive relief, Plaintiffs are entitled to royalties for any post-Complaint infringement by Defendants of the '648 patent.

29. Because Defendants' infringement of the '648 patent has been and continues to be willful, Plaintiffs are entitled to treble damages.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Defendants as follows:

A. Adjudging that Defendants have infringed the '648 patent literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §§ 271(a) and (b);

B. An award of damages to be paid by Defendants adequate to compensate Plaintiffs for Defendants' past infringement and any post-Complaint infringement, which shall be no less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiffs for Defendants' infringement, an

accounting of all infringing sales including without limitation those sales not presented at trial;

C.  Ordering that Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from making, using, selling, offering to sell, and/or importing into the United States the Accused Products;

D.  Awarding Plaintiffs treble damages based on any infringement found to be willful pursuant to 35 U.S.C. § 284;

E.  Adjudging that this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to Plaintiffs;

F.  Awarding Plaintiffs pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

G.  Granting Plaintiffs such further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims and issues so triable.

Dated: May 5, 2025

Respectfully submitted,

By */s/ Mengmeng Luo*
Mengmeng Luo (*admitted*)
**RIMON P.C.**
4220 Duncan Ave., Suite 201
St. Louis, MO 63110
Telephone/Facsimile: (314) 897-5767
Mengmeng.luo@rimonlaw.com

John Handy (*pro hac vice* forthcoming)
**RIMON P.C.**
1765 Greensboro Station Tower I, Suite 900
McLean, VA 22102
(703) 559-7360
john.handy@rimonlaw.com

*Attorneys for Plaintiffs
Xiaoling Che and Jinyan Duan*