IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XIAOLING CHE AND JINYAN DUAN<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN XIMEIKEJI YOUXIAN GONGSI; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI-SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI<br><br>Defendants. | Case No. 1:25-cv-04946 |

**DECLARATION OF JINYAN DUAN IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER
AND A PRELIMINARY INJUNCTION**

I, Jinyan Duan, declare as follows:

1. As joint inventors, Xiaoling Che and I are the lawful owners of all right, title, and interest in and to U.S. Patent No. 12,220,648 (the "'648 patent").

2. I have expended substantial time, money, and other resources inventing, creating, and patenting the inventions claimed in the '648 patent.

3. Xiaoling Che and I have identified infringing and unauthorized puzzle boards sold by Shenzhen Ximeikeji Youxian Gongsi, Shenzhen Mumuwan Maoyi Youxian Gong Si, QingYunXianGeSiWeiShangMaoYouXianGongSi, and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi, on Amazon.com at the following Amazon Standard Identification Numbers ("ASINs"):

1

| Defendant | Amazon Store Name | ASIN(s) |
|---|---|---|
| Shenzhen Ximeikeji Youxian Gongsi | XM Official | B0CNSS2S59 B0CYW9MQST |
| Shenzhen Mumuwan Maoyi Youxian Gong Si | Woodever Direct | B0CZCSVXKW B0D49HG8GF |
| QingYunXianGeSiWeiShang-MaoYouXianGongSi | GeSiWeiShangMao | B0DT65CX2Z |
| Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi | PetMagic Shop | B0DT8VFLKX |

4. The above puzzle boards are accurately represented by the screenshots and photos in Exhibit C of the Complaint. They are materially identical and include versions intended for use with 1,000 puzzle pieces (i.e., ASINs B0CNSS2S59, B0CZCSVXKW, and B0DT65CX2Z) or 1,500 puzzle pieces (i.e., ASINs B0CYW9MQST, B0D49HG8GF, and B0DT8VFLKX). The only differences between the 1,000 pieces versions versus those for 1,500 pieces is that the 1,500 pieces puzzle boards are slightly larger and have square puzzle drawers whereas the 1,000 pieces puzzle boards are slightly smaller and have rectangular puzzle drawers.

5. Neither Xiaoling Che nor I have licensed or otherwise authorized any of the Defendants to make, use, sell, offer to sell, or import into the United States any products that practice the '648 patent.

6. I have licensed the '648 patent to multiple e-commerce sellers who are currently selling products that practice our patented inventions, and we receive revenue in consideration of such licenses.

7. Monetary damages cannot adequately compensate me for ongoing infringement because monetary damages fail to address the damage to my control over the inventions claimed in the '648 patent, its reputation, associated goodwill, and ability to exploit the '648 patent.

2

Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to my control over my rights in the '648 patent, the goodwill associated therewith, and ability to exploit the '648 patent by acts of infringement.

8. My goodwill and reputation are irreparably damaged by the making, using, offering for sale, selling, or importing of products that infringe the '648 patent. Moreover, brand confidence in my authorized licensees is damaged, which can result in a loss of future sales and market share. The extent of harm to my reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

9. I am further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of products that infringe the '648 patent because infringers take away my ability to control the nature and quality of infringing products. Loss of quality control over goods made, used, offered for sale, sold, or imported that practice the '648 patent and, in turn, loss of control over my reputation is neither calculable nor precisely compensable.

10. The making, using, offering for sale, selling, or importing of goods that practice the '648 patent that are not authorized is likely causing and will continue to erode the value in '648 patent. Inferior quality products will result in increased skepticism and hesitance by consumers presented with genuinely licensed products, resulting in a loss or undermining of my reputation and goodwill, and the value of '648 patent.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2025.

_Jinyan Duan_
Jinyan Duan