THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| XIAOLING CHE AND JINYAN DUAN, ) | |
| ) | |
| *Plaintiffs*, ) | No. 25-cv-04946 |
| v. ) | |
| ) | Chief Judge Virginia M. Kendall |
| SHENZHEN XIMEIKEJI YOUXIAN GONGSI; ) | |
| SHENZHEN MUMUWAN MAOYI YOUXIAN ) | |
| GONG SI; QINGYUNXIANGESIWEI- ) | |
| SHANGMAOYOUXIANGONGSI; and ) | |
| SHENZHEN MENGDUDU CHONGWU ) | |
| YONGPIN YOUXIAN GONGSI ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

In this patent case, Plaintiffs are the two named inventors of: U.S. Patent No. 12,220,648, called "Movable Puzzle Platform." ('648 Patent at 1). Plaintiffs are Chineze citizens residing in China. (Dkt. 3-3 at 1). They seek to enjoin Defendants from selling "infringing puzzle board products" on Amazon.com and other platforms. (Dkt. 14 at 1-2).

The '648 Patent discloses a rotatable puzzle game apparatus with drawers. ('648 Patent, Figs. 1-4). The parties state that the '648 Patent's priority date is June 1, 2022. (Dkt. 36 at 1, Dkt. 32 at 4). Plaintiffs allege that Defendants infringe Claims 10 and 17:

| **Claim 10** | **Claim 17** |
|---|---|
| 10. A movable puzzle platform comprising: a board assembly comprising:     a puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate;     a supplement arrangement comprising a first main supporting wall attached on thea bottom surface of the puzzle board; and     a restricting wall having a first extending wall upwardly extending from the fixing | 17. A movable puzzle platform comprising:     a puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate;     a supplement arrangement comprising a first main supporting wall attached on thea bottom surface of the puzzle board and a first dividing supporting wall positioned below the bottom surface of the puzzle board and apart from the first main supporting wall for forming at least one |

| | |
|---|---|
| portion and stacked on the fixing portion of the puzzle board; <br> at least two puzzle drawers; and <br> a rotating assembly attached on the board assembly; <br> wherein the fixing portion of the puzzle board is stacked on the first main supporting wall; and <br> wherein the supplement arrangement is cooperated with the puzzle board for forming at least one drawer cavity, and each puzzle drawer is actuated to slide in-and-out of the drawer cavity. | drawer cavity together with the puzzle board and the first main supporting wall; <br> a restricting wall having a first extending wall upwardly extending from the fixing portion and stacked on the fixing portion of the puzzle board; and <br> at least one puzzle drawer actuated to slide in-and-out of the drawer cavity; <br> wherein the first extending wall and the fixing portion of the puzzle board are successively stacked on the first main supporting wall; and <br> wherein the supplement arrangement further comprises a first inner supporting wall attached on the bottom surface of the puzzle board for improving the structural strength of the puzzle board. |

(Dkt. 3-3).

The Accused Products are puzzle boards. (*Id.*) There are six accused puzzle boards: Defendant Shenzhen Ximeikeji Youxian Gongsi's ASINs B0CNSS2S59 and B0CYW9MQST, Defendant Shenzhen Mumuwan Maoyi Youxian Gong Si's ASINs B0CZCSVXKW and B0D49HG8GF, Defendant QingYunXianGeSiWeiShangMaoYouXianGongSi's ASIN B0DT65CX2Z, and Defendant Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi's ASIN B0DT8VFLKX. (*Id.* at 1).

Plaintiffs allege that Defendants' puzzle boards are "materially identical" with "the same assembly instructions" and with no "distinguishing brand or source indicia." (Dkt. 15 at 1). Plaintiffs make one distinction. The boards that hold 1,500 pieces (instead of 1,000) are larger and have square puzzle drawers; whereas, boards with 1,000 pieces are smaller with rectangular drawers. (*Id.* at 3). Plaintiffs support these points with two Declarations (from themselves). (Dkt. 15-1, 15-2).

Plaintiffs do not provide claim charts in their motion; rather, they cite to the "representative" chart in their Amended Complaint. (*Compare* Dkt. 15 at 2-3 *with* Dkt. 3-3).

2

Plaintiffs' claim chart does not differentiate between Defendants or Defendants' products. (Dkt. 3-3). Plaintiffs did not provide individualized claim charts for each Defendant or for each of the six Accused Products. (*Id.* at 1-10). Rather, their motion relies on just one "Representative Infringement Claim Chart" that is "representative of the puzzle boards" that Defendants sell. (*Id.* at 1). Plaintiffs' "representative" claim chart identifies just one Accused Product from Defendant Shenzhen Ximeikeji Youxian Gongsi. (*Id.* at 1) ("SXYG's Norbase Product"). No other products are identified or charted. (*Id.* at 1-10).

Defendants are also all Chinese entities. (Dkt. 3-3 at 1-2). Defendants contend that Plaintiffs fail to show likelihood of success, pointing to the on-sale bar defense and invalidity via obviousness in view of the prior art. (Dkt. 32 at 2). They also argue no infringement of this limitation: "a puzzle plate and a fixing portion extending from the puzzle plate." (*Id.*; *see also id.* at 7-8). They further contend that Plaintiffs failed to show irreparable harm or inadequate monetary relief as Plaintiffs have "numerous" patent licenses but "no evidence" of harm. (*Id.* at 2).

## **LEGAL STANDARD**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The movant for a preliminary injunction "bears a significant burden" and "must demonstrate at a minimum how it proposes to prove the key elements of its case." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023) (quoting *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020)). Federal Circuit law governs substantive matters unique to patent law, while Seventh Circuit law applies to the non-patent claims. *ABC Corp. I v. P'ship & Unincorporated Associations Identified on Schedule "A"*, 52 F.4th 934, 941 (Fed. Cir. 2022). "A party seeking to obtain a preliminary injunction must demonstrate: (1) its case has some likelihood of success on the merits; (2) that no adequate remedy

3

at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

"If the court is satisfied that these three conditions have been met, then it must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Id*. The Court must then "consider the public interest (non-parties) in denying or granting the injunction." *Id*. "The court then weighs all of these factors . . . engaging in what we term the sliding scale approach" where "the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." *Id*.

## DISCUSSION

### I. Likelihood of Success

#### a. Infringement and validity

***Infringement***. Plaintiffs' showing of infringement is not sufficient. Plaintiffs' claim chart is cursory and fails to provide the Court with sufficient evidence that Plaintiffs are likely to succeed on the merits of their patent infringement claim against each of the four Defendants and the six Accused Products. (Dkt. 3-3). Plaintiffs provided one "representative" chart for one product against one Defendant. (*Id.*) Plaintiffs provided no evidence of infringement for the other three Defendants or the other five Accused Products. (*Id.*) By failing to provide infringement charts for the other Defendants and other products, Plaintiffs cannot carry their burden. *UATP IP, LLC v. Kangaroo, LLC*, 2024 WL 658205, at *2 (Fed. Cir. Feb. 16, 2024) ("infringement . . . must be performed on a claim-by-claim basis" and parties may not satisfy that standard by "assuming" "similarities" "without any discussion of the claims") (quotes omitted).

4

Although Plaintiffs state that all of the Defendants' Accused Products are "materially identical," (Dkt. 15 at 1-3) they fail to support this assertion. They rely on two conclusory points from their own Declarations (Dkt. 15-1, ¶ 4, 15-2, ¶ 4), and yet, they undermine their position by conceding that the Accused Products differ in size, shape, and configuration. (Dkt. 15 at 1-3). With no other evidence, Plaintiffs ask the Court to assume that the cursory "representative" infringement chart for SXYG's Norbase Product should—and must—apply to three different Defendants (even though these Defendants do not sell the Norbase Product) and five additional (uncharted) products—that Plaintiffs concede are not identical. (*Id.*)

"A plaintiff has the burden of showing that each product infringes at least one claim." *ABC Corp.*, 52 F.4th at 943. Plaintiffs failed to do so. To impose the "extraordinary remedy" of an injunction, the law demands more. *Winter*, 555 U.S. at 22, 24; *Grubhub Inc.*, 80 F.4th at 844; *UATP IP, LLC*, 2024 WL 658205, at *2.

Drilling down into Plaintiffs' claim construction reveals more issues. First, the images of SXYG's Norbase Product do not appear to satisfy the "extending" limitation necessary to satisfy Claim 10.b. (Dkt. 3-3 at 3). The image appears to show an upper surface (which Plaintiffs call the "puzzle plate") sitting ***flush*** with the other parts. (*Id.*) While Plaintiffs highlighted the corner of the upper surface yellow (the "fixing portion" limitation), it is unclear that this is a separate identifiable part of the upper surface—rather than just the corner. (*Id.*)

So, under Plaintiffs' construction of 10.b the upper surface is apparently broken up into two parts: the "puzzle plate" and the "fixing portion." (*Id.*) This construction is internally inconsistent because Claim 10.d claims the "restricting wall" "upwardly extending from" and "stacked" on just the "fixing portion" of the board—not the "puzzle plate." (*Compare id.* at 3 *with id.* at 5). Looking at the Accused Product, this appears impossible, as the "restricting wall" is sitting

5

on the top of the entire upper surface—not just the corner "fixing portion"—but instead along the entire "puzzle plate." (*Id.*)

These inconsistencies are even harder to square against the disclosures of the '648 Patent itself and how it defines the "fixing portion 102." *See* '648 Patent at Figs. 7-8 (showing "fixing portion 102" extending outward unlike the accused product sitting flush); Fig. 11 (showing "fixing portion 102" as the entire upper surface (what Plaintiffs call the "puzzle plate")—not just the corner "fixing portion").

More issues abound as Plaintiffs fail to prove how the four Defendants and all six Accused Products infringe other limitations like the "puzzle platform," "board assembly," or a "supplement arrangement" with sufficient specificity. (Dkt. 3-3, at 1, 2, 8) (providing no explanation apart from simple screenshots and failing to prove infringement for each element and limitation); *see Inpro II Licensing, S.A.R.L. v. T-Mobile USA, Inc.*, 450 F.3d 1350, 1357-58 (Fed. Cir. 2006) ("To establish infringement, every element and limitation of the claim must be present in the accused device, literally or by an equivalent.").[1]

*Validity*. There are also on-sale bar and validity concerns. The '648 Patent was filed on June 7, 2024, and the parties state that its priority date is June 1, 2022. (Dkt. 36 at 1, Dkt. 32 at 4). Defendants raise sufficient on-sale bar and validity concerns why preliminary injunction at this stage, under these facts, is improper. (Dkt. 32 at 4-6, Exs. 1-2).

Defendants identify screenshots showing customers apparently purchasing and reviewing the Accused Products as early as 2020—well before the June 1, 2022 priority date. (*Id.* at 4-6). These reviews are identified as a "Verified Purchase." (*Id.* at 6). Plaintiffs offer insufficient evidence to rebut this evidence or show that these sales are not legitimate. (Dkt. 36 at 1-2). Based

---

[1] Plaintiffs presented no substantive arguments under the doctrine of equivalents and instead rely on literal infringement. (*See* Dkt. 15 at 4).

on the record before the Court, these purchases indicate a distinct possibility that the on-sale bar defense applies and raises a substantial question of the validity of the '648 Patent. 35 U.S.C. § 102(a)(1) ("A person shall be entitled to a patent unless—the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention"); *Helsinn Healthcare S.A. v. Teva Pharms. USA, Inc.*, 855 F.3d 1356, 1370 (Fed. Cir. 2017), *aff'd*, 586 U.S. 123 (2019) (holding that the on-sale bar applied and explaining that a "primary rationale of the on-sale bar is that publicly offering a product for sale that embodies the claimed invention places it in the public domain").

In its Reply, Plaintiffs contend that Defendants "fail to explain how specific claim limitations in the '648 patent are anticipated by" the reviews because they "only show[] a generic puzzle board with no rotating capability." (Dkt. 36 at 1-2). To be sure, the Accused Products identified in the reviews apparently do not show a "rotating capability." (*Id.*) Assuming Plaintiffs are correct, then Defendants' Accused Products would not infringe. If the Accused Products do not have the claimed "rotating capability," then the Accused Products cannot infringe Claim 10.f (claiming "a rotating assembly attached on the board assembly"). (*Compare id.* at 1-2 *with* Dkt. 3-3 at 7); *Inpro II Licensing, S.A.R.L*, 450 F.3d at 1357-58.

Plaintiffs' position also misses another point. These are reviews of the Accused Products—the very products Plaintiffs claim infringe. Evidence showing that these products were produced, sold, and disclosed before the priority date of the '648 Patent is relevant—and here, persuasive—evidence that there are on-sale bar concerns to deny Plaintiffs' motion. *Helsinn*, 855 F.3d at 1370. Plaintiffs cannot have it both ways. If the Accused Products do not satisfy the rotating limitation, they do not infringe; if they do have the rotating limitation, they bar Plaintiffs' claim. *Id.*; *Inpro II Licensing, S.A.R.L*, 450 F.3d at 1357-58; 35 U.S.C. § 102(a)(1).

7

Turning to Defendants' obviousness argument, while cursory, the references they identify pre-date the '648 Patent's priority date and raise validity questions. (Dkt. 32 at 7, Ex. 1 (US 2021/0170267 A1 ("*Malki*")), Ex. 2). For example, the *Malki* patent was filed on December 9, 2019 and published on June 10, 2021—all before the '648 Patent's priority date. (*Malki*, at 1). *Malki* discloses a "rectangular game workboard" that allows "the jigsaw puzzle to be moved" and it has "[f]our drawers …." (*Id.*, [008-009]). *Malki* also discloses figures of embodiments of the claimed invention that raise validity questions. (*Id.*, Fig. 1, *see also id.*, Figs. 2-4).

Plaintiffs argue that *Malki* "does not disclose a 'fixing portion extending from the puzzle plate.'" (Dkt. 36 at 3-5). This does not appear so. *Malki* appears to disclose what Plaintiffs define as the "fixing portion" of the '648 Patent:



The upper surface of the Accused Product, which Plaintiffs construe as the '648 Patent's "puzzle plate" and "fixing portion" limitations, appears disclosed by the "upper surface **14**" from *Malki*. (*Compare* Dkt. 3-3 at 3 (identifying the "puzzle plate" and "fixing portion" as the upper surface) *with Malki*, Fig. 1, [0022] ("As best illustrated in FIGS. 1-4, the jigsaw puzzle workboard **10** generally comprises a panel **12** rectangular in shape having an upper surface **14**")).

The "puzzle plate" or "fixing portion" limitations are the upper portion of the board where the puzzle pieces go and *Malki* discloses just that. (*Malki*, [0038] ("In use, puzzle pieces **6** are stored in the drawer **40** and the puzzle **2** assembled on the upper surface **14** of the panel **12**.")).

8

While Plaintiffs contend that the Court should construe "fixing portion" as just the square corner portion of the upper surface, the '648 Patent contradicts that construction by disclosing the "fixing portion **102**" as the entire upper surface—not just the square corner portion of that entire surace— in Figure 11:



('648 Patent, Fig. 11). This is bolstered by disclosures showing that the "fixing portion" is the entire upper surface where the puzzle pieces go. (*See, e.g.*, *id.* at 6:62-65).

These claim construction issues cement why entry of a preliminary injunction is not warranted. Plaintiffs failed to carry their burden by failing to show that they are "more likely than not to prevail over an invalidity challenge." *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, 106 F.4th 1369, 1377 (Fed. Cir. 2024); *Jeagr Ventures, LLC v. Does 1-54*, 2022 WL 1450384, at *3-4 (N.D. Ill. May 9, 2022) (rejecting preliminary injunction and noting that "based on the limited record and argument before it, the Court concludes that Plaintiff cannot make a sufficient showing of likelihood of success because the . . . Patent is vulnerable to challenge on obviousness grounds.") (quotes omitted). Because Defendants raised "a substantial question of invalidity, the preliminary injunction should not issue." *Neutral Tandem, Inc. v. Peerless Network, LLC*, 2010 WL 11537593 at *4 (N.D. Ill. Mar. 30, 2010) (quoting Altana *Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1005-06 (Fed. Cir. 2009)).

9

### b. Irreparable harm and adequate remedy of law

Plaintiffs bore the burden to show irreparable harm and adequate remedy of law as distinct standalone elements. The "Seventh Circuit has consistently articulated the test for a preliminary injunction as requiring both irreparable harm and an inadequate remedy at law." *Neal v. Operators of Digital Props. Set Forth in Exhibit 1*, 2024 WL 5055078, at *1 (N.D. Ind. Dec. 9, 2024) (collecting Seventh Circuit cases holding same). Yet, Plaintiffs collpase these two distinct elements into one and fail to address adequate remedy of law. (Dkt. 15 at 5-9). This is improper. *Neal*, 2024 WL 5055078, at *1; *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020) (requiring irreparable harm as a seprate element under movant's burden).

Plaintiffs' primary argument is that Defendants' sales of cheaper and lower quality boards harms Plaintiffs' "online sales," "reputation," and "customer[] goodwill." (Dkt. 15 at 6-7). Plaintiffs offer insufficient evidence to demonstrate that Defendants' products are lower quality. (*Id.*) Rather, Plaintiffs simply contend that Defendants sell their products at a lower price, and as such, the quality must be lower. (*Id.* at 6). But lower price does not always equate to lower quality. Without evidence showing this, the Court may not leap to that assumption, let alone legal conclusion.

Plaintiffs' other evidence that Defendants sell "inferior alternatives" is two side-by-side screenshots. (*Id.* at 7-8). Simply looking at the photos, the Court cannot discern what makes the Defendants' products "inferior." (*Id.*) The arguments Plaintiffs put into the charts are not borne out by the photos—leaving the Court guessing, for example, how Defendants' puzzle boards do not have "built-in textured" surfaces—much less how these points make Defendants' products inferior. (*Id.*) Similarly, Plaintiffs claim that Defendants' products lack handles, and thus are inferior. (*Id.*)

10

But again, the Court is provided no information why this is the case (or even if the handles were just not yet assembled when the picture was taken).[2]

Plaintiffs contend that "Defendants' infringement erodes and devalues Plaintiffs' rights in the '648 patent," injuring "Plaintiffs' goodwill and reputation," and interfering with its "ability to exploit the '648 patent through existing licenses, future patent licensing opportunities, and market exclusivity." (*Id.* at 6). It is true that these types of harm can warrant entry of a preliminary injunction, but Plaintiffs fail to provide proof or evidence. (*Id.*) Plaintiffs could have shown the impact on its sales, a specific deal that was disrupted, or customer confusion. They didn't. Plaintiffs instead rely solely on their own Declarations. These are a step in the right direction, but are cursory, unsupported, and insufficient. (Dkt. 15 at 5-6; *see also id.* at 15-1, 15-2).

Plaintiffs have "not presented this court with evidence of any actual loss of market share or overall sales, but instead offer[] conclusory affidavits based on speculation to prove these losses." *McDavid Knee Guard, Inc. v. Nike USA, Inc.*, 683 F. Supp. 2d 740, 749 (N.D. Ill. 2010). "Conclusory affidavits asserting irreparable harm from an infringer's competition without accompanying evidence of market share or sales loss are 'insufficient to justify injunctive relief.'" *Vandor Grp., Inc. v. Batesville Casket Co., LLC.*, 2023 WL 9056127, at *2 (S.D. Ind. Oct. 31, 2023) (quoting *McDavid*, 683 F. Supp. 2d at 749). Courts reject this practice because, were it otherwise, "the simple recitation of potential economic injuries like the loss of sales, market share and profits could signify irreparable harm . . . [and] 'would require a finding of irreparable harm to every manufacturer/patentee, regardless of circumstances.'" *Eli Lilly & Co. v. Am. Cyanamid Co.*, 896 F. Supp. 851, 860 (S.D. Ind. 1995), *aff'd*, 82 F.3d 1568 (Fed. Cir. 1996) (quoting *Illinois Tool Works, Inc. v. Grip-Pak, Inc.,* 906 F.2d 679, 683 (Fed. Cir. 1990)).

---

[2] All of these issues are exacerbated by the fact that Plaintiffs fail to explain how the other five products are also inferior (even assuming this one is).

Finally, Plaintiffs contend that because Defendants are Chinese entities that recovery of damages is unlikley. (Dkt. 15 at 8-9). Yet, Plaintffs—who are also Chinese entities—have offered no support for this contention; and that point is muted as Defendnats have appeared, are represented by counsel, and have substantively defended against Plaintiffs' motion and complaint.

Ultimately, on balance, taking Plaintiffs' failure to show a likelihood of success on the merits, irreparable harm, and inadquate remedies at law, the "sliding scale" favors a finding for Defendants. *Ty, Inc.*, 237 F.3d at 895.

## CONCLUSION

For all these reasons, the Court denies Plaintiffs' Motion for Preliminary Injunction [14].

Virginia M. Kendall
United States District Judge

Date: January 21, 2026