**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Xiaoling Chen and Jinyan Duan, | Case No. 1:25-cv-04946 |
| Plaintiffs, | |
| v. | Judge: Virginia M. Kendall |
| Shenzhen Mumuwan Maoyi Youxian Gong Si et al., | Complaint Filed: May 5, 2025 |
| Defendants. | |

**DEFENDANTS' OPPOSED MOTION TO AMEND THE SCHEDULING ORDER AND
EXTEND CLAIM CONSTRUCTION DEADLINES**

Defendants Shenzhen Mumuwan Maoyi Youxian Gong Si; Qingyunxiangesiwei-shangmaoyouxiangongsi; Shenzhen Ximeikeji Youxian Gongsi and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi ("Defendants"), by and through their undersigned counsel, respectfully move this Court pursuant to Federal Rule of Civil Procedure 16 to amend the scheduling order entered at ECF No. 55, and grant a two-month extension of the upcoming claim construction deadlines and related dates. In support of this Motion, Defendants state as follows.

## I.     INTRODUCTION AND FACTUAL BACKGROUND

Federal Rule of Civil Procedure 16 allows for the modification of a scheduling order upon showing of a good cause. *See* Fed. R. Civ. P. 16. Good cause exists here because Defendants' lead counsel, Marjorie Ouyang of Valley & Summit Law, as well as all senior attorneys are constrained by compounding back-to-back trial commitments spanning June and July. *See* Declaration of Marta S. Rocha in Support of Defendants' Opposed Motion to Amend

1

the Scheduling Order ("Rocha Decl.") ¶ 9. Undersigned counsel for Defendants formally filed her appearance in this matter on March 25, 2026. (*See* ECF Nos. 58). At the time of this appearance, counsel was already scheduled to first-chair a large state court trial commencing on June 22, 2026, which is expected to last up to two weeks. *See id.* ¶ 2. Under the current scheduling order (ECF No. 55) June 22, 2026 is the exact date that Defendants' Opening Claim Construction Brief is due. *See id.* ¶ 4.

While counsel initially believed they could manage this single conflict, an unanticipated scheduling development occurred in another case. *See id.* ¶ 5. Due to denial of a visa, a large intellectual property trial got postponed from April to July 28, 2026. *See id.* ¶ 8. Initially, undersigned counsel was not concerned about this development given that both parties in the July trial expressed interest in settlement and Counsel reasonably believed that the case would settle. *See id.* The settlement Conference for the July Trial took place last week on May 20, 2026 and the parties were not able to reach an agreement. *See id.* As a result, the undersigned counsel will have to first-chair a large intellectual property trial starting on July 28, 2026. *See id.* ¶ 7. Because Valley & Summit Law operates with a limited roster of only six litigators (including two junior attorneys), these compounding, consecutive trial commitments render the current briefing schedule severely prejudicial, if not impossible, to meet without depriving Defendants of their chosen lead counsel's full attention. *See id.* ¶ 2.

## II. EFFORTS TO RESOLVE THE SCHEDULING CONFLICT WITHOUT COURT INTERVENTION

Upon confirmation of the July trial schedule on May 20, 2026, Defendants immediately acted with diligence to seek a resolution. *See id.* ¶¶ 9–11, Ex. C. On that date, Defendants' counsel emailed Plaintiff's counsel to explain the back-to-back trial conflicts and requested a professional courtesy extension of the Markman schedule by approximately two months. *See id.*

2

In that initial communication Defendants also offered to extend fact or expert discovery deadlines to align with Plaintiff's preferences and ensure the adjustment caused no prejudice. *See id.* Later that same day, Plaintiff's counsel, Marina Saito, responded refusing the requested extension. *See id*. Plaintiffs stated they could not agree to delay the case because the accused products are still being sold and continue to cause harm to their clients. *See id*. Seeking to find middle ground, Defendants replied that same evening, explaining that the primary operational bottleneck was the June 22 opening brief deadline directly conflicting with the start of a trial. *See id.* Defendants proposed a compromised one-month extension instead and reiterated their willingness to extend fact discovery by an additional month. *See id*. The following morning, Plaintiff's counsel flatly rejected this one-month compromise as well. *See id.*

Consistent with this Court's standing orders, Defendants then requested a formal telephonic meet and confer. *See id.* Plaintiffs accepted the calendar invitation for this conference and the parties met and conferred telephonically on May 28, 2026. *See id.* ¶ 10. Despite Defendants' good-faith efforts to compromise, Plaintiffs maintained their refusal, and the parties reached an impasse. *See id.*

### III. PLAINTIFFS' ARGUMENTS REGARDING PRIOR EXTENSION AND PREJUDICE ARE WITHOUT MERIT

In their correspondence refusing Defendants' request, Plaintiffs argued that they had previously granted Defendants' extension for discovery and document production. *See id.* ¶ 11, Ex. C. This argument, however, is without merit and does not justify denying the present request. The prior extensions pertained solely to document production and did not result in any delay of the overall case schedule or cause any prejudice to Plaintiffs. *See id.* ¶ 12. Furthermore, these minor discovery extensions were the direct result of a transfer of counsel. *See id.* Any delays in document production occurred because there was a confusion regarding Bates numbering by

3

previous counsel. *See id.* This transition issue was transparently explained to Plaintiffs at the time and has since been fully resolved. *See id.* ¶

Plaintiffs' second cited reason for refusing the extension (alleged ongoing harm from the sale of accused products) also lacks merit. First, any additional damages theoretically caused by a two-month delay are purely monetary and fully recoverable at the conclusion of this litigation. Second, this Court has already denied Plaintiff's motion for Preliminary Injunction. (*See* ECF No. 56). Plaintiffs cannot now attempt to weaponize the scheduling order to manufacture a sense of urgent irreparable harm that this Court has already evaluated and determined does not exist to the level requiring emergency relief.

Under Rule 16, a scheduling order may be modified upon a showing of good cause, a standard that primarily evaluates the diligence of the party seeking the amendment. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Here, Defendants acted with the utmost diligence, raising the issue with Plaintiffs immediately upon the July trial date being confirmed and more than a full month before the impending June opening brief deadline. Furthermore, district courts consistently recognize the practical realities of litigation for smaller firms, acknowledging that a trial-bound lead counsel cannot simply reassign complex intellectual property briefing at the eleventh hour without severely prejudicing the client's right to chosen counsel. Because Defendants have diligently sought this extension solely to accommodate inflexible, concurrent trial engagements, the good cause standard of Rule 16 is squarely met.

### IV.    PROPOSED SCHEDULE ADJUSTMENTS

To accommodate these unavoidable trial conflicts, Defendants respectfully request shifting the claim construction schedule set forth in ECF 55 back by approximately two months:

| Event | Current Deadline (ECF No. 55) | New Proposed Deadline |
|---|---|---|
| End of Fact Discovery | June 15, 2026 | August 17, 2026 |
| Fact Discovery Status Hearing | June 16, 2026 | August 18, 2026 |
| Defendants' Opening Brief & Joint Appendix | June 22, 2026 | August 24, 2026 |
| Plaintiffs' Responsive Brief | July 20, 2026 | September 21, 2026 |
| Defendants' Reply Brief | August 3, 2026 | October 5, 2026 |
| Joint Claim Construction Chart | August 10, 2026 | October 12, 2026 |
| Claim Construction Hearing | September 9, 2026 | To be set by the Court |

Because this two-month extension would push the final briefing past the currently scheduled Claim Construction hearing, Defendants respectfully request that the Court vacate that hearing and reset it to a date convenient for the Court after the October 12, 2026 deadline. Finally, to ensure Plaintiffs suffer no prejudice from this adjustment, Defendants request that the close of Fact Discovery and the related status hearing be proportionately extended as outlined above.

## V.    CONCLUSION

A two-month extension will not prejudice plaintiffs, whose potential injures are compensable through monetary damages. Conversely, rigid adherence to the current schedule will severely prejudice Defendants by depriving them of the full attention of their lead counsel, who is bound by consecutive trial commitments. For those reasons, Defendants respectfully request that this Court find good cause and amend the scheduling order as outlined above.

Dated: May 29, 2026                                   Respectfully submitted

By: /s/_Marjorie Ouyang_____
Marjorie Ouyang
Valley & Summit Law
One Park Plaza, #600
Irvine, CA 92614

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 29, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Dated: May 29, 2026

Respectfully submitted

By: /s/ *Marjorie Ouyang*
Marjorie Ouyang
Valley & Summit Law
One Park Plaza, #600
Irvine, CA 92614

6