**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| XIAOLING CHE, et al., | Case No. 1:25-cv-04946 |
| Plaintiffs/ Counter-Defendants, | |
| v. | **DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING EX PARTE REEXAMINATION** |
| SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI, et al., | Honorable Virginia M. Kendall |
| Defendants/Counter-Plaintiffs. | Amended Complaint Filed: May 5, 2025 |

Defendants Shenzhen Mumuwan Maoyi Youxian Gongsi, Qingyunxiangesiwei Shangmao Youxian Gongsi, Shenzhen Ximei Keji Youxian Gongsi, and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi (collectively, "Defendants") respectfully move this Court to stay all proceedings in this matter pending the outcome of an *Ex Parte* Reexamination of U.S. Patent No. 12,220,648 (the "'648 Patent") by the United States Patent and Trademark Office ("USPTO").

## I. INTRODUCTION

In the interest of judicial economy and the conservation of the parties' resources, this Court should stay the current litigation pending the USPTO's review of the '648 Patent. Defendants' owner has submitted a Request for *Ex Parte* Reexamination presenting highly material, anticipating prior art that was never considered by the Examiner during the original prosecution. Because the USPTO's expert review is highly likely to result in the cancellation or severe narrowing of the claims of the '648 Patent, staying this case will drastically simplify the issues before this Court.

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING EX PARTE REEXAMINATION**
1

Furthermore, a stay is highly appropriate given the early stage of the litigation. Finally, Plaintiffs will suffer no undue prejudice from a stay because this Court has already denied Plaintiff's motion for Preliminary injunction, confirming they are not entitled to extraordinary equitable relief during the pendency of this action. Counsel for Defendants met and conferred with Plaintiffs' counsel regarding this motion on May 11, 2026, and Plaintiffs have indicated that they oppose the requested stay.

## II. FACTUAL BACKGROUND

### A. Litigation History

Plaintiffs initiated this action alleging that Defendants and others infringe the '648 Patent. (*See* ECF No. 1). Early in this litigation, on May 23, 2025, Plaintiffs sought a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") to enjoin the sale of the accused puzzle boards. (ECF Nos. 14 – 16). The Court granted the TRO on June 10, 2025, for a period of fourteen days. (ECF No. 24). Defendants fully complied with the Court's order and ceased selling the accused products. On January 21, 2026, however, the Court entered an Order denying Plaintiff's motion for a preliminary injunction. (ECF No. 56). Subsequently, Defendants filed their Answer and Counterclaims on October 9, 2025, seeking a declaratory judgment of invalidity and non-infringement of the '648 Patent based on prior art, including the Bits and Pieces Rotating Puzzle Board. (ECF Nos. 43).

This case is currently in its early stages. According to the initial schedule set by the Court on January 14, 2026, fact discovery was slated to close on June 15, 2026. (ECF No. 55). On June 4, 2026, however, the Court extended the end of fact discovery for the sole purpose of two remaining depositions. (ECF No. 68). Claim construction briefing is not slated to begin

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING EX PARTE REEXAMINATION**
2

until Defendants file opening brief on June 22, 2026. (ECF No. 55). And Defendants' responsive brief is not due until July 27, 2026.

### B. Reexamination Request

On May 1, 2026, the Defendants' owner filed a Request for *Ex Parte* Reexamination of the '648 Patent with the USPTO. *See* Declaration of Marjorie Ouyang ("Ouyang Decl."), ¶ 2, Ex. A. The Request demonstrates that Claim 1 (the '648 Patent's sole independent claim) and all dependent claims are unpatentable over several prior art references that the USPTO never considered during the '648 Patent's original prosecution. *See* Ouyang Decl. ¶ 3. Specifically, the Request relies upon U.S. Design Patent D1013056 (filed in 2019) and authenticated public web publications demonstrating that the claimed puzzle tables with perimeter retention walls and under-board drawers were in widespread commercial use well before the patent's priority date. *See* Ouyang Decl. ¶¶ 4-7, Exs. B-D. For instance, the "Bits and Pieces Rotating Puzzle Board" was heavily documented in commerce in 2017 and 2018, establishing clear anticipation. *See* Ouyang Decl. ¶ 6, Ex. C.

### III. LEGAL STANDARD

A district court possesses the inherent discretionary authority to manage its docket, including the power to stay proceedings pending a USPTO reexamination. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). When determining whether to grant a stay pending reexamination, courts in the Northern District of Illinois typically weigh three factors: "(i) whether a stay will unduly prejudice or tactically advantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *See JAB Distributors, LLC v. London Luxury, LLC*, No.

09C5831, 2010 WL 1882010, at *1 (N.D. Ill. May 11, 2010) (citations omitted). Here, all three factors weigh heavily in favor of a stay.

## IV.   ARGUMENT

### A.  Plaintiffs Will Suffer No Undue Prejudice or Tactical Disadvantage

To establish undue prejudice, a patentee must demonstrate that a stay would cause harm beyond the inherent delay associated with the USPTO reexamination process. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318-1319 (Fed. Cir. 2014) (noting that the delay inherent delay due to proceeding resolution does not constitute undue delay, especially where injunctive relief is not available or sought). Furthermore, courts consistently find that the risk of prejudice is severely diminished, if not eliminated, when the accused infringing activity has ceased, as there is no ongoing market harm or price erosion during the pendency of the stay. *See, e.g., Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14 C 856, 2014 WL 2505166, at *2 (N.D. Ill. May 29, 2014).

Plaintiffs cannot credibly argue that a stay will cause them undue prejudice or a tactical disadvantage. Early in this litigation, Plaintiffs moved for a TRO and PI. (*See* ECF Nos. 14-16). The Court granted the TRO on June 10, 2025, and Defendants fully complied with this order. (*See* ECF No. 24). Although the Court initially granted a brief temporary restraining order, the Court ultimately issued an Order on January 21, 2026, explicitly denying Plaintiff's motion for PI. (ECF No. 56). Because the Court has already evaluated the merits of PI relief and determined that Plaintiffs are not entitled to it, Plaintiffs cannot now claim that a stay would cause them irreparable market harm or undue prejudice. Any delay caused by the

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING EX PARTE REEXAMINATION**
4

reexamination process is merely an inherent part of the statutory scheme created by Congress and presents no clear tactical disadvantage to Plaintiffs.

**B.  A Stay Will Simplify the Issues and Streamline the Trial**

The most important factor in determining whether to grant a stay is whether the stay will simplify the issues in question and streamline the litigation. *See NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13–CV–1058–WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) ("In the Court's view, the most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court."). Courts recognize that a stay is particularly justified where the outcome of the USPTO's review could invalidate, narrow, or significantly alter the scope of the asserted claims. *See JAB Distributors, LLC*, 2010 WL 1882010 at *2. By waiting for the USPTO's expert evaluation of prior art, the district court avoids the risk of issuing inconsistent rulings, conducting unnecessary claim construction, or proceeding to trial on claims that may ultimately be canceled.

In this action, Plaintiffs assert a claim for direct infringement of the '648, which issued on February 11, 2025, from an application filed on June 7, 2024. In response, Defendants have counterclaimed, seeking a declaratory judgment of invalidity and non-infringement of the '648 Patent. The Ex Parte Reexamination request attacks the very foundation of Plaintiffs' infringement claims by presenting highly material, anticipating prior art that the Examiner never considered during original prosecution. *See* Ouyang Decl. ¶¶ 2-3, Ex. A. Specifically, the reexamination request relies on several pieces of prior art that predate the '648 Patent's earliest possible priority dates. This includes U.S. Design Patent D1,013,056, which issued on January 30, 2024, and clearly discloses a puzzle board with an arrangement of sliding drawers beneath the puzzle surface. *See* Ouyang Decl. ¶ 4, Ex. B. The request also relies on heavily

documented commercial availability of the Bits and Pieces Rotating Puzzle Board, which has Amazon customer reviews dating back to June 19, 2018. *See* Ouyang Decl. ¶ 6, Ex. C. Furthermore, a public YouTube video titled "Standard Wooden Puzzle Plateau 1000 - Item #47271/Jumbo Puzzle Plateau 1500 - Item #47272" was published on August 23, 2018, publicly demonstrating a puzzle storage system with four sliding drawers. *See* Ouyang Decl. ¶ 7, Ex. D.

If the USPTO cancels or substantially amends the claims of the '648 Patent based on these unconsidered references, any claim construction or infringement analysis conducted by this Court at this juncture would be rendered moot. Allowing the USPTO to conduct its expert review first will drastically simplify the issues, streamlining the eventual trial or potentially resolving the litigation entirely without further burden on this Court's docket.

### C. The Early Stage of Litigation Heavily Favors a Stay

Courts frequently grant stays when a case is in its early stages, particularly before the parties and the Court have invested substantial resources in claim construction, expert discovery, and trial preparation. *See e.g., Colorlab Cosms., Inc. v. Fairy Dust Ltd., Inc.,* No. 07 C 50094, 2008 WL 11517628, at *2 (N.D. Ill. Oct. 7, 2008) ("Courts frequently issue stays pending reexamination when the litigation is at an early stage."). The further along a case is, the less justified a stay becomes, conversely, a stay sought before Markman proceedings, or the close of fact discovery maximizes the conservation of judicial and party resources.

This case remains in its early stages, making a stay highly appropriate. According to the Court's rulings the litigation schedule leaves the bulk of the work entirely in the future. The end of fact discovery was extended beyond its original June 15, 2026 close date. (*See* ECF No. 68). While the Parties exchange proposed claim term in May, opening claim construction briefs are not due until June 22, 2026. Furthermore, the Court recently extended

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING EX PARTE REEXAMINATION**

6

the remaining claim construction deadlines, pushing the responsive and reply briefs, as well as the joint chart, into July and late August of 2026. (*See id.*).

Defendants have also acted promptly, as the Request for Ex Parte Reexamination was filed on May 1, 2026. *See* Ouyang Decl. ¶ 2, Ex. A. Defendants' counsel met and conferred with opposing counsel regarding this anticipated motion to stay on May 11, 2026, and initially planned to file the motion that same week. *See id.* ¶ 8. Defendants' counsel temporarily delayed filing, however, upon discovering a technical discrepancy in the initial USPTO submission. *See id.* Specifically, incorrect number of claims was listed on the reexamination cover sheet. *See Id.* Defendants are actively taking steps to correct this administrative error and anticipates that this minor correction will neither affect the substantive examination nor impact the USPTO's overall timeline. *See Id.* ¶ 9. Granting a stay now will save the parties and the Court from expending immense time and financial resources on heavy discovery and briefing that may ultimately be invalidated by the USPTO's findings.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and stay all proceedings in this matter pending the final resolution of the *Ex Parte* Reexamination of U.S. Patent No. 12,220,648. A stay is the most efficient and practical path forward. The USPTO's expert review of highly material, unconsidered prior art is likely to invalidate or substantially alter the asserted claims, thereby significantly simplifying the issues before this Court. Furthermore, granting a stay at this early stage of litigation (before the parties embark on costly claim construction, expert discovery, and trial preparation) will conserve substantial judicial and party resources. Finally, because the Court has already determined that Plaintiffs are not entitled to preliminary injunctive relief, a stay will preserve

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING EX PARTE REEXAMINATION**

the status quo without causing Plaintiffs any undue prejudice or tactical disadvantage. Accordingly, the balance of factors weighs heavily in favor of staying this action.

Dated: June 12, 2026

Respectfully submitted

/s/ *Marjorie Ouyang*
Marjorie Ouyang
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, CA 92614

Attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 12, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the Filing Users by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. The undersigned further certifies that a copy of the aforementioned document was served upon all counsel of record via the Court's CM/ECF system.

Dated: June 12, 2026                    Respectfully submitted

/s/ *Marjorie Ouyang*
Marjorie Ouyang
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, CA 92614

Attorney for Defendants

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING EX PARTE REEXAMINATION**
9