**PLAINTIFFS' APPENDIX**

| Pages | Document |
|-------|----------|
| PA001-16 | Defendants' Initial Non-Infringement and Invalidity Contentions |
| PA017-18 | Email confirming Initial Non-Infringement Contentions will be treated as Final Non-Infringement Contentions |
| PA019-43 | Defendant's Request for *Ex Parte* Reexamination of U.S. Patent No. 12,220,648 B2 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **XIAOLING CHE AND JINYAN DUAN,**<br><br><br>Plaintiffs,<br><br>v.<br><br><br>**SHENZHEN XIMEIKEJI YOUXIAN GONGSI; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI-SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI**<br>Defendants. | **Civil Action No. 1:25-cv-04946** |

## DEFENDANTS' INITIAL NON-INFRINGEMENT AND INVALIDITY CONTENTIONS

Pursuant to Fed. R. Civ. P. 26(a)(1), Local Patent Rule 2.3, Defendants Shenzhen Ximeikeji Youxian Gongsi; Shenzhen Mumuwan Maoyi Youxian Gong Si; QingYunXianGeSiWeiShangMaoYouXianGongSi; and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi (collectively "Defendants") hereby serve their Initial Non-Infringement and Invalidity Contentions that U.S. Patent No. 12,220,648 (the "'648 Patent"): (1) is invalid in light of the prior art references cited; (2) is not infringed by the Accused Products.

The attached non-infringement contentions list Defendants' reasons for believing that the Accused Instrumentalities do not meet the elements of each asserted claim, however Defendants reserve the right to revise such charts, including no longer maintaining infringement of elements

PA001

presently believed to infringe, based on additional discovery, prior art, and the Court's claim and term construction determinations.

The attached invalidity claim charts (i) list specific examples of where the prior art discloses, either expressly or inherently, each limitation of the claims of the '648 Patent and (ii) identify examples of modifications to and combinations of prior art that render the '648 Patent obvious. These citations are substantial and compliant with all local rules, but they are not intended to be exhaustive. The citation of certain exemplary obviousness combinations does not exclude other combinations. The obviousness combinations are not intended to be exhaustive, and Defendants reserve the right to assert additional theories of invalidity.

The attached invalidity claim charts cite to particular teachings and disclosures of the prior art as applied to features of the claims of the '648 Patent. However, persons with ordinary skill in the art generally may view an item of prior art in the context of other documents, materials, literature, products, publications, and understanding. Therefore, it should be understood that the cited portions of prior art identified herein are exemplary only. Defendants reserve the right to rely on the entirety of the prior art references listed herein, including any un-cited portions of those prior art references, and on other publications and/or expert testimony shedding light on those prior art references including as aids in understanding and interpreting the cited portions of such references, as providing context thereto, and as additional evidence that the prior art discloses a claim limitation.

Defendants may also rely upon documents, products, testimony, and other evidence to establish bases for and motivations to make combinations and/or modifications of certain cited references that would render the claims of one or more of the '648 Patent obvious. Defendants may rely upon corroborating materials, documents, products, testimony, and other evidence including materials

2

obtained through further investigation and third-party discovery of the prior art identified herein, that describes the invalidating features identified in these contentions; evidence of the state of the art in the relevant time period (irrespective of whether such references themselves qualify as prior art to the '648 Patent), including prior art listed on the face of the '648 Patent and/or disclosed in their specifications (hereafter "Admitted Prior Art"); and/or expert testimony to provide context to or aid in understanding the cited portions of the identified prior art.

In addition to the prior art identified herein and in the accompanying Exhibits, Defendants also incorporate by reference any prior art disclosed at any time by parties in the present dispute or by any party to any other litigation of U.S. Patent and Trademark Office or foreign proceeding involving the '648 Patent or related patents.

For the purpose of these invalidity contentions, Defendants have identified prior art references and created element-by-element claim charts based on apparent claim constructions of the published patent. The citation of any prior art herein and the accompanying Exhibits hereto is not intended to reflect or limit Defendants' claim construction contentions, which shall be disclosed in due course. Nothing contained or stated herein shall be treated as an admission or suggestion as to Defendants belief as to how the claims of the '648 Patent should be constructed, nor shall anything contained or stated herein be treated as an admission or suggestion that any of Defendants' technologies would meet any limitations of the '648 Patent claims.

For any claim limitation that Plaintiff may contend is not disclosed in the cited prior art, Defendants reserve the right to assert that the limitation is inherent, the limitation would have been obvious to a person of ordinary skill in the art (hereinafter, "POSITA"), or that the limitation is disclosed in other prior art that may be combined with the cited prior art. Defendants will supplement these disclosures should they later find additional, responsive documents, such as, but

PA003

not limited to, documents produced by third parties in discovery. Much of the art identified below and in the Exhibits reflects common knowledge and the state of the art prior to the filing dates of the '648 Patent.

**LPR 2.3(a)**

Pursuant to Local Patent Rule 2.3(a) Defendants hereby attach Exhibit 1, which shows a chart demonstrating elements of the '648 Patent that are not met by the accused products. At this time Defendants do not invoke 35 U.S.C. § 112(f) towards any of the claims. Defendants reserve the right to supplement the foregoing upon further review, through discovery, or otherwise. Defendants further note that the claims have not yet been subject of a Markman holding and reserves the right to modify their non-infringement contentions based on the construction of the claims.

**LPR 2.3(b) Invalidity Contentions**

*1. Identification of Prior Art*

Defendants identify the following prior art references that invalidity the asserted claims of the '648 Patent.

4

PA004

| No. | Author/Publisher/ Inventor/Source | Patent/Publication No. | Title/Name/Activity | Published/Issue, Availability, or First Use, Sale, Disclosure, or Offer to Sell Date | Country of Origin | Abbreviation/ Short Name |
|---|---|---|---|---|---|---|
| 1 | Florance Shultz | 5,127,720 | Lottery Ticket Tray | Jul. 7, 1992 | U.S. | Shultz |
| 2 | Mary L. Ackerman | 400,600 | Jigsaw Puzzle Assembly And Storage Device | Nov. 3, 1998 | U.S. | Ackerman, |
| 3 | Fereniki Malki | 2021/0170267 | Jigsaw Puzzle Workboard With Storage Drawers | Jun. 10 , 2021 | U.S. | Malki |
| 4 | Bits and Pieces | https://www.youtube.com/watch?v=Cp3mXjmOqTI | Bits and Pieces Jumbo Size Wooden Puzzle Plateau Review | Nov 23, 2017 | U.S. | B&P |
| 5 | Fernand Demers | 7,552,821 | Puzzle storage And Service Case | Jun. 30, 2009 | U.S. | Demers, |
| 6 | Rose Home Fashion | https://www.amazon.com/product-reviews/B07XR17W6T/ref=cm_cr_getr_d_paging_btm_next_10?pd_rd_i=B07XR17W6T&sortB | 1500 Piece Wooden Puzzle Board 4 Drawers and Cover | Nov. 22, 2019 | U.S. | Rose |

5

PA005

| | | y=recent&pageNumber=10 | | | | |
|---|---|---|---|---|---|---|
| 7 | Puzzle Ready | https://www.amazon.com/Portable-Puzzle-Board-Storage-Table/product-reviews/B07HCZX52Y/ref=cm_cr_arp_d_viewopt_srt?ie=UTF8&reviewerType=all_reviews&sortBy=helpful&pageNumber=1 | Puzzle Ready Puzzle Board | Dec. 27, 2018 | U.S. | Puzzle Ready |

6

Defendants expect that these disclosures may be amended or supplemented based on additional prior art references identified during the course of discovery of which Defendants were not aware of at the time of these disclosures. Defendants further reserve the right to utilize the above examples to demonstrate the state of the art and knowledge of a POSITA at the time of their publication.

### 2. Reasons for Invalidity

Defendants state that B&P anticipates all of the asserted claims of the '648 Patent. Defendants further state that Malki anticipates claims 1, 5, 6, 9, 17, 19, and 23, while Ackerman anticipates claims 1 and 9. Defendants further state that Shultz renders obvious all of the asserted claims, either in light of itself, or in combination with B&P and/or Malki. Ackermanrenders claims 2, 3, 4, 5, 6, 10, 11, 12, 13, 14, 15, 17 obvious, either in light of itself, or in combination with B&P or Malki. Furthermore, Malki renders claims 2, 3, 4, 10, 11, 12, 13, 14, 15 obvious, either in light of itself, or in combination with either B&P or Ackerman.

### 3. Invalidity Charts

Exhibits A through D, attached hereto, show where each element of each asserted claim is found in the prior art.

### 4. Other Grounds

Defendants have not asserted invalidity based on indefiniteness, lack of written description, enablement, or unpatentability at this time. Defendants reserve the right to supplement or amend these disclosures to assert these grounds of invalidity based on additional discovery, prior art, and the Court's claim and term construction determinations.

7

**LPR 2.3(c) Unenforceability**

Defendants have not asserted that the '648 Patent is unenforceable at this time. Defendants reserve the right to supplement or amend these disclosures to assert unenforceability based on additional discovery, prior art, and the Court's claim and term construction determinations.

DATED November 24, 2025.

Respectfully submitted,

By: */s/ Stevenson Moore*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Stevenson Moore
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on Plaintiff's counsel of record on November 24, 2025 via email, pursuant to the Federal Rules of Civil Procedure.

*/s/ Stevenson Moore*
Stevenson Moore

8

PA008

EXHIBIT 1

PA009

Che v. Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,
No. 1:25-cv-04946
U.S. Patent No. 12,220,648

| CLAIM 1 | |
|---|---|
| 1. A movable puzzle platform comprising: | Defendants do not dispute that this element is present in the Accused Products. |
| a board assembly comprising: | Defendants do not dispute that this element is present in the Accused Products. |
| a puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate; | The Accused Products do not meet this claim limitation. This claim element requires two separate components, puzzle plate, and a fixing portion which extends from the puzzle plate. As shown below, the Accused Products lack a "fixing portion." |
| a supplement arrangement comprising a first main supporting wall attached on the bottom surface of the puzzle board, a second main supporting wall attached on the bottom surface of the puzzle board and disposed apart from the first main supporting wall; | Defendants do not dispute that this element is present in the Accused Products. |

PA010

Che v. Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,
No. 1:25-cv-04946
U.S. Patent No. 12,220,648

| | |
|---|---|
| a restricting wall having a first extending wall upwardly extending from the fixing portion and stacked on the fixing portion of the puzzle board, and a second extending wall upwardly extending from the fixing portion, stacked on the fixing portion of the puzzle board, and disposed apart from the first extending wall; and | The Accused Products do not meet this claim limitation. As shown above, the Accused Products do not include a "fixing portion" and as such, there is no first or second extending wall extending from the fixing portion. |
| at least two puzzle drawers; | Defendants do not dispute that this element is present in the Accused Products. |
| wherein the first main supporting wall, the second main supporting wall are cooperated with the puzzle board for forming at least one drawer cavity, each puzzle drawer is actuated to slide in-and-out of the drawer cavity; | Defendants do not dispute that this element is present in the Accused Products. |
| wherein the first extending wall and the fixing portion of the puzzle board are successively stacked on the first main supporting wall; and | The Accused Products do not meet this claim limitation. As shown above, the Accused Products do not include a fixing portion. |
| wherein the second extending wall and the fixing portion of the puzzle board are successively stacked on the second main supporting wall. | The Accused Products do not meet this claim limitation. As shown above, the Accused Products do not include a fixing portion. |
| **CLAIM 2** | |
| 2. The movable puzzle platform, as recited in claim 1, wherein a side of the fixing portion is exposed out of the first main supporting wall. | See Claim 1 above. |
| **CLAIM 3** | |
| 3. The movable puzzle platform, as recited in claim 2, wherein the side of the fixing | |

PA011

Che v. Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,
No. 1:25-cv-04946
U.S. Patent No. 12,220,648

| | |
|---|---|
| portion is exposed out of the first extending wall. | |
| **CLAIM 14** | |
| 4. The movable puzzle platform, as recited in claim 3, wherein the side of the fixing portion is exposed out of the second extending wall and the second main supporting wall. | See Claim 1 above. |
| **CLAIM 5** | |
| 5. The movable puzzle platform, as recited in claim 1, wherein the supplement arrangement further comprises a first inner supporting wall attached on the bottom surface of the puzzle board for improving the structural strength of the puzzle board. | See Claim 1 above. |
| **CLAIM 6** | |
| 6. The movable puzzle platform, as recited in claim 5, wherein the supplement arrangement further comprises a first dividing supporting wall positioned below the bottom surface of the puzzle board for improving the structural strength of the board assembly and forming the two drawer cavities together with the first main supporting wall, the second main supporting wall and the puzzle board. | See Claim 1 above. |
| **CLAIM 9** | |
| 9. The movable puzzle platform, as recited in claim 1, further comprising a base substantially parallel to the puzzle plate and stacked on the supplement arrangement. | See Claim 1 above. |

PA012

Che v. Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,
No. 1:25-cv-04946
U.S. Patent No. 12,220,648

| CLAIM 10 | |
|---|---|
| 10. A movable puzzle platform comprising: | Defendants do not dispute that this element is present in the Accused Products. |
| a board assembly comprising: | Defendants do not dispute that this element is present in the Accused Products. |
| a puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate; | |
| a supplement arrangement comprising a first main supporting wall attached on the bottom surface of the puzzle board; and | Defendants do not dispute that this element is present in the Accused Products. |
| a restricting wall having a first extending wall upwardly extending from the fixing portion and stacked on the fixing portion of the puzzle board; | See Claim 1 above. |
| at least two puzzle drawers; and | Defendants do not dispute that this element is present in the Accused Products. |
| a rotating assembly attached on the board assembly; | Defendants do not dispute that this element is present in the Accused Products. |
| wherein the fixing portion of the puzzle board is stacked on the first main supporting wall; and | See Claim 1 above. |
| wherein the supplement arrangement is cooperated with the puzzle board for forming at least one drawer cavity, and each puzzle drawer is actuated to slide in-and-out of the drawer cavity. | Defendants do not dispute that this element is present in the Accused Products. |
| CLAIM 11 | |
| 11. The movable puzzle platform, as recited in claim 10, wherein the puzzle plate is coplanar with the fixing portion. | See Claim 10 above. |
| CLAIM 12 | |
| 12. The movable puzzle platform, as recited in claim 10, wherein a side of the fixing | See Claim 10 above. |

PA013

Che v. Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,
No. 1:25-cv-04946
U.S. Patent No. 12,220,648

| | |
|---|---|
| portion is exposed out of the first main supporting wall. | |
| **CLAIM 13** | |
| 13. The movable puzzle platform, as recited in claim 12, wherein the supplement arrangement further comprises a second main supporting wall attached on the bottom surface of the puzzle board and disposed apart from the first main supporting wall, the restricting wall further comprises a second extending wall extended from the fixing portion of the puzzle board and disposed apart from the first extending wall, the second extending wall and the fixing portion of the puzzle board are successively stacked on the second main supporting wall. | See Claim 10 above. |
| **CLAIM 14** | |
| 14. The movable puzzle platform, as recited in claim 13, further comprising a base substantially parallel to the puzzle plate and stacked on the first and second main supporting walls, respectively. | See Claim 10 above. |
| **CLAIM 15** | |
| 15. The movable puzzle platform, as recited in claim 10, wherein the supplement arrangement further comprises a first inner supporting wall attached on the bottom surface of the puzzle board for improving the structural strength of the puzzle board. | See Claim 10 above. |
| **CLAIM 17** | |
| 17. A movable puzzle platform comprising: | Defendants do not dispute that this element is present in the Accused Products. |

PA014

Che v. Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,
No. 1:25-cv-04946
U.S. Patent No. 12,220,648

| | |
|---|---|
| a puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate; | See Claim 1 above. |
| a supplement arrangement comprising a first main supporting wall attached on the bottom surface of the puzzle board and a first dividing supporting wall positioned below the bottom surface of the puzzle board and apart from the first main supporting wall for forming at least one drawer cavity together with the puzzle board and the first main supporting wall; | Defendants do not dispute that this element is present in the Accused Products. |
| a restricting wall having a first extending wall upwardly extending from the fixing portion and stacked on the fixing portion of the puzzle board; and | See Claim 1 above. |
| at least one puzzle drawer actuated to slide in-and-out of the drawer cavity; | Defendants do not dispute that this element is present in the Accused Products. |
| wherein the first extending wall and the fixing portion of the puzzle board are successively stacked on the first main supporting wall; and | See Claim 1 above. |
| wherein the supplement arrangement further comprises a first inner supporting wall attached on the bottom surface of the puzzle board for improving the structural strength of the puzzle board. | Defendants do not dispute that this element is present in the Accused Products. |
| **CLAIM 19** | |
| 19. The movable puzzle platform, as recited in claim 17, wherein the supplement arrangement further comprises a second | See Claim 17 above. |

PA015

Che v. Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,
No. 1:25-cv-04946
U.S. Patent No. 12,220,648

| | |
|---|---|
| dividing supporting wall extending away from the first inner supporting wall for forming a second pair of drawer cavities together with the first main supporting wall and the puzzle board, the movable puzzle platform further comprises a second pair of puzzle drawers actuated to slide in-and-out of the second pair of drawer cavities, respectively. | |
| **CLAIM 23** | |
| 23. The movable puzzle platform, as recited in claim 17, wherein the side of the fixing portion, the side of the first main supporting wall and the side of the base are coplanar with each other. | See Claim 17 above. |

PA016

**Subject:** Re: Che et al. v. Shenzhen Mumuwan Maoyi Youxian Gong Si et al. - Final Enforceability and Validity Contentions

**Date:** Tuesday, May 5, 2026 at 2:29:49 PM Central Daylight Time

**From:** Marina Saito

**To:** Marjorie Ouyang, Marta Rocha

**CC:** Hao Ni, Neal Massand, Steve Moore, Nick Najera, Edward Rice, Steve Lubezny

**Attachments:** Marina Saito Email Signature.png

Counsel,

As you know, your final non-infringement contentions were due yesterday, May 4. Because you did not serve Final Non-Infringement Contentions, we will proceed with the Markman schedule on the understanding that you are relying on your initial Non-Infringement Contentions as your final contentions.

Best Regards,

Marina

---

**From:** Marjorie Ouyang <marjorie.ouyang@valleysummitlaw.com>
**Date:** Monday, May 4, 2026 at 3:37 PM
**To:** Marina Saito <marina@ricetechlaw.com>, Marta Rocha <marta.rocha@valleysummitlaw.com>
**Cc:** Hao Ni <hni@nilawfirm.com>, Neal Massand <nmassand@nilawfirm.com>, Steve Moore <smoore@nilawfirm.com>, Nick Najera <nnajera@nilawfirm.com>, Edward Rice <ed@ricetechlaw.com>, Steve Lubezny <steve@ricetechlaw.com>
**Subject:** Re: Che et al. v. Shenzhen Mumuwan Maoyi Youxian Gong Si et al. - Final Enforceability and Validity Contentions

Thanks Marina.

If you could include my colleague Marta in this email chain that will be really appreciated.

We still owe you the discovery responses. Thanks for your patience.

Best regards,
Marjorie

On Mon, May 4, 2026 at 12:48 PM Marina Saito <marina@ricetechlaw.com> wrote:

Counsel,

I attach a link to ☐ Plaintiffs' Final Enforceability and Validity Contentions.pdf.

Best Regards,

Marina

## Marina Saito
Partner

**Rice Technology Law Group**

 +1 224.331.1462

 marina@ricetechlaw.com

 www.ricetechlaw.com

 555 Skokie Blvd., Suite 500
Northbrook, Illinois 60062

--
**Marjorie Ouyang |** Founding Partner
(909) 248 4522 Direct
marjorie.ouyang@valleysummitlaw.com

**One Park Plaza, Irvine, CA 92614**



CONFIDENTIALITY NOTICE: The information contained in this e-mail message is attorney privileged and confidential information. It is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are notified that any disclosure, copying, distribution, electronic storage or use of this communication is prohibited. If you received this communication in error, please notify us immediately by e-mail, attaching the original message, and delete the original message from your computer, and any network to which your computer is connected. Opinions, conclusions and other information in this message that do not relate to the official business of Valley & Summit Law shall be understood as neither given, nor endorsed by it.

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

U.S. Patent No.: 12,220,648 B2
Issued: February 11, 2025
Filed: June 7, 2024
Application No.: 18/736,862

For: Movable Puzzle Platform

Attorney Docket: N/A

**REQUEST FOR *EX PARTE* REEXAMINATION OF**
**U.S. PATENT NO. 12,220,648 B2**

Mail Stop *Ex Parte* Reexam
Commissioner for Patents

Dear Commissioner,

Pursuant to 35 U.S.C. §§ 302–307, a third-party requester ("Requester") hereby requests ex parte reexamination of Claim 1 (the "Challenged Claim") of United States Patent No. 12,220,648 B2 (the "'648 patent," EX1001). The '648 patent, entitled "Movable Puzzle Platform," issued on February 11, 2025 from U.S. Patent Application No. 18/736,862, filed June 7, 2024. The face of the patent lists Xiaoling Che and Jinyan Duan as inventors/applicants and identifies related U.S. continuation and continuation-in-part applications; foreign priority is claimed to CN 202111131554.1 and CN 202122334815.1, each filed September 26, 2021.

Requester submits that Claim 1 is unpatentable in view of prior patents and printed publications that raise substantial new questions of patentability under 35 U.S.C. § 303(a) and 37 C.F.R. § 1.510(b)(1). The prior art relied upon herein (1) was not previously considered during prosecution of the '648 patent, or (2) is presented in

1

PA019

a materially new light and combination consistent with MPEP § 2242. These references are non-cumulative of the information before the Examiner. Accordingly, Requester respectfully asks that the Office order ex parte reexamination and, upon review, reject the challenged claim.

## CO-PENDING LITIGATION

The '648 patent is currently at issue in *Che et al. v. WAWSAM et al.*, No. 1:25-cv-04946 (N.D. Ill.). USPTO policy instructs that reexaminations involved in parallel litigation receive priority treatment: "Any cases involved in litigation, whether they are reexamination proceedings or reissue applications, will have priority over all other cases." MPEP § 2261. Requester therefore respectfully requests special status for this reexamination.

## EX PARTE REEXAMINATION FILING REQUIREMENTS

Pursuant to 37 C.F.R. § 1.510(b)(1), statements pointing out at least one substantial new question of patentability based on material, non-cumulative patent and printed-publication references for Claim 1 and all claims depending therefrom of U.S. Patent No. 12,220,648 B2 (the "'648 patent") are provided in Section VI of this Request. Although certain references, such as general puzzle-board prior art, were cited in the original record, the specific publications relied upon herein have not been considered in the new light and combinations demonstrated by the proposed substantial new questions of patentability.

Pursuant to 37 C.F.R. § 1.510(b)(2), reexamination of Claim 1 and all claims depending therefrom of the '648 patent is requested, and a detailed explanation of the pertinence and manner of applying the cited prior art to the Challenged Claims is

2

PA020

provided in Section VII of this Request.

Pursuant to 37 C.F.R. § 1.510(b)(3), copies of every patent or printed publication relied upon or referred to in the statements identifying each substantial new question of patentability, or in the detailed explanation of the pertinence and manner of applying such references, are provided as Exhibits A–I to this Request. These include U.S. Patent Application Publication No. 2021/0170267 A1 (A1), U.S. Design Patent D1013056 (D1), and authenticated 2018 Amazon listings, dated reviews, and a YouTube video (pre-priority printed publications).

Pursuant to 37 C.F.R. § 1.510(b)(4), a full copy of the '648 patent is provided as Exhibit A, together with any certificate of correction, disclaimer, or reexamination certificate issued for the patent.

Pursuant to 37 C.F.R. § 1.510(b)(5), the attached Certificate of Service confirms that a complete copy of this Request has been served on the Patent Owner at the correspondence address of record in accordance with 37 C.F.R. § 1.33(c):

Barron & Young PLLC

5465 Legacy Drive, Suite 650

Plano, TX 75024

Also submitted herewith is the required fee set forth in 37 C.F.R. § 1.20(c)(1) for filing an ex parte reexamination request.

Pursuant to 37 C.F.R. § 1.510(b)(6), Requester certifies that the statutory estoppel provisions of 35 U.S.C. §§ 315(e)(1) and 325(e)(1) do not prohibit the filing of this ex parte patent reexamination request. Requester has not previously challenged

3

PA021

the '648 patent and is not a party to any prior or pending post-grant proceeding involving this patent before the USPTO.

**TABLE OF EXHIBITS**

Exhibit A      U.S. Patent No. 12,220,648 B2 (Che et al.) (for reexamination)

Exhibit B      Prosecution history of U.S. Patent No. 12,220,648 B2 (U.S. Application No. 18/736,862)

Exhibit C      U.S. Patent Application Publication No. 2021/0170267 A1 ("A1")

Exhibit D      U.S. Design Patent D1013056 ("D1013056")

Exhibit E      Amazon product page (2018) for Bits and Pieces USA rotating puzzle table (ASIN B00C5VMW7G) — PDF capture with visible URL/date and archive record

Exhibit F      Amazon customer review permalink ROOIG4L0A68W6 (for ASIN B00C5VMW7G) — PDF capture with visible URL/date and any images

Exhibit G      Amazon customer review permalink R39EXVUF2WOYC6 (for ASIN B00C5VMW7G) — PDF capture with visible URL/date and any images

Exhibit H      Amazon customer review permalink R2GEMUHJ0JS3XQ (for ASIN B00C5VMW7G) — PDF capture with visible URL/date and any images

Exhibit I      YouTube video page posted August 24, 2018 (ID: p1UHpKXQ_zk) — page header (upload date/channel), representative frames, and basic metadata — PDF capture and archive record

Exhibit J      Certificate of Service (service on Patent Owner at correspondence address of record)

## I.      INTRODUCTION

Pursuant to 35 U.S.C. §§ 302–307 and 37 C.F.R. § 1.510, Requester respectfully requests *ex* parte examination of Claim 1 of U.S. Patent No. 12,220,648 B2 (the "'648 patent"). The '648 patent, entitled "Movable Puzzle Platform," issued on February 11, 2025 from U.S. Patent Application No. 18/736,862, filed June 7, 2024. The face of the patent lists Xiaoling Che and Jinyan Duan as inventors/applicants

4

PA022

and identifies related U.S. continuation and continuation-in-part applications; foreign priority is claimed to CN 202111131554.1 and CN 202122334815.1, each filed September 26, 2021.

This Request is based solely on patents and printed publications under 35 U.S.C. §§ 102 and 103 that were not considered by the Office during the original prosecution of the '648 patent. Specifically, this request relies upon:

A. Exhibit C: US 2021/0170267 A1 ("A1"), which discloses a puzzle board having restricting/limiting walls located at or along a board edge (fixing portion);

B. Exhibts E-I: Public-web printed publications from 2018—Amazon product pages, dated customer reviews, and a YouTube video—demonstrating commercial puzzle tables with perimeter walls and under-board drawers before September 26, 2021; and

C. Exhibit D: U.S. Design Patent D1013056 ("D1"), showing an overall perimeter-wall configuration predating the '648 priority date (relied upon herein to demonstrate the state of the art and the background knowledge of a Person of Ordinary Skill in the Art).

As detailed below, these references raise substantial new questions of patentability (SNQs) under 35 U.S.C. § 303(a) regarding the "restricting wall stacked on the fixing portion" limitations of the '648 patent. The original prosecution record confirms the Examiner never evaluated these structural limitations in view of the prior

5

PA023

art presented herein. Therefore, the Office is respectfully requested to order reexamination and cancel the unpatentable claims.

Requester therefore respectfully asks the Office to order ex parte reexamination under 35 U.S.C. § 304 so that the patentability of the '648 claims may be reconsidered in light of these earlier printed-publication disclosures.

## II. CITATION OF PRIOR ART PATENTS AND PRINTED PUBLICATIONS RELIED UPON IN REQUEST FOR REEXAMINATION

Reexamination of Claim 1 of U.S. Patent No. 12,220,648 B2 is requested in view of the following patents and printed publications, each of which qualifies as prior art under 35 U.S.C. § 102(a)(1):

U.S. Patent Application Publication No. 2021/0170267 A1 ("A1") is attached hereto as Exhibit C. A1 was filed on December 9, 2019 and published in June 2021, and is a printed publication before the '648 patent's earliest foreign priority date of September 26, 2021. A1 discloses puzzle-board restricting/limiting wall structures positioned at/along the board edge (fixing portion) and is relied upon in Grounds 1–2.

U.S. Design Patent No. D1013056 ("D1013056") is attached hereto as Exhibit D. D1013056 was filed on August 27, 2019 and issued prior to September 26, 2021. It is a U.S. patent/printed publication before the '648 priority date and is relied upon as corroborative evidence of the overall perimeter-wall configuration of puzzle tables in the art.

Amazon product page (2018) for Bits and Pieces USA rotating puzzle table

6

(ASIN B00C5VMW7G) is attached hereto as Exhibit E. Exhibit E is a PDF capture of the publicly accessible Amazon listing, showing the visible URL and date information, and is accompanied by an archive record demonstrating public availability before September 26, 2021. This listing is relied upon as a printed publication evidencing pre-priority commercial puzzle tables with perimeter-retention features and under-board storage.

Amazon customer review (permalink ROOIG4L0A68W6) for ASIN B00C5VMW7G is attached hereto as Exhibit F. Exhibit F is a PDF capture of the review page including the visible URL, review date, and included images (where applicable), with accompanying archive confirmation. It is relied upon as a printed publication evidencing pre-priority public disclosure of puzzle-table perimeter-retention and storage features.

Amazon customer review (permalink R39EXVUF2WOYC6) for ASIN B00C5VMW7G is attached hereto as Exhibit G. Exhibit G is a PDF capture of the review page including the visible URL, review date, and included images (where applicable), with accompanying archive confirmation. It is relied upon as a printed publication evidencing pre-priority public disclosure of puzzle-table perimeter-retention and storage features.

Amazon customer review (permalink R2GEMUHJ0JS3XQ) for ASIN B00C5VMW7G is attached hereto as Exhibit H. Exhibit H is a PDF capture of the review page including the visible URL, review date, and included images (where applicable), with accompanying archive confirmation. It is relied upon as a printed

7

PA025

publication evidencing pre-priority public disclosure of puzzle-table perimeter-retention and storage features.

YouTube video page posted August 24, 2018 (Video ID: p1UHpKXQ_zk) is attached hereto as Exhibit I. Exhibit I includes a PDF capture of the video page (with upload date and channel identification visible), representative frame captures, and basic metadata, together with an archive record confirming public availability before September 26, 2021. It is relied upon as a printed publication evidencing pre-priority public disclosure of perimeter-retention and under-board storage on commercially available puzzle tables.

Exhibits E–I are submitted as PDF captures of publicly accessible web pages, each displaying its corresponding URL and date information. These materials are relied upon as printed publications because they were publicly available prior to September 26, 2021, and would have been accessible to persons of ordinary skill in the art exercising reasonable diligence.

The Amazon product listings and customer review pages are from a well-known commercial platform and reflect publicly available product information and user-generated content. The YouTube video page includes visible upload date and source information. Together, these materials establish that the disclosed features were publicly available prior to the priority date of the '648 patent.

## III. CLAIM CONSTRUCTION

Pursuant to 37 C.F.R. § 1.510(b)(2), Requester submits that for the purposes of this reexamination, the terms of the '648 patent should be given their broadest

PA026

reasonable interpretation (BRI) consistent with the specification, or alternatively, their plain and ordinary meaning as understood by a person of ordinary skill in the art. No special definitions were provided in the specification that would alter the plain meaning of terms such as "fixing portion," "restricting wall," or "drawer cavities."

## IV.  STATEMENT POINTING OUT SUBSTANTIAL NEW QUESTIONS OF PATENTABILITY

### A.  Legal Standard

Under 35 U.S.C. §§ 302–304 and 37 C.F.R. § 1.510(b), a requester must (i) point out each substantial new question of patentability (SNQ) based on patents or printed publications, and (ii) provide a detailed explanation of the pertinence and manner of applying such references to the challenged claims. An SNQ exists when there is a substantial likelihood that a reasonable examiner would consider the cited publications important to deciding patentability. MPEP § 2216. A question may be "new" even if a reference was previously cited if it is now presented or viewed in a new light or different way together with a material new argument or interpretation. 35 U.S.C. § 303(a) (as amended in 2002); MPEP § 2242. This Request relies exclusively on 35 U.S.C. §§ 102 and 103 and patents/printed publications. MPEP §§ 2216, 2242, 2258.

### B.  Claim Feature at Issue

Claim 1 of U.S. Patent No. 12,220,648 B2 recites a puzzle board with a "restricting wall" comprising first and second extending walls that are "upwardly extending from and [are] stacked on" a "fixing portion" of the puzzle board and "disposed apart," together with a board assembly including main supporting walls

9

forming drawer cavities. The prosecution record does not contain a prior-art analysis mapping this "restricting wall … stacked on the fixing portion" limitation to pre-priority printed publications. (Ex. B).

### C. Why the Questions Are "New" and "Substantial"

The Office did not previously analyze any prior art reference disclosing the specific dual-wall geometry at the fixing portion required by Claim 1. US 2021/0170267 A1 ("A1," Ex. C) explicitly describes restricting or limiting walls positioned along the board edge, but the '648 record contains no discussion of A1 or comparable publications.

The prosecution history confirms that the Examiner issued no substantive Office Action under 35 U.S.C. §§ 102 or 103 and never applied any printed-publication prior art to the "restricting wall … stacked on the fixing portion" limitation. The only action during prosecution was a Restriction Requirement, followed by an election response and an immediate allowance. Thus, the Examiner never evaluated, cited, or mapped any reference to the dual, spaced-apart wall segments recited in Claim 1, nor did the Examiner conduct any prior-art analysis addressing perimeter-wall structures or drawer-supporting main walls. Because these publications directly address the configuration that appears to have driven allowance, they raise substantial new questions of patentability within the meaning of MPEP § 2216.

### D. Substantial New Questions of Patentability

a. SNQ-1A (35 U.S.C. § 103 — Obviousness)

Does A1 in view of the 2018 Amazon/YouTube Printed Publications and the

PA028

knowledge of a Person of Ordinary Skill in the Art (as evidenced by D1013056) raise a Substantial New Question of Patentability regarding Claim 1?

Yes. SNQ-1A is raised because A1 teaches a restricting wall located at the board edge/fixing portion. IN light of the 2018 printed-publication record showing commercial puzzle tables with perimeter retention walls and onboarded drawers, and the background knowledge of a skilled artisan regarding standard puzzle platform designs (as corroborated by D1013056), a person of ordinary skill would have found it obvious to employ two parallel upwardly extending wall segments built upon the fixing portion. A reasonable examiner would consider the teachings of A1 combined with the structural drawer cavities shown in the 2018 Printed Publications highly important in deciding the patentability of the claims. Under *KSR v. Teleflex*, 550 U.S. 398 (2007), such an implementation would have been an obvious design choice yielding no patentable distinction.

> b. SNQ-1B (35 U.S.C. § 102 — Anticipation)

Does A1 alone raise a Substantial New Question of Patentability regarding Claim 1?

Yes. SNQ-1B is raised because A1 independently anticipates Claim 1. A1 expressly discloses each and every element of the "restricting-wall-stacked-on-fixing-portion" limitation. Because the Examiner did not apply A1 to the claims during the original prosecution, a reasonable examiner would consider A1 highly important in deciding whether Claim 1 is anticipated under 35 U.S.C. § 102.

11

### E.      Printed-Publication Status and Evidence Plan

Exhibits E–I are submitted as PDF captures of publicly accessible web pages, each displaying its corresponding URL and date information. These materials are relied upon as printed publications because they were publicly available prior to September 26, 2021, and would have been accessible to persons of ordinary skill in the art exercising reasonable diligence.

The Amazon product listings and customer review pages are from a widely used commercial platform and reflect publicly available product information and user-generated content. The YouTube video page includes a visible upload date and source information. Together, these materials demonstrate that the disclosed features were publicly available prior to the priority date of the '648 patent.

These materials satisfy the printed-publication requirement for ex parte reexamination and are cited solely for their publicly disclosed content.

### F.      Relief

Because the cited patents and printed publications (Exs. C–D, E–I) teach or render obvious the "restricting wall … upwardly extending from and stacked on the fixing portion … disposed apart" limitation of Claim 1, this Request presents substantial new questions of patentability under 35 U.S.C. §§ 102 and 103. The Office should order ex parte reexamination under 35 U.S.C. § 304 for Claim 1.

### V.      DETAILED EXPLANATION OF THE PERTINENCE AND MANNER OF APPLYING THE PRIOR ART REFERENCES TO EVERY CLAIM FOR WHICH REEXAMINATION IS REQUESTED

### A.      Claim 1 (Independent)

PA030

PA031

This section provides a detailed explanation of the pertinence and manner of applying the cited references to Claim 1 of the '648 patent, as required by 37 C.F.R. § 1.510(b)(2). Each element of the Challenged Claim is taught or rendered obvious by the combination of US 2021/0170267 A1 ("A1," Ex. C), U.S. Design Patent D1013056 ("D1," Ex. D), and publicly accessible 2018 printed-web publications (Exs. E–I).

The '648 patent claims a structure consisting of:

(1) a puzzle board,

(2) a fixing portion at the perimeter of the board,

(3) a restricting wall including two upwardly extending wall segments stacked on the fixing portion, and

(4) main supporting walls configured as drawer cavities beneath the board.

Each limitation is addressed in the claim chart below.

13

| Claim Limitation | A1 (Ex. C) | 2018 Amazon / Reviews / YouTube (Exs. E–I) | D1013056 (Ex. D) / Combination Rationale |
|---|---|---|---|
| Preamble: Movable puzzle platform / puzzle board | A1 ¶¶ 1–3; Figs. 1–2 disclose a puzzle board. | Amazon 2018 puzzle tables; reviews and YouTube show puzzle boards. | D1013056 shows a puzzle-platform top; predictable combination. |
| 1(a) fixing portion at perimeter | A1 ¶¶ 13–16; Fig. 2 show wall at board edge = fixing portion. | Amazon Ex. E shows rim attached to board edge; reviews confirm raised edge. | D1013056 shows perimeter boundary; standard in puzzle tables. |
| 1(b) restricting wall on fixing portion | A1 ¶ 14; Figs. 2–3 disclose restricting wall on edge. | Amazon shows perimeter raised border directly on edge. | D1013056 shows same perimeter-wall structure. |
| 1(c) two extending walls spaced + upward from fixing portion | A1 Figs. 2–3; ¶¶ 15–18 show spaced wall segments forming retaining | Amazon/Reviews/YouTube show two upward walls forming a retaining rim. | D1013056 has dual upward perimeter contours; predictable under KSR. |
| 1(d) supporting walls forming drawer cavity | A1 ¶¶ 25–27 disclose under-board support (not drawers). | Amazon 2018 shows drawers/trays under board; reviews/video confirm. | Adding drawers is a predictable improvement under KSR. |

A Person of Ordinary Skill in the Art would be motivated to modify the puzzle board of A1 with the under-board drawer cavities of the 2018 Amazon Tables to provide conveninent storage for puzzle pieces while maintaining the restricting edge walls taught by A1. A1 already teaches a restricting wall positioned along the perimeter of the board for retaining puzzle pieces. The 2018 products show that puzzle tables incorporating perimeter rims and under-board drawers were in routine commercial use well before the '648 patent's priority date. D1013056 further confirms that perimeter-wall puzzle platforms formed part of the ordinary design repertoire in the field.

In view of this body of prior art, a skilled artisan would have had every reason to apply A1's edge-wall geometry to a commercial puzzle table of the type shown in the 2018 publications and to integrate the familiar drawer structures beneath the board.

14

Doing so yields precisely the arrangement recited in Claim 1—a fixing portion at the perimeter, two spaced, upwardly extending wall segments stacked on that fixing portion, and supporting walls forming a drawer cavity. The combination merely places known components to work for their established purposes, produces no unexpected result, and represents the type of predictable design variation that KSR Int'l Co. v. Teleflex Inc., 550 U.S. 398 (2007), identifies as obvious under 35 U.S.C. § 103.

**B.      Claims 2–23 (Dependent and Independent Claims)**

Claims 2–23 depend directly or indirectly from Claim 1 and add predictable, well-known design variations regarding the arrangement of the base, supporting walls, magnetic elements, kickstands, and the specific number/placement of drawer cavities. A POSITA looking to optimize the puzzle board of Claim 1 would find it obvious to implement the structural arrangements recited in Claims 2–23.

This section provides a detailed explanation of the pertinence and manner of applying the cited references to Claims 2-23 of the '648 patent, as required by 37 C.F.R. § 1.510(b)(2). Each limitation of each dependent claim is addressed in the claim chart and section below.

| Claim | Claim Limitation(s) | A1 (Ex. C) | 2018 Amazon / Reviews / YouTube (Exs. E–I) | D1013056 (Ex. D) / Combination Rationale |
|---|---|---|---|---|
| 2 | "...wherein a side of the fixing portion is exposed out of the first main supporting wall." | A1 discloses a planar workboard edge. | Amazon Exs. show a flush-cut outer wooden edge where the fixing portion and lower supporting walls | Flush, exposed edges are a standard, predictable woodworking design choice to ensure a smooth exterior profile under KSR. |

15

| | | | align vertically and are exposed. | |
|---|---|---|---|---|
| 3 | "...wherein the side of the fixing portion is exposed out of the first extending wall." | A1 discloses raised borders along the panel edge. | Amazon Exs. show a flush exterior where the puzzle plate edge (fixing portion) aligns flush with the raised perimeter walls. | Aligning the edge of a base board flush with an attached top wall is a routine manufacturing choice to avoid overhangs. |
| 4 | "...wherein the side of the fixing portion is exposed out of the second extending wall and the second main supporting wall." | A1 shows symmetrical raised borders on opposite edges. | Amazon Exs. show symmetrical flush-cut outer wooden edges on opposing sides of the puzzle board. | Applying the same flush-edge carpentry technique symmetrically to the opposite side of the table is a predictable iteration. |
| 5 | "...wherein the supplement arrangement further comprises a first inner supporting wall attached on the bottom surface of the puzzle board for improving the structural strength of the puzzle board." | A1 discloses under-board structural supports. | Amazon Exs. show internal wooden supports beneath the board to frame the sliding drawers and bear weight. | Adding an internal bracing wall to support a flat wooden span and house drawers is an obvious structural improvement. |
| 6 | "...wherein the supplement arrangement further comprises a first dividing supporting wall positioned below the bottom surface of the puzzle board for improving the structural strength of the board assembly and forming the two | A1 discloses four drawers mounted along the width of the workboard. | Amazon Exs. show side-by-side sliding drawers separated by internal dividing walls beneath the main puzzle plate. | Using a divider to create distinct lateral cavities for adjacent drawers is a standard cabinetry technique obvious to a POSITA. |

16

PA034

| | | | | |
|---|---|---|---|---|
| | drawer cavities together with the first main supporting wall, the second main supporting wall and the puzzle board." | | | |
| 7 | "...wherein the first inner supporting wall is interlaced with the first dividing supporting wall." | A1 implies a grid structure to mount independent drawers. | Amazon Exs. require an internal intersecting framework (interlacing) to support drawers sliding from adjacent perpendicular sides. | Interlacing structural ribs beneath a board to form a drawer-housing grid is an expected, predictable carpentry method. |
| 8 | "...further comprising a base, the base comprises a plurality of holding portions positioned spaced from each other and stacked on the supplement arrangement, respectively." | A1 discloses drawers mounted on the lower surface. | Amazon Exs. show a lower wooden framework/base that holds the drawers beneath the puzzle plate. | Adding base holding portions to enclose and support sliding drawers is a routine, predictable design choice for portable tables. |
| 9 | "...further comprising a base substantially parallel to the puzzle plate and stacked on the supplement arrangement." | A1 implies lower mounting brackets parallel to the panel. | Amazon Exs. show a flat bottom base parallel to the top puzzle plate, creating a sandwich structure for the drawers. | A parallel base is required to enclose the drawers and allow the entire assembly to rest flat on a tabletop. |
| 11 | "...wherein the puzzle plate is coplanar with the fixing portion." | A1 describes a panel having an upper surface extending to a perimeter edge. | Amazon Exs. visually demonstrate the continuous, flat puzzle surface extending | A coplanar surface is inherent to a flat puzzle board design maximizing playable area. |

17

PA035

| | | | directly to the outer edge. | |
|---|---|---|---|---|
| 12 | "...wherein a side of the fixing portion is exposed out of the first main supporting wall." | A1 discloses a continuous panel edge. | Amazon Exs. reveal a flush-cut outer profile where the top board edge is vertically aligned and exposed. | Flush, exposed edges are standard to prevent snagging and create a clean aesthetic. |
| 13 | "...wherein the supplement arrangement further comprises a second main supporting wall attached on the bottom surface of the puzzle board and disposed apart from the first main supporting wall," <br><br> "the restricting wall further comprises a second extending wall extended from the fixing portion of the puzzle board and disposed apart from the first extending wall," <br><br> "the second extending wall and the fixing portion of the puzzle board are successively stacked on the | A1 discloses a rectangular board requiring borders on multiple side edges. | Amazon Exs. show retaining walls and supporting frames on multiple opposing sides of the board. | D1013056 clearly displays symmetrical perimeter walls on opposite sides of a puzzle table, making this a predictable combination. |

18

PA036

| | | | | |
|---|---|---|---|---|
| | second main supporting wall." | | | |
| 14 | "...further comprising a base substantially parallel to the puzzle plate and stacked on the first and second main supporting walls, respectively." | A1 relies on under-board mounting. | Amazon Exs. feature a full parallel bottom base spanning the opposing supporting walls to enclose the sliding drawers. | Adding a bottom panel to close off the drawer cavities and provide stability is an obvious mechanical requirement. |
| 15 | "...wherein the supplement arrangement further comprises a first inner supporting wall attached on the bottom surface of the puzzle board for improving the structural strength of the puzzle board." | A1 requires mounting structures for its four drawers. | Amazon Exs. display internal bracing walls glued/nailed to the bottom of the board to bear weight and frame drawers. | Internal bracing is the standard engineering solution to strengthen a wide, flat wooden span. |
| 16 | "...wherein the supplement arrangement further comprises a second inner supporting wall attached on the bottom surface of the puzzle board and spaced apart from the first inner supporting wall for forming a first longitudinal cavity and a second longitudinal cavity,"  "the movable puzzle platform | A1 explicitly discloses "four drawers are mounted". | Amazon Exs. clearly show four independently sliding drawers. | Creating structural cavities for a second pair of drawers using a second inner wall is the only logical way to construct a 4-drawer table. |

19

PA037

| | | | | |
|---|---|---|---|---|
| | further comprises a second pair of puzzle drawers actuated to slide in-and-out of the first and second longitudinal cavities, respectively." | | | |
| 18 | "...wherein the first inner supporting wall is interlaced with the first dividing supporting wall." | A1 implies structural framing for its four drawers. | Amazon Exs. inherently require intersecting (interlaced) internal support walls to partition four separate drawer slots. | Intersecting structural joints (interlacing) are predictable carpentry joints for grid-like compartmentalization. |
| 19 | "...wherein the supplement arrangement further comprises a second dividing supporting wall extending away from the first inner supporting wall for forming a second pair of drawer cavities together with the first main supporting wall and the puzzle board,"<br><br>"the movable puzzle platform further comprises a second pair of puzzle drawers actuated to slide in-and-out of the second pair of | A1 specifically claims "four drawers". | Amazon Exs. picture four drawers requiring dividing walls to keep them structurally separated. | D1013056 shows the 4-drawer layout. Duplicating a dividing wall to accommodate more drawers is an obvious scaling of features. |

20

PA038

| | | | | |
|---|---|---|---|---|
| | drawer cavities, respectively." | | | |
| 20 | "...wherein the restricting wall further comprises a second extending wall apart from the first extending wall"<br><br>"and a third extending wall connecting the first and second extending walls and partly overlapped with the first dividing supporting wall in a thickness direction of the board assembly." | A1 describes perimeter edges encompassing the front, back, and sides. | Amazon Exs. show continuous raised border walls along multiple sides of the puzzle surface. | D1013056 shows continuous perimeter walls on a puzzle board. Connecting walls to prevent piece loss is highly predictable. |
| 21 | "...wherein the supplement arrangement further comprises a second inner supporting wall attached on the bottom surface of the puzzle board, spaced apart from the first inner supporting wall, and interlaced with the second dividing supporting wall." | A1 relies on internal structures for multiple drawers. | Amazon Exs. feature four drawers extending from different board sections, requiring a multi-part grid framework. | Extending the interlaced structural grid to support additional drawers is an expected, iterative improvement under KSR. |
| 22 | "...wherein the supplement arrangement further comprises a third dividing supporting wall | A1 utilizes four distinct drawers. | Amazon Exs. use dividing walls to separate adjacent puzzle piece drawers securely. | Adding subsequent dividing walls to fortify the interior spaces between drawers is an obvious mechanical choice. |

21

PA039

| | | | | |
|---|---|---|---|---|
| | connected with the first and second inner supporting walls." | | | |
| 23 | "...wherein thea side of the fixing portion, the side of the first main supporting wall and the side of the base are coplanar with each other." | A1 discloses straight, flat external edges. | Amazon Exs. feature a flat, flush-cut exterior profile where all stacked wooden layers align vertically. | Making stacked wooden layers coplanar (flush) is a ubiquitous woodworking technique to avoid protruding edges. |

a.  Edge Geometry and Coplanar Surfaces (Claims 2, 3, 4, 11, 12, and 23).

Claims 2, 3, 4, 11, 12, and 23 dictate the geometric arrangement of the board's outer edges. These claims require the fixing portion to be exposed, coplanar with the puzzle plate, or coplanar with the supporting walls and base. For example, Claim 11 recites, "wherein the puzzle plate is coplanar with the fixing portion," and Claim 23 recites, "wherein the side of the fixing portion, the side of the first main supporting wall and the side of the base are coplanar with each other."

The 2018 Amazon prior art explicitly demonstrates commercial puzzle boards featuring a flush-cut outer wooden edge where the fixing portion, the main supporting walls, and the base align vertically and are exposed to the exterior. A Person of Ordinary Skill in the Art (POSITA) would recognize flush, exposed edges as a standard, predictable woodworking technique for puzzle tables to ensure a smooth, splinter-free exterior. Furthermore, aligning the puzzle plate to be coplanar with the fixing portion is an inherent manufacturing choice to maximize the flat playable area. Therefore, Claims 2, 3, 4, 11, 12, and 23 are rendered obvious by A1 in view of the

22

2018 Amazon Printed Publications.

      b.  Internal Support and Divider Walls (Claims 5, 6, 7, 15, 16, 18, 19, 21, and 22).

Claims 5, 6, 7, 15, 16, 18, 19, 21, and 22 detail the internal structure of the supplement arrangement. These claims introduce inner supporting walls and dividing supporting walls used to create independent drawer cavities and improve structural strength. For instance, Claim 5 recites "a first inner supporting wall attached on the bottom surface of the puzzle board for improving the structural strength," and Claim 19 recites "a second dividing supporting wall extending away from the first inner supporting wall for forming a second pair of drawer cavities... [and] a second pair of puzzle drawers." Claim 7 specifies that "the first inner supporting wall is interlaced with the first dividing supporting wall."

The 2018 Amazon prior art explicitly demonstrates commercial puzzle boards featuring four independently sliding puzzle drawers (a first and second pair) extending from different sections of the board. To functionally house four independent drawers that slide out from different sides of a rectangular board, a POSITA inherently understands the absolute necessity of adding and intersecting (interlacing) internal dividing and supporting walls beneath the puzzle plate. These walls physically separate the drawers, create a structural grid, and prevent the wide wooden span from sagging. U.S. Design Patent D1013056 further corroborates this standard industry design by depicting a puzzle board with four distinct drawer compartments. Therefore, duplicating and interlacing these structural walls is an obvious design choice, rendering Claims 5, 6, 7, 15, 16, 18, 19, 21, and 22 unpatentable.

23

PA041

c. Base and Holding Portions (Claims 8, 9, and 14).

Claims 8, 9, and 14 introduce a base panel or holding portions beneath the drawer cavities to support the puzzle board and drawers. Claim 9, for example, recites "a base substantially parallel to the puzzle plate and stacked on the supplement arrangement." Claim 8 recites that "the base comprises a plurality of holding portions positioned spaced from each other and stacked on the supplement arrangement."

The 2018 Amazon products depict slide-out drawers resting within and sliding out of a defined lower wooden structure. A solid bottom panel or base that is substantially parallel to the main puzzle plate is a standard, fundamental mechanical requirement. It is required to house the sliding drawers, prevent them from falling out of the bottom, and allow the assembled board to sit flatly on a tabletop. Therefore, Claims 8, 9, and 14 are rendered obvious by A1 in view of the 2018 Amazon Printed Publications.

d. Base and Holding Portions (Claims 13 and 20).

Claims 13 and 20 expand the restricting wall feature to encompass additional sides of the puzzle board. Claim 20 recites "a second extending wall apart from the first extending wall and a third extending wall connecting the first and second extending walls."

US 2021/0170267 A1 explicitly discloses a rectangular jigsaw puzzle workboard with perimeter edges including a front edge, a back edge, a first side edge, and a second side edge. Applying extending restricting walls to multiple, opposite, or all sides of a rectangular puzzle board, and connecting them, is the standard, predictable

24

method used to prevent puzzle pieces from sliding off the board. This continuous perimeter boundary is universally shown in both A1 and D1013056. Therefore, Claims 13 and 20 are rendered obvious by A1 in view of D1013056.

## VI.   CONCLUSION

For the reasons set forth above, the cited patents and printed-publication prior art—A1, D1013056, and the authenticated 2018 online materials—raise substantial new questions of patentability as to Claim 1 of the '648 patent and all claims depending therefrom. Each limitation of the Challenged Claims is taught or rendered obvious by these references, individually and in combination, and none of this analysis was before the Office during the original prosecution. Accordingly, Requester respectfully asks that the Office order ex parte reexamination under 35 U.S.C. § 304, reconsider the patentability of the '648 patent in light of the cited art, and ultimately reject and cancel Claim 1 and all dependent claims under 35 U.S.C. §§ 102 and/or 103.


Dated: April 28, 2026                              Requester
                                                   Chengting Hu

25

PA043