IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| Xiaoling Che, et al.,<br><br>Plaintiffs/Counter-Defendants,<br>v.<br><br>Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,<br><br>Defendants/Counter-Plaintiffs. | Case No. 1:25-cv-04946<br><br>Honorable Virginia M. Kendall |

**JOINT CLAIM CONSTRUCTION STATEMENT AND STATUS REPORT**

The Parties submit the following Joint Claim Construction Chart and Status Report pursuant to LPR 4.2(f) and the Court's June 4, 2026, Order Amending the Claim Construction Schedule (Dkt. 68).

**1. Joint Claim Construction Chart**

The following chart sets forth each claim term and phrase addressed in the claim construction briefs, along with each party's proposed construction. In addition, as set forth in the briefs, the parties dispute whether Defendants' have waived their 112(f) and Indefiniteness arguments by not raising them in their LPR 2.3 contentions.

| Claim Term | Defendants' Proposed Construction | Plaintiffs' Proposed Construction |
|---|---|---|
| "a fixing portion extending from the puzzle plate" (claims 1, 10, 17) | A distinct structural extension of the puzzle plate dedicated specifically to attaching the restricting wall | Plain and ordinary meaning, which is: a portion extending from the puzzle plate that is used for fixation. |

| Claim Term | Defendants' Proposed Construction | Plaintiffs' Proposed Construction |
|---|---|---|
| "a rotating assembly" (claim 10) | Governed by 35 U.S.C. § 112(f)<br>**Function:** Rotating the board assembly.<br>**Structure:** A rotatable mechanical mechanism attached to the board assembly, structurally disclosed as multiple forms of multi-ring framework comprising a circular first moving member, a second moving member coaxially engaged therewith, and intervening bearing unit.<br>**Alternative Construction**: Indefinite under 35 U.S.C. § 112(b) for failing to disclose a clear, definite structural boundary or specific configuration within the specification to limit the "assembly" nonce word. | Not governed by 35 U.S.C. § 112(f).<br>No construction necessary; plain and ordinary meaning. |
| "supplement arrangement" (claims 1, 5-6, 10, 13, 15, 17, 19) | Governed by 35 U.S.C. § 112(f)<br>**Function:** Supplementing the puzzle board to structurally house sliding puzzle drawers.<br>**Structure:** An interconnected spatial grid consisting of a first main supporting wall, a parallel second main supporting wall, perpendicular dividing supporting walls, and perpendicular inner supporting walls defining separate lateral and longitudinal hollow cavities, or structural equivalents thereof.<br>**Alternative Construction**: Indefinite under 35 U.S.C. § 112(b) for failing to cleanly bound or define the structural intersection of the required structural elements, rendering the scope of the "arrangement" nonce term insolubly ambiguous. | Not governed by 35 U.S.C. § 112(f).<br>No construction necessary; plain and ordinary meaning. |

| Claim Term | Defendants' Proposed Construction | Plaintiffs' Proposed Construction |
|---|---|---|
| "restricting wall" (claims 1, 10, 13, 17) | A raised barrier that physically prevents items from sliding off the puzzle plate. | No construction necessary; plain and ordinary meaning. |
| "successively stacked" (claims 1, 13, 17) | Positioned vertically directly on top of one another in sequential physical contact at the same point of location. | No construction necessary; plain and ordinary meaning. |
| "actuated to slide in-and-out of the drawer cavity" (claims 1, 10, 17, 19) | Mechanically guided to slide inward and outward via flat horizontal panels moving through standard physical tracks. | No construction necessary; plain and ordinary meaning. |
| "cooperated with the puzzle board for forming at least one drawer cavity" (claims 1, 10) | Physically joined to the puzzle board structure to create a fully enclosed structural hollow storage space | No construction necessary; plain and ordinary meaning. |

**2. Status Report on Claim Construction Hearing.**

The Court has set the claim construction hearing for September 9, 2026, at 10:00 am. (Dkt. 55). The parties anticipate they will need no more than 90 minutes for the hearing, with each party requiring no more than 45 minutes for its presentation to the Court and to address the Court's questions. The parties do not intend to present live witness testimony at the hearing.

Respectfully submitted,

Dated: August 17, 2026

/s/ Marina N. Saito

Edward H. Rice
Marina N. Saito
Steven M. Lubezny
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Plaintiffs/Counter-Defendants Xiaoling Che and Jinyan Duan*

/s/ Marjorie Ouyang
Marjorie Ouyang
/s/ Mandy Yueqi Wu
Mandy Yueqi Wu
VALLEY & SUMMIT LAW PC
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (909) 248-4522
marjorie.ouyang@valleysummitlaw.com
mandy.wu@valleysummitlaw.com

*Counsels for Defendants/Counter-Plaintiffs*