**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| XIAOLING CHE AND JINYAN DUAN, *Plaintiffs*, | ) | |
| v. | ) | No. 25 C 4946 |
| SHENZHEN XIMEIKEJI YOUXIAN GONGSI; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI-SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI | ) | Chief Judge Virginia M. Kendall |
| *Defendants.* | ) | |

**OPINION & ORDER**

The Court held a claim construction hearing on September 9, 2026. As discussed below, the Court declines to adopt the Defendants' proposed construction and instead adopts the plain and ordinary meaning, as stated by the Plaintiffs. The parties informed the Court that they had resolved all issues over, and needed no construction on, all claim terms except one: "a fixing portion extending from the puzzle plate." The parties' original positions were:

| Claim Term | Defendants' Proposed Construction | Plaintiffs' Proposed Construction |
|---|---|---|
| "a fixing portion extending from the puzzle plate" (claims 1, 10, 17) | A distinct structural extension of the puzzle plate dedicated specifically to attaching the restricting wall | Plain and ordinary meaning, which is: a portion extending from the puzzle plate that is used for fixation. |

(Dkt. 81 at 1). During the claim construction hearing, however, the Defendants largely abandoned their original construction. (Dkt. 86, Tr. 7:12-9:4). Their new position is opaque. While they maintain that there is support for their original proposed construction, they now ask the Court to interpret the Claim Term as coplanar or, at the very least, to still give the word "distinct" some consideration. (*Id.*) Defendants submitted slides which ask the question: "[m]ust the identification of the fixing portion account for the location and relationships the claim recites . . . or does a region's use for fixation alone suffice?" (*Id.*, Slides at 4). They also ask: "Does each later reference to 'the fixing portion' refer to the same identified claimed portion?" (*Id.*) "A claim term is given its ordinary and customary meaning—the meaning that a term would have to a skilled artisan at the time of the invention. . . . In construing a claim term, [the Court must] first look to the intrinsic evidence, including the claims themselves, the specification, and the prosecution history of the patent." *Weber, Inc. v. Provisur Techs., Inc.*, 92 F.4th 1059, 1069 (Fed. Cir. 2024).

First, Defendants' attempt to shoehorn the "coplanar" limitation into the Claim Term is unavailing. For starters, this argument is untimely. Defendants failed to raise it in their opening claim construction brief (*see* Dkt. 76) and merely glossed over it on reply. (Dkt. 80). That results in waiver. The Court will nevertheless consider it. *See Conoco, Inc. v. Energy & Env't Int'l, L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006). Defendants' primary support stems from Dependent Claim 11, which states: "11. The movable puzzle platform, as recited in claim 10, wherein the puzzle plate is coplanar with the fixing portion." To the extent the Court understands the scope of Defendants' argument, it does not get very far. The 12,220,648 Patent claims and discloses numerous embodiments. (*See* '648 Patent). The Court finds no intrinsic support that a skilled artisan would understand that, for each (or some?) embodiment(s) under Claims 1, 10, and 17, the "fixing portion" must be coplanar. That would make little sense as coplanarity requires a set (whether a set of points, lines, shapes, etc.). To define "fixing portion" as coplanar would create confusion because the next question is: "with what?" Defendants fail to answer that question much less explain how it fits into the Claim Term: "a fixing portion extending from the puzzle plate."

Second, there is scant intrinsic support for such a definition. The specification's lone reference to "coplanar" states: "An upper surface of the retaining holes **25** *d* is coplanar with that of the retaining ring **26** *d*. Diameters of the locking openings **251** *d* are slightly smaller than that of the ball bearings **232** *d* so as to lock the plurality of ball bearings **232** *d* in position respectively while allowing the plurality of ball bearings **232** *d* in a free rolling manner." ('648 Patent, 17:26-31). Nothing there lends itself to Defendants' new argument. Indeed, Claims 11 and 23 show that the Inventor, when they wanted to define something as coplanar, explained that to which it was coplanar with. (*Id.* at Claims 11, 23).

Third, to the extent Defendants are still maintaining their original position, the Court rejects it. Defendants' original position is that "a fixing portion extending from the puzzle plate" must mean "[a] distinct structural extension of the puzzle plate dedicated specifically to attaching the restricting wall." (Dkt. 81 at 1). This proposed definition is contradicted by the specification. The '648 Patent does not define the fixing portion as "***dedicated specifically*** to attaching to the restricting wall." (*Id.*) The Figures show that it is a congruous, integral portion of the puzzle plate that is "connected with the supplement arrangement 30 ***and*** the restricting wall 50, respectively." ('648 Patent, 6:45-46, Figs. 7, 8) (emphasis added). To be sure the fixing portion extends from the puzzle plate (*see id.*, 20:42-44, Figs. 7-8, 51-57), but what additional clarity the phrase—"distinct structural extension"—adds, the Court cannot see. Indeed, the '648 Patent already identifies this element with the reference number 102, it is therefore distinct from any unidentified element.

Virginia M. Kendall
United States District Judge

Date: September 15, 2026