IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| Xiaoling Che, et al.,<br><br>Plaintiffs/Counter-Defendants,<br>v.<br><br>Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,<br><br>Defendants/Counter-Plaintiffs. | Case No. 1:25-cv-04946<br><br>Honorable Virginia M. Kendall |

**PLAINTIFFS' MOTION TO COMPEL ADEQUATE RULE 30(b)(6) TESTIMONY AND SUPPLEMENTAL DOCUMENT PRODUCTION AND FOR AN AWARD OF FEES AND EXPENSES**

Plaintiffs move under Federal Rules of Civil Procedure 30(d)(2), 37(a) and 37(d) to compel Defendants to complete the Rule 30(b)(6) deposition previously authorized by the Court, to supplement their document production sufficiently in advance of that deposition to permit meaningful examination, to award Plaintiffs the expenses caused by Defendants' failure to produce an adequately prepared Rule 30(b)(6) witness, and to award Plaintiffs the fees and expenses incurred in bringing this motion. This motion does not seek new discovery; it seeks only to complete discovery that the Court previously authorized and that Defendants failed to provide adequately.

The present dispute is straightforward. Plaintiff timely served a 30(b)(6) deposition notice seeking testimony from the four Defendant companies. Defendants designated a single witness, Ms. Wan Zhang, who is the owner and general manager of one of the Defendants, Shenzhen Mumuwan Maoyi Youxian Gong Si ("Mumuwan").[1] Defendants designated Ms. Zhang to testify

[1] Zhang Dep. at 87:12-88:4, attached as Exhibit A.

for all four Defendant companies on all noticed topics. The deposition was held on August 11, 2026. But, as detailed below, Ms. Zhang could provide essentially no substantive testimony for the three Defendants other than Mumuwan. And even for Mumuwan, she could not address numerous topics. As the deposition transcript reflects, the Defendants had made no effort to prepare this witness, resulting in a waste of Plaintiffs' time and money.

Immediately after the deposition, on August 12, Plaintiffs contacted Defendants to address Ms. Zhang's inability to address the noticed topics and requested that Defendants identify a corporate designee (or designees) who could address the deposition topics. Since then, Plaintiffs have been trying without success to get Defendants to provide a deposition date. Having failed to resolve the dispute on its own, Plaintiffs now seek Court intervention.

## I. Local Rule 37.2 and Judge Kendall Meet-and-Confer Certification

Pursuant to Local Rule 37.2 and Chief Judge Kendall's procedures governing discovery motions, Plaintiffs' counsel certifies that he made repeated good-faith efforts to resolve the discovery disputes presented in this motion before seeking relief from the Court.

As detailed in the Background section below, since August 12, Plaintiffs' counsel has sent Defendants' counsel numerous letters and emails, and initiated numerous telephone conferences, in an effort to secure a mutually agreeable date for the continued Rule 30(b)(6) deposition and obtain the updated sales and financial documents necessary to prepare for that deposition. Although Defendants purported to identify a replacement Rule 30(b)(6) witness three weeks ago, they still have not committed to a date for his deposition, confirmed the purported witness' employer and position or his relationship to each Defendant, or supplemented their outdated sales and financial production. Despite more than six weeks of meet and confer efforts, the parties have been unable to resolve these issues without Court intervention.

## II. Background

Plaintiffs timely served a Rule 30(b)(6) notice on all four Defendants on May 14, 2026, during fact discovery. The notice required Defendants to designate one or more witnesses to testify concerning multiple topics, including the accused products and their design changes, sales channels, revenues and profits, costs, pricing, document collection, and the authenticity of Defendants' document production. *See* Plaintiffs' Notice of Deposition of Defendants Pursuant to Federal Rule of Civil Procedure 30(b)(6), attached as Exhibit B. Defendants did not object to any of the noticed topics.

Plaintiffs also noticed the deposition of Ms. Zhang pursuant to Rule 30(b)(1) because she was the *only* individual Defendants identified as "likely to have discoverable information that Defendants may use to support their claims and/or defenses." *See* Defendants' Initial Disclosures at p. 2, attached as Exhibit C. Because Defendants represented that they could not produce a witness before the close of fact discovery, the Court extended fact discovery solely to permit the two remaining depositions. Dkt. 68.

Defendants designated Ms. Zhang as their Rule 30(b)(6) witness on all noticed topics for all four Defendant corporations. Zhang Dep. 15:19–16:14; *see also* 7/6/26 email from M. Rocha to S. Lubezny, attached as Exhibit D. However, at her August 11, 2026 deposition, it became apparent that Ms. Zhang was wholly unprepared to serve in that capacity. She testified that she had not obtained *any* information as to the other three corporate defendants. Zhang Dep. at 16:11-19:7. Nor had she meaningfully prepared to testify regarding the noticed topics on behalf of Mumuwan. *See*, *e.g.*, Zhang Dep. 10:22-12:20, 68:22-70:10. Thus, although Ms. Zhang could provide some general information on her own company, she was unable to address many of the noticed topics, as explained in more detail below.

Immediately following the deposition, on August 12, Plaintiffs sent Defendants a letter identifying the deficiencies in Ms. Zhang's testimony, requesting a properly prepared Rule 30(b)(6) witness, and seeking updated sales and financial documents. *See* 8/12/26 Correspondence, attached as Exhibit E. Plaintiffs' counsel followed up by telephone on August 14 (*see* 8/14/26 email from E. Rice to M. Ouyang, attached as Exhibit F) and again on August 20 (*see* 8/21/26 Correspondence, attached as Exhibit G). Each time, Defendants requested additional time to respond.

After numerous emails and calls, Defendants finally identified a purported replacement Rule 30(b)(6) witness on September 3, and suggested that the witness could be available between September 15th and September 24th (although noting that Ms. Ouyang would have conflicts on September 16th to 18th). *See* 9/3/26 email from M. Ouyang to E. Rice, attached as Exhibit H. Plaintiffs promptly selected September 24 and asked Defendants to confirm the witness' availability and identify his employer and position. *See* 9/5/26 email from E. Rice to M. Ouyang, attached as Exhibit I. Ms. Ouyang, however, then retracted that date, claiming that the witness now had "some business arrangement" on September 24. *See* 9/5/26 email from M. Ouyang to E. Rice, attached as Exhibit J. When Plaintiffs asked that the witness reschedule his conflicting business arrangement so that the parties could complete fact discovery (*see* 9/5/26 email from E. Rice to M Ouyang, attached as Exhibit K), Ms. Ouyang asserted that she had a return flight from China scheduled for September 24, making her unavailable that day as well. *See* 9/5/26 email from M. Ouyang to E. Rice, attached as Exhibit L.

On September 9, Plaintiffs' counsel advised Defendants that he could also take the deposition on September 22 or 23, both of which were dates that Ms. Ouyang had previously indicated that the witness was available, and asked Ms. Ouyang to confirm which date she

preferred. *See* 9/9/26 email from E. Rice to M. Ouyang, attached as Exhibit M. Having received no response, Plaintiffs followed up on September 10 (*see* 9/10/26 email from E. Rice to M. Ouyang, attached as Exhibit N) and again on September 11 (*see* 9/11/26 email from E. Rice to M. Ouyang, attached as Exhibit O).

On September 11, Ms. Ouyang finally responded. But rather than confirming a deposition date, she indicated that she planned to speak with her clients on September 13 and would advise as soon as possible. *See* 9/11/26 email from M. Ouyang to E. Rice, attached as Exhibit P. Ms. Ouyang, however, provided no update on September 13.

On September 14, with the deposition still unconfirmed, Plaintiffs advised Defendants that they had been attempting for more than a month to obtain a firm date for the continued Rule 30(b)(6) deposition following Ms. Zhang's deficient deposition. *See* 9/14/26 email from E. Rice to M. Ouyang, attached as Exhibit Q. Plaintiffs explained that the continuing delay was particularly prejudicial because an international deposition in Hong Kong required advanced arrangements for a court reporter, interpreter, videographer, and deposition location, as well as adequate time to prepare documents and exhibits. *Id*. Plaintiffs therefore asked Defendants to confirm by noon on September 15 that the witness would appear in Hong Kong on September 22 or 23, as previously offered by Defendants. *Id*. Defendants never responded.

Almost six weeks have now passed since Plaintiffs initiated the meet and confer process, yet Defendants still have neither committed to a date for the continued Rule 30(b)(6) deposition nor updated their document production. Plaintiffs therefore respectfully request that the Court order Defendants (1) to provide a date certain for the deposition and to produce one or more corporate designees adequately prepared to testify on the noticed topics on behalf of each Defendant; (2) to produce the requested updated sales and financial documents within three

business days of the Court's order and sufficiently in advance of the continued Rule 30(b)(6) deposition to permit Plaintiffs to prepare for and meaningfully examine Defendants' designee or designees concerning that information and (3) to award Plaintiffs the reasonable expenses caused by the deficient August 11 deposition, as well as the attorneys' fees incurred in bringing this Motion under Rule 37(a)(5).

## III. Defendants Failed to Produce an Adequately Prepared Rule 30(b)(6) Witness.

### A. Ms. Zhang Was Wholly Unprepared to Testify for Three Defendants.

There are four Defendant companies in this case: Mumuwan, Shenzhen Ximeikeji Youxian Gongsi ("Ximei"), QingYunXianGeSiWei-ShangMaoYouXianGongSi ("QingYun"), and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi ("Mengdudu"). Ms. Zhang's preparation for Ximei, QingYun, and Mengdudu was nonexistent. She spoke with no one from those companies and reviewed no documents from them before the deposition. Zhang Dep. 17:4–11. She had no access to their confidential business or financial information. *Id.* at 19:14–18.

In fact, Ms. Zhang was barely even familiar with those companies. She testified that she had not known of Mengdudu before the litigation and presently knew only that it sold puzzle tables. Zhang Dep. 64:13–21. She similarly had not known QingYun before the lawsuit. *Id.* at 58:11–60:5.

Predictably, she could not answer basic noticed topics. First, she was unfamiliar with the models of puzzle tables sold by the other three defendants.[2] *Id.* at 28:2-4. For instance, with

[2] Requested in 30(b)(6) Topic No. 10: "All versions of each Accused Product and the dates of implementation of each version."

respect to Defendant Mengdudu, Ms. Zhang did not know its Amazon stores,[3] manufacturer,[4] supplier,[5] sales revenues,[6] or product costs;[7] had never reviewed any of Mengdudu's documents; and had never spoken with any Mengdudu employee or owner. Zhang Dep. 65:1–24. Nor did she know whether Mengdudu sold through channels other than Amazon[8]. *Id.* at 66:1–11. She was similarly unfamiliar with the Accused Products sold by Defendant QingYun (*id.* at 61:4-23) and Defendant Ximei. *Id.* at 47:17-48:19, 50:19-51:22.

When asked to explain a spreadsheet produced by the Defendants that appeared to include sales data for the other defendants in the lawsuit, she said: "I do not know about that either. I only know about the information from our company." *Id.* at 56:15-20.

Rule 30(b)(6) required corporate testimony. Defendants instead produced a witness who had consulted no one, reviewed nothing, and possessed no meaningful information for three of the four corporate defendants.

**B. Ms. Zhang Was Also Materially Unprepared to Address Critical Deposition Topics on Behalf of Mumuwan.**

Ms. Zhang's preparation for Mumuwan was little better. She testified that her preparation consisted of reviewing a *list* of documents prepared by counsel. When asked whether she had

[3] Requested in 30(b)(6) Topic No. 11: "Identity of all stores and marketplaces through which each Accused Product is, or has been, sold and/or offered for sale."

[4] Requested in 30(b)(6) Topic No. 5: "The manufacture and assembly of each Accused Products."

[5] Requested in 30(b)(6) Topic No. 17: "Each Related Entity that participates in the manufacture, sourcing, importation, marketing, offering for sale, sale, fulfillment, and/or distribution of the Accused Products."

[6] Requested in 30(b)(6) Topic No. 22: "For each Accused Product, the revenues (net and gross), profits, and number of units sold from February 11, 2025 to the present."

[7] Requested in 30(b)(6) Topic No. 23: "The costs associated with the sale, importation, or other transfer of the Accused Products, including cost of goods sold, shipping fees, taxes, advertising expenses, rebates, commissions, licensing fees, and/or general and administrative expenses."

[8] Requested in 30(b)(6) Topic No. 11: "Identity of all stores and marketplaces through which each Accused Product is, or has been, sold and/or offered for sale."

prepared for the deposition by reviewing documents on the list, rather than the list itself, she answered that she had not. Zhang Dep. 10:22-11: 8. She spoke only with Mumuwan's salesperson, largely about that document list itself. *Id.* at 11:9–12:20. She did not meet with her attorneys to prepare. *Id.* at 14:7–11. No one explained to her what the 30(b)(6) deposition was to entail. *Id.* at 14:12–22. Her lack of preparation showed on core subjects.

Ms. Zhang did not know how many different puzzle-table models Mumuwan sold. Zhang Dep. 27:9–28:1. More importantly, although she knew Mumuwan had changed the design of an accused product more than once, she could not provide the specifics of those changes and identified the salesperson and product designer as the people who knew them. Zhang Dep. 38:17–40:18. The accused-product design and design changes bear directly on infringement and willfulness and was clearly requested in Topics 8-10:

> 8. The internal names, external names, part numbers, part names, marketing names, code names, or other unique identifiers for the Accused Products.
>
> 9. The manufacturing drawings and schematics for each Accused Products.
>
> 10. All versions of each Accused Product, and the dates of implementation of each version.

She was equally unprepared to testify on damage-related facts. Ms. Zhang admitted that she reviewed no Mumuwan financial documents before the deposition. Zhang Dep. 69:2–14. She could not provide specific transportation, advertising, purchasing, or warehousing costs[9] and identified a separate salesperson and finance personnel as the people who would know this information. *Id.* at 69:15–70:10.

---

[9] Requested in Topic No. 23: "The costs associated with the sale, importation, or other transfer of the Accused Products, including cost of goods sold, shipping fees, taxes, advertising expenses, rebates, commissions, licensing fees, and/or general and administrative expenses."

Ms. Zhang also was unable to provide meaningful testimony concerning Mumuwan's own document production.[10] She had reviewed only a list of produced documents, not the documents themselves. Zhang Dep. 8:9–20. She could not read, let alone authenticate or explain Mumuwan's own document production – which Defendants produced in English – because she can neither speak nor read English (Zhang Dep. 8:21–9:1; 22:19-23:15; 24:22-25:2; 54:5-10). The Mumuwan documents had apparently been collected by a separate salesperson who could read English. *Id.* at 13:9–20. Yet, Ms. Zhang had not had the English documents translated for purposes of preparing for the deposition (*id.* at 13:21–24) and had seen no English documents relating to the lawsuit. *Id.* at 15:7–9.

## IV. Defendants Also Obstructed the Deposition by Refusing to Disclose the Identity of Knowledgeable Employees.

When Plaintiffs attempted to identify the Mumuwan personnel who possessed information Ms. Zhang lacked, Defendants blocked the inquiry. Defense counsel expressly instructed Ms. Zhang not to disclose the names of the salesperson, product designer, and other relevant employees based on an asserted privacy concern. Zhang Dep. 42:1–44:4. Counsel later gave a direct instruction not to answer questions seeking those names, and Ms. Zhang agreed to comply with that instruction. *Id.* at 45:21–46:22.

Defendants cannot have it both ways. Their Rule 30(b)(6) witness cannot disclaim knowledge because other employees have the information while Defendants refuse to identify those employees.

---

[10] Requested in Topic No. 41: "Your answers and responses, including all facts supporting the answers and responses, to Plaintiffs discovery requests, including interrogatories and requests for production."

## V. Plaintiffs Are Entitled to a New 30(b)(6) Deposition with a Competent Witness Adequately Prepared to Testify on Behalf of Each Defendant.

As detailed above, Defendants' original 30(b)(6) designee, Ms. Zhang, was wholly unprepared to provide testimony for the three Defendants other than Mumuwan. And even for Mumuwan, she was unprepared to answer questions relating to topics 4, 8-10, 12-14, 22- 23, 28, 33-34, 40, and 41 in the deposition notice. Plaintiffs thus request that the Court order Defendants to provide one or more witnesses that are adequately prepared to testify on the noticed topics on behalf of each of the Defendants, and to make such witness or witnesses available before October 16, 2026.

## VI. Defendants' Failure to Prepare Their Rule 30(b)(6) Witness Warrants an Award of Expenses.

Rule 30(b)(6) requires the corporation to make a "good faith, conscientious effort" to select and prepare a witness "to testify fully and non-evasively" on the noticed subjects. *Zeikos Inc. v. Walgreen Co.*, No. 23-cv-303, 2024 U.S. Dist. LEXIS 210978, at *3 (N.D. Ill. Nov. 20, 2024), attached as Exhibit R. An unprepared witness does not satisfy that obligation: "'[t]he failure to produce an educated Rule 30(b)(6) designee is tantamount to a failure to appear and warrants the imposition of sanctions under Rule 37(d),' including reasonable expenses . . . incurred in taking a new deposition." *Id.* at *3–4 (quoting *Hunter v. WirelessPCS Chi. LLC*, No. 18-cv-980, 2021 U.S. Dist. LEXIS 195714, at *31 (N.D. Ill. Oct. 5, 2021), attached as Exhibit S).

In *Hunter*, the corporate designees similarly failed to review records or consult others and could not answer basic questions within their designated topics. 2021 U.S. Dist. LEXIS 195714, at *21-22. The court ordered further depositions and held that the failure to produce educated designees warranted sanctions under Rule 37(d). *Id.* at *31–32. It awarded the "reasonable expenses incurred in attending and taking" the further Rule 30(b)(6) depositions, "including

attorneys' fees and the costs of transcription," and separately awarded the expenses of bringing the motion under Rule 37(a)(5). *Id.* at *32–33.

The *Zeikos* case is even closer to the present facts. There, the designee possessed "virtually no knowledge" of the noticed subjects and admitted that he was "extremely unprepared." 2024 U.S. Dist. LEXIS 210978, at *2. The court ordered a new seven-hour Rule 30(b)(6) deposition and, under Rule 30(d)(2), awarded the reasonable expenses incurred in connection with the deficient first deposition, including transcription fees. *Id.* at *4–5, *8–10. Rule 30(d)(2), the court explained, authorizes sanctions against anyone who "impedes, delays, or frustrates the fair examination of the deponent" and permits courts to "'impose the costs resulting from obstructive tactics that unreasonably prolong a deposition on the person engaged in such obstruction.'" *Id.* at *8–9.

Defendants here produced a witness as a 30(b)(6) designee for four defendants without preparing her in any way to address questions directed to three of those four defendants. And with respect to her own company, she was still unprepared on core topics, including product design, sales, costs, and document production. Plaintiffs thus incurred the expense of an interpreter, a court report and a videographer without obtaining the corporate testimony Defendants were required to provide. Plaintiffs must now incur the expense of another international deposition to obtain testimony Defendants should have provided on August 11.

Plaintiffs therefore request that Defendants be ordered to pay the reasonable expenses caused by the deficient deposition, including reasonable attorney time and the costs of the interpreter, reporter, videographer, and transcript, under Rules 30(d)(2) and 37(d). Plaintiffs also request their reasonable expenses and attorneys' fees incurred in bringing this motion under Rule 37(a)(5). See *Hunter*, 2021 U.S. Dist. LEXIS 195714, at *32–33.

## VII. Relief Requested

Plaintiffs request an order:

(1) Requiring Defendants, within three business days of the Court's Order, to provide at least three dates before October 16, 2026 on which Defendants will commit to producing their Rule 30(b)(6) designee(s) for a full-day deposition, with the parties thereafter promptly selecting a mutually agreeable date;

(2) Requiring Defendants to produce at the continued deposition one or more properly prepared Rule 30(b)(6) designees to testify on each of the noticed topics on behalf of each of the three Defendants other than Mumuwan;

(3) Requiring Defendants to produce at the continued deposition one or more properly prepared Rule 30(b)(6) designees to testify on behalf of Mumuwan concerning Topics 4, 8-10, 12-14, 22- 23, 28, 33-34, 40, and 41;

(4) Requiring Defendants, at least 5 business days before the continued deposition, to identify each Rule 30(b)(6) designee, including the designee's employer and position, and the specific topics on which each designee will testify;

(5) Requiring Defendants to produce, within three business days of the Court's Order, their updated sales and financial documents so that Plaintiffs have sufficient time to review those documents and meaningfully examine Defendants' designee(s) concerning that information;

(6) Awarding Plaintiffs the reasonable expenses caused by the deficient August 11 deposition and necessary to reconvene and complete the Rule 30(b)(6) deposition, including reasonable attorneys' fees and the costs of the interpreter, court reporter, videographer, and transcripts, under Rules 30(d)(2) and 37(d);

(7) Awarding Plaintiffs their reasonable expenses and attorneys' fees incurred in bringing this Motion under Rule 37(a)(5); and

(8) Granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

Dated: September 21, 2026

/s/ Marina N. Saito

Edward H. Rice
Marina N. Saito
Steven M. Lubezny
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Plaintiffs,*
*Xiaoling Che and Jinyan Duan*