# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| Xiaoling Che, et al.,<br><br>Plaintiffs/Counter-Defendants,<br>v.<br><br>Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,<br><br>Defendants/Counter-Plaintiffs. | Case No. 1:25-cv-04946<br><br>Honorable Virginia M. Kendall |

**PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), Plaintiffs Xiaoling Che and Jinyan Duan, by and through their attorneys of record in this action, will take the deposition of Defendants Shenzhen Mumuwan Maoyi Youxian Gong Si, Shenzhen Ximeikeji Youxian Gongsi, QingYunXianGeSiWei-ShangMaoYouXianGongSi, and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi (Defendants) upon oral examination beginning on June 15, 2025 or at another mutually agreeable time, and continuing day to day. The deposition will be taken remotely and will be recorded by stenographic and/or audiovisual means.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters set forth in Exhibit A. Plaintiffs request that Defendants identify, for each person designated, the deposition topic(s) on which that person will testify. Defendants further request that each witness bring to the deposition all documents reviewed in preparation for the deposition.

# EXHIBIT A

## DEFINITIONS

These Interrogatories are subject to the following definitions:

1. “Accused Products” mean every apparatus, product, device, or other instrumentality that Plaintiffs contend falls within the scope of any claim of the Asserted Patent in this Litigation, as identified in the Complaint, Plaintiffs’ Infringement Contentions in this Litigation (including any amendments thereto), and/or any other assertion of infringement.

2. “Asserted Patent” means U.S. Patent No. 12,220,648, and any related patents or related patent applications.

3. “Communication” means any manner in which information is transmitted between two or more Persons, regardless of the medium used to transmit that information.

4. “Complaint” means the Amended Complaint in the above-captioned action filed in the Litigation on May 8, 2025 (Dkt. 3), and any amendments thereto.

5. “Document” includes electronically stored information and tangible things, as set forth in Fed. R. Civ. P. 34(a)(1)(A) and (B).

6. “Identify” when referring to Communications means to give, to the extent known,

   a. a description of the substance of the Communication;

   b. the form of the Communication (e.g., telephone, facsimile, email, etc.);

   c. the identity of all parties to and/or present at the time of the Communication, as well as the full name, present or last known address, and the current or last known place of employment of each Person;

   d. the identity of the Person whom You contend initiated the Communication; and

e. the time, date, and place of the Communication.

7. "Identify," when referring to a Document, shall mean to state the general nature or type, the general subject matter, title, number of pages, date, author or originator, addressee or recipient, copy recipients, present depository or depositories, name and address of any Person(s) having custody, and any other necessary basis for identification of such Document.

8. "Identify," when referring to a Person, shall mean to state the full name, last known physical address, employer, job title, email address and phone number of such Person.

9. "Litigation" means Case No. 1:25-cv-04946, pending in the District Court for the Northern District of Illinois.

10. "Person" includes any natural individual, and any entity or organization including, for example, a corporation, partnership, joint venture, firm, trust, group, association, or governmental agency, and any division, department, or other unit.

11. "Prior Art" means all Documents that Relate to the subject matter of the Asserted Patent and that qualify as prior art under any subsection of 35 U.S.C. § 102, including all systems, methods, apparatus, publications, patents, or uses.

12. "Relating to," "Relate to" and "Related to" mean concerning, referring to, reflecting, pertaining to, evidencing, or constituting, either directly or indirectly, in whole or in part.

13. "Related Entity" means any individual, business, corporation, partnership, sole proprietorship, marketplace seller account, manufacturer, supplier, distributor, or other entity that has directly or indirectly participated in the manufacture, sourcing, importation, marketing, offering for sale, sale, fulfillment, or distribution of any Accused Product, including through shared ownership, management, employees, facilities, suppliers, inventory, financial accounts,

marketplace accounts, email addresses, telephone numbers, business addresses, or family relationships.

14. "You," "Your," and "Defendants" mean Shenzhen Mumuwan Maoyi Youxian Gong Si, Shenzhen Ximeikeji Youxian Gongsi, QingYunXianGeSiWei-ShangMaoYouXianGongSi, and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi, individually and collectively, as well as any of their past or present owners, officers, directors, agents, servants, employees, in-house and outside attorneys, accountants, consultants, predecessors in interest, corporate parents, affiliates, subsidiaries, or other Persons or entities acting on their behalf.

15. The use of the singular form of any word includes the plural and vice versa.

## TOPICS FOR EXAMINATION

1. Your first knowledge or awareness of Plaintiffs or any puzzle board products sold by Plaintiff.

2. The timing and circumstances of when you first became aware of the Asserted Patent, or any application that led to the Asserted Patent.

3. Your actions (if any) in response to becoming aware of Plaintiffs, Plaintiffs' puzzle board products, the Asserted Patent, or any application that led to the Asserted Patent.

4. The conception, development and design of each Accused Product.

5. The manufacture and assembly of each Accused Products.

6. The importation of each Accused Product.

7. The operation of each Accused Product.

8. The internal names, external names, part numbers, part names, marketing names, code names, or other unique identifiers for the Accused Products.

9. The manufacturing drawings and schematics for each Accused Products.

10. All versions of each Accused Product, and the dates of implementation of each version.

11. Identity of all stores and marketplaces through which each Accused Product is, or has been, sold and/or offered for sale.

12. Documents that are currently provided, or have been provided, to customers of the Accused Products, either within the packaging of the Accused Products or otherwise.

13. The market for the Accused Products, including the identity of competitors, market share, market revenue or pricing.

14. Investigations, analyses, opinions, consultations, or evaluations performed by or for You concerning infringement, validity, enforceability, licensing, or design-around efforts Relating to the Asserted Patent.

15. Your organization and management structure, including each Defendants role with respect to the Accused Products.

16. The legal relationship between Defendants.

17. Each Related Entity that participates in the manufacture, sourcing, importation, marketing, offering for sale, sale, fulfillment, and/or distribution of the Accused Products.

18. The identity of individuals who directly or indirectly own, manage, control, supervise, or participate in the operations of Defendants or any Related Entity relating to the Accused Products.

19. The identity of persons who have, or have had, signatory authority, access authority, or operational control over any financial account, payment processor account, or marketplace account used in connection with any Accused Product.

20. Communications, negotiations, meetings, or discussions between You and any third party Relating to licensing, acquisition, enforcement, valuation, or settlement of the Asserted Patent or related technology.

21. License or Settlement Agreements that You have entered into Relating to puzzle boards and/or the Accused Products.

22. For each Accused Product, the revenues (net and gross), profits, and number of units sold from February 11, 2025 to the present.

23. The costs associated with the sale, importation, or other transfer of the Accused Products, including cost of goods sold, shipping fees, taxes, advertising expenses, rebates, commissions, licensing fees, and/or general and administrative expenses.

24. The factual bases and supporting documents for any cost, expense, deduction, offset, or apportionment You contend should be applied to reduce or otherwise affect any damages award in this action.

25. Your projected or forecasted sales of the Accused Products.

26. Marketing, promotion, and advertising of the Accused Products, including content of Amazon product listings, Amazon advertising and search optimization, promotional activities, and related performance metrics (i.e., the extent to which Amazon search rankings, sponsored placements, reviews, ratings, or advertising affected sales of the Accused Products).

27. Consumer demand for the Accused Products, including the extent to which product features drive consumer demand for the Accused Products.

28. The pricing of the Accused Products, including pricing strategy, price changes, discounts, and promotional pricing.

29. Any efforts by You, or others on your behalf, to design around the Asserted Patent

30. Communications by You or anyone on your behalf with anyone at Amazon.com Relating to the Asserted Patent.

31. Communications by You or anyone on your behalf with anyone at Amazon.com Relating to the Accused Products.

32. Any non-infringing alternatives to the Asserted Patent that You contend were available at any time from February 11, 2025 to the present.

33. The factual bases for any and all reasons You contend that any Accused Product does not infringe the Asserted Patent.

34. The factual bases for any and all reasons You contend the Asserted Patent is invalid or unenforceable.

35. The factual bases for Your contention that Plaintiffs are not entitled to a permanent injunction against the Accused Products.

36. The factual bases for Defendants' position on what a reasonable royalty rate should be for the Asserted patent.

37. The factual bases for any of Defendants' affirmative defenses in this action.

38. Your polices concerning the retention and destruction of Documents.

39. Your efforts to locate, collect, organize and produce Documents in response to any discovery request in this litigation.

40. The authenticity and authorship of Documents produced by You in this litigation.

41. Your answers and responses, including all facts supporting the answers and responses, to Plaintiffs discovery requests, including interrogatories and requests for production.

Respectfully submitted,

Dated: May 14, 2026

/s/ Steven M. Lubezny
Edward H. Rice
Marina N. Saito
Steven M. Lubezny
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Plaintiffs*
*Xiaoling Che and Jinyan Duan*

**CERTIFICATE OF SERVICE**

I certify that a copy of the above, PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6) was served on May 14, 2026, via email at the email addresses indicated below:

Marjorie Ouyang
Valley & Summit Law
1 Park Plaza, Suite 600
Irvine, CA 92614
marjorie.ouyang@valleysummitlaw.com

Hao Ni
Neal Massand
Stevenson Moore
Nicholas Najera
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
hni@nilawfirm.com
nmassand@nilawfirm.com
smoore @nilawfirm.com
nnajera@nilawfirm.com

*Attorneys for Defendants Shenzhen Mumuwan Maoyi Youxian Gong Si, Shenzhen Ximeikeji Youxian Gongsi, QingYunXianGeSiWei-ShangMaoYouXianGongSi, and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi*

/s/ Steven M. Lubezny
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
steve@ricetechlaw.com
(224) 331-0568