# Exhibit E

RICE
Rice Technology Law Group

+1 224.331.0568
info@ricetechlaw.com
www.ricetechlaw.com
555 Skokie Blvd., Suite 500
Northbrook, Illinois 60062

August 12, 2026

Via Email

Marjorie Ouyang
Valley & Summit Law
One Park Plaze
Irvine, California 92614
marjorie.ouyang@valleysummitlaw.com

Re: *Che v. Shenzhen Mumuwan Maoyi Youxian Gong Si*, Case No. 1:25-cv-04946 (N.D. Ill.)

Counsel:

I am writing regarding the serious deficiencies identified during last night's Rule 30(b)(6) deposition.

Yesterday's deposition proceeded under a specific carve-out granted by the Court, which allowed Plaintiff to take its 30(b)(1) and 30(b)(6) depositions outside of fact discovery. Because Defendants served no objections to the noticed topics, all identified subjects were proper areas of inquiry for which the designated corporate witness was required to be prepared. The witness, however, was entirely unprepared and unable to provide the required testimony.

The Defendants designated this witness to testify as the corporate designee for four separate defendant entities. However, the witness testified that she had essentially no meaningful knowledge on essentially any of the 30(b)(6) topics for three of the four defendant entities. She also testified that she had never communicated with any representatives from any of those entities; and had not reviewed any documents belonging to these entities. In short, Defendants had no plausible basis for identifying this witness as a 30(b)(6) witness designated to testify on behalf of three of the four defendant entities.

Even regarding her own company (defendant Mumuwan), the witness could not answer core questions regarding product design, sales, and financial data for the accused products. She could not even identify and authenticate the documents that Defendants produced in the litigation.

Defendants' complete failure to comply with its obligations under Rule 30(b)(6) caused Plaintiffs to spend substantial time and expense on a pointless deposition. Defendants failed to prepare the witness to address the 30(b)(6) topics on behalf of her own company, let alone for the other Defendants. As a result, the deposition was a wasted the attorneys' time and the clients' money.

Rice Technology Law Group

Moreover, the witness testified that other Mumuwan representatives—including the heads of the sales department, the product design representative and the finance department—possessed the information that she lacked regarding many of the 30(b)(6) topics. Yet, Defendants failed to disclose any of these individuals in their Rule 26 disclosures or interrogatory responses, and counsel improperly instructed the witness not to identify these individuals by name during the deposition.

To avoid motion practice, please confirm by **noon Central Time on Friday, August 14, 2026** that Defendants will:

- Provide dates in August for a reconvened Rule 30(b)(6) deposition, with appropriately prepared witnesses to testify on the noticed topics.
- Provide the full names and tiles of the sales, product design, and financial personnel for each Defendant, which we reserve the right to notice for further 30(b)(1) depositions as necessary.
- Reimburse Plaintiffs for the costs and attorney time associated with yesterday's deposition.

In addition, it is clear that Defendants have failed to supplement their document production with sales and financial data on all accused products from all Defendants covering the relevant time period. We therefore ask you to confirm by **noon Central Time on Friday, August 14, 2026** that Defendants will, in advance of a reconvened 30(b)(6) deposition, supplement their production and discovery responses to provide itemized total sales revenues and costs for each accused product, broken down by entity, for the period covering February 11, 2025, through the present.

If the parties cannot resolve these issues informally, we will raise the issues with the Court. Accordingly, if you do not agree to comply with the request above, please provide a time on August 14, 2026 that you will be available to meet and confer.

We reserve all rights under Federal Rule of Civil Procedure 37, including the right to compel testimony and production, and to seek an award of reasonable expenses and attorneys' fees incurred in bringing such a motion.

Sincerely,

Rice Technology Law Group