# Exhibit G

Rice Technology Law Group

+1 224.331.0568
info@ricetechlaw.com
www.ricetechlaw.com
555 Skokie Blvd., Suite 500
Northbrook, Illinois 60062

August 21, 2026

Via Email

Marjorie Ouyang
Valley & Summit Law PC
One Park Plaza, Suite 600
Irvine, California 92614
marjorie.ouyang@valleysummitlaw.com

Re: *Che et al. v. Shenzhen Mumuwan Maoyi Youxian Gong Si et al.*,
Case No. 1:25-cv-04946 (N.D. Ill.)

Dear Marjorie:

This letter confirms our meet-and-confer discussion yesterday regarding Defendants' deficiencies in producing a proper 30(b)(6) witness prepared to address Plaintiffs' Rule 30(b)(6) topics and follows up on my August 12 letter.

As explained there, and as discussed during our call, Defendants' designated witness (Ms. Zhang) was not prepared to testify for three of the four Defendants. And even as to her own company (Mumuwan), she was unable to address numerous core topics identified in the deposition notice, including, but not limited to: (1) the conception, development and design of the Accused Products (topic 4); (2) the manufacture and assembly of the Accused Products (topic 5); (3) the internal names of other unique identifies for the Accused Products (topic 8); (4) the manufacturing drawings and schematics for each Accused Product (topic 9); (5) the versions of each Accused Product (topic 10); (6) documents provided to customers of the Accused Products (topic 12); (7) the market for the Accused Products (topic 13); (8) revenues, profits, sales and associated costs (topics 22 and 23); and (4) the authenticity and authorship of documents produced by Mumuwan in this litigation (topic 40). She also refused to identify by name the witnesses who possess critical corporate information.

To avoid motion practice, please provide the following by **Sunday night, August 23, 2026**:

1. Available **deposition dates in the next two weeks for a 30(b)(6) designee (or designees)** to address (i) the 30(b)(6) topics that Ms. Zhang was unable to answer for Mumuwan and (ii) each of the 30(b)(6) topics as to the other three defendants. Either Ms. Zhang needs to be adequately prepared to testify as to each topic, or Defendants need to identify other witnesses who can do so.

2. The **names of the head of the sales department, the head of the finance department, and the product design representative** that Ms. Zhang identified at her deposition as possessing information she lacked concerning the noticed topics. The information these

RICE
Rice
Technology
Law Group

individuals possess is central to the claims and defenses in this matter, yet Defendants failed to identify them in their Rule 26 disclosures or otherwise during fact discovery. Plaintiffs reserve the right to seek additional depositions of these previously undisclosed individuals.

3. Confirmation that Defendants will **reimburse Plaintiffs for the reasonable costs and attorney time associated with the August 11 deposition**.

In addition, as indicated in my August 12 letter, please confirm that Defendants will, in advance of any reconvened 30(b)(6) deposition, supplement their production and discovery responses to provide itemized total sales revenues and costs for each accused product, broken down by entity, for the period covering February 11, 2025, through the present.

If Defendants do not provide this information and commitment by Sunday night, Plaintiffs intend to file a motion on **Monday, August 24, 2026** asking the Court to compel Defendants to provide the required Rule 30(b)(6) testimony and identifying information and to award Plaintiffs all reasonable costs and attorneys' fees associated with both the August 11 deposition and the motion.

Sincerely,

Edward H. Rice
Rice Technology Law Group