IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| Xiaoling Che, et al.,<br><br>Plaintiffs/Counter-Defendants,<br>v.<br><br>Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,<br><br>Defendants/Counter-Plaintiffs. | Case No. 1:25-cv-04946<br><br>Honorable Virginia M. Kendall<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR EXPENSES UNDER RULE 37(a)(5)** |

## INTRODUCTION

Plaintiffs' motion should be denied. Plaintiffs ask the Court to compel further Rule 30(b)(6) testimony that Defendants had already agreed to provide and to sanction Defendants while the parties were actively working to schedule that testimony. For weeks, Defendants worked cooperatively with Plaintiffs to arrange the further Rule 30(b)(6) deposition that Plaintiffs now say they were denied. Defendants agreed to produce a corporate witness, identified that witness by name—Mr. Mo Ji—and stated that he was the head of the sales department of defendant Shenzhen Mumuwan Maoyi Youxian Gong Si ("Mumuwan"), while noting that counsel would confirm his position. Defendants also proposed a range of dates. The parties continued to address calendar logistics while Defendants' counsel was traveling internationally and Plaintiffs' counsel had his own disclosed scheduling limitations.

Rather than complete that process, Plaintiffs filed this motion on Monday, September 21, 2026, and unilaterally noticed it for presentment only three days later, on Thursday, September 24, 2026, at 9:30 a.m., **in person, in Chicago**. The Notice of Presentment does not provide the full three business days required by Judge Kendall's Case Procedures. Those procedures state that a motion must "be filed a full three (3) business days" before presentment and that "[t]he

day of filing is not counted." A motion filed on Monday and presented on Thursday provides only Tuesday and Wednesday as full intervening business days.

Plaintiffs also selected September 24 after Defendants' counsel had disclosed in writing that her return flight from China to the United States was scheduled for the night of September 24. Plaintiffs therefore knew that counsel was in China and traveling internationally on the date selected for the in-person presentment. The compressed notice did not provide a reasonable opportunity to address counsel's inability to appear before the noticed date.

The timing was particularly unnecessary because Defendants had never refused to provide further Rule 30(b)(6) testimony and had consistently expressed their willingness to produce an additional corporate witness. The parties had been communicating regarding the identity of the witness and possible dates, and Defendants had identified Mr. Ji and proposed a date range. Defendants have now expressly invited Plaintiffs to propose mutually agreeable dates in October and confirmed that additional documents will be provided before the deposition in accordance with the parties' agreement. (Ouyang Decl. ¶ 8 & Ex. 1.) Under these circumstances, the Court should deny the motion and Plaintiffs' request for fees and expenses. At a minimum, the Court should strike or reset the Notice of Presentment (ECF No. 89), permit the parties to complete the scheduling process, and deny Plaintiffs' request for expenses arising from a dispute Defendants were already working to resolve.

## STATEMENT OF FACTS

### A. Defendants agreed to produce a Rule 30(b)(6) sales witness.

Following the August 11, 2026 deposition, the parties communicated by telephone and email regarding further Rule 30(b)(6) testimony. On August 21, 2026, Defendants confirmed

that they would make another witness available and proposed using a sales representative who could address the relevant sales information. (ECF No. 88-8 at 9, 11; Ouyang Decl. ¶ 2.)

The parties continued discussing the witness during telephone conferences in August. An August 27 email from Plaintiffs' counsel memorialized the parties' discussion that Defendants would produce the head of Mumuwan's sales department to address the noticed sales topics. (ECF No. 88-8 at 5; Ouyang Decl. ¶ 3.)

**B. Defendants identified Mr. Mo Ji and proposed a range of dates.**

On September 3, 2026, Defendants identified the proposed witness as Mr. Mo Ji and offered a deposition window between September 15 and September 24, while disclosing counsel's conference commitments from September 16 through September 18. (ECF No. 88-8 at 2.) On September 5, Defendants' counsel wrote that Mr. Ji was the head of sales while noting that she would confirm his position. (ECF No. 88-12 at 2; Ouyang Decl. ¶ 3.)

This correspondence demonstrates that Defendants did not refuse to provide a further Rule 30(b)(6) witness. They agreed to provide the witness, identified him by name, described his anticipated sales role subject to confirmation, and proposed dates on which the deposition could potentially occur.

**C. The parties continued working to identify a mutually available date.**

Both sides had scheduling limitations. Plaintiffs' counsel initially responded that the only date within the proposed window that would work for him was September 24. (ECF No. 88-9 at 2.) Defendants explained that the client had a business commitment on September 24 and requested alternative dates. (ECF No. 88-10 at 2.) Defendants' counsel also informed Plaintiffs that her flight from China to the United States was scheduled for the night of September 24. (ECF No. 88-12 at 2–3; Ouyang Decl. ¶ 4.)

On September 9, Plaintiffs' counsel wrote that "the dates between now and September 24 are no longer workable" and asked Defendants to provide dates after September 24. Later correspondence again proposed September 22 or September 23. (ECF No. 88-13 at 2–3.) During the same period, Defendants' counsel advised that she had become ill after arriving in China, and Plaintiffs' counsel acknowledged her illness. (Id.; ECF No. 88-14 at 2–3.)

Defendants' counsel nevertheless continued communicating with Plaintiffs and working with the client to determine the witness's availability. On September 11, she advised that she was meeting with the client on September 19, that she also expected to speak with the client on Sunday, and that she would report back as soon as possible. (ECF No. 88-16 at 2.) Plaintiffs' counsel followed up on September 14. (ECF No. 88-17 at 2.)

Thus, the correspondence does not establish a refusal to produce Mr. Ji. It shows an ongoing effort to coordinate an international deposition involving counsel and a witness with competing schedules.

**D. Plaintiffs filed the motion while that scheduling process remained ongoing.**

On Monday, September 21, 2026, Plaintiffs filed the Motion to Compel and a Notice of Motion setting an in-person presentment for Thursday, September 24, 2026, at 9:30 a.m. in Chicago. (ECF Nos. 88, 89.) The selected date was the same date on which Defendants' counsel had previously disclosed that she would be in China and scheduled to return to the United States on an international flight. (ECF No. 88-12 at 2–3; Ouyang Decl. ¶ 4.)

On September 22, Plaintiffs' counsel stated that Plaintiffs would not oppose moving the presentment to September 29, but declined to withdraw the motion while the parties continued discussing the discovery issues. (Ouyang Decl. ¶ 8 & Ex. 1.)

**E. Plaintiffs selected an in-person hearing date despite actual notice of counsel's international travel.**

Before Plaintiffs filed their motion, Defendants' counsel expressly informed Plaintiffs in writing that she was in China and that her return flight to the United States was scheduled for the night of September 24. (ECF No. 88-12 at 2–3; Ouyang Decl. ¶¶ 4, 8.) Plaintiffs therefore had actual written notice of counsel's location and scheduled international travel. Nevertheless, Plaintiffs selected that same date for an **in-person presentment in Chicago**. The noticed 9:30 a.m. Chicago hearing corresponded to approximately 10:30 p.m. in China on the same night as counsel's scheduled return flight.

Navin Bora's last day with Valley & Summit Law was September 15. At the claim-construction hearing, the Court asked whether Mr. Bora would appear at later hearings, and he responded that he would not. After his departure, Ms. Ouyang was the only remaining Valley & Summit attorney admitted in this District and available to appear for Defendants. (Ouyang Decl. ¶ 6.) A reasonable attorney aware of these circumstances would have understood that no other Valley & Summit attorney was expected to appear for Defendants on September 24. Plaintiffs nevertheless chose that date for an **in-person hearing**.

**ARGUMENT**

**I. THE NOTICE OF PRESENTMENT DOES NOT COMPLY WITH THE COURT'S THREE-BUSINESS-DAY REQUIREMENT.**

Local Rule 5.3(a) directs parties to follow the assigned judge's procedures for filing and presenting motions. Judge Kendall's Case Procedures state that a motion must "be filed a full three (3) business days" before presentment and that "[t]he day of filing is not counted."

Plaintiffs filed their motion on Monday, September 21, and noticed it for presentment on Thursday, September 24. Once the filing day is excluded, only Tuesday, September 22, and Wednesday, September 23, remain as full business days before presentment. The Notice of Presentment therefore does not provide the required three full business days.

That deficiency is material in this case. Judge Kendall's Discovery Procedures explain that the Court frequently decides discovery motions after argument at the motion call and without briefing, and that the parties should be prepared to argue the motion when it is presented. Plaintiffs' Notice placed a substantive discovery motion and a request for expenses before the Court without providing the notice required by the Court's procedures.

Plaintiffs have since stated that they would not oppose moving the presentment to September 29. The Court should therefore strike or reset the September 24 Notice of Presentment and provide Defendants a fair opportunity to respond.

## II. PLAINTIFFS SELECTED A DATE ON WHICH THEY KNEW DEFENDANTS' COUNSEL COULD NOT APPEAR IN PERSON.

Plaintiffs did not select September 24 without notice of Defendants' counsel's circumstances. Defendants' counsel informed Plaintiffs in writing that her return flight from China to the United States was scheduled for the night of September 24. (ECF No. 88-12 at 2–3; Ouyang Decl. ¶ 4.) When Plaintiffs earlier proposed conducting the deposition on September 24, Defendants had also explained that the client had a business conflict on that date. (ECF No. 88-10 at 2.)

Plaintiffs nevertheless selected September 24 for the in-person presentment of a contested discovery motion. Judge Kendall's procedures provide that hearings proceed in person unless the Court permits otherwise. Plaintiffs' compressed notice left Defendants with

insufficient time to address counsel's inability to attend an in-person hearing in Chicago while she was in China preparing to travel to the United States.

The scheduling difficulty was not attributable solely to Defendants. Plaintiffs' counsel stated that he was unavailable on September 15 and September 19 through 23. (ECF No. 88-12 at 3.) The parties were attempting to identify a date that accommodated both counsel and the witness when Plaintiffs filed the motion. Selecting for presentment a date on which Plaintiffs knew Defendants' counsel was outside the United States and scheduled to travel was unnecessary and prejudicial.

## III. THE MOTION WAS PREMATURE BECAUSE DEFENDANTS HAD ALREADY AGREED TO PROVIDE FURTHER RULE 30(b)(6) TESTIMONY.

The parties were not at an impasse over whether Defendants would provide further Rule 30(b)(6) testimony. Defendants agreed to provide a sales witness, identified Mr. Mo Ji by name, stated their understanding of his sales role while noting that counsel would confirm his position, and proposed a date range. (ECF No. 88-8 at 2, 5, 9, 11; ECF No. 88-12 at 2.)

The correspondence reflects a continuing effort to confirm a date. Plaintiffs initially stated that only September 24 would work, but Defendants had disclosed both a client conflict and counsel's international travel on that date. Plaintiffs later stated that the dates before September 24 were no longer workable and requested dates after September 24. (ECF No. 88-13 at 2–3.) Further discussions followed, including Defendants' effort to confer with the client and confirm the witness's availability. (ECF No. 88-16 at 2; ECF No. 88-17 at 2.)

A motion to compel was unnecessary to obtain Defendants' agreement to provide a further witness because that agreement had already been given. Nor does the absence of a

finalized date establish that Defendants refused to provide the deposition. It establishes only that the parties had not completed the scheduling process before Plaintiffs filed their motion.

If the Court determines that a scheduling order is appropriate, Defendants respectfully request that the Court direct the parties to confer and fix a reasonable date for Mr. Ji's deposition. That scheduling issue does not justify the sanctions and wholesale expense shifting Plaintiffs seek.

## IV. THE AUGUST 11 DEPOSITION DOES NOT JUSTIFY PLAINTIFFS' REQUEST FOR ALL DEPOSITION COSTS AND FEES.

### A. Plaintiffs' dissatisfaction with the testimony does not establish that Defendants refused to provide testimony.

Plaintiffs contend that the August 11 deposition failed to provide meaningful corporate testimony. This is simply not true. Ms. Wan Zhang appeared, testified under oath, and answered questions based on her knowledge. She testified that she met with the sales representative twice and reviewed a list of documents prepared in connection with the deposition. (Zhang Dep. 12:9–13:12.)

The duty to provide Rule 30(b)(6) testimony does not guarantee that the witness will give the answers the examining party expects or needs to prove its claims. A corporate witness must testify truthfully concerning information known or reasonably available to the organization. Plaintiffs' dissatisfaction with particular answers does not establish that Ms. Zhang was untruthful or that Defendants refused to participate in discovery.

After the deposition, Defendants did not end the discussion or refuse further testimony. They agreed to provide a sales witness who could address the sales-related topics Plaintiffs continued to pursue. Defendants then identified Mr. Ji and worked with Plaintiffs to schedule his

deposition. That conduct demonstrates an effort to address Plaintiffs' stated concerns without unnecessary court intervention.

**B. Plaintiffs have not established that all August 11 deposition expenses resulted from the disputed Rule 30(b)(6) testimony.**

Plaintiffs noticed Ms. Zhang both as a Rule 30(b)(6) representative and for testimony in her individual capacity. Plaintiffs therefore intended to take her deposition regardless of the parties' later disagreement concerning the scope of her corporate testimony.

At least some reporter, interpreter, videographer, and related deposition expenses would have been incurred for Ms. Zhang's individual deposition. Plaintiffs cannot automatically attribute every expense from the combined deposition to the disputed Rule 30(b)(6) testimony.

Plaintiffs' motion identifies categories of requested expenses but does not provide an itemized allocation separating expenses attributable to Ms. Zhang's individual deposition from expenses allegedly caused by the disputed corporate testimony. A blanket award of the entire cost of the August 11 deposition would therefore exceed the expenses Plaintiffs have shown were caused by the conduct challenged in their motion.

**C. The limited dispute concerning employee names does not justify shifting all deposition expenses.**

Plaintiffs also rely on a limited exchange concerning the names of certain employees. Defendants' counsel raised concerns regarding the disclosure of employee-identifying information, and the witness continued to provide information about the employees' positions, responsibilities, and knowledge. (Zhang Dep. 42:1–46:22.)

That discrete exchange did not prevent Plaintiffs from conducting the remainder of the deposition. To the extent the Court determines that additional identifying information should be

disclosed subject to appropriate confidentiality protections, that issue can be resolved through a focused direction. It does not justify shifting the entire cost of the deposition or awarding all fees incurred in bringing the present motion.

## V. THE REQUEST FOR SUPPLEMENTAL DOCUMENT PRODUCTION DOES NOT JUSTIFY AN AWARD OF EXPENSES.

Plaintiffs' correspondence requested updated sales and financial documents before the motion was filed. (ECF No. 88-8 at 2–4; ECF No. 88-17 at 2.) Defendants' clients have always been willing to provide an appropriate supplemental production. On September 22, Defendants expressly confirmed that additional documents would be provided before the further deposition in accordance with the parties' agreement. (Ouyang Decl. ¶¶ 7–8 & Ex. 1.) Plaintiffs nevertheless combine the supplemental-production request with the parties' separate scheduling dispute and seek a blanket award of fees and expenses.

The motion does not separate the fees allegedly attributable to the supplemental-production issue from those associated with scheduling the further deposition or challenging the August 11 testimony. If the Court grants only part of Plaintiffs' requested relief, Rule 37(a)(5)(C) permits the Court to apportion reasonable expenses. An order setting a deadline for particular supplemental materials would not, by itself, justify every category of fees and deposition expenses Plaintiffs request.

If the Court determines that any specific supplemental production remains outstanding, Defendants respectfully request that the Court set a reasonable deadline for that production without awarding Plaintiffs blanket fees or expenses.

## VI. RULE 37 DOES NOT SUPPORT PLAINTIFFS' REQUEST FOR FEES AND EXPENSES.

Rule 37(a)(5)(A) does not permit an expense award where the opposing party's position was substantially justified or other circumstances would make an award unjust. If a motion is granted only in part, Rule 37(a)(5)(C) permits the Court to apportion reasonable expenses rather than award the movant all requested fees and costs.

Defendants' conduct was substantially justified. They agreed to produce a further witness, identified Mr. Ji by name, discussed his sales role, proposed a date range, continued communicating with Plaintiffs, and attempted to confirm a date that accommodated counsel's schedules and the witness's availability. Plaintiffs filed the motion before that process had been completed.

Other circumstances also make a fee award unjust. Plaintiffs combined their request concerning further testimony with a demand for all costs of a deposition that included Ms. Zhang's separately noticed individual testimony. They then noticed the motion on fewer than three full business days and selected a presentment date on which they knew Defendants' counsel was in China and scheduled to travel internationally.

Even if the Court enters a scheduling or discovery order, that does not entitle Plaintiffs to every category of expense they request. Any award would have to be limited to reasonable expenses actually caused by the particular conduct for which relief is granted. Plaintiffs have not made that showing.

## VII. DEFENDANTS HAVE PROPOSED A PRACTICAL RESOLUTION.

Defendants remain willing to complete the further Rule 30(b)(6) deposition without unnecessary court intervention. On September 22, Defendants expressly invited Plaintiffs to

propose dates in October and stated that Defendants would coordinate a mutually agreeable date with their client. Defendants also confirmed that additional documents would be provided before the deposition in accordance with the parties' agreement. (Ouyang Decl. ¶ 8 & Ex. 1.)

September 24 was particularly unsuitable because it immediately preceded China's Mid-Autumn Festival holiday period, a major family-reunion holiday. The noticed 9:30 a.m. Chicago hearing also corresponded to approximately 10:30 p.m. in China on the same night Defendants' counsel was scheduled to fly back to the United States. Defendants nevertheless remain prepared to proceed with the deposition in October.

The Court can resolve the remaining issues by directing Plaintiffs to propose reasonable October dates, requiring the parties to select a mutually agreeable date, and permitting Defendants to provide the agreed supplemental documents sufficiently in advance of the deposition. This practical resolution provides Plaintiffs the discovery they seek without imposing the blanket fees and expenses requested in their motion.

## VIII. DEFENDANTS REQUEST SANCTIONS AGAINST PLAINTIFFS' COUNSEL IN THE FORM OF REASONABLE EXPENSES UNDER RULE 37(a)(5)(B).

If the Court denies Plaintiffs' motion, Rule 37(a)(5)(B) provides for an award of the reasonable expenses incurred in opposing the motion unless the motion was substantially justified or other circumstances make an award unjust. The Rule permits the award to be imposed on the movant, the attorney filing the motion, or both, after an opportunity to be heard.

Plaintiffs filed the motion while Defendants were actively attempting to schedule the further deposition, noticed it on fewer than three full business days, and selected a date on which Plaintiffs knew Defendants' counsel was in China and scheduled to travel internationally.

Plaintiffs then declined to withdraw the motion even after Defendants expressly offered to complete the deposition in October and provide additional documents before the deposition.

Defendants therefore request the reasonable fees and expenses incurred in opposing the motion against Plaintiffs' counsel, in an amount to be established by an itemized submission if directed by the Court.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court:

1. deny Plaintiffs' Motion to Compel Adequate Rule 30(b)(6) Testimony and Supplemental Document Production and for an Award of Fees and Expenses (ECF No. 88);
2. strike or reset the Notice of Presentment (ECF No. 89);
3. deny Plaintiffs' request for fees and expenses;
4. direct the parties to select a mutually agreeable deposition date in October and permit Defendants to provide the agreed supplemental documents sufficiently in advance of that deposition;
5. award Defendants the reasonable fees and expenses incurred in opposing the motion against Plaintiffs' counsel under Rule 37(a)(5)(B), in an amount to be established upon further submission;
6. if the Court determines that any further scheduling or supplemental production order is necessary, establish reasonable deadlines without imposing fees or sanctions against Defendants; and
7. grant such other and further relief as the Court deems just and proper.

Dated: September 23, 2026

/s/ Marjorie Ouyang
Marjorie Ouyang
VALLEY & SUMMIT LAW PC
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (909) 248-4522
marjorie.ouyang@valleysummitlaw.com
*Counsel for Defendants/Counter-Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered counsel of record.

/s/ Marjorie Ouyang
Marjorie Ouyang
VALLEY & SUMMIT LAW PC
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (909) 248-4522
marjorie.ouyang@valleysummitlaw.com
*Counsel for Defendants/Counter-Plaintiffs*