**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Xiaoling Che, et al.,<br>Plaintiffs/Counter-Defendants,<br><br>v.<br><br>Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,<br>Defendants/Counter-Plaintiffs. | **Case No. 1:25-cv-04946**<br><br>Honorable Virginia M. Kendall |

# EXHIBIT 1

## TO THE DECLARATION OF MARJORIE OUYANG

## IN SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND REQUEST FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL

Related filing: Dkt. 91

Gmail

Thomas Huang <thomas.huang@valleysummitlaw.com>

# Opposition to your motion to compel

**Marjorie Ouyang** <marjorie.ouyang@valleysummitlaw.com> Tue, Sep 22, 2026 at 7:40 PM
To: Steve Lubezny <steve@ricetechlaw.com>
Cc: Edward Rice <ed@ricetechlaw.com>, Thomas Huang <thomas.huang@valleysummitlaw.com>, Marina Saito <marina@ricetechlaw.com>

Thanks Steve for the email.

We believe we informed your firm that if the September dates are not available we will complete the deposition in October. You may send over the dates and we will coordinate it with our client. According to the deposition date, we will make sure to provide additional documents prior to the date according to our mutual agreement.

In terms of me being the only counsel of record, your explanation that "there are other attorneys at [my] firm" is not equivalent to the court's record showing I am the only counsel of record on this case. In order to appear for a motion hearing, an attorney needs to be admitted to the Northern District Court of Illinois. I don't believe the "numerous other attorneys" you mentioned lists "being admitted" to this court on the website.

Despite stating you are willing to discuss this matter further without judicial intervention, I do not see how filing this motion manifests such intent. I also do not see "not opposing the request to continue" or "not withdrawing the motion at this time“ is by any means helpful in that regard.

Since the motion to compel has been filed and there's no intent to withdraw it, we will file our opposition to clarify the record.

Best regards,

**Marjorie Ouyang | Founding Partner**
(909) 248 4522 Direct
marjorie.ouyang@valleysummitlaw.com

**One Park Plaza, Irvine, CA 92614**

Valley & Summit Law

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is attorney privileged and confidential information. It is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are notified that any disclosure, copying, distribution, electronic storage or use of this communication is prohibited. If you received this communication in error, please notify us immediately by e-mail, attaching the original message, and delete the original message from your computer, and any network to which your computer is connected. Opinions, conclusions and other information in this message that do not relate to the official business of Valley & Summit Law shall be understood as neither given, nor endorsed by it.

On Tue, Sep 22, 2026 at 11:22 PM Steve Lubezny <steve@ricetechlaw.com> wrote:

> Marjorie:
>
> At no point did we understand that you are the sole attorney on this matter. Mr. Bora is still on the firm’s website, and there are also numerous other attorneys at your firm. Nevertheless, we would not oppose a request to move the hearing to the next motion hearing date, Tuesday, Sep. 29.
>
> In the meantime, we are willing to discuss this matter further to try and resolve the issues without court intervention. But we do not agree to withdraw the motion at this time.

Regards,
Steve

---

**From:** Marjorie Ouyang <marjorie.ouyang@valleysummitlaw.com>
**Date:** Tuesday, September 22, 2026 at 12:40 AM
**To:** Edward Rice <ed@ricetechlaw.com>; Steve Lubezny <steve@ricetechlaw.com>; Thomas Huang <thomas.huang@valleysummitlaw.com>; Marina Saito <marina@ricetechlaw.com>
**Subject:** Opposition to your motion to compel

Hi Edward,

We are in receipt of your motion to compel. We disagree with both the substance of the motion and the manner in which it was filed, for the following reasons:

1. I explicitly wrote by e-mail that I would get back to us regarding deposition dates as soon as possible. I stand my statements where were conversed in good faith. There was never any avoidance of discovery. We have been cooperative.
2. There was clear back-and-forth e-mail communication explaining why certain dates in September would not work, ie, I explained to you that I had a conference between 16-18 and 19 would be the most ideal and you said 19 would not work ideally for you and etc. The disputes are simple, our proposed dates in September do not really align with your arrangements and we could look at October, which I remember we talked about before. This is not something that warrants an escalation to a motion to compel, much less the way you filed the motion to compel.
3. You specifically stated that September 22-24 would not work for you, and then, on very short notice, asked whether September 22-23 would work still instead. We already discussed that September 22-24 would not be ideal and were communicating with you under that impression. You can't just impose your own internal deadline or frustration onto us and penalize us for not being able to meet your internal expectations.
4. September 24 is Mid-Autumn Festival, the second most important traditional holiday in China, which made scheduling a deposition before that date challenging, though we were nonetheless attempting to coordinate a workable time even right before you filed the motion.
5. We explicitly informed you that counsel would be flying back to the U.S. on September 24, yet your office selected that date for the hearing on this motion, a date on which we are unavailable.
6. We believe Mr. Navin has informed your office of his departure from the case as of September 15, meaning you were aware that the undersigned is now the sole counsel of record, yet you nonetheless noticed the motion for September 24.
7. You filed the motion to compel on September 21 without recent prior communication regarding the motion itself, and before the September 22-23 deposition dates you had requested. This was premature, an unnecessary expenditure of judicial resources, and, depending on further developments, may be found to have been filed for the purpose of harassing the opposing party.

In the interest of conserving our clients' resources and avoiding burdening the Court with unnecessary motion practice, we are willing to meet and confer before filing our opposition. I do recall we discussed scheduling the deposition in October and have been under the impression that if dates in September don't work we can at the very least get the deposition done in October.

Please let us know by the end of the day today whether you will withdraw the motion. If we do not hear from you, or if you decline, we will file our opposition today, which will include the facts set forth above, a request for a continuance of the hearing, and a request for sanctions.
We remain willing to discuss this matter by phone if that would be more efficient.

Best regards,
Sent from my iPhone

--

**Marjorie Ouyang |** **Founding Partner**
(909) 248 4522 Direct
marjorie.ouyang@valleysummitlaw.com

**One Park Plaza, Irvine, CA 92614**

Valley & Summit Law

CONFIDENTIALITY NOTICE: The information contained in this e-mail message is attorney privileged and confidential information. It is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are notified that any disclosure, copying, distribution, electronic storage or use of this communication is prohibited. If you received this communication in error, please notify us immediately by e-mail, attaching the original message, and delete the original message from your computer, and any network to which your computer is connected. Opinions, conclusions and other information in this message that do not relate to the official business of Valley & Summit Law shall be understood as neither given, nor endorsed by it.