IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| Xiaoling Che, et al.,<br><br>Plaintiffs/Counter-Defendants,<br>v.<br><br>Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,<br><br>Defendants/Counter-Plaintiffs. | Case No. 1:25-cv-04946<br><br>Honorable Virginia M. Kendall |

**PLAINTIFFS' SUBMISSION OF ATTORNEYS' FEES AND EXPENSES PURSUANT TO THE COURT'S SEPTEMBER 24, 2026 ORDER**

Pursuant to the Court's September 24, 2026 Order (Dkt. 94), Plaintiffs Xiaoling Che and Jinyan Duan respectfully submit the following attorneys' fees and expenses incurred in connection with the failed August 11, 2026 Rule 30(b)(6) deposition and Plaintiffs' Motion to Compel Adequate Rule 30(b)(6) Testimony and Supplemental Document Production and for an Award of Fees and Expenses (Dkt. 88).

## I. INTRODUCTION AND BACKGROUND

On September 21, 2026, Plaintiffs filed their Motion to Compel Adequate Rule 30(b)(6) Testimony and Supplemental Document Production and for an Award of Fees and Expenses. Dkt. 88. The Motion arose from Defendants' August 11, 2026 Rule 30(b)(6) deposition, at which Defendants designated Ms. Wan Zhang to testify on all noticed topics on behalf of all four Defendant corporations. *Id*. at 3. As detailed in the Motion, Ms. Zhang had not obtained information from the three Defendants other than her own company, Shenzhen Mumuwan Maoyi Youxian Gong Si ("Mumuwan"), and was unable to provide substantive testimony concerning those Defendants. She was also unprepared to address numerous noticed topics on behalf of Mumuwan. *Id*.

Plaintiffs thereafter engaged in more than six weeks of efforts to obtain properly prepared Rule 30(b)(6) testimony and the supplemental documents necessary to complete the deposition. Dkt. 88 at 4-5. After those efforts failed to resolve the dispute, Plaintiffs filed their Motion to Compel. *Id*. at 5-6. Among other relief, Plaintiffs requested an award of the reasonable expenses caused by the deficient August 11 deposition, including reasonable attorneys' fees and the costs of the interpreter, court reporter, videographer, and transcript, pursuant to Rules 30(d)(2) and 37(d). *Id*. at 10-12. Plaintiffs separately requested their reasonable expenses and attorneys' fees incurred in bringing the Motion pursuant to Rule 37(a)(5). *Id*. at 13.

On September 24, 2026, the Court held a hearing on Plaintiffs' Motion and granted the Motion. Dkt. 94. In addition to ordering Defendants to complete their Rule 30(b)(6) depositions by October 30, 2026 and to produce outstanding discovery by October 9, 2026, the Court ordered that "Plaintiff shall file the expenses and fees for the failed deposition and for filing of the motion." *Id*. Pursuant to that Order, Plaintiffs seek a total of $28,500.00 in attorneys' fees and expenses incurred in connection with the failed August 11 deposition, Plaintiffs' efforts to resolve the resulting discovery deficiencies, Plaintiffs' Motion to Compel, and the preparation of this fee submission.

## II. ATTORNEYS' FEES

Rice Technology Law Group maintains contemporaneous time and billing records that identify the legal work performed, attorney responsible, time its attorneys spend performing legal services for its clients, and amount billed. Rice Decl.[1] ¶ 2. According to the relevant time entries, Plaintiffs incurred $24,000.00 in attorneys' fees attributable to taking the failed August 11 deposition; substantive meet-and-confer efforts concerning the resulting discovery deficiencies;

[1] Declaration of Edward H. Rice in Support of Plaintiffs' Submission of Attorneys' Fees and Expenses.

preparing, filing and presenting the Motion to Compel; and preparing this fee submission and supporting materials. *See* Exhibit A; *see also* Rice Decl. ¶ 3-5. These fees represent 40.0 hours of attorney time billed at $600 per hour. *Id*.

The requested fees are summarized as follows:

| **Work Performed** | **Hours** | **Rate** | **Fees** |
|---|---|---|---|
| Taking August 11, 2026 Rule 30(b)(6) deposition | 7.6 | $600 | $4,560.00 |
| Substantive meet-and-confer efforts concerning discovery deficiencies | 6.4 | $600 | $3,840.00 |
| Preparing, filing, and presenting Motion to Compel | 18.6 | $600 | $11,160.00 |
| Preparing fee submission and supporting materials | 7.4 | $600 | $4,440.00 |
| **Total** | **40.0** | | **$24,000.00** |

Of the total $24,000.00 requested in attorneys' fees, 7.6 hours, totaling $4,560.00, were incurred in taking the failed August 11, 2026 Rule 30(b)(6) deposition; 6.4 hours, totaling $3,840.00, were incurred in substantive meet-and-confer efforts directed toward resolving the resulting discovery deficiencies; 18.6 hours, totaling $11,160.00, were incurred in preparing, filing, and presenting Plaintiffs' Motion to Compel, including reviewing Defendants' opposition and preparing for and attending the September 24, 2026 hearing; and 7.4 hours, totaling $4,440.00, were incurred in preparing this fee submission and supporting materials. Rice Decl. ¶ 4.

Plaintiffs also seek the reasonable attorneys' fees incurred in their efforts to resolve the discovery deficiencies before seeking Court intervention. Those efforts were not routine discovery correspondence or ordinary deposition scheduling. Beginning immediately after Ms. Zhang's deficient August 11 deposition, Plaintiffs repeatedly conferred with Defendants concerning the issues that ultimately required the Motion to Compel: Defendants' failure to provide an adequately prepared Rule 30(b)(6) witness and to produce outstanding sales and financial documents. Plaintiffs have limited their fee request to meet-and-confer efforts directed to the substance of

those issues; Plaintiffs do not seek fees for communications devoted primarily to routine scheduling or administrative matters. Rice Decl. ¶ 5.

Meet-and-confer fees of this nature may properly be included in a Rule 37(a)(5) award. In *Pable v. Chicago Transit Auth.*, No. 19-cv-7868, 2024 U.S. Dist LEXIS 140218[2], at *34 (N.D. Ill. Aug. 7, 2024), the court expressly rejected an objection to fees incurred during meet-and-confer conferences because those conferences concerned the same discovery that ultimately became the subject of the motion to compel. The Seventh Circuit later affirmed the Rule 37(a)(5) fee award. *Pable v. Chicago Transit Authority*, 145 F.4th 712, 723–25 (7th Cir. 2025).

The fees sought reflect work performed by three experienced patent litigators at Rice Technology Law Group: Edward H. Rice, Marina N. Saito, and Steven M. Lubezny. Rice Decl. ¶ 6. Mr. Rice was admitted to practice in 1988 and has approximately 38 years of experience; Ms. Saito was admitted in 1995 and has approximately 31 years of experience; and Mr. Lubezny was admitted in 2001 and has approximately 25 years of experience. *Id.* Each attorney has substantial experience litigating patent cases and other complex matters in federal court. *Id.*

The requested fees are reasonable. Plaintiffs seek compensation only for the time directly attributable to taking the failed deposition; substantive meet-and-confer efforts directed toward obtaining the discovery ultimately compelled by the Court; preparing, filing, and presenting the Motion to Compel; and preparing this fee submission and supporting materials. Rice Decl. ¶ 5. Plaintiffs have not included the time incurred preparing for the original August 11 deposition, even though substantial preparation was necessary for that deposition. *Id.*

The requested $600 hourly rate is reasonable. The Seventh Circuit has recognized that the best evidence of an attorney's market rate is the rate actually charged for similar work. *Vega v.*

[2] Exhibit C.

*Chicago Park Dist,*, 12 F.4th 696, 705 (7th Cir. 2021). Courts in this District likewise give substantial weight to the rates actually billed to and paid by clients. *See Philips Medical Systems (Cleveland), Inc. v. Buan*, No. 19-cv-2648, Dkt. 629[3] at 4-5 (N.D. Ill. Jan 19, 2024) (approving rates up to $681 per hour where counsel established that the rates were actually billed and paid and were consistent with rates charged to other clients; *Bigfoot 4x4, Inc. v. Individuals, Corporations, LLCs, Partnerships & Unincorporated Associations Identified on Schedule A*, No. 22-cv-6758, Dkt. 169[4] at 7-8 (N.D. Ill. 2024) (finding senior partner's $880 hourly rate reasonable where the rate was actually billed and paid, subject to a client discount). Here, Rice Technology Law Group's standard hourly rate for the attorneys whose time is included in this request is $700, but Plaintiffs are charged a preferred-client rate of $600. Rice Decl. ¶ 7. Plaintiffs seek reimbursement only at the reduced $600 rate actually charged to them. Rice Decl. ¶ 8.

In assessing what hourly rates are reasonable, courts generally should consider the "market rates" in the forum court. *Bywaters v. United States*, 670 F.3d 1221, 1233 (Fed. Cir. 2012). A reasonable hourly rate is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera v. Secretary of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)).

The requested rate is consistent with rates approved in intellectual property litigation in this District. In *Sloan Valve Co. v. Zurn Industries, Inc.*, No. 10-cv-204, Dkt. 377[5] at p. 4-5 (N.D. Ill. Aug. 27, 2012), the court approved rates of approximately $550-$585 per hour for a partner with more than twenty years of patent litigation experience and $725-$735 per hour for a partner

---

[3] Exhibit D.
[4] Exhibit E.
[5] Exhibit F.

with more than thirty-five years of intellectual property and complex patent litigation experience. More recently, *Philips Medical Systems* found hourly rates up to $681 reasonable in complex intellectual property litigation and relied in part on AIPLA local rate data as corroboration. Plaintiffs' requested $600 rate is therefore well within the range courts in this District have found reasonable for experienced intellectual property counsel.

The requested $600 hourly rate is also consistent with objective market evidence concerning rates for intellectual property attorneys. The United States Patent and Trademark Office, relying on the 2025 AIPLA Report of the Economic Survey, currently uses $550 per hour as the average billing rate for intellectual property work across all firms. *See* 19 Fed. Reg. 60,601, 60,602 (Sep. 24, 2026). That figure encompasses intellectual property practitioners generally and is not limited to experienced patent litigators.

Plaintiffs also seek $4,440.00 for 7.4 hours reasonably incurred in preparing this fee submission and supporting materials. Fees reasonably incurred in establishing the amount of a fee award may themselves be recoverable because requiring the prevailing party to bear the cost of obtaining the court-ordered fee award would diminish the relief to which it is entitled. *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994) (explaining that the purpose of fee shifting is to make the prevailing party whole and recognizing the district court's discretion to award attorneys' fees incurred in obtaining a fee award); *see also Pable v. Chicago Transit Authority*, No. 19-cv-7868, Dkt. 217[6] at 4-5 (N.D. Ill. Dec. 17, 2024) (recognizing the court's discretion to award "fees on fees" in connection with a Rule 37(a)(5) award, although declining an additional award under the circumstances presented there). Here, the Court expressly directed Plaintiffs to file their expenses and fees following its grant of Plaintiffs' Motion to Compel. Dkt. 94. The time

[6] Exhibit G.

reasonably incurred preparing the submission necessary to establish and document those fees and expenses therefore resulted directly from Defendants' discovery violation and the resulting fee award.

Accordingly, Plaintiffs respectfully request an award of $24,000.00 in attorneys' fees.

## III. FEES AND EXPENSES OF THE FAILED AUGUST 11 DEPOSITION

Of the attorneys' fees addressed above, $4,560.00 represents the 7.6 hours Plaintiffs' counsel spent taking the failed August 11 Rule 30(b)(6). Rice Decl. ¶ 4. Plaintiffs also incurred $4,500.00 in third-party expenses in connection with that deposition. Rice Decl. ¶ 9. As reflected in the invoice from Esquire Deposition Solutions, attached as Exhibit B, these expenses included the interpreter, court reporting, transcript, and related deposition services. Rice Decl. ¶¶ 9-10. Plaintiffs incurred these fees and expenses to obtain the corporate testimony Defendants were required to provide, but the deposition failed to yield that testimony because Defendants had not adequately prepared their designated Rule 30(b)(6) witness.

In their Opposition to Plaintiffs' Motion to Compel, Defendants argued that Plaintiffs should not recover the full expenses associated with the August 11 deposition because Plaintiffs had also noticed Ms. Zhang's deposition in her individual capacity. Dkt. 91 at 9. That argument provides no basis for reducing either the attorneys' fees or expenses attributable to the failed deposition. Plaintiffs only noticed Ms. Zhang's individual deposition because Defendants' Rule 26 disclosures identified her as the only individual likely to have discoverable information concerning Defendants' defenses and counterclaims. Rice Decl. ¶ 11. As Ms. Zhang's testimony ultimately demonstrated, however, she lacked information concerning numerous matters relevant to this litigation. *Id*. In any event, Plaintiffs' decision to notice Ms. Zhang's individual deposition did not relieve Defendants of their independent obligation under Rule 30(b)(6) to designate an adequately prepare a witness to testify on their behalf concerning the noticed topics.

Plaintiffs therefore respectfully request reimbursement of $4,560.00 in attorneys' fees and $4,500.00 in expenses incurred in connection with the failed August 11 Rule 30(b)(6) deposition.

## IV. FEES AND EXPENSES FOR THE CONTINUED RULE 30(b)(6) DEPOSITION

Plaintiffs' present submission does not include the fees and expenses that Plaintiffs will incur in preparing for, reconvening and completing the Rule 30(b)(6) deposition ordered by the Court. Rice Decl. ¶ 13. Plaintiffs' Motion expressly requested the reasonable expenses "necessary to reconvene and complete the Rule 30(b)(6) deposition," including reasonable attorneys' fees and the costs associated with the continued deposition. Dkt. 88 at 12. The Court granted Plaintiffs' Motion and ordered that the Rule 30(b)(6) depositions be completed by October 30, 2026. Dkt. 94.

Because those fees and expenses have not yet been incurred and therefore cannot presently be quantified, Plaintiffs respectfully reserve the right to supplement this submission following completion of the continued Rule 30(b)(6) deposition to include the reasonable fees and expenses incurred in preparing for, reconvening, and completing that deposition.

## V. CONCLUSION

For the foregoing reasons, and pursuant to the Court's September 24, 2026 Order, Plaintiffs respectfully request that the Court order Defendants to pay Plaintiffs $28,500.00, consisting of:

1. $4,560.00 in attorneys' fees for taking the failed August 11, 2026 Rule 30(b)(6) deposition;
2. $4,500.00 in expenses incurred in connection with that deposition;
3. $3,840.00 in attorneys' fees incurred in substantive meet-and-confer efforts directed toward resolving the discovery deficiencies that became the subject of Plaintiffs' Motion to Compel;

4. $11,160.00 in attorneys' fees incurred in preparing, filing, and presenting Plaintiffs' Motion to Compel; and

5. $4,440.00 in attorneys' fees reasonably incurred in preparing this fee submission and supporting materials.

Rice Decl. ¶ 12.

Plaintiffs further respectfully reserve the right to supplement this submission following the continued Rule 30(b)(6) deposition to seek the reasonable fees and expenses incurred in preparing for and completing that deposition.

Respectfully submitted,

Dated: September 28, 2026

/s/ Edward H. Rice

Edward H. Rice
Marina N. Saito
Steven M. Lubezny
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Plaintiffs,*
*Xiaoling Che and Jinyan Duan*