**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
***Eastern Division***

| | |
|---|---|
| Xiaoling Che, et al.,<br><br>Plaintiffs/Counter-Defendants,<br>v.<br><br>Shenzhen Mumuwan Maoyi Youxian Gong Si, et al.,<br><br>Defendants/Counter-Plaintiffs. | Case No. 1:25-cv-04946<br><br>Honorable Virginia M. Kendall |

**DECLARATION OF EDWARD H. RICE IN SUPPORT OF PLAINTIFFS' SUBMISSION OF ATTORNEYS' FEES AND EXPENSES**

I, Edward H. Rice, declare as follows:

1. I am a partner with Rice Technology Law Group and counsel for Plaintiffs Xiaoling Che and Jinyan Duan in this action. I submit this declaration in support of Plaintiffs' Submission of Attorneys' Fees and Expenses Pursuant to the Court's September 24, 2026 Order. I have personal knowledge of the facts presented in this declaration and, if called as a witness, could and would testify accordingly.

2. Rice Technology Law Group maintains contemporaneous records identifying the work performed, attorney responsible, the time its attorneys spend performing legal services for its clients, and the amount billed. I have reviewed the Firm's billing records relating to the August 11, 2026 Rule 30(b)(6) deposition of Wan Zhang; Plaintiffs' subsequent efforts to resolve the deficiencies in Defendants' Rule 30(b)(6) testimony and supplemental document production; the preparation, filing, and presentation of Plaintiffs' Motion to Compel; and the preparation of Plaintiffs' fee submission and supporting materials. A true and correct copy of the relevant time entries is attached as Exhibit A.

3. As reflected in Exhibit A, Rice Technology Law Group attorneys devoted a total of 40.0 hours to the work for which Plaintiffs presently seek reimbursement, resulting in attorneys' fees of $24,000.00 at the hourly rate actually charged to Plaintiffs.

4. Of that amount, 7.6 hours, totaling $4,560.00, were incurred in taking the failed August 11, 2026 Rule 30(b)(6) deposition; 6.4 hours, totaling $3,840.00, were incurred in substantive meet-and-confer efforts directed toward resolving the resulting discovery deficiencies; 18.6 hours, totaling $11,160.00, were incurred in preparing, filing, and presenting Plaintiffs' Motion to Compel, including reviewing Defendants' opposition and preparing for and attending the September 24, 2026 hearing; and 7.4 hours, totaling $4,440.00, were incurred in preparing this fee submission and supporting materials.

5. I have reviewed the billing entries included in Exhibit A and believe that the time reflected in those entries was reasonably incurred in connection with the failed August 11 deposition; Plaintiffs' efforts to obtain the discovery that ultimately became the subject of the Motion to Compel; the preparation, filing, and presentation of that Motion; and the preparation of Plaintiffs' fee submission and supporting materials. Plaintiffs have excluded from their present request time incurred preparing for the August 11 deposition. Plaintiffs have also excluded time devoted solely to routine scheduling or administrative matters and seek reimbursement only for meet-and-confer work substantively directed toward resolving the discovery deficiencies that became the subject of the Motion to Compel.

6. The attorneys whose time is included in Exhibit A are Marina N. Saito, Steven M. Lubezny, and me. I was admitted to practice in 1988, Ms. Saito was admitted to practice in 1995, and Mr. Lubezny was admitted to practice in 2001. Each of us has substantial experience in patent litigation and other complex federal litigation.

7. Rice Technology Law Group's standard hourly billing rate for the attorneys who performed the work reflected in Exhibit A is $700 per hour. The Firm regularly bills Plaintiffs at a reduced preferred-client rate of $600 per hour, including for the work reflected in Exhibit A. The $600 rate was not established for purposes of this fee request.

8. Plaintiffs seek reimbursement only at the $600 hourly rate actually charged to them, rather than the Firm's standard $700 hourly rate. Based on my experience and familiarity with billing rates for patent litigation and other complex federal litigation, I believe that the $600 hourly rate charged to Plaintiffs is reasonable for the work performed and the experience of the attorneys involved.

9. Plaintiffs paid $4,500.00 in third-party expenses in connection with the August 11 deposition. A true and correct copy of the invoice from Esquire Deposition Solutions reflecting those expenses is attached as Exhibit B.

10. The expenses reflected in Exhibit B include the cost of the interpreter, court reporting and transcript services, and related deposition services.

11. Plaintiffs noticed Ms. Zhang's individual deposition only because Defendants' Rule 26 disclosures identified her as the only individual likely to have discoverable information concerning Defendants' defenses and counterclaims. During her deposition, however, Ms. Zhang testified that she lacked information concerning numerous matters relevant to the litigation.

12. Plaintiffs therefore presently seek a total of $28,500.00 in attorneys' fees and expenses, consisting of (a) $4,560.00 in attorneys' fees for taking the August 11 deposition; (b) $4,500.00 in third-party expenses associated with that deposition; (c) $3,840.00 in attorneys' fees incurred in substantive meet-and-confer efforts directed toward resolving the discovery deficiencies that became the subject of the Motion to Compel; (d) $11,160.00 in attorneys' fees

incurred in preparing, filing, and presenting Plaintiffs' Motion to Compel; and (e) $4,440.00 in attorneys' fees reasonably incurred in preparing the fee submission and supporting materials.

13. Plaintiffs' present request does not include attorneys' fees or expenses that Plaintiffs will incur in preparing for, reconvening, and completing the Rule 30(b)(6) deposition ordered by the Court. Those fees and expenses have not yet been incurred and cannot presently be quantified.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2026.

Edward H. Rice