# Exhibit F

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SLOAN VALVE COMPANY, a Delaware corporation,<br>Plaintiff,<br><br>v.<br><br>ZURN INDUSTRIES, INC., a Delaware corporation, and ZURN INDUSTRIES, LLC, a Delaware limited liability company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 10-cv-204 |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is Sloan's Fee Petition, which Sloan filed pursuant to the Court's April 12, 2012 and May 23, 2012 Orders. Sloan seeks $348,646.00 in attorney's fees and $12,547.45 in costs, for a grand total of $361,193.45. For the following reasons, the Court grants Sloan's Petition in part and denies it in part.

**BACKGROUND**

On April 12, 2012, the Court granted Sloan's motion to compel Zurn to produce certain documents and things, and further ordered Zurn to provide a Rule 30(b)(6) witness for a four-hour deposition to testify about Zurn's creation and testing of the Worn Zurn Flush Valves after Zurn's supplemental production. (R. 285.) Finding that Zurn had continually refused to produce relevant documents despite prior court intervention and a clear obligation to do so, the Court granted in part and denied in part Sloan's request for attorney's fees. Specifically, the Court ordered Zurn to pay "the costs of the renewed Rule 30(b)(6) deposition and the reasonable attorney's fees for one of Sloan's attorneys to attend the deposition," as well as "the reasonable

attorney's fees associated with Sloan's preparation of the present motion to compel and reply in support of same." (*Id*. at 6-7.)

Additionally, the Court ordered Zurn to produce "all relevant, non-privileged documents and things in its possession regarding the Community Center Worn Valve contention, as well as a detailed privilege log." (*Id.* at 9.) Further, the Court stated that "[s]hould Sloan request it, Zurn must also produce a witness to testify about that contention during a deposition." (*Id*.) As a sanction for failing to comply with its discovery obligations, the Court ordered Zurn to "pay Sloan's reasonable attorney's fees and costs in connection with such additional discovery." (*Id*.)

On May 23, 2012, the Court granted in part and denied in part Sloan's renewed motion for sanctions. (R. 321.) Citing Zurn's "inadequate searches and less than forthcoming representations to the Court regarding the discovery it has undertaken in this case," the Court ordered Zurn to "pay the attorney's fees and costs for Sloan's renewed motion for sanctions and reply in support thereof, as well as Sloan's supplemental submission in response to Zurn's supplemental submission." (*Id.* at 31.) Additionally, the Court ordered Zurn to pay the attorney's fees and costs for Sloan's previous September 10, 2010 motion for sanctions. (*Id*.)

On August 3, 2012, Sloan filed its Petition for attorney's fees. On August 15, 2012, Zurn filed a written response. Sloan filed a written reply on August 23, 2012.[1]

**LEGAL STANDARD**

When determining whether attorney's fees are reasonable, the Court considers the lodestar method, namely, "multiplying 'the number of hours reasonably expended on the

---

[1] Both parties spent substantial portions of their briefs arguing about the merits of Sloan's previous discovery motions. The Court has already ruled on those motions, and the prior orders stand.

litigation . . .by a reasonable hourly rate.'" *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009). The "lodestar figure is the 'starting point,'" and "[o]nce that figure is determined, the court may consider other factors set out in *Hensley*," which "include whether the documentation of the hours is adequate and whether 'billing judgment' was used." *Enoch*, 570 F.3d at 823.

The party seeking an award of attorney's fees has the burden of proving the "reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (citing *Hensley*, 461 U.S. at 433); *see also Pickett*, 664 F.3d at 640. As the Seventh Circuit teaches, a "reasonable hourly rate" is "one that is 'derived from the market rate for the services rendered.'" *Pickett*, 664 F.3d at 640 (quoting *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003)). Courts presume that an attorney's actual billing rate is an appropriate market rate. *See Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 909 (7th Cir. 2007). Moreover, when a client pays the attorney's bill at a time when indemnification or reimbursement is uncertain, it is strong evidence of the reasonableness of the attorney's hourly rate. *See, e.g., Kallman v. Radioshack Corp.*, 315 F.3d 731, 742 (7th Cir. 2002); *Medcom Holding Co. v. Baxter Travenol Labs., Inc*., 200 F.3d 518, 521 (7th Cir. 1999) (reasonable fees are those "that commercial parties would have incurred and paid knowing that they had to cover the outlay themselves"). The court, however, has "an obligation to exclude from this initial fee calculation hours that were not reasonably expended on the litigation." *Spegon*, 175 F.3d at 550 (citations and internal quotation marks omitted); *Stark v. PPM Am.,*

*Inc.*, 354 F.3d 666, 674 (7th Cir. 2004) (courts should exclude from the fee petition "excessive, redundant, or otherwise unnecessary" time spent).

Courts are mindful that a "request for attorney's fees should not result in a second major litigation." *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010) (quoting *Hensley*, 461 U.S. at 437). "In light of this concern, as well as the fact that determining what qualifies as a 'reasonable' use of a lawyer's time is a highly contextual and fact-specific enterprise," district courts have wide latitude when awarding attorney's fees. *Id.*

**ANALYSIS**

In support of its Petition, Sloan attaches the Declaration of Jason A. Berta, who is one of Sloan's outside attorneys from the law firm of Foley & Lardner LLP ("Foley"). (R. 357-1.) Attached to Mr. Berta's Declaration are redacted copies of invoices that Foley submitted to Sloan, setting forth the hours the Foley attorneys expended on each project or task at issue.

**I. Reasonableness of Hourly Rates**

Four Foley attorneys worked on the relevant discovery issues. Mr. Slawomir Szczepanski, who was a partner at Foley during the relevant time period, charged between $725.000 and $735.00 per hour. (R. 357 at 7.) Mr. Szcezpanski has over 35 years of experience in intellectual property and complex patent litigation. (*Id.*) Mr. Gregory Norrod, a partner at Foley, charged between $550.00 and $585.00 per hour. (*Id.*) Mr. Norrod has over 20 years of experience in patent litigation. (*Id.*) Mr. Scott Kaspar, who is a senior counsel at Foley, charged an hourly rate of between $455.00 and $530.00 per hour. (*Id.*) Mr. Jason Berta, who is an associate, charged between $310.00 and $370.00 per hour. (*Id.*) All of these rates are typical of the rates Foley received from other clients during the relevant time period. (*Id*. at 7-8.)

Moreover, Sloan paid Foley's bills at these rates. (*Id*. at 6.) As such, they are reasonable. *See Muzikowski*, 477 F.3d at 909; *Kallman*, 315 F.3d at 742; *Medcom Holding*, 200 F.3d at 521.

**II. Reasonableness of Hours Billed**

**A. Sloan's Preparation of the September 20, 2010 Motion for Sanctions**

In total, Sloan's attorneys spent 121 hours, and charged $65,992.00, to prepare the September 20, 2010 motion for sanctions. Mr. Szczepanski spent 45.9 hours on the motion, Mr. Kaspar spent 63.9 hours, Mr. Berta spent 10.5 hours, and Mr. Norrod spent 0.7 hours. (R. 357-2.) The fees are unreasonable for the motion.

Although Sloan's motion was more involved than the typical discovery motion filed with this Court, Sloan has not demonstrated why it was necessary for four attorneys – including two senior partners – to work on the motion. Moreover, it appears from the invoice that the attorneys performed duplicative work. *See Schlacher v. Law Offices of Phillip J. Rotches & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009) ("Though efficiency can sometimes be increased through collaboration, overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees.") (internal citation omitted). Mr. Szczepanski, for example, spent 15.8 hours drafting and revising the motion for sanctions between September 1, 2010 and September 6, 2010. (R. 357-2.) Mr. Kaspar also spent 22.5 hours during that same period performing the same task. (*Id*.) While it is reasonable for senior partners to review associates' work, spending a combined 46.6 hours on a discovery motion at hourly rates of $725.00 and $550.00, and performing what appears to be largely duplicative work, is "excessive, redundant and unnecessary." *See Stark*, 354 F.3d at 674; *Schlacher*, 574 F.3d at 856-57 (district courts may adjust the lodestar figure based on the

"complexity of the legal issues involved," among other factors); *Ryan M. v. Bd. of Educ. of City of Chicago*, 731 F. Supp. 2d 776, 790 (N.D. Ill. 2009) ("Using its discretion, the Court may reduce an attorneys' fee award when the hours billed are excessive in light of the attorneys' experience and the work produced."). Accordingly, the Court awards the full amount of fees for the two most junior attorneys, and awards 20% of the senior attorneys' fees, for a total of $39,062.00 on this motion.

**B. Sloan's Preparation for and Attendance at the October 5, 2010 Discovery Hearing and the Depositions on November 9-10, 2010**

The Court did not award attorneys' fees for Sloan's preparation for or attendance at the October 5, 2010 discovery hearing in its prior orders, nor did the Court award attorneys' fees or costs for Sloan's preparation of or attendance at depositions on November 9-10, 2010, which Magistrate Judge Schenkier ordered during the October 5, 2010 hearing.[2] As such, the Court does not award any fees or costs related to these tasks.

**C. Sloan's Preparation of its Renewed Motion for Sanctions and Worn Valve Motion (Pre- and Post-Stay)**

Sloan's attorneys spent 89.8 hours (or $51,280.00) preparing its renewed motion for sanctions prior to the Court's stay of the proceeding. After the Court lifted the stay, Sloan's attorneys spent an additional 146.1 hours (or $81,714.50) preparing the renewed motion and the Worn Valve Motion, for a grand total of $132,994.50. (R. 357-1 at 5-6.) Mr. Szczepanski spent 35.1 hours pre-stay and 42.4 hours post-stay on the motions; Mr. Norrod spent 19.4 hours pre-

[2] In its April 12, 2012 Order, the Court awarded certain attorney's fees and costs for Sloan's renewed deposition of Zurn's Rule 30(b)(6) witness. (R. 285 at 6-7.) Sloan, however, did not include a request for such fees or costs in its Petition.

stay and 63.7 post-stay; Mr. Kaspar spent 29.1 hours pre-stay and 9.6 post-stay; and Mr. Berta spent 6.2 hours pre-stay and 30.4 hours post-stay. (R. 357-8 and 357-9.)

The Court's previous comments with respect to the redundancy of four lawyers, two of whom are senior partners, working on the same discovery motions apply with equal force here. Notably, the two most senior attorneys – Messrs. Szczepanski and Norrod – accounted for 54.5 (60.6%) of the pre-stay hours and 106.1 (72.6%) of the post-stay hours. Sloan has not set forth any persuasive reason why it was necessary for senior partners to perform legal research and draft discovery motions; rather, associates are perfectly capable of competently performing such tasks for the partners' review. In addition, the invoices reveal several duplicative time entries, which further demonstrates that it was unnecessary for four attorneys to work on these motions. Finally, since one of the motions was a "renewed" motion, Sloan's attorneys did not have to start from ground zero in researching and drafting the discovery motion. In its discretion, the Court reduces Sloan's fee to account for these factors. Specifically, the Court reduces Messrs. Szczepanski's and Norrod's fees by 80%. This reduction results in the Court awarding $22,386.00 for pre-stay attorney's fees,[3] and $28,330.00 in post-stay attorney's fees,[4] for a total of $50,974.50 for these motions.

---

[3] In performing its calculations, the Court uses the following 2010 rates: Mr. Szczepanski - $725/hour; Mr. Norrod - $550/hour; Mr. Kaspar - $455/hour; and Mr. Berta - $310/hour.

[4] In performing its calculations, the Court uses the following 2011/early 2012 rates: Mr. Szczepanski - $725/hour; Mr. Norrod - $565/hour; Mr. Kaspar - $500/hour; and Mr. Berta - $335/hour.

**D. Sloan's Preparation of Reply Briefs in Support of Renewed Motion for Sanctions and Worn Valve Motion**

Sloan's attorneys spent 82.6 hours, or $46,177.00, preparing its reply briefs in support of its renewed motion for sanctions and its Worn Valve Motion. Mr. Szczepanski spent 26.7 hours on the reply, Mr. Norrod spent 27.3 hours, and Mr. Berta spent 28.6 hours. (R. 357-10.)

Once again, Sloan's invoices reveal that it was unnecessary for three attorneys to perform largely the same work with respect to the reply briefs regarding discovery issues. Moreover, the majority of Mr. Szczepanski's time entries offer only vague descriptions of his work, which appears largely duplicative of Mr. Norrod's work.[5] Additionally, the Court's comments above regarding the partner-heavy billing apply here as well. To account for these factors, the Court strikes Mr. Szczepanski's fees incurred in preparing the reply briefs, and awards $26,552.50 for the reply briefs.

**E. Sloan's Preparation of its Response to Zurn's April 2012 Supplemental Submission**

Sloan's attorneys spent 63.5 hours (and charged $36,730.00) to prepare its response to Zurn's April 2012 supplemental submission. Mr. Szczepanski spent 35.2 hours preparing the submission, Mr. Norrod spent 1.8 hours, and Mr. Berta spent 26.5 hours. (R. 357-11.) While it appears that Sloan's attorneys performed less duplicative work in connection with the supplemental response than with other motions, Mr. Szczepanski's billed time again appears

[5] On February 10, 2012, for example, Mr. Szczepanski spent 7.8 hours reviewing case law, drafting an outline for the reply brief, reviewing the opening brief, and preparing a rough draft of the reply brief. (R. 357-10.) On February 13, 2012, Mr. Norrod also spent 3.6 hours reviewing Zurn's opposition, reviewing cases, and outlining a reply. (*Id.*) Additionally, four of Mr. Szczepanski's time entries, which account for a total of 17.4 hours ($12,789.00), state only the following vague description: "Preparing reply brief." (*Id.*)

excessive. Moreover, an associate could have performed many (if not all) of the tasks for which he billed (e.g., reviewing drawings and documents that Zurn produced, conferring with paralegal regarding declarations, drafting and revising memorandum in response to Zurn's supplemental submission). Accordingly, the Court reduces Mr. Szczepanski's fee by 50% to place it more in line with that of an associate at Mr. Berta's level. Accordingly, the Court awards $23,794.00.

**CONCLUSION**

For the reasons set forth above, the Court grants in part and denies in part Sloan's Fee Petition. Specifically, the Court awards $140,383.00 in fees. Zurn must pay this amount no later than October 1, 2012.

DATED: August 27, 2012

ENTERED

Amy J. St. E

AMY J. ST. EVE
United States District Court Judge