# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XIAOLING CHE and JINYAN DUAN<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN XIMEIKEJI YOUXIAN GONGSI; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI<br><br>Defendants. | Civil Action No. 1:25-cv-4946<br><br>Hon. Chief Judge Virginia M. Kendall |

**DEFENDANTS' [PROPOSED] SUPPLEMENTAL FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS PER LOCAL PATENT RULES 3.1 and 3.4**

Pursuant to Local Patent Rules 3.1 and 3.4, Defendants Shenzhen Ximeikeji Youxian Gongsi; Shenzhen Mumuwan Maoyi Youxian Gong Si; QingYunXianGeSiWeiShangMao-YouXianGongSi; and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi (collectively, "Defendants") provide their proposed Supplemental Final Unenforceability and Invalidity Contentions to Plaintiff Xiaoling Che and Jinyan Duan ("Plaintiff"). Throughout various points of this litigation, Plaintiff has asserted claims 1-6, 7, 9-15, 17-19, 21, and 23 of U.S. Patent No. 12,220,648 ("the '648 Patent"). Defendants believe that all of these claims are invalid. Thus, Defendants' proposed supplemental final invalidity contentions address these claims.

Defendants' discovery and investigation in connection with this lawsuit are continuing and, thus, these final contentions are based on currently available information. Defendants have

not yet completed their investigation, collection of information, discovery, or analysis relating to this action, and discovery may require Defendants to modify, amend, or supplement these initial contentions. Nor have Defendants had the opportunity to continue fact discovery pursuant to Local Patent Rule 1.3 or begin expert discovery. Moreover, Defendants' investigation and analysis of the prior art, the state of the relevant art of the purported invention, and the knowledge and experience of persons of ordinary skill in the art is continuing.

Defendants further reserve the right to modify, amend, or supplement these initial contentions as additional information becomes available and as discovery proceeds pursuant to Local Patent Rule 3.4.

These supplemental proposed final contentions are based at least in part upon Defendants' present understanding of the Court's positions concerning the meaning and scope of the asserted claims to the extent those positions can be deduced from Plaintiffs' Initial Infringement Contentions pursuant to Local Patent Rule 2.2 and the Court's claim construction order from September 15, 2026. Based on the Court's claim construction, these final contentions are subject to modification pursuant to Local Patent Rule 3.4.

Additionally, the information provided herein shall not be deemed an admission regarding the scope of any claims or the ordinary and customary meaning of any claim terms not yet construed by the Court. Furthermore, these proposed supplemental final contentions are made solely for the purpose of this action.

## I. Invalidity Contentions Based on Prior Art

The '648 Patent was filed on June 7, 2024 and issued on February 11, 2025. Plaintiffs have argued that the '648 Patent's effective filing date (priority date) is June 1, 2022.

Defendants maintain that the correct filing date for the ‘648 Patent is not June 1, 2022 (Dkt 32 at 4) and instead, at most, is August 18, 2023. Recently, Plaintiffs appear to agree with this August 18, 2023 filing date, as noted, for example, in their final infringement contentions. *See* Plaintiffs’ Infringement Contentions, at pp. 3-4 (“All of the asserted claims are entitled to a priority date of August 18, 2023. Each limitation of each asserted claim is disclosed in U.S. Patent Application No. 18/235,416 (the ‘416 Application), filed on August 18, 2023. The ‘648 Patent issued from U.S. Patent Application No. 18/736,862, which is a continuation of the ‘416 Application.”). As such, Plaintiffs appear to have waived any entitlement to an earlier filing date, including June 1, 2022.[1] Thus, for the purposes of these supplemental final invalidity contentions and the avoidance of doubt, Defendants continue to assert that the true and correct priority date for the asserted claims is August 18, 2023.

Thus, Defendants identify the following prior art as anticipating or rendering obvious at least one asserted claim of the patents-in-suit based on this filing date, August 18, 2023.

| **PATENT REFERENCES** | | | | |
|---|---|---|---|---|
| Referenced As | Patent Number | Country of Origin | Date of Issue/Publication | Prior Art |
| Malki | US 2021/0170267 | US | June 10, 2021 | §§ 102 and 103 |
| Ackerman | D400,600 | US | November 3, 1998 | §§ 102 and 103 |
| Shultz | 5,127,720 | US | July 7, 1992 | §§ 102 and 103 |
| Demers | 7,552,821 | US | June 30, 2009 | §§ 102 and 103 |
| Watkins | 11,388,990 | US | July 19, 2022 | § 103 |
| | | | | |

[1] To be clear, the asserted claims of the ‘648 Patent should only be entitled to a priority date of, at most, August 18, 2023 (the filing date of the filing date of U.S. Pat. App. 18/235,416).

For example, U.S. Pat. App. No. 17/829,359 (the patent from which the alleged June 1, 2022 priority date is derived) does not name Xiaoling Che as an inventor, nor does it include the key claim terms required by the independent claims of the ‘648 Patent, including the much-disputed “fixing portion”, “main supporting wall”, “successively stacked,” “inner supporting wall,” “dividing supporting wall” and/or “rotating assembly”, much less all of these requisite claim terms as presented in, at least, independent claims 1, 10, and 17 of the ‘648 Patent.

| PRIOR ART PUBLICATIONS | | | | |
|---|---|---|---|---|
| Referenced As | Title | Date of Publication | Author and Publisher | Prior Art |
| B&P | Bits and Pieces Jumbo Size Wooden Puzzle Plateau Review | November 23, 2017 | Epic Kids Toys | §§ 102 and 103 |
| Rose | 1500 Piece Wooden Puzzle Board 4 Drawers and Cover | November 22, 2019 | Rose Home Fashion | §§ 102 and 103 |
| Puzzle Ready | Puzzle Ready Puzzle Board | December 27, 2018 | Puzzle Ready | §§ 102 and 103 |

Malki (US 2021/0170267) was filed on December 9, 2019 and published on June 10, 2021, more than a year before the filing date of the '648 Patent. Accordingly, Malki is prior art to the '648 Patent under 35 U.S.C. § 102 and/or under 35 U.S.C § 103.

Ackerman (D400,600) was filed July 25, 1997 and was granted on November 3, 1998, more than a year before the filing date of the '648 Patent. Thus, this patent constitutes prior art to the '648 Patent under 35 U.S.C. § 102 and/or under 35 U.S.C § 103.

Shultz was filed on October 24, 1990, and was granted on July 7, 1992, more than a year before the filing date of the '648 Patent. Accordingly, Shultz is prior art to the '648 Patent under 35 U.S.C. § 102 and/or under 35 U.S.C § 103.

Demers was filed on March 29, 2007, and was granted on June 30, 2009 more than a year before the filing date of the '648 Patent. Accordingly, Demers is prior art to the '648 Patent under 35 U.S.C. § 102 and/or under 35 U.S.C § 103.

B&P was published on November 23, 2017, more than a year before the filing date of the '648 Patent. Additionally, Applicant is submitting in Exhibit A additional evidence of the B&P product that included a "rotating assembly" at least, as early as May 21, 2021, based on the plain

and ordinary meaning (i.e., no construction necessary) agreed to between the parties at the claim construction hearing.[2] This evidence is hereinafter referred to as "B&P + Spinner" reference. Accordingly, both B&P and B&P + Spinner are prior art to the '648 Patent under 35 U.S.C. § 102 and/or under 35 U.S.C § 103.

Defendants also note that this exact evidence was examined by a court in this District in *Xialong Che v.s The Partnerships and Unincorporated Associations Identified in Schedule A*, 24 CV-9239 (N.D. Ill. 2024) as potentially invalidating prior art for a design patent (U.S. D1,040,241) owned by the Plaintiff concerning a design and products very similar to those at issue in this case. Plaintiff dismissed that case after the Honorable Judge April Perry dissolved Plaintiff's temporary restraining order, but before the issue of invalidity was resolved in that case. Notably, this Court has also already held that injunctive relief is similarly not proper in this action. *See Memorandum and Order Denying Preliminary Injunction*, Dkt. 56.

Further, Defendants note that a good faith basis exists that this B&P + Spinner reference may have been published, at least, as early as June 4, 2020. The B&P + Spinner reference is being provided herein to provide further context for the B&P product in Defendant's original invalidity contentions, particularly in light of this Court's claim construction order. Thus, Defendants do not believe the addition of the B&P + Spinner reference amounts to a supplemental disclosure requiring leave of this Court. However, out of an abundance of caution,

---

[2] For any avoidance of doubt, as to the public availability of this "rotating assembly" in puzzle boards, Exhibit A also includes images of a "Puzzle Spinner Surface Round 34""" and a "Rotating Puzzle Table Square 34""". *See* Ex. A, at 2. Both of these designs were on also publicly available and on sale well before August 18, 2023.

Additionally, to the extent that Plaintiffs are relying on this rotational feature as a point of novelty and/or patentability for a rotatable surface of the puzzle board (e.g., a rotatable puzzle board and/or puzzle table), this design (often referred to as a "Lazy Susan") has been publicly available for several hundred years and is older than the United States Patent Office, itself.

to the extent the Court and/or Plaintiff believe this addition of B&P + Spinner amounts to supplemental disclosure based the Court's claim construction order from September 15, 2026, submits herewith a Motion for Leave pursuant to Local Patent Rule 3.4. Defendants note that, to the extent this disclosure of B&P + Spinner amounts to supplemental disclosure, it will not unduly prejudice the Plaintiffs in any way for, at least, the reason that the Plaintiffs have been aware and on notice of this reference since, at least, 2024. *See Xialong Che v.s The Partnerships and Unincorporated Associations Identified in Schedule A*, 24 CV-9239 (N.D. Ill. 2024).

Watkins was filed on January 12, 2022, and was granted on July 19, 2022 more than a year before the filing date of the '648 Patent. Accordingly, Watkins is prior art to the '648 Patent under 35 U.S.C. § 102 and/or under 35 U.S.C § 103. Watkins was never cited during the prosecution of the '648 Patent, nor has it been cited in this action to date. Watkins issued more than one year before August 18, 2023, so no grace-period exceptions apply. Further, as described in the co-pending Motion under Local Patent Rule 3.4, Defendants believe that this supplemental disclosure is warranted based the Court's claim construction order from September 15, 2026 and will not unduly prejudice the Plaintiffs in any way.

Rose was published on November 22, 2019, more than a year before the filing date of the '648 Patent. Accordingly, Rose is prior art to the '648 Patent under 35 U.S.C. 35 U.S.C. § 102 and/or under 35 U.S.C § 103.

Puzzle Ready was published on December 27, 2018, more than a year before the filing date of the '648 Patent. Accordingly, Puzzle Ready is prior art to the '648 Patent under 35 U.S.C. § 102 and/or under 35 U.S.C § 103.

The asserted claims of the patents-in-suit are anticipated or rendered obvious in light of the prior art references as set forth in the claim charts provided as Exhibit B. The references may

contain additional disclosures not cited in Exhibit B, either explicitly or inherently, that further teach the claimed limitations. Moreover, to the extent that any prior art reference is deemed not to disclose, explicitly or inherently, any limitation of an asserted claim, Defendants reserve the right to argue that any difference between that prior art and the corresponding patent claim is obvious to one of ordinary skill in the art.

Indeed, as the United States Supreme Court held in *KSR International Co. v. Teleflex Inc.*, "[t]he combination of familiar elements according to known methods is likely to be obvious when it does no more than yield predictable results." 550 U.S. 398, 416 (2007). The Supreme Court further held that:

> When a work is available in one field of endeavor, design incentives and other market forces can prompt variations of it, either in the same field or a different one. If a person of ordinary skill can implement a predictable variation, § 103 likely bars its patentability. For the same reason, if a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique is obvious unless its actual application is beyond his or her skill.

*Id*. at 417. Accordingly, a person of skill in the art would have been motivated to combine or adapt known or familiar methods in art, especially where market forces prompt such variations.

Moreover, the Supreme Court held that "familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id*. at 420. Indeed, the Supreme Court held that it is sufficient that a combination of elements was "obvious to try" holding that, "[w]hen there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill has good reason to pursue the known options within his or her technical grasp." *Id*. at 421. Motivation to combine may also be found in the "nature of the problem." *Id*. at 407.

Over various portions of this action, Plaintiff asserted claims 1-6, 7, 9-15, 17-19, 21, and 23 of the ‘648 Patent, including independent claims 1, 10, and 17. Each of these claims is directed towards different embodiments of a puzzle board. Specifically, claim 1 is directed towards a puzzle board with at least two extending walls; claim 10 is directed towards a puzzle board with a rotating assembly; and claim 17 is directed towards a puzzle board with an inner supporting wall.

Based on the Court’s claim construction order (ECF No. 87), the parties agreed-to constructions, and/or the ordinary and customary meaning of other claim terms, Malki anticipates and/or renders obvious each of claims 1-7, 9-15, 17-19, 21, and 23 of the ‘648 Patent.

Further, based on the Court’s claim construction order (ECF No. 87), the parties agreed-to constructions, and/or the ordinary and customary meaning of other claim terms, B&P + Spinner anticipates and/or renders obvious each of claims 1-7, 9-15, 17-19, 21, and 23 of the ‘648 Patent.

Further, based on Court’s claim construction order (ECF No. 87), the parties agreed-to constructions, and/or the ordinary and customary meaning of other claim terms, Malki in view of Watkins disclose and renders obvious each of claims 1-7, 9-15, 17-19, 21, and 23 of the ‘648 Patent. One skilled in the art would combine the teachings in these references as they are all directed towards the relevant field of endeavor and/or technical field, puzzle boards.

Further, based on Court’s claim construction order (ECF No. 87), the parties agreed-to constructions, and/or the ordinary and customary meaning of other claim terms, Malki in view of B&P + Spinner in further view of Watkins disclose and renders obvious each of claims 1-7, 9-15, 17-19, 21, and 23 of the ‘648 Patent. One skilled in the art would combine the teachings in these

references as they are all directed towards the relevant field of endeavor and/or technical field, puzzle boards.

Defendants are also unaware of any secondary considerations that support patentability.

## II. Invalidity Contentions Based on Failure to Comply with Patent Requirements

The asserted patent claims of the ‘648 Patent are also invalid based on indefiniteness under 35 U.S.C. § 112 ¶ 2.

For example, claim 23 of the '648 Patent is indefinite, because the terms “the base”, “the side of the base” “the [*sic*] side of the fixing portion”, and “the side of the first main supporting wall” recited in Claim 23 are not amenable to construction and/or are insolubly ambiguous because they lack antecedent basis.

## III. Unenforceability Contentions

### A. Inequitable Conduct

Defendants also believe that Plaintiff’s ‘648 Patent is also unenforceable based on inequitable conduct. For example, coinventor Xiaoling Che never disclosed the B&P + Spinner or Watkins reference during prosecution of the ‘648 Patent, in spite of having knowledge of both references as they related to other assets in the patent family of the ‘648 Patent. Further, Xiaoling Che is a named co-inventor on the ‘648 Patent, a named co-Plaintiff in this action, a co-inventor on the U.S. D1,040,241 patent, and the sole plaintiff in the prior litigation involving very similar products to the ones at issue in this case. Xiaoling Che’s failure to do so, in spite of their clear and unequivocal relevance as prior art to the USPTO during prosecution of the ‘648 Patent, renders the ‘648 Patent invalid as well.

Defendants expect to obtain evidence from Xiaoling Che regarding why he did not disclose the B&P (or B&P + Spinner) to the Patent Office. If Defendants do obtain such evidence, Defendants will amend the pleadings to add the affirmative defense of inequitable conduct.

Date: September 29, 2026

/s/ George T. Lyons, III

James Lovsin (ID No. 6303858)
George T. Lyons, III (ID No. 6324271)
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive, Suite 3100
Chicago, Illinois 60606-6709
(312) 913-0001 Telephone
(312) 913-0002 Facsimile
lovsin@mbhb.com
lyons@mbhb.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of September 2026, a true and correct copy of the foregoing was served under Local Rule 5.9 upon Plaintiffs' counsel of record.

/s/ George T. Lyons, III
George T. Lyons, III (ID No. 6324271)
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive, Suite 3100
Chicago, Illinois 60606-6709
(312) 913-0001 Telephone
(312) 913-0002 Facsimile
lyons@mbhb.com