**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XIAOLING CHE and JINYAN DUAN<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN XIMEIKEJI YOUXIAN GONGSI; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI<br><br>Defendants. | Civil Action No. 1:25-cv-4946<br><br>Hon. Chief Judge Virginia M. Kendall |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSED MOTION FOR LEAVE TO AMEND FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS DUE TO CLAIM CONSTRUCTION RULING**

## I. INTRODUCTION

Pursuant to Local Patent Rule ("LPR") 3.4, Defendants seek leave to amend their Final Unenforceability and Invalidity Contentions to add arguments or evidence regarding four prior art references: US 2021/0170267 ("Malki"), Bits and Pieces ("B&P") product, B&P with Spinner product ("B&P + Spinner"), and US Patent No. 11,388,990 ("Watkins"). The Court should grant Defendants leave to amend because good cause exists for Defendants' amendment.

The Court's September 15, 2026 Claim Construction Order altered Defendants' understanding of the scope and meaning of the asserted claims of U.S. Patent No. 12,220,648 ("the '648 Patent"), and Defendants acted with diligence in seeking the amendment. Defendants' Motion is timely because Defendants are filing the Motion within fourteen days of the Court's Claim Construction Order as required by LPR 3.4.

Plaintiffs will not be prejudiced by Defendants' amendment. Expert discovery has not yet started and thus Plaintiffs will have their full length of time for expert discovery regarding Defendants' proposed Supplemental Final Unenforceability and Invalidity Contentions. Further, there is no unfair surprise to Plaintiffs. Malki and B&P are already cited in Defendants' current invalidity contentions and thus Defendants' additional arguments regarding Malki and B&P are not based on new prior art. And Plaintiffs have been on notice of B&P + Spinner and Watkins since before this case was filed.

The Court denied a preliminary injunction in this case because of "validity concerns," (Dkt. 56, at 6), and the concerns articulated by this Court in that denial further support Defendant's proposed amendments. The first plaintiff in this action, Xiaoling Che, has been involved in nine other patent cases relating to puzzles, many of which have been filed in this District, and none of them have been adjudicated on the merits. Defendants' amendment is a good faith effort to litigate the invalidity of the '648 Patent on its merits, and such a merits determination would promote

judicial economy by avoiding, among other things, relitigating the same patents, over the same references, all over similar products (often under the guise of Schedule A litigation).

## II. FACTUAL BACKGROUND

### A. Defendants' Unenforceability and Invalidity Contentions

On November 24, 2025, Defendants served Initial Non-Infringement and Invalidity Contentions on Plaintiffs in which Defendants identified several prior art references that invalidated the asserted claims of the '648 Patent, including Malki and B&P.

Defendants did not serve a separate document for their Final Uneforceability and Invalidity Contentions. However, on May 4, 2026, Plaintiffs served Final Enforceability and Validity Contentions on Defendants in which Plaintiffs stated that "it is understood that Defendants are relying on their Initial Unenforceability and Invalidity Contentions as their final contentions" and responded to invalidity based on Malki and B&P. Ex. 1, at 1 n.1 & Exs. C, D.

### B. Claim Construction Briefing and the Court's Claim Construction Order

During claim construction briefing, the parties identified seven terms for construction: "a fixing portion extending from the puzzle plate," "a rotating assembly," "supplement arrangement," "restricting wall," "successively stacked," "actuated to slide in-and-out of the drawer cavity," and "cooperated with the puzzle board for forming at least one drawer cavity." Dkt. 81. But at the Claim Construction Hearing, "[t]he parties informed the Court that they had resolved all issues over, and needed no construction on" six of the seven claim terms. Dkt. 87, at 1. The only claim term the parties argued at the Claim Construction Hearing, and construed by the Court, was "a fixing portion extending from the puzzle plate." *Id.*

The Court construed "a fixing portion extending from the puzzle plate" as plain and ordinary meaning, as stated by Plaintiffs "a portion extending from the puzzle plate that is used for fixation." *Id.*

**C. Proposed Supplemental Final Uneforceability and Invalidity Contentions**

Defendants' proposed Supplemental Final Unenforceability and Invalidity Contentions are attached as Exhibit A to the Motion. Defendants' proposed Supplemental Final Unenforceability and Invalidity Contentions include (i) additional clarifying arguments regarding Malki and B&P, and (ii) arguments and evidence regarding B&P + Spinner and Watkins.

**D. Fact Discovery is Ongoing and Expert Discovery Has Not Yet Started**

Following the Court's Claim Construction Order, the Court granted Plaintiffs' motion to compel Rule 30(b)(6) testimony and supplemental document production. Dkt. 94. The Court ordered the additional document production by October 9, 2026, and the deposition by October 30, 2026. *Id.* Based on representations from Plaintiffs' counsel during a meet and confer on, among other things, the Motion, Defendants understand that the Court also ordered that opening expert reports are due December 4, 2026.

## III. LEGAL STANDARDS FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

"The Court has broad discretion to manage discovery matters and enforce the Local Patent Rules." *Oil-Dri Corp. of Am. v. Nestle Purina PetCare Co.*, 2018 WL 3130943, 2018 U.S. Dist. LEXIS 106711, at *9 (N.D. Ill. June 26, 2018).[1]

The purpose of LPR 3.1(b) relating to Invalidity Contentions is "to streamline patent litigation by ... limiting the number of grounds on which a claim of invalidity may be based, but the rule does not purport to dictate or limit the proof that may be offered in support of a specific

[1] Unless otherwise noted, pincites to caselaw in the brief are pincites to the LexisNexis citation.

example of a claim based on a permissible ground." *Nordstrom Consulting, Inc. v. Innova Sys.*, 2022 WL 16744177, 2022 U.S. Dist. LEXIS 202211, at *9 (N.D. Ill. Nov. 4, 2022) (internal quotations omitted and ellipsis in original).

A defendant may amend its Invalidity Contentions "upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." LPR 3.4. To make this showing, the party must demonstrate that (1) it acted with diligence in seeking the amendment, and (2) the opposing party will not suffer prejudice by virtue of the amendment. *Oleksy v. Gen. Elec. Co.*, 2013 WL 3944174, 2013 U.S. Dist. LEXIS 107638, at *8 (N.D. Ill. July 31, 2013).

Under Local Patent Rule 3.4, a claim construction ruling different than the one proposed by a party may constitute good cause warranting amendment, absent undue prejudice to the nonmoving party. Such a motion is due within fourteen days of the entry of the Court's ruling. LPR 3.4.

## IV. ARGUMENT

There is good cause for Defendants' amendment to its Final Unenforceability and Invalidity Contentions. Defendants acted with diligence in seeking the amendment, and the Plaintiffs will not be prejudiced by the amendment.

### A. Defendants Acted With Diligence in Seeking the Amendment

The Court's construction of "a fixing portion extending from the puzzle plate" was not proposed by Defendants, and the parties' resolution of the other six terms identified for construction before the Claim Construction Hearing was not proposed by Defendants. *Supra* II.B. Thus, the Court's Claim Construction Order altered Defendants' understanding of the scope and meaning of the asserted claims.

Defendants are seeking leave to amend their Final Unenforceability and Invalidity Contentions within fourteen days of the Court's Claim Construction Order. Thus, pursuant to LPR 3.4, Defendants' request for leave to amend is timely.

**B. Plaintiffs Will Not be Prejudiced by Defendants' Amendment**

Defendants' proposed Supplemental Final Unenforceability and Invalidity Contentions will not prejudice Plaintiffs for several reasons.

First, expert discovery has not yet started. "One of the purposes of final invalidity contentions is to give notice to plaintiffs of the defendant's contentions." *Avnet, Inc. v. Motio, Inc.*, 2016 WL 3365430, 2016 U.S. Dist. LEXIS 78333, at *18 (N.D. Ill. June 15, 2016) (quotation omitted). A court in this District has ruled that there was no prejudice where "at the time [movants] amended their final invalidity contentions, (1) expert depositions had not yet occurred and (2) [non-movant] had its full length of time to prepare rebuttal expert reports." *Xodus Med. Inc. v. U.S. Surgitech, Inc.*, 2025 U.S. Dist. LEXIS 63813, at *14 (N.D. Ill. Mar. 14, 2025) (internal quotation omitted).[2] The same is true here. Opening expert reports are not due until December 4, 2026. *Supra* II.D. Thus, Plaintiffs will have their full length of time for expert discovery regarding Defendants' proposed Supplemental Final Uneforceability and Invalidity Contentions, including preparing their rebuttal expert report and taking and defending expert depositions.

Second, there is no unfair surprise to Plaintiffs with Defendants' amendment. Defendants' additional arguments with respect to Malki and B&P "do not rely on new prior art and are adequately within the scope of the discovery the parties conducted." *Evolve Biosystems, Inc. v. Abbot Labs.*, 2024 WL 3549533, 2024 U.S. Dist. LEXIS 134889, at *19 (N.D. Ill. Mar. 12, 2024). Malki and B&P are already identified in Defendants' Unenforceability and Invalidity Contentions.

[2] A copy of *Xodus* is attached to this brief after Exhibit 3.

Further, B&P + Spinner is not "new" evidence for, at least, the reason that it is the same product in Defendants' Initial Invalidity Contentions, with the addition of a spinning mechanism (a "rotating assembly") sold via B&P's website. What is more compelling, however, is that Plaintiffs have been on notice of this exact evidence with respect to B&P + Spinner since, at least, as early as 2024. Indeed, this exact evidence of B&P + Spinner in Defendants' amendment was examined by a court in this District in *Xiaoling Che v. The Partnerships and Unincorporated Associations Identified in Schedule A*, 24-CV-9239 (N.D. Ill. 2024) as potentially invalidating prior art for a design patent (U.S. D1,040,241) owned by the first plaintiff in this case, Xiaoling Che. In that case, plaintiff Xiaoling Che asserted the '241 Patent related to a rotating puzzle board design and products very similar to those at issue in this case. The plaintiff almost immediately dismissed that case after the Honorable Judge April Perry dissolved the temporary restraining order, but before the issue of invalidity was resolved in that case. Such prior notice of the B&P + Spinner evidence demonstrates that there is "no risk of . . . unfairly prejudicing [Plaintiffs]." *Xodus*, 2025 U.S. Dist. LEXIS 63813, at *15. Plaintiffs have also been on notice of Watkins since as early as 2022. The United States Patent and Trademark Office cited Watkins during examination of a patent from which the '648 Patent claims priority, US Patent No. 11,890,551. Ex. 2, at 13 (citing Watkins). Similar to Plaintiffs' prior notice of the B&P + Spinner evidence, Plaintiffs prior notice of Watkins demonstrates that there is no risk of unfairly prejudicing Plaintiffs.

Furthermore, Defendants also believe that good cause exists to add the B&P + Spinner and Watkins references as Plaintiff's '648 Patent is also unenforceable based on inequitable conduct. For example, Xiaoling Che never disclosed the B&P + Spinner or Watkins reference during prosecution of the '648 Patent, in spite of having knowledge of both references as they related to other assets in the patent family of the '648 Patent. The inventors' failure to do so, in spite of their

clear and unequivocal relevance as prior art to the USPTO during prosecution of the ’648 Patent renders the ’648 Patent unenforceable.

### C. Validity Concerns With the ’648 Patent Support Defendants’ Amendment

The Court denied a preliminary injunction in this case because of “validity concerns” with the ’648 Patent. Dkt. 56, at 6. These concerns support Defendants’ proposed Supplemental Final Invalidity and Uneforceability Contentions.

As noted above, the first plaintiff in this action, Xiaoling Che, has been involved in nine other patent cases relating to puzzles since 2024. Ex. 3 (listing cases). None of these cases have been adjudicated on the merits. Defendants’ proposed Supplemental Final Invalidity and Uneforceability Contentions is a good faith effort to litigate the invalidity of the ’648 Patent on its merits. Such a merits adjudication would conserve judicial resources by reducing the filing of additional puzzle patent cases involving the Plaintiffs.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants leave to amend their Final Uneforceability and Invalidity Contentions.

Dated: September 29, 2026

By: /s/ James L. Lovsin
James Lovsin (ID No. 6303858)
George T. Lyons, III (ID No. 6324271)
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive, Suite 3100
Chicago, Illinois 60606-6709
(312) 913-0001 Telephone
(312) 913-0002 Facsimile
lovsin@mbhb.com
lyons@mbhb.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that on this 29th day of September 2026, a true and correct copy of the foregoing was served under Local Rule 5.9 upon Plaintiffs' counsel of record.

By: /s/ James L. Lovsin
James Lovsin (ID No. 6303858)
George T. Lyons, III (ID No. 6324271)
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive, Suite 3100
Chicago, Illinois 60606-6709
(312) 913-0001 Telephone
(312) 913-0002 Facsimile
lovsin@mbhb.com
lyons@mbhb.com

*Attorneys for Defendants*