# Exhibit 2

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/505,587 | 10/19/2021 | Xiaoling CHE | USP11084C/SZ2239-HLH | 1041 |

30265 7590 10/14/2022
DAVID AND RAYMOND PATENT FIRM
108 N. YNEZ AVE., SUITE 128
MONTEREY PARK, CA 91754

| EXAMINER | |
|---|---|
| ROHRHOFF, DANIEL J | |
| ART UNIT | PAPER NUMBER |
| 3637 | |
| MAIL DATE | DELIVERY MODE |
| 10/14/2022 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

| *Office Action Summary* | Application No. 17/505,587 | Applicant(s) CHE, Xiaoling | |
|---|---|---|---|
| | Examiner DANIEL J ROHRHOFF | Art Unit 3637 | AIA (FITF) Status Yes |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --***

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 10/19/2021.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.** 2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 1-20 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☑ Claim(s) 1-20 is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 10/19/2021 is/are: a)☑ accepted or b)☐ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☑ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
a)☑ All b)☐ Some** c)☐ None of the:
1.☑ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. _____.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date ______.
3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date ______.
4) ☐ Other: ______.

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

1. The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

### *Claim Rejections - 35 USC § 112*

2. The following is a quotation of 35 U.S.C. 112(b):

> (b) CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

3. Claims 2, 3, 5, 6, 8-10, 12, 14, 16, 18, 20 & 22 rejected under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor (or for applications subject to pre-AIA 35 U.S.C. 112, the applicant), regards as the invention.

4. Regarding claim 2, the limitation "wherein an area of said puzzle floor is not smaller than an area of the puzzle pieces being put together" is indefinite because there is no way to determine what the area of the puzzle pieces being put together is. Puzzles and puzzle pieces come in all shapes and sizes and thus the metes and bounds of this limitation cannot be ascertained.

### *Claim Rejections - 35 USC § 102*

5. In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the

statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

6. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

7. Claim(s) 1 & 2 is/are rejected under 35 U.S.C. 102(a)(1) as being anticipated by Brault et al. (US patent application publication 2010/0101461) (hereinafter Brault).

8. Regarding claim 1, Brault discloses a movable puzzle platform for placing a plurality of puzzle pieces thereon, comprising: a puzzle board (20) having a bottom for supporting on a playing surface (T), and a top surface thereof for playing the puzzle piece thereon; and a board accessible unit (24) coupled at said bottom of said puzzle board for sliding on the playing surface, wherein said board accessible unit provides accessibility for said puzzle board to move said puzzle board at different planar directions with respect to the playing surface.

9. Regarding claim 2, Brault discloses a movable puzzle platform wherein said puzzle board further comprises a surrounding border wall (Fig. 2 shows an upwardly extending lip) upwardly extended from a peripheral edge of said top surface of said puzzle board to define a puzzle floor on said top surface within said surrounding border wall, wherein an area of said puzzle floor is not smaller than an area of the puzzle pieces being put together.

### *Claim Rejections - 35 USC § 103*

10. In the event the determination of the status of the application as subject to AIA 35 U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction of the

statutory basis for the rejection will not be considered a new ground of rejection if the prior art relied upon, and the rationale supporting the rejection, would be the same under either status.

11. The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made.

12. The factual inquiries for establishing a background for determining obviousness under 35 U.S.C. 103 are summarized as follows:

1. Determining the scope and contents of the prior art.
2. Ascertaining the differences between the prior art and the claims at issue.
3. Resolving the level of ordinary skill in the pertinent art.
4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

13. Claim(s) 1-6, 9, 13, 15, 17, 19 & 21 is/are rejected under 35 U.S.C. 103 as being unpatentable over Malki (US patent application publication 2021/0170268) in view of Brault.

14. Regarding claim 1, Malki discloses a movable puzzle platform for placing a plurality of puzzle pieces thereon, comprising: a puzzle board (10) having a bottom (16) for supporting on a playing surface (4), and a top surface (14) thereof for playing the puzzle piece thereon.

15. Malki does not teach a board accessible unit coupled at said bottom of said puzzle board for sliding on the playing surface, wherein said board accessible unit provides accessibility for said puzzle board to move said puzzle board at different planar directions with respect to the playing surface. Brault teaches a board accessible unit (70, 72) coupled at said bottom of said puzzle board for sliding on the playing surface (54), wherein said board accessible unit provides

accessibility for said puzzle board to move said puzzle board at different planar directions with respect to the playing surface. As such, it would have been obvious to one of ordinary skill in the art at the time of the filing to modify Malki to include the board accessible unit in view of Brault's teaching, because this arrangement would have allowed the puzzle board to be rotated to face different directions.

16. Regarding claim 2, Malki, as modified teaches a movable puzzle platform wherein said puzzle board further comprises a surrounding border wall (28) upwardly extended from a peripheral edge of said top surface of said puzzle board to define a puzzle floor on said top surface within said surrounding border wall, wherein an area of said puzzle floor is not smaller than an area of the puzzle pieces being put together.

17. Regarding claim 3, Malki, as modified teaches a movable puzzle platform wherein said puzzle board further comprises an anti-slipping layer overlapped on said puzzle floor for preventing the puzzle pieces being slipped thereon ([0028]).

18. Regarding claim 4, Malki, as modified teaches a movable puzzle platform further comprising a supplement arrangement, wherein said supplement arrangement has one or more drawer cavities formed at sidewalls of said puzzle board between said top and bottom surfaces thereof and comprises one or more section puzzle boards (40) slidably received in said drawer cavities.

19. Regarding claim 5, Malki, as modified teaches a movable puzzle platform further comprising a supplement arrangement, wherein said supplement arrangement has one or more drawer cavities formed at sidewalls of said puzzle board between said top and bottom surfaces thereof and comprises one or more section puzzle boards (40) slidably received in said drawer cavities,

20. Malki, as modified, does not teach wherein each of said section puzzle boards has a section puzzle floor provided thereof and an anti-slipping layer provided on said section puzzle floor. Malki further teaches anti-slipping layers ([0028]). As such, it would have been obvious to one of ordinary skill in the art at the time of the filing to modify the section puzzle boards to comprise an anti-slipping layer, because this arrangement would have enhanced the aesthetic of the section puzzle boards.

21. Regarding claim 6, Malki, as modified, teaches a movable puzzle platform further comprising a supplement arrangement, wherein said supplement arrangement has one or more drawer cavities formed at sidewalls of said puzzle board between said bottom and said top surface of said puzzle board and comprises one or more puzzle drawers (40) slidably received in said drawer cavities for storing the puzzle pieces, wherein each of said puzzle drawers has a section puzzle floor provided thereon.

22. Regarding claim 9, Malki, as modified, teaches a movable puzzle platform wherein said puzzle board has a rectangular shape defining two longer longitudinal sides and two shorter transverse sides, wherein two of said drawer cavities are spaced formed at each of said transverse sides of said puzzle board, such that four of said puzzle drawers are slidably coupled at said transverse sides of said puzzle board (Fig. 1).

23. Regarding claim 13, Malki, as modified, teaches a movable puzzle platform wherein said board accessible unit comprises a first moving member (Brault: 70) coupled at said bottom surface of said puzzle board and a second moving member (Brault: 72) rotatably coupled to said first moving member, such that said puzzle board is adapted for being self-rotated 360° on the playing surface via a rotation movement between said first and second moving members.

24. Regarding claim 15, Malki, as modified, teaches a movable puzzle platform wherein said first and second moving members are first and second ring members coaxially engaged with each other via a first bearing unit (Brault: 74), such that when said first ring member is rotated within said second ring member, said puzzle board is self-rotated 360° on the playing surface.

25. Regarding claim 17, Malki, as modified, teaches a movable puzzle platform wherein said board accessible unit further comprises a second bearing unit (Brault: 54) provided at a bottom side of said second moving member for sliding said puzzle board on the playing surface at different planar directions via said second moving member.

26. Regarding claim 19, Malki, as modified, teaches the movable puzzle platform as claimed. Malki, as modified, does not teach herein said board accessible unit is magnetically attracted at said bottom surface of said puzzle board. The examiner is taking OFFICIAL NOTICE that magnetic attachments are common and well known in the art. As such, it would have been obvious to one of ordinary skill in the art at the time of the filing to modify, Malki, as previously modified, wherein said board accessible unit is magnetically attracted at said bottom surface of said puzzle board, because this arrangement would have replaced one known securing method with another known method.

27. Regarding claim 21, Malki, as modified, teaches a movable puzzle platform wherein said puzzle board further comprises a kickstand (30) pivotally coupled at said bottom surface of said puzzle board, such that when said kickstand is pivotally folded on said bottom surface of said puzzle board, said puzzle board is movable on the playing surface via said board accessible unit, and when said kickstand is pivotally folded for supporting on the playing surface, said puzzle board is inclined and supported on the playing surface.

28. Claim(s) 7, 8, 10-12, 14, 16, 18, 20 & 22 is/are rejected under 35 U.S.C. 103 as being unpatentable over Malki in view of Brault and DeJong et al. (US patent application publication 2018/0256275) (hereinafter DeJong).

29. Regarding claim 7, Malki, as modified, teaches the movable puzzle platform as claimed. Malki, as modified, does not teach a movable puzzle platform wherein said supplement arrangement further comprises a drawer holder provided at said puzzle board to retain said puzzle drawers in said drawer cavities respectively. DeJong teaches magnetic latch for holding a drawer in the closed position ([0028]). As such, it would have been obvious to one of ordinary skill in the art at the time of the filing to modify Malki, as previously modified, to comprise a drawer holder provided at said puzzle board to retain said puzzle drawers in said drawer cavities respectively in view of DeJong's teaching, because this arrangement would have prevented unwanted opening of the drawer.

30. Regarding claim 8, Malki, as modified, teaches the movable puzzle platform as claimed. Malki, as modified, does not teach a movable puzzle platform wherein said supplement arrangement further comprises a drawer holder provided at said puzzle board to retain said puzzle drawers in said drawer cavities respectively. DeJong teaches magnetic latch for holding a drawer in the closed position ([0028]). As such, it would have been obvious to one of ordinary skill in the art at the time of the filing to modify Malki, as previously modified, to comprise a drawer holder provided at said puzzle board to retain said puzzle drawers in said drawer cavities respectively in view of DeJong's teaching, because this arrangement would have prevented unwanted opening of the drawer.

31. Regarding claim 10, Malki, as modified, teaches a movable puzzle platform herein said puzzle board has a rectangular shape defining two longer longitudinal sides and two shorter transverse sides, wherein two of said drawer cavities are spaced formed at each of said transverse sides of said puzzle board, such that four of said puzzle drawers are slidably coupled at said transverse sides of said puzzle board (Fig. 1).

32. Regarding claim 11, Malki, as modified, teaches a movable puzzle platform wherein said drawer holder comprises a first magnetic element provided at an inner wall of said drawer cavity and a second magnetic element provided at said puzzle drawer to magnetically attract with said first magnetic element so as to retain said puzzle drawer in said drawer cavity (DeJong: [0028]).

33. Regarding claim 12, Malki, as modified, teaches a movable puzzle platform wherein said drawer holder comprises a first magnetic element provided at an inner wall of said drawer cavity and a second magnetic element provided at said puzzle drawer to magnetically attract with said first magnetic element so as to retain said puzzle drawer in said drawer cavity (DeJong: [0028]).

34. Regarding claim 14, Malki, as modified, teaches a movable puzzle platform wherein said board accessible unit comprises a first moving member (Brault: 70) coupled at said bottom surface of said puzzle board and a second moving member (Brault: 72) rotatably coupled to said first moving member, such that said puzzle board is adapted for being self-rotated 360° on the playing surface via a rotation movement between said first and second moving members.

35. Regarding claim 16, Malki, as modified, teaches a movable puzzle platform wherein said first and second moving members are first and second ring members coaxially engaged with each other via a first bearing unit (Brault: 74), such that when said first ring member is rotated within said second ring member, said puzzle board is self-rotated 360° on the playing surface.

36. Regarding claim 18, Malki, as modified, teaches a movable puzzle platform wherein said board accessible unit further comprises a second bearing unit (Brault: 54) provided at a bottom side of said second moving member for sliding said puzzle board on the playing surface at different planar directions via said second moving member.

37. Regarding claim 20, Malki, as modified, teaches the movable puzzle platform as claimed. Malki, as modified, does not teach herein said board accessible unit is magnetically attracted at said bottom surface of said puzzle board. The examiner is taking OFFICIAL NOTICE that magnetic attachments are common and well known in the art. As such, it would have been obvious to one of ordinary skill in the art at the time of the filing to modify, Malki, as previously modified, wherein said board accessible unit is magnetically attracted at said bottom surface of said puzzle board, because this arrangement would have replaced one known securing method with another known method.

38. Regarding claim 22, Malki, as modified, teaches a movable puzzle platform wherein said puzzle board further comprises a kickstand (30) pivotally coupled at said bottom surface of said puzzle board, such that when said kickstand is pivotally folded on said bottom surface of said puzzle board, said puzzle board is movable on the playing surface via said board accessible unit, and when said kickstand is pivotally folded for supporting on the playing surface, said puzzle board is inclined and supported on the playing surface.

## *Conclusion*

39. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure because it gives a general state of the art.

40. Any inquiry concerning this communication or earlier communications from the examiner should be directed to DANIEL J ROHRHOFF whose telephone number is (571)270-7624. The examiner can normally be reached M-F 7:30-4:00.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Dan Troy can be reached on 571-270-3742. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/DANIEL J ROHRHOFF/
Primary Examiner, Art Unit 3637

| *Notice of References Cited* | Application/Control No. 17/505,587 | Applicant(s)/Patent Under Reexamination CHE, Xiaoling | |
|---|---|---|---|
| | Examiner DANIEL J ROHRHOFF | Art Unit 3637 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-20210170268-A1 | 06-2021 | Malki; Fereniki | A63F9/1044 | 1/1 |
| * | B | US-20100101461-A1 | 04-2010 | Brault; Jean | A47B13/003 | 108/140 |
| * | C | US-20180256275-A1 | 09-2018 | DeJong; Ross A. | A61B50/18 | 1/1 |
| * | D | US-11388990-B1 | 07-2022 | Watkins; Carl J | A63F9/1044 | 1/1 |
| * | E | US-20190328126-A1 | 10-2019 | MacBain; Jamie | A47B9/18 | 1/1 |
| * | F | US-20160281908-A1 | 09-2016 | Mackenzie; John | A47B13/088 | 1/1 |
| * | G | US-20130019783-A1 | 01-2013 | Wang; Charles C. | H05B6/6426 | 248/163.1 |
| * | H | US-7273212-B1 | 09-2007 | Kolbaba; Scott L. | A63F3/00895 | 108/103 |
| * | I | US-20070039523-A1 | 02-2007 | Helzer; Gary D. | A47B13/083 | 108/27 |
| * | J | US-4565325-A | 01-1986 | Ludwig; Bernhard | B21B45/0233 | 239/597 |
| * | K | US-4591161-A | 05-1986 | Vanderhoof; John R. | A63F3/0423 | 273/272 |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | DE-202022102521-U1 | 08-2022 | DE | Name not available | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.