# Xodus Med. Inc. v. U.S. Surgitech, Inc.

United States District Court for the Northern District of Illinois, Eastern Division

March 14, 2025, Decided; March 14, 2025, Filed

No. 1:19-cv-03164

**Reporter**

2025 U.S. Dist. LEXIS 63813 *; 2025 LX 105867

XODUS MEDICAL INC., ALESSIO PIGAZZI, and GLENN KEILAR, Plaintiffs, v. U.S. SURGITECH, INC., Defendant.

**Counsel:** [*1] For XODUS MEDICAL INC., ALESSIO PIGAZZI, GLENN KEILAR, Plaintiffs: Kent E. Baldauf, jr., Anthony W. Brooks, Thomas C Wolski, LEAD ATTORNEYS, The Webb Law Firm, Pittsburgh, PA USA; Darren J. Hunter, Hinshaw & Culbertson LLP, Chicago, IL USA.

For U.S. Surgitech, Inc., Defendant: Dean D. Niro, LEAD ATTORNEY, Nicholas D. Niro, Vitale, Vickrey, Niro, Solon & Gasey LLP, Chicago, IL USA; Oliver D. Yang, Yang Law, LLC, Chicago, IL USA.

**Judges:** Franklin U. Valderrama, United States District Judge.

**Opinion by:** Franklin U. Valderrama

## Opinion

### ORDER

Dr. Alessio Pigazzi (Dr. Pigazzi) and Genn Keilar (Keilar) are the owners of Patent No. 8,511,314 (the '314 patent), Patent No. 8,464,720 (the '720 patent), and Patent No. 9,161,876 (the '876 patent) (collectively, the patents-in-suit). These patents address the problem of patients sliding on an operating table when placed at an angle. Plaintiffs, Pigazzi, Keilar, and Xodus (collectively, Xodus[1] ) accuse Defendant U.S. Surgitech, Inc. (Surgitech) of infringing on the patents-in-suit through its manufacture, marketing, and sale of its product, SurgyPad. Before the Court is Surgitech's motion for leave to amend its Final Unenforceability and Invalidity Contentions (Final Invalidity Contentions). [*2] R. 86, Mot. Amend.[2] More specially, Surgitech seeks leave to amend to add an on-sale bar defense to patent infringement under *35 U.S.C. § 102(b)*, based on information from an invoice (Sales Invoice) Xodus produced on November 3, 2023, as well as Dr. Pigazzi's March 5, 2024 deposition transcript. For the reasons stated herein, the Court grants the motion.

### Background

Xodus filed this suit on May 10, 2019, alleging patent infringement against Surgitech. R. 1, Compl; R. 24, FAC ¶¶ 18-28. The patents-in-suit, which Surgitech is alleged to have infringed, pertain to a pad designed to be placed on a medical procedure table that secures a patient when tilted. The allegedly infringing product, the SurgyPad, is manufactured, marketed, and sold by Surgitech. FAC ¶ 18. The SurgyPad is a "Trendelenburg Patient Positioner" that is used in securing and positioning a patient on an operating table for use in surgery. *Id.* ¶¶ 19, 74.

The parties agreed to an alternative discovery plan on November 15, 2019, stating that initial fact discovery would be completed "60 days after this Court issues an order on claim construction." R. 29 at 3, 17. In its first supplemental initial disclosures, dated December 13, 2019, Xodus stated [*3] it was unaware of any documents relating to an offer to sell. R. 86-9 at 3. On May 28, 2020, Xodus also stated in its document request response that it was unaware of any documents "relating to the sale of a product named 'OR MEDICIA — COMFORT PAD' prior to January 10, 2012," which would include the Sales Invoice. R. 86-10 at 20-21. In accordance with the Local Patent Rules of the Northern District of Illinois, Surgitech served its Final Invalidity Contentions two months later on July 31, 2020. R. 86-11, FIC.

---

[1] Although the Court refers to Plaintiffs collectively as Xodus, the Court uses singular pronouns throughout this Order.

[2] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

The Court issued its claim construction order on July 20, 2023. R. 65. On November 3, 2023, Xodus produced a variety of documents in post-claim construction discovery, including the Sales Invoice. R. 86-1, Def. Memo. Amend at 4. Plaintiff Dr. Pigazzi, who is a co-owner of the allegedly infringed patents, cut his first deposition short on January 23, 2024 due to a personal conflict, and his deposition was not completed until March 5, 2024. R. 89, Def. Reply at 5. However, after several extensions, fact discovery closed on February 29, 2024. R. 82. Magistrate Judge Cole permitted Dr. Pigazzi's deposition to continue on March 5, 2024 after the close of fact discovery because he agreed [*4] the deposition was important to address the patent invalidity issue. R. 81, 82. Surgitech filed its motion for leave to amend its Final Invalidity Contentions on March 21, 2024, in light of alleged newly discovered evidence. Mot. Amend.

Concurrent with this litigation, Xodus is suing a different defendant based on the same patents in the Eastern District of Tennessee ("Tennessee litigation").[3]

**Legal Standard**

Northern District of Illinois Local Patent Rule 3.4 states, "[a] party may amend its Final Infringement Contentions or Final Noninfringement and Invalidity Contentions only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." LPR 3.4.

To establish "good cause to amend invalidity or infringement contentions, a party must demonstrate that it acted diligently and that the accused infringer would suffer no unfair prejudice if [it] were permitted to amend." *Peerless Indus. Inc. v. Crimson AV, LLC, 2013 U.S. Dist. LEXIS 168684, 2013 WL 6197096, at *5 (N.D. Ill. Nov. 27, 2013)*. "In showing diligence, the relevant inquiry is not when the party learned about the information, but when it could have made the discovery." *Sloan Valve Co. v. Zurn Indus., 2013 U.S. Dist. LEXIS 22739, 2013 WL 622951, at *2 (N.D. Ill. Feb. 20, 2013)*. "[G]ood cause requires more than a showing that new information has been revealed in discovery." *Fujitsu Ltd. v. Tellabs Operations, Inc., 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979, at *6 (N.D. Ill. Mar. 21, 2012)*. "Good cause may exist where, among other [*5] reasons, the defendant does not disclose relevant information prior to the plaintiff's deadline for final [invalidity] contentions." *Woodfold Mfg., Inc. v. EMI Porta OPCO, LLC, 2020 U.S. Dist. LEXIS 272569, 2020 WL 13889769, at *10 (N.D. Ill. Nov. 30, 2020)*. "Determining whether a party has satisfied the good cause requirement is within the court's discretion." *Peerless Indus., 2013 U.S. Dist. LEXIS 168684, 2013 WL 6197096, at *2 (N.D. Ill. Nov. 27, 2013)* (citing *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005)*)

If the amending party fails to demonstrate diligence in moving to amend, there is "no need to consider the question of prejudice" to the nonmoving party. *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1368 (Fed. Cir. 2006)*.

**Analysis**

Surgitech advances three arguments in support of its motion for leave to amend its Final Invalidity Contentions to raise the on-sale bar defense. *See* Def. Memo. Amend; Def. Reply at 1. Surgitech first asserts that the Sales Invoice was not produced until after Final Invalidity Contentions were due, such that amendment is warranted. Def. Memo. Amend at 1. Next, Surgitech contends that it has good cause to amend because the Sales Invoice and Dr. Pigazzi's deposition testimony support its credible on-sale bar defense. *Id.* at 9. Lastly, Surgitech argues that it filed its motion with good cause because it acted diligently, and such an amendment would not cause unfair prejudice to the non-moving party, Xodus. *Id.* at 11. The Court addresses each argument in turn.

**I. Timing**

The Court briefly [*6] addresses Surgitech's first argument that the Sales Invoice and applicable testimony were not produced until after Final Invalidity Contentions were served. As stated above, *see* Background, Final Invalidity Contentions were served on July 31, 2020. R. 86-11 at 8. Surgitech alleges and Xodus admits that the Sales Invoice at issue was not produced until November 3, 2023, and Dr. Pigazzi's deposition was completed on March 5, 2024, over three years after Surgitech filed its Final Invalidity Contentions. R. 88, Pl. Resp. at 2.

[3] Case numbers 3:18-cv-413-JPM; 3:18-cv-414-JPM; and 3:18-cv-415-JPM, which were eventually consolidated into one matter.

**II. Good Cause**

The Court next addresses Surgitech's second argument, that it had good cause to file a motion for leave to amend its Final Invalidity Contentions. The Federal Circuit has held that courts should follow the "good cause" standard when analyzing motions to amend patent invalidity contentions, which "requires a showing of diligence." *O2 Micro, 467 F.3d at 1366* (citing *Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 604 (9th Cir. 1992)*). Furthermore, if the amending party exhibits adequate diligence, the amendment must not bring undue prejudice to the non-moving party. *Peerless Indus., 2013 U.S. Dist. LEXIS 168684, 2013 WL 6197096, at *5*.

Under *35 U.S.C. § 102(b)*, a patent is invalid if its corresponding invention was on sale more than one year before the patent application date. This on-sale bar defense requires that a two-part test [*7] be satisfied to find a patent invalid. *Pfaff v. Wells Electronics, Inc., 525 U.S. 55, 67-68, 119 S. Ct. 304, 142 L. Ed. 2d 261 (1998)*. The first element of the test requires that the invention be the "subject of a commercial offer for sale." *Id. at 67*. The second element of the test requires that the invention be "ready for patenting." *Id.* For an invention to be ready for patenting, there must either be "proof of reduction to practice before the critical date; or by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable to a person skilled in the art to practice the invention." *Id. at 67-68*. Therefore, if these two elements are satisfied over one year before the patent application's filing date, a patent can be found invalid. *35 U.S.C. § 102(b)*.

Surgitech asserts that Dr. Pigazzi's March 5, 2024 deposition testimony was necessary to show that the "OR-PT-02/V2" product comprising 155 surgical pads in the Sales Invoice was a commercial sale of the patented invention, such that the Sales Invoice in conjunction with the deposition transcript support its on-sale bar defense. Def. Memo. at 5-9; Def. Reply at 8. Xodus argues only in passing that the on-sales bar defense is not triggered, but does so in the context of prejudice [*8] based on how Surgitech characterized Xodus' actions as "deceptive" by withholding the sales invoice. Pl. Resp. at 6-7. According to Xodus, additional testimony from Dr. Pigazzi's deposition demonstrates that, although he "may have purchased foam pads, his testimony does not suggest that any purchases were of an invention that was 'ready for patenting' in a way that may trigger the on-sale bar." *Id.* at 7 (citing *Pfaff, 525 U.S. at 67*). The parties have presented the Court with differing perspectives as to whether the Sales Invoice supports the on-sale bar defense; at this stage, the Court finds that Surgitech has done enough to demonstrate that it is a *credible* defense. Whether it is a *meritorious* defense is an issue for summary judgment or trial.

Finally, as to Xodus' contention that it is prejudiced by Surgitech's characterization of the facts, the Court finds that, at this juncture, it need not decide whether Xodus' actions regarding production of the Sales Invoice were "deceptive"; rather, it considers the timing of the production as it pertains to Surgitech's diligence in moving to amend, as discussed below.

**A. Surgitech Acted Diligently**

The Court first evaluates whether Surgitech has shown good cause [*9] by determining if it exhibited diligence in amending its Final Invalidity Contentions. Surgitech argues that Dr. Pigazzi's deposition testimony on March 5, 2024 was necessary to determine the credibility of the on-sale bar defense. Def. Memo. at 10-11; Def. Reply at 3. It contends that Dr. Pigazzi's testimony was critical to show that the 155 "OR-PT-02/V2" surgical pads were commercially sold as part of the Sales Invoice. Memo. at 8-11; Def. Reply at 3. Surgitech further posits that while it had been in possession of the Sales Invoice since November 3, 2023, nothing in Xodus' previously provided depositions, documents from the Tennessee litigation, nor the Sales Invoice could link the 155 pads to the patents-in-suit until Dr. Pigazzi's March 5, 2024 deposition. Def. Reply at 8. Surgitech argues it acted diligently because it informed Xodus of its amended contentions "[s]ix days after discovering that the product identified as 'OR-PTP-02/V2' in the Sales Invoice was the same product" as the patented products at issue. *Id.* at 1; Def. Memo. at 11. The Court agrees.

Surgitech cites *Oleksy v. Gen. Elec. Co., 2013 U.S. Dist. LEXIS 107638, 2013 WL 39944174, at *4 (N.D. Ill. July 31, 2013)* in its opening memorandum, in which another in-District court found that a defendant has good cause to file [*10] a motion to amend its patent invalidity contentions after learning of an invalidating sale in a deposition. Def. Memo. Amend at 10-12. In *Olesky*, the plaintiff's evidence was insufficient to demonstrate that the defendant had prior knowledge of the invalidating sale. *Olesky, 2013 U.S. Dist. LEXIS 107638, 2013 WL 39944174, at *4*. Xodus failed to address *Olesky* in its Response. No matter, as the Court

finds the case analogous to this case, and persuasive authority in support of Surgitech's diligence.

Xodus primarily argues that Surgitech did not act diligently because it should have amended its Final Invalidity Contentions as soon as the Sales Invoice was produced on November 3, 2023. Pl. Resp. at 5. It contends that the Sales Invoice, prior deposition transcripts, and documents from the Tennessee litigation were adequate for Surgitech to learn of the alleged commercial sale and raise the on-sale bar defense. *Id.* at 6-7. However, the Court agrees with Surgitech that the information available to Surgitech prior to Dr. Pigazzi's March 5, 2024 deposition was not sufficiently detailed to link the products from the Sales Invoice to the patents-in-suit, a critical step for Surgitech to raise the on-sale bar defense.

Surgitech maintains and the Court agrees, that [*11] Dr. Pigazzi's testimony in the Tennessee litigation is vague and did not sufficiently put Surgitech on notice that the 155 surgical pads sold in the Sales Invoice pertained to the patents-in-suit. Def. Reply at 6-7; R. 88-2, Exh. 2. Xodus produced motions and responses related to a summary judgment motion in the Tennessee litigation, which raised the issue of the on-sale bar defense. Pl. Resp. at 5. Xodus agrees it did not produce the actual motion, but it claims the plaintiff's response to the motion (Tennessee Response) adequately addressed and denied the on-sale bar defense in the Tennessee litigation. *Id.*; R. 88-5, Exh. 5 at 4. It posits that the Tennessee Response "should have . . . put [Surgitech] on notice that the on-sale bar may be raised against the validity of the patents-in-suit in the present litigation." Pl. Resp. at 5. However, counters Surgitech, the Tennessee Response does not specifically mention the Sales Invoice with the "OR-PTP-02/V2" product, nor has Xodus produced the Sales Invoice in that suit. Def. Reply at 7. Instead, Surgitech states that Xodus only mentioned the products "Future Foam" and "FOAMEX," such that it does not link the patents-in-suit to the Sales [*12] Invoice. *Id.*

The Court finds that Surgitech has the better of the argument. Therefore, because Surgitech did not have sufficient information to establish a credible on-sale bar defense prior to Dr. Pigazzi's March 5, 2024 deposition, the Court finds that Surgitech acted diligently when it served its motion to amend on Xodus six days after the deposition was completed. *Id.* at 1.

Even if the Court were to agree with Xodus that Surgitech had sufficient information to raise the on-sale bar defense after receiving the produced Sales Invoice on November 3, 2023, its alleged delay in moving to amend approximately four and a half months after such date is still not excessive. Courts have found parties to act diligently after filing motions to amend based on a similar amount of time from discovery of the relevant information, especially when the party sought additional discovery to support the request for leave to amend.[4] Def. Reply at 8-9.

Xodus maintains that that if a party waits approximately four and a half months to file a motion to amend invalidity contentions, it is not acting diligently. Pl. Resp. at 2-3 (collecting cases[5] ). Surgitech argues, and the Court agrees, that those cases are [*13] distinguishable because in those cases the courts found there a lack of diligence because the movant did not provide an explanation for any alleged delay. Def. Reply at 13; *see, e.g., Sloan Valve Co., 2013 U.S. Dist. LEXIS 22739, 2013 WL 622951, at *5* (denying the motion because the defendant lacked diligence when it "offer[ed] no

---

[4] See, e.g., ***Return Mail, Inc. v. United States, 152 Fed. Cl. 455, 458 (2021)*** (defendant acted diligently when it moved to amend over 3.5 months after receiving relevant interrogatory responses); see also *Motorola Sols., Inc. v. Hyter Commc'n Corp. Ltd., No. 1:17-CV-01972, 2023 WL 112559, at *3 (N.D. Ill. Jan. 5, 2023)* (diligence where there was a two month delay between relevant disclosure and motion to amend); *e2Interactive, Inc. v. Blackhawk Network, Inc., 2011 U.S. Dist. LEXIS 172279, 2011 WL 13213255, at *4 (W.D. Wis. June 23, 2011)* ("Although there were clues along the path" regarding additional infringement, the defendant "was not entirely forthcoming in identifying those services for [the plaintiff]. Therefore, even if [the plaintiff] may have been able to discover the [additional infringement] a few months earlier, I cannot say that it does not have good cause to amend its infringement contentions at this point in the litigation."); see also *Philips N. Am. LLC v. Fitbit LLC, 2021 WL 5417103, at *4 & n.4 (D. Mass. Nov. 19, 2021)* (collecting cases where "courts have reached varying conclusions . . . [w]here plaintiffs have filed amended [infringement] contentions within a few months of a new product").

[5] *Trans Video Elecs., Ltd. v. Sony Elecs., Inc., 278 F.R.D. 505, 508 (N.D. Cal. 2011)*; *Finisar Corp. v. DirecTV Grp., Inc., 424 F. Supp. 2d 896, 902 (E.D. Tex. 2006)*; *Par Pharm., Inc. v. Takeda Pharm. Co. Ltd., 2014 U.S. Dist. LEXIS 100789, 2014 WL 3704819, at *2 (N.D. Cal. July 23, 2014)*; *Peerless Indus., 2013 U.S. Dist. LEXIS 168684, 2013 WL 6197086, *at 5-6*; *Sloan Valve Co., 2013 U.S. Dist. LEXIS 22739, 2013 WL 622951, at *5*; *Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc., 32 F. Supp. 3d 1155, 1164 (D. Nev. 2014)*; *O2 Micro, 467 F.3d at 1367-68*.

explanation in its motion for the three month delay in seeking to amend its contentions").

Here on the other hand, Dr. Pigazzi delayed the completion of his own deposition until March 5, 2024, which is when the critical information pertaining to raising the on-sale bar arose. Def. Memo. at 4-5; Def. Reply at 5. Furthermore, the Court agrees that Xodus failed to describe what product was sold in the Sales Invoice when it produced the document on November 3, 2023, such that Surgitech could not at that time allegedly link a commercial sale to the patented product with just the Sales Invoice. Def. Reply at 8. Because Surgitech could not assert the defense prior to linking the Sales Invoice to the patented product, the Court finds that even if it considers Surgitech to have waited to four and a half months instead of six days to serve Xodus with its amended invalidity contentions, Surgitech has a valid explanation for the delay. [*14]

All in all, the Court finds that Surgitech had good cause and was diligent when it informed Xodus of its amendment six days after Dr. Pigazzi's March 5, 2024 deposition and approximately four and a half months after Xodus produced the Sales Invoice on November 3, 2023.

**B. Xodus Is Not Unfairly Prejudiced By Amendment**

Because the Court finds that Surgitech acted diligently, it next addresses whether Xodus will be unfairly prejudiced if Surgitech's motion is granted. There is no prejudice where "at the time [movants] amended their final invalidity contentions, (1) expert depositions had not yet occurred and (2) [non-movant] had its full length of time to prepare rebuttal expert reports . . . ." *Mortgage Grader, Inc. v. First Choice Loan Service Inc, 811 F.3d 1314, 1323 (Fed. Cir. 2015)*. Here, Xodus had its full length of time to prepare rebuttal expert report, until May 19, 2024 (approximately two months after Surgitech filed its motion to amend on March 21, 2024). Def. Reply at 12.

Xodus argues that because Surgitech filed its motion to amend three years after its Final Invalidity Contentions and five years from start of litigation, it will suffer from unfair prejudice. Pl. Resp. at 6. It contends that discovery may have to reopen to address this defense, further delaying proceedings. [*15] *Id.* However, Xodus has been on notice of a possible on-sale bar defense since 2009. R. 86-7, Pigazzi Dep. at 66-67. Dr. Pigazzi, a plaintiff, admitted he had purchased the 155 surgical pads in the Sales Invoice in 2009, ten years before this suit commenced in 2019. *Id.* Furthermore, Xodus has admitted this defense arose in the Tennessee litigation. Pl. Resp. at 5. Thus, since Xodus has been on notice since 2009 of a possible on-sale bar defense and has likely discovered all necessary information during the Tennessee litigation, the Court finds there is no risk of unduly prolonging proceedings or unfairly prejudicing Xodus.

Surgitech asserts that Xodus should "not be rewarded for misdirecting Surgitech during discovery by stating they were not 'aware' of any sale any failing to produce the UFP Sales Invoice prior to the time the final contentions were due." Def. Reply at 11; R. 86-1 at 6-7. It contends that, contrary to Xodus' argument, the three-year time gap from service of Final Invalidity Contentions is irrelevant and should not be a factor weighed against Surgitech because Xodus did not produce the Sales Invoice until November 3, 2023. Def. Reply at 11. The Court agrees.

Xodus further [*16] argues that it would be unfairly prejudiced if the Court were to "introduce a new theory of invalidity at this time, on the eve of expert reports." Pl. Resp. at 6. Xodus contends that "the addition of a new infringement theory in litigation that was over four years old would prejudice the opposing party." *Id.* (citing *Fujitsu, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979, at *7*). However, Surgitech correctly points out that Xodus misstates that *Fujitsu* was on the eve of expert reports, as it was actually decided on the eve of trial, long after expert reports would have concluded. Def. Reply at 12; *Fujitsu, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979, at *7*. The Court agrees with Surgitech that Xodus would not be unfairly prejudiced because Xodus still had two months before the expert rebuttal report deadline after Surgitech filed its motion, and Xodus has not cited any other case law in its Response to support its argument. Def. Reply at 12.

Based on the timing of Xodus' disclosure of the Sales Invoice—of which it was in possession—and Surgitech's motion for leave to amend made before the conclusion of expert discovery, along with Xodus being on notice that such a defense may be raised, the Court finds that granting the motion for leave to amend would not prejudice Xodus.

**Conclusion**

Accordingly, the Court [*17] grants Surgitech's motion

for leave to amend its Final Invalidity Contentions [86]. Surgitech must serve its amended Final Invalidity Contention on Xodus by March 31, 2025.

Date: March 14, 2025

/s/ Franklin U. Valderrama

United States District Judge

Franklin U. Valderrama

---

**End of Document**