**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

XIAOLING CHE and JINYAN DUAN,

Plaintiffs/Counter-Defendants,

v.

SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; SHENZHEN XIMEIKEJI YOUXIAN GONGSI; QINGYUNXIANGESIWEI-SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI,

Defendants/Counter-Plaintiffs.

**Case No. 1:25-cv-04946**

Hon. Virginia M. Kendall

# DEFENDANTS' OBJECTIONS TO PLAINTIFFS' SUBMISSION OF ATTORNEYS' FEES AND EXPENSES

## I. INTRODUCTION

Defendants/Counter-Plaintiffs Shenzhen Mumuwan Maoyi Youxian Gong Si ("Mumuwan"), Shenzhen Ximeikeji Youxian Gongsi, QingYunXianGeSiWei-ShangMaoYouXianGongSi, and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi (collectively, "Defendants") submit these objections to the Submission of Attorneys' Fees and Expenses filed by Plaintiffs/Counter-Defendants Xiaoling Che and Jinyan Duan (collectively, "Plaintiffs"). Dkt. 97 (the "Submission"). The objections are authorized by the Court's September 24, 2026 minute order. Dkt. 94 (the "Order"). Plaintiffs support the Submission with the declaration of Edward H. Rice ("Mr. Rice"). Dkt. 97-1 (the "Rice Declaration").

Defendants do not ask the Court to revisit its decision granting Plaintiffs' motion to compel or its determination that Plaintiffs may recover reasonable fees and expenses. The Order

did not, however, fix the amount at $28,500. It directed Plaintiffs to file "the expenses and fees for the failed deposition and for filing of the motion." Dkt. 94. Plaintiffs still bear the burden of establishing that each requested hour and expense is reasonable and supported by the record.

The present record does not support the full request. The deposition examination produced identifiable testimony that Plaintiffs may continue to use, which bears on what portion of the session was actually lost because of the alleged preparation deficiencies. The remaining categories include a mixed meet-and-confer entry, 14.3 hours of work by multiple attorneys to prepare and file a straightforward discovery motion, 7.4 hours to prepare the fee Submission itself, and $1,080 in unsupported third-party charges. The courts in the authorities attached to Plaintiffs' Submission made comparable reductions. Dkt. 97-4 to 97-8. Defendants request an award no greater than $15,035 on the present record.

## II. BACKGROUND

Plaintiffs noticed the Rule 30(b)(6) depositions of Mumuwan and the three other Defendants for August 12, 2026 at 8:00 a.m. Hong Kong time, corresponding to August 11 at 7:00 p.m. Central Daylight Time. Ouyang Decl. ¶ 3 & Ex. 1. Plaintiffs separately noticed the individual deposition of Wan Zhang ("Ms. Zhang") for the same date and time. Id. Ex. 2. Defendants designated Ms. Zhang to testify on their behalf, and Plaintiffs took the remote deposition on August 11 Central Time (the "Zhang Deposition").

After the deposition, the parties discussed further corporate testimony and supplemental production. By August 21, Defendants had agreed to provide an additional Rule 30(b)(6) witness, and on September 3 Defendants identified Mo Ji and proposed a range of dates. Dkt. 91-1 ¶¶ 2–4. The parties continued exchanging dates. Plaintiffs noticed the motion for presentment on September 24. Dkt. 89. Defendants raised these circumstances in their opposition, Dkt. 91, and

the Court granted the motion. Dkt. 94. Defendants maintain the positions stated in their opposition but do not ask the Court to revisit its ruling. The sequence matters here because it bears on what work was reasonably necessary. Plaintiffs began drafting the motion on August 20 and 21. Defendants confirmed on August 21 that they would make a witness available for a further Rule 30(b)(6) deposition. Dkt. 97-2 at 1–2; Dkt. 91-1 ¶ 2. Plaintiffs later billed revisions and exhibit preparation on September 20 and 21. The filed motion included the parties' September scheduling correspondence, including Defendants' counsel's statement that her return flight from China was scheduled for the night of September 24. Dkt. 97-2 at 2; Dkt. 88-9 to 88-17; Dkt. 91-1 ¶¶ 4, 8.

## III. LEGAL STANDARD

A fee applicant bears the burden of proving "the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). The Court must exclude hours that were not reasonably expended, including excessive, redundant, or otherwise unnecessary work. *Spegon,* 175 F.3d at 550, 552 – 53. Conclusory assertions do not satisfy the applicant's burden of establishing that the claimed hours were reasonably necessary. *Spegon*, 175 F.3d at 552 – 53. Time spent on clerical work that can be delegated to nonprofessional assistance is not compensable at an attorney rate. *Spegon*, 175 F.3d at 553; *see also Philips Medical Systems (Cleveland), Inc. v. Buan,* No. 19 CV 2648, Dkt. 629 at 6–7 (N.D. Ill. Jan. 19, 2024) (Dkt. 97-5) (excluding 7.8 hours of paralegal work for clerical tasks, including preparing courtesy copies, electronically filing and serving documents, and creating calendar notifications).

Inadequately described or duplicative entries may warrant reductions grounded in the work performed and the supporting records. See *Bigfoot 4x4, Inc. v. The Individuals,*

*Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto*, No. 22-cv-6758, Dkt. 169 at 9–12, 15–16 (N.D. Ill. Mar. 21, 2024) (Dkt. 97-6) (reducing inadequately supported drafting and review time and, for a separate motion, reducing an attorney's 18.7 hours by one-third to 12.5 hours). When multiple lawyers seek fees, district courts are "encouraged to scrutinize fee petitions for duplicative billing" because "overstaffing cases inefficiently is common." *Schlacher v. Law Offices of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 858 (7th Cir. 2009) (citations omitted). The governing rules also tie any award to the conduct at issue. Rule 37(a)(5)(A) authorizes "reasonable expenses incurred in making the motion," and Rule 37(d)(3) authorizes "reasonable expenses, including attorney's fees, caused by the failure." A fee-shifting sanction may reach "only the portion of [the] fees that [the party] would not have paid but for" the misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–09 & n.5 (2017) (identifying Rule 37(b)(2)(C)'s "caused by" language as an example of a rule-based causation requirement) (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)). An invoice therefore does not make every listed charge recoverable without further scrutiny, and the party requesting fees must establish the reasonableness of the requested amounts and their connection to the conduct covered by the Order.

## IV. ARGUMENT

### A. The Original Deposition Fees and Expenses Should Be Reduced

#### 1. The 7.6-hour entry includes thirty-eight unexplained minutes

Plaintiffs seek 7.6 hours, or 7 hours and 36 minutes, for a single entry described only as "Take deposition of Wan Zhang." Dkt. 97-2 at 1. The Rule 30(b)(6) notice set the examination for 8:00 a.m. Hong Kong time. Ouyang Decl. Ex. 1. Defendants' counsel joined at approximately that time and observed Plaintiffs' counsel and the deposition personnel connected and available

while the participants waited for the examination to begin. *Id.* ¶¶ 3–4. The examination went on the record at 8:45 a.m. and concluded at 2:58 p.m. Hong Kong time. *Id.* ¶ 5 & Ex. 3, transcript of the Zhang Deposition ("Zhang Tr."), 4:3–7, 99:6–10.

Even crediting Plaintiffs with the forty-five-minute waiting period, the elapsed time from the noticed start through the conclusion was 6 hours and 58 minutes. Ouyang Decl. ¶ 6. The claimed 7.6 hours exceed that period by thirty-eight minutes. At $600 per hour, the unsupported difference is $380. The entry does not identify work outside the session that would account for the additional thirty-eight minutes. Plaintiffs bear the burden of establishing that the claimed hours were reasonably expended. *Spegon*, 175 F.3d at 550, 552–53. Plaintiffs should be required to explain the additional time; absent a supported explanation, the Court should exclude $380.

**2. Plaintiffs obtained usable testimony during the examination**

The Order's description of a failed deposition does not establish that every part of the examination was devoid of value. Plaintiffs obtained substantive testimony concerning Mumuwan on several noticed subjects:

| Testimony obtained | Notice topics | Transcript |
|---|---|---|
| Confirmation of the supplier identified by Plaintiffs' counsel and testimony concerning purchasing arrangements | 5 and 17 | 36:8–18; 37:11–38:4 |
| Amazon sales channel and fulfillment arrangements | 11 and 17 | 37:11–38:4; 47:10–16 |
| Mumuwan's role as a trading company rather than a manufacturer | 5 and 15 | 53:7–19 |
| Product-design changes, multiple versions, reasons for those changes, and Ms. Zhang's statement that a written document containing the specifics had been provided | 4, 10, and 27 | 38:6–39:14; 82:14–85:13 |
| Estimated product revenue and profits, the relevant period, the source of the estimates, and general cost categories | 22 and 23 | 69:15–73:13 |
| Ownership of Mumuwan | 18 | 87:21–88:4 |

| Testimony obtained | Notice topics | Transcript |
|---|---|---|
| Ms. Zhang's stated basis for Defendants' invalidity position and her reference to previously submitted evidence of earlier online sales | 34 and 37 | 92:14–93:3 |

Defendants do not contend that every noticed topic was adequately covered. The testimony concerning revenues and profits was approximate, the supplier name was confirmed after Plaintiffs' counsel supplied it, and much of the testimony concerned Mumuwan rather than the other Defendants. Those limits do not erase the testimony Plaintiffs obtained. Mr. Rice's closing statement likewise identified particular matters that remained for further examination, including testimony for the other Defendants, remaining Mumuwan subjects, and employee names. Ouyang Decl. Ex. 3, Zhang Tr. 94:16–95:9, 96:14–19. That distinction confirms that the session produced evidence while leaving identified gaps.

In *Aldridge v. Lake County Sheriff's Office*, the court found Rule 30(b)(6) preparation inadequate but considered that the requesting party had obtained at least some requested testimony and granted sanctions only in part. No. 11 C 3041, 2012 WL 3023340, at *5 (N.D. Ill. July 24, 2012) ("Because plaintiff obtained at least some of the testimony it requested in its notice of deposition, we grant plaintiff's motion only in part."). The Order here expressly includes fees and expenses for the original deposition, so Defendants do not read *Aldridge* as categorically barring those expenses. It supports the narrower point that the testimony actually obtained is relevant when the Court determines the reasonable amount of a sanction. Plaintiffs' own Exhibit C applies the same principle. There, the court reduced the fees claimed for a deposition by two-thirds because the movant had not shown that "the entire—or even the majority of—the second deposition was necessitated by" the misconduct that precipitated the motion. *Pable v. Chicago Transit Authority*, No. 19 CV 7868, 2024 WL 3688708, 2024 U.S. Dist. LEXIS 140218, at *28–29 (N.D. Ill. Aug. 7, 2024) (internal quotation marks omitted) (Dkt.

97-4 at 10), *aff'd*, 145 F.4th 712 (7th Cir. 2025).

The same causation principle answers Plaintiffs' contention that their separate notice of Ms. Zhang's individual deposition provides "no basis for reducing" the deposition fees or expenses. Dkt. 97 at 7. Defendants do not seek a separate reduction on that basis. But Plaintiffs noticed Ms. Zhang individually for the same date and time, Ouyang Decl. ¶ 3 & Exs. 1–2, and the motion the Court granted sought adequate Rule 30(b)(6) testimony, not further individual testimony. Dkt. 88. The simultaneous individual notice provides additional context for examining whether any portion of the session's attorney, interpreter, and reporter expenses would have been incurred independently of the Rule 30(b)(6) preparation deficiencies. The transcript does not identify a separate block of individual testimony, and Defendants do not request a mechanical allocation based on the two notices. *See Pable,* 2024 U.S. Dist. LEXIS 140218, at *32 (excluding fees and costs "that would have been incurred regardless of disputes stemming from Quest's deficient discovery response"). The requested adjustment instead rests on the identifiable testimony obtained during the examination.

**3. A conservative twenty-percent adjustment is appropriate**

After excluding the $380 time discrepancy and $1,080 in unsupported third-party charges (Part IV.A.4, below), $7,600 remains in claimed original-deposition fees and expenses. Defendants do not apply the adjustment to the $675 attributable to the forty-five-minute wait for the examination to begin, consisting of $450 in attorney time and $225 in interpreter time. The remaining $6,925 is the amount to which Defendants apply the requested twenty-percent adjustment for testimony Plaintiffs obtained and may continue to use. This adjustment is not a mechanical count of the forty-one noticed topics. It reflects the identifiable value of testimony on operational, product, financial, ownership, and invalidity subjects, while recognizing that

substantial examination remained necessary.

Twenty percent of $6,925 is $1,385. Together with the $380 time discrepancy and $1,080 in unsupported third-party charges, this produces a total reduction of $2,845 and limits the recoverable amount for the original deposition to $6,215. If the Court declines to make an allocation based on the testimony obtained, it should at minimum exclude the $380 time difference and $1,080 in unsupported third-party charges.

**4. The third-party invoice includes $1,080 in unsupported charges**

The Esquire invoice includes $150 for "ELITIGATEZE," $75 for a "Technology Package," $45 for a condensed transcript, $55 for "Processing & Compliance," and $50 for an "Intelligent Summary." Dkt. 97-3. These five charges total $375. The invoice itself states that Esquire's "[t]ranscript package typically includes transcript/word index, exhibits, appearance fee, condensed transcript, litigation support disk, shipping, video charges," yet it bills the condensed transcript separately. *Id.* The Rice Declaration refers generally to "related deposition services" but does not describe these products, explain how they were used, or show why they were reasonably necessary. Dkt. 97-1 ¶ 10. Because Plaintiffs bear the burden of supporting each requested expense, the Court should exclude the $375 on the present record. In addressing taxable costs under Rule 54(d) and 28 U.S.C. § 1920, Plaintiffs' Exhibit G disallowed $2,070 in "exhibit share" fees and explained that additional services beyond regular transcription are not recoverable when incurred solely for counsel's convenience. *Pable v. Chicago Transit Authority*, No. 19 C 7868, Dkt. 217 at 7 (N.D. Ill. Dec. 17, 2024) (Dkt. 97-8). Defendants rely on that reasoning by analogy concerning necessity, not as a categorical restriction on expenses recoverable under Rule 37.

The invoice also includes a $405 premium for six-day expedited transcript delivery.

Plaintiffs' counsel requested an expedited transcript because issues might need to be raised with the Court, and the billing records show motion-drafting work on August 20 and 21. Zhang Tr. 97:14–98:10; Dkt. 97-2 at 1–2. Those facts explain counsel's desire for prompt access to the transcript, but the Submission does not explain why six-day delivery, rather than the ordinary two-week turnaround identified during the deposition, was reasonably necessary. Defendants request exclusion of the $405 premium unless Plaintiffs substantiate that necessity.

Finally, the invoice charges eight hours of interpreter time at $300 per hour, although the period from the noticed start through the conclusion was 6 hours and 58 minutes. Plaintiffs have not identified an eight-hour minimum or otherwise supported the eighth hour. The same invoice includes "APP FEE" charges for six hours—a first hour and five additional hours—for the same session. Dkt. 97-3. The Court should exclude $300. Together with the $375 in ancillary products and $405 expedited-delivery premium, the challenged third-party charges total $1,080.

**B. The Meet-and-Confer Request Should Be Reduced by Two Hours**

Reasonable time spent on conferral that results from the discovery failure at issue may be compensable. *See Pable*, 2024 U.S. Dist. LEXIS 140218, at *34 (finding no clear error in awarding fees for conferences that "were a result of plaintiff's failure to produce relevant discovery"). Defendants therefore do not seek exclusion merely because Local Rule 37.2 required the parties to confer. The question is whether the 6.4 hours claimed are adequately allocated and reasonably related to the motion.

The largest entry, 3.3 hours on August 20, combines a conference, a follow-up email, and drafting the motion to compel. Dkt. 97-2 at 1. The entry does not allocate time among those tasks. Its drafting component also precedes the separate motion entries beginning the next day. Although block billing is not prohibited, an entry must still provide enough information to

determine whether the time was reasonably spent. *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006) (block billing "is not a prohibited practice"); *Bigfoot*, Dkt. 169 at 9 ("[W]hen the time records do not describe tasks with particularity, and do not reveal the amount of time claimed to have been spent on each particular task, the judge is in no position to make a reasonable estimate of the amount of time that should have been required." (quoting *Bretford Manufacturing, Inc. v. Smith System Manufacturing Co.*, 421 F. Supp. 2d 1117, 1119 (N.D. Ill. 2006))). A two-hour reduction accounts for the unallocated drafting component and the inability to distinguish it from later motion work. The compensable meet-and-confer time should not exceed 4.4 hours, or $2,640.

**C. The 14.3 Hours Spent Preparing and Filing the Motion Should Be Reduced to Six Hours**

The 18.6 hours in Plaintiffs' motion category include 14.3 hours for drafting, repeated revisions, exhibits, and filing; 1.6 hours for reviewing Defendants' opposition and preparing for oral argument; and 2.7 hours for the hearing and travel. Dkt. 97-2 at 2. This objection concerns principally the 14.3-hour preparation component.

The filed motion was thirteen pages including the caption and signature block. Dkt. 88. It relied on one approximately 100-page deposition transcript and the parties' own correspondence. Plaintiffs nevertheless assigned three experienced attorneys to successive rounds of drafting and review. Mr. Rice billed 0.8 hours to prepare a draft. Mr. Lubezny then billed four review-and-edit entries totaling 6.0 hours before the opposition. Ms. Saito billed 7.5 hours to review, revise, prepare exhibits, and file. Dkt. 97-2 at 2. The separate August 20 meet-and-confer entry also includes unspecified motion drafting. Plaintiffs billed motion-drafting work on August 20 and 21, and Defendants confirmed on August 21 that they would make a witness available for a further Rule 30(b)(6) deposition. Plaintiffs subsequently billed further revisions and exhibit

preparation on September 20 and 21. Dkt. 97-2 at 1–2; Dkt. 91-1 ¶ 2.

Collaboration is not inherently duplicative, and a second lawyer may reasonably review a draft. But successive senior-level reviews must be justified, *see Schlacher*, 574 F.3d at 858, and Plaintiffs' own authorities reduced this very pattern. In *Bigfoot*, the court found it "unreasonable that three attorneys worked on" a "relatively simple motion" and reduced a senior partner's 7.7-hour "final review" to two hours. Dkt. 169 at 10–12. The court in *Sloan Valve Co. v. Zurn Industries, Inc.* likewise awarded only twenty percent of the senior attorneys' fees where the movant had "not demonstrated why it was necessary for four attorneys – including two senior partners – to work on the motion." No. 10-cv-204, Dkt. 377 at 5–6 (N.D. Ill. Aug. 27, 2012) (Dkt. 97-7). Here, all three lawyers have at least twenty-five years of experience, Dkt. 97 at 4, and the records do not explain what Mr. Lubezny's four review-and-edit entries or Ms. Saito's further review added to Mr. Rice's draft. Ms. Saito's September 21 entry to "[p]repare and file motion with new exhibits" also includes filing work that is not compensable at an attorney rate. *Spegon*, 175 F.3d at 553; *Philips,* Dkt. 629 at 6 – 7.

Applying those principles entry by entry, the records support an allowance of no more than 6.0 hours out of the 14.3 preparation hours claimed:

| Date | Attorney | Entry (Dkt. 97-2 at 2) | Claimed | Proposed allowance | Basis |
|---|---|---|---|---|---|
| Aug. 21 | Rice | Prepare draft of motion | 0.8 | 0.8 | Initial draft |
| Aug. 21 | Lubezny | Review and edit draft | 1.2 | 1.2 | One review by a second lawyer |
| Sept. 1 | Lubezny | Review and revise updated motion | 0.8 | 0.0 | Repeat review by same lawyer; contribution unexplained |
| Sept. 2 | Lubezny | Continue to revise draft | 1.4 | 0.0 | Same-day revision by a second reviewer; distinct contribution not explained |
| Sept. 2 | Saito | Review and revise motion | 2.9 | 1.0 | Review by a third senior lawyer |
| Sept. 20 | Saito | Revise motion; prepare exhibits | 3.7 | 2.0 | Mixed revision and exhibit-preparation entry; clerical component and distinction from September 21 exhibit work not |

| Date | Attorney | Entry (Dkt. 97-2 at 2) | Claimed | Proposed allowance | Basis |
|---|---|---|---|---|---|
| | | | | | explained |
| Sept. 21 | Lubezny | Review and edit motion | 2.6 | 1.0 | Fourth review by same lawyer; final review only |
| Sept. 21 | Saito | Prepare and file motion with new exhibits | 0.9 | 0.0 | Mixed preparation and filing entry; allocation of substantive and clerical work not provided |
| **Total** | | | **14.3** | **6.0** | |

Defendants credit Mr. Rice's initial draft and Mr. Lubezny's first review in full. They propose an allowance of 2.0 hours for Ms. Saito's September 20 entry, which combines revision and exhibit preparation without allocating the time. Her September 21 entry also includes exhibit preparation and filing, but the descriptions do not distinguish the work performed on the two dates or separate substantive preparation from clerical filing. Dkt. 97-2 at 2. Defendants propose one hour each for Ms. Saito's September 2 review and Mr. Lubezny's September 21 final review. *Bigfoot* illustrates that successive review time remains subject to reduction when its necessity is not adequately explained; it does not establish a fixed allowance for this motion. Dkt. 169 at 9–12. Defendants request exclusion of the remaining inadequately explained review, preparation, and filing time on the present record. *Spegon*, 175 F.3d at 552–53; *Philips*, Dkt. 629 at 6–7. The resulting proposed reduction is 8.3 hours, or $4,980 at the claimed rate.

Alternatively, if the Court concludes that the generic entries do not permit a reliable entry-by-entry assessment, Defendants request the following separate allocation by stage, totaling six hours, based on the drafting, revision, review, and filing tasks identified in the records.

| Stage | Claimed | Requested maximum |
|---|---|---|
| Initial drafting and revisions from August 21 through September 2 | 7.1 hours | 2.5 hours |
| Final revisions, exhibits, review, and filing on September 20 and 21 | 7.2 hours | 3.5 hours |
| Total preparation and filing | 14.3 hours | 6.0 hours |

A six-hour allowance comprises 2.5 hours for the initial draft and early revisions and 3.5 hours for the final update, exhibits, one review, and filing. The 8.3-hour reduction equals $4,980 at the claimed rate. Defendants' proposed calculation retains the full 2.7-hour hearing-and-travel entry and the 1.6-hour opposition-review and oral-argument-preparation entry. The requested reduction in this category is limited to the 8.3 hours identified within the motion-preparation component.

**D. Plaintiffs Should Not Recover Fees for Preparing the Fee Submission**

Plaintiffs seek 7.4 hours, or $4,440, for preparing the nine-page Submission, the Rice Declaration, calculations, and exhibits. Dkt. 97-2 at 3. Reasonable time spent establishing a fee award may be recoverable. *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). The hours claimed remain subject to reasonableness review. *Spegon*, 175 F.3d at 554. Plaintiffs' Exhibit G also describes an award of fees for defending a fee award as discretionary. Pable, Dkt. 217 at 3.

As a threshold matter, the Order did not shift fee-Submission time. It directed Plaintiffs to file "the expenses and fees for the failed deposition and for filing of the motion." Dkt. 94. Time spent after the hearing preparing the Submission is neither. Plaintiffs' own authorities declined fees outside the scope of the underlying order and fees for the fee motion itself. *Sloan Valve*, Dkt. 377 at 6 (declining fees for tasks the court's prior orders had not awarded); *Bigfoot*, Dkt. 169 at 4–5 (awarding Rule 37(a)(5)(A) fees for the motion to compel but denying "the request for attorneys' fees and expenses related to the filing of the Motion for Fees itself").

Plaintiffs' own Exhibit G illustrates the Court's discretion to decline fees incurred pursuing an additional fee request where the underlying award has already made the prevailing party whole. *Pable*, Dkt. 217 at 4–5 (concluding that an additional award of fees on fees would

be greater than necessary because the prevailing party had already been made whole). *Pable* involved an additional request after an earlier fee award and therefore does not establish a categorical bar here. It nevertheless supports denying the separate fee-Submission request where the discovery award itself fully compensates Plaintiffs for the reasonable expenses the Court ordered shifted.

The records also show that the 7.4 hours are not reasonably supported. The principal 4.9-hour entry combines additional legal research, review of billing and conferral records, revisions, calculations, and exhibit preparation without allocating the time. Dkt. 97-2 at 3. The Submission relied principally on Plaintiffs' own existing time records, one invoice, and the procedural history. On this record, the Court should exclude the requested $4,440 in its entirety. At a minimum, the Court should reduce the fee-Submission time to no more than 2.0 hours, or $1,200. *See Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894–95 (7th Cir. 2001) (affirming a reduction of attorney time for the fee petition from 10.5 hours to two hours in light of the limited merits work and the minimum time needed to prepare a submission complying with local rules); *Spegon*, 175 F.3d at 554. Defendants do not contend that these decisions impose a categorical two-hour limit; the requested allowance rests on the work identified in Plaintiffs' records and the limited scope of the Submission.

**E. Any Future Request Remains Subject to Separate Review**

Plaintiffs reserve the right to seek fees and expenses associated with a continued Rule 30(b)(6) deposition, but the present Submission excludes those future amounts. Dkt. 97 at 8; Dkt. 97-1 ¶ 13. The Court should limit its present ruling to the amounts now requested. Any later application should identify the work performed, the time incurred, the expenses claimed, and any overlap with the present award. Defendants reserve their objections to the scope, necessity,

amount, and duplication of any later request.

## V. CONCLUSION

Defendants respectfully request that the Court reduce the requested award as follows:

| Category | Requested | Requested maximum | Reduction |
|---|---|---|---|
| Original deposition attorney time and expenses | $9,060 | $6,215 | $2,845 |
| Meet and confer | $3,840 | $2,640 | $1,200 |
| Motion to compel | $11,160 | $6,180 | $4,980 |
| Fee Submission | $4,440 | $0 | $4,440 |
| Total | $28,500 | $15,035 | $13,465 |

If the Court declines the twenty-percent allocation for useful deposition testimony, Defendants request that the Court at minimum deduct the $380 time discrepancy and $1,080 in unsupported third-party expenses, together with the meet-and-confer, motion-preparation, and fee-submission reductions stated above, resulting in an award no greater than $16,420. If the Court allows fees for preparing the Submission, that additional award should not exceed $1,200, representing 2.0 hours. The corresponding total would be no greater than $16,235 with the twenty-percent deposition adjustment, or $17,620 without that adjustment. Defendants request that the Court limit its ruling to the amounts included in the present Submission.

Dated: October 2, 2026

Respectfully submitted,

/s/ Marjorie Ouyang
Marjorie Ouyang
VALLEY & SUMMIT LAW PC
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (909) 248-4522
marjorie.ouyang@valleysummitlaw.com

*Counsel for Defendants/Counter-Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, I electronically filed the foregoing Defendants' Objections to Plaintiffs' Submission of Attorneys' Fees and Expenses with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Marjorie Ouyang
Marjorie Ouyang
VALLEY & SUMMIT LAW PC
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (909) 248-4522
marjorie.ouyang@valleysummitlaw.com

*Counsel for Defendants/Counter-Plaintiffs*