**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| XIAOLING CHE AND JINYAN DUAN, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | |
| | ) | No. 25 C 4946 |
| SHENZHEN XIMEIKEJI YOUXIAN GONGSI; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI-SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| *Defendants.* | ) | |

**OPINION & ORDER**

Defendants failed to adequately prepare one of their Federal Rule of Civil Procedure 30(b)(6) witnesses. This caused Plaintiffs to file a Motion To Compel Adequate Rule 30(B)(6) Testimony and Supplemental Document Production and for an Award Of Fees And Expenses. (Dkt. 88). The Court held oral argument over the motion. Defendants' lead counsel failed to appear and the counsel that did appear was unprepared to address the merits of Plaintiffs' Motion. The Court granted Plaintiffs' Motion. (Dkt. 94). The Court ordered Plaintiffs to "file the expenses and fees for the failed deposition and for filing of the motion" for the Court's review. (*Id.*) Plaintiff complied. (Dkt. 97). Plaintiffs seek $28,500 in fees. (*Id.*) Defendants object to this amount; they request that the Court reduce the fee amount in a variety of ways, each bringing the total amount to around $15,000. (Dkt. 103 at 15). The Court rejects Defendants' objections and orders them to pay Plaintiffs the full $28,500 within ten days of this Order.

"A party 'has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects identified in a Rule 30(b)(6) notice.'" *See Rogers v. Dart*, 2025 WL 1908143, at *3 (N.D. Ill. July 10, 2025) (quoting *Zeikos Inv. v. Walgreen Co.*, 2024 WL 4836071, at *1 (N.D. Ill. Nov. 20, 2024)). "The failure to produce an educated Rule 30(b)(6) designee is tantamount to a failure to appear and warrants the imposition of sanctions under Rule 37(d), including reasonable expenses (as well as transcript costs) incurred in taking a new deposition." *See id*. If a party fails to adequately prepare a witness, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). If the Court grants the motion, it "must, after giving an opportunity to be heard, require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless any of the three exceptions apply. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see also* Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3). Furthermore, under Rule 30(d)(2) "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred

by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

The Court granted Plaintiffs' Motion to Compel, the Court must therefore order Defendants to pay Plaintiffs' fees unless any one of these three exceptions apply:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing part's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *Pable v. Chicago Transit Auth.*, 145 F.4th 712, 723 (7th Cir. 2025). None apply. Plaintiffs satisfied the first exception. (Dkt. 88 at 2). The Court finds no basis for the third exception to apply. The Court therefore proceeds to the second exception and Defendants' arguments against imposition of fees. (Dkt. 103).

A party's duty to adequately prepare their Rule 30(b)(6) witness is fundamental. Defendants failed to explain why they did not prepare their witness. (Dkt. 103). The Court sees no good faith basis. This is no scenario, for example, where a party sought an unreasonable number of 30(b)(6) topics on far reaching, complex, or difficult issues. Plaintiffs noticed-up just 41 topics on relevant issues. (Dkt. 88-2). That is reasonable. Nor is this a scenario where the witness struggled on one or two of the dozens of listed topics. Defendants' witness was wholly unprepared. (Dkt. 88-1). Defendants raise no arguments justifying their conduct, they instead quibble about various aspects of Plaintiffs' fee demand. (Dkt. 103).

Defendants first seek to reduce 38 minutes ($380) from Plaintiffs deposition because Plaintiffs billed more time than the actual deposition took. (Dkt. 103 at 4-5). This is meritless. On days of depositions it is indeed quite common, if not the norm, for attorneys to bill far more time than the actual time the deponent sat for the deposition. This only makes sense as depositions require substantial preparation, travel, and tasks outside of the on record time. Defendants also contend that Plaintiffs received some useful deposition testimony which warrants a 20% downward adjustment removing $1,385 from the fees amount. (*Id.* at 5-8). Defendants' witness was completely unprepared, had zero knowledge for three of the four defendants, and was unable to provide information relevant to Defendants topics even for her own company. (Dkt. 88-1). No such reduction is warranted. Defendants seek to exclude $1,080 in what it deems "unsupported" "third-party invoice" charges. (Dkt. 103 at 8-9). Defendants object to having to pay the fees Plaintiffs incurred in receiving the deposition transcript and for interpreter fees. (*Id.*) This is frivolous. Defendants forced Plaintiffs to prepare for a non-English deposition; part and parcel to that process is of course the fees paying for the transcript, delivery, and interpreter. That Plaintiffs sought expedited shipping—no doubt to review the transcript for the very motion the Court is addressing right now—is a nonstarter. That the interpreted did not sit for the full eight hours she charged is again not a valid basis to not pay Plaintiffs' fees. Many deposition services require full payment regardless of the actual amount of time used—the Court will not force Plaintiffs to bear those costs for Defendants' mistakes. Defendants also contend that Plaintiffs fees regarding their meet and confer efforts should be reduced. (Dkt. 103 at 9-10). Plaintiffs were required to undertake

this process by the Local Rules and this Court's Standing Order. L.R. 37.2; Chief Judge Standing Order – Discovery.[1] The fees are neither unreasonable nor excessive and Plaintiffs' compliance with the rules is far from a valid basis for reducing the fees.

Defendants' final arguments—seeking to reduce the fees Plaintiffs incurred drafting their motion to compel and motion for fees—do not withstand scrutiny. (Dkt. 103 at 10-14). Testiminoy from a party's corporate witness is critical evidence in any case. Plaintiffs' Motion to Compel reflects the seriousness of the evidence Defendants deprived them of. (Dkt. 88). It is a 13 page fully briefed, researched, and supported Motion. (*Id.*) That Plaintiffs only took 14.3 hours is indeed quite impressive. Defendants' contentions that Plaintiffs' work on the Motion is duplicative or redundant falls flat. (Dkt. 103 at 10-12). A motion to a Court must comport with Rule 11; failing to take adequate time to ensure the representations are accurate, well supported, and grounded in fact and law can result in sanctions. The surest way to avoid such a result is to have multiple team members review the draft prior to filing. Plaintiffs did just that. Defendants' last point, that they should not have to pay the fees Plaintiffs incurred filing their fee submission is not well taken. The Court ordered Plaintiffs to file their fee submission. (Dkt. 94); L.R. 54.3. The 7.4 hours they took to comply with the Court's Order is not unreasonable.

The simple fact remains that Plaintiffs would have incurred none of these fees had Defendants complied with the rules. Rule 37 permits the Court to award fees "necessary to cure the prejudice." *Pable*, 145 F.4th at 723. To make Plaintiffs whole, the Court hereby Orders Defendants to pay Plaintiffs $28,500 within ten days of this Order. *Id.*; Fed. R. Civ. P. 37(a)(5)(A).



Virginia M. Kendall
United States District Judge

Date: October 23, 2026

[1] https://www.ilnd.uscourts.gov/judge_display.php?LastName=Kendall.