# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **XIAOLING CHE AND JINYAN DUAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**SHENZHEN XIMEIKEJI YOUXIAN GONGSI; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI-SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI**<br>Defendants. | **Civil Action No. 1:25-cv-04946** |

**DEFENDANTS' INITIAL NON-INFRINGEMENT AND INVALIDITY CONTENTIONS**

Pursuant to Fed. R. Civ. P. 26(a)(1), Local Patent Rule 2.3, Defendants Shenzhen Ximeikeji Youxian Gongsi; Shenzhen Mumuwan Maoyi Youxian Gong Si; QingYunXianGeSiWeiShangMaoYouXianGongSi; and Shenzhen Mengdudu Chongwu Yongpin Youxian Gongsi (collectively "Defendants") hereby serve their Initial Non-Infringement and Invalidity Contentions that U.S. Patent No. 12,220,648 (the "'648 Patent"): (1) is invalid in light of the prior art references cited; (2) is not infringed by the Accused Products.

The attached non-infringement contentions list Defendants' reasons for believing that the Accused Instrumentalities do not meet the elements of each asserted claim, however Defendants reserve the right to revise such charts, including no longer maintaining infringement of elements

presently believed to infringe, based on additional discovery, prior art, and the Court's claim and term construction determinations.

The attached invalidity claim charts (i) list specific examples of where the prior art discloses, either expressly or inherently, each limitation of the claims of the '648 Patent and (ii) identify examples of modifications to and combinations of prior art that render the '648 Patent obvious. These citations are substantial and compliant with all local rules, but they are not intended to be exhaustive. The citation of certain exemplary obviousness combinations does not exclude other combinations. The obviousness combinations are not intended to be exhaustive, and Defendants reserve the right to assert additional theories of invalidity.

The attached invalidity claim charts cite to particular teachings and disclosures of the prior art as applied to features of the claims of the '648 Patent. However, persons with ordinary skill in the art generally may view an item of prior art in the context of other documents, materials, literature, products, publications, and understanding. Therefore, it should be understood that the cited portions of prior art identified herein are exemplary only. Defendants reserve the right to rely on the entirety of the prior art references listed herein, including any un-cited portions of those prior art references, and on other publications and/or expert testimony shedding light on those prior art references including as aids in understanding and interpreting the cited portions of such references, as providing context thereto, and as additional evidence that the prior art discloses a claim limitation.

Defendants may also rely upon documents, products, testimony, and other evidence to establish bases for and motivations to make combinations and/or modifications of certain cited references that would render the claims of one or more of the '648 Patent obvious. Defendants may rely upon corroborating materials, documents, products, testimony, and other evidence including materials

obtained through further investigation and third-party discovery of the prior art identified herein, that describes the invalidating features identified in these contentions; evidence of the state of the art in the relevant time period (irrespective of whether such references themselves qualify as prior art to the ’648 Patent), including prior art listed on the face of the ’648 Patent and/or disclosed in their specifications (hereafter “Admitted Prior Art”); and/or expert testimony to provide context to or aid in understanding the cited portions of the identified prior art.

In addition to the prior art identified herein and in the accompanying Exhibits, Defendants also incorporate by reference any prior art disclosed at any time by parties in the present dispute or by any party to any other litigation of U.S. Patent and Trademark Office or foreign proceeding involving the ’648 Patent or related patents.

For the purpose of these invalidity contentions, Defendants have identified prior art references and created element-by-element claim charts based on apparent claim constructions of the published patent. The citation of any prior art herein and the accompanying Exhibits hereto is not intended to reflect or limit Defendants’ claim construction contentions, which shall be disclosed in due course. Nothing contained or stated herein shall be treated as an admission or suggestion as to Defendants belief as to how the claims of the ’648 Patent should be constructed, nor shall anything contained or stated herein be treated as an admission or suggestion that any of Defendants’ technologies would meet any limitations of the ’648 Patent claims.

For any claim limitation that Plaintiff may contend is not disclosed in the cited prior art, Defendants reserve the right to assert that the limitation is inherent, the limitation would have been obvious to a person of ordinary skill in the art (hereinafter, “POSITA”), or that the limitation is disclosed in other prior art that may be combined with the cited prior art. Defendants will supplement these disclosures should they later find additional, responsive documents, such as, but

not limited to, documents produced by third parties in discovery. Much of the art identified below and in the Exhibits reflects common knowledge and the state of the art prior to the filing dates of the ’648 Patent.

**LPR 2.3(a)**

Pursuant to Local Patent Rule 2.3(a) Defendants hereby attach Exhibit 1, which shows a chart demonstrating elements of the ’648 Patent that are not met by the accused products. At this time Defendants do not invoke 35 U.S.C. § 112(f) towards any of the claims. Defendants reserve the right to supplement the foregoing upon further review, through discovery, or otherwise. Defendants further note that the claims have not yet been subject of a Markman holding and reserves the right to modify their non-infringement contentions based on the construction of the claims.

**LPR 2.3(b) Invalidity Contentions**

*1. Identification of Prior Art*

Defendants identify the following prior art references that invalidity the asserted claims of the ’648 Patent.

| No. | **Author/Publisher/ Inventor/Source** | **Patent/Publication No.** | **Title/Name/Activity** | **Published/Issue, Availability, or First Use, Sale, Disclosure, or Offer to Sell Date** | **Country of Origin** | **Abbreviation/ Short Name** |
|---|---|---|---|---|---|---|
| 1 | Florance Shultz | 5,127,720 | Lottery Ticket Tray | Jul. 7, 1992 | U.S. | Shultz |
| 2 | Mary L. Ackerman | 400,600 | Jigsaw Puzzle Assembly And Storage Device | Nov. 3, 1998 | U.S. | Ackerman, |
| 3 | Fereniki Malki | 2021/0170267 | Jigsaw Puzzle Workboard With Storage Drawers | Jun. 10 , 2021 | U.S. | Malki |
| 4 | Bits and Pieces | https://www.youtube.com/watch?v=Cp3mXjmOqTI | Bits and Pieces Jumbo Size Wooden Puzzle Plateau Review | Nov 23, 2017 | U.S. | B&P |
| 5 | Fernand Demers | 7,552,821 | Puzzle storage And Service Case | Jun. 30, 2009 | U.S. | Demers, |
| 6 | Rose Home Fashion | https://www.amazon.com/product-reviews/B07XR17W6T/ref=cm_cr_getr_d_paging_btm_next_10?pd_rd_i=B07XR17W6T&sortB | 1500 Piece Wooden Puzzle Board 4 Drawers and Cover | Nov. 22, 2019 | U.S. | Rose |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | y=recent&pageNumber=10 | | | | |
| 7 | Puzzle Ready | https://www.amazon.com/Portable-Puzzle-Board-Storage-Table/product-reviews/B07HCZX52Y/ref=cm_cr_arp_d_viewopt_srt?ie=UTF8&reviewerType=all_reviews&sortBy=helpful&pageNumber=1 | Puzzle Ready Puzzle Board | Dec. 27, 2018 | U.S. | Puzzle Ready |

Defendants expect that these disclosures may be amended or supplemented based on additional prior art references identified during the course of discovery of which Defendants were not aware of at the time of these disclosures. Defendants further reserve the right to utilize the above examples to demonstrate the state of the art and knowledge of a POSITA at the time of their publication.

*2. Reasons for Invalidity*

Defendants state that B&P anticipates all of the asserted claims of the ’648 Patent. Defendants further state that Malki anticipates claims 1, 5, 6, 9, 17, 19, and 23, while Ackerman anticipates claims 1 and 9. Defendants further state that Shultz renders obvious all of the asserted claims, either in light of itself, or in combination with B&P and/or Malki. Ackermanrenders claims 2, 3, 4, 5, 6, 10, 11, 12, 13, 14, 15, 17 obvious, either in light of itself, or in combination with B&P or Malki. Furthermore, Malki renders claims 2, 3, 4, 10, 11, 12, 13, 14, 15 obvious, either in light of itself, or in combination with either B&P or Ackerman.

*3. Invalidity Charts*

Exhibits A through D, attached hereto, show where each element of each asserted claim is found in the prior art.

*4. Other Grounds*

Defendants have not asserted invalidity based on indefiniteness, lack of written description, enablement, or unpatentability at this time. Defendants reserve the right to supplement or amend these disclosures to assert these grounds of invalidity based on additional discovery, prior art, and the Court’s claim and term construction determinations.

**LPR 2.3(c) Unenforceability**

Defendants have not asserted that the '648 Patent is unenforceable at this time. Defendants reserve the right to supplement or amend these disclosures to assert unenforceability based on additional discovery, prior art, and the Court's claim and term construction determinations.

DATED November 24, 2025.

Respectfully submitted,

By: */s/ Stevenson Moore*

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Stevenson Moore
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on Plaintiff's counsel of record on November 24, 2025 via email, pursuant to the Federal Rules of Civil Procedure.

*/s/ Stevenson Moore*
Stevenson Moore