# Exhibit K

# *Sloan Valve Co. v. Zurn Indus.*

United States District Court for the Northern District of Illinois, Eastern Division

February 20, 2013, Decided; February 20, 2013, Filed

Case No. 10 C 204

**Reporter**
2013 U.S. Dist. LEXIS 22739 *; 2013 WL 622951

SLOAN VALVE COMPANY, a Delaware corporation, Plaintiff, v. ZURN INDUSTRIES, INC., a Delaware corporation, and ZURN INDUSTRIES, LLC, a Delaware limited liability company, Defendants.

**Subsequent History:** Motion to strike granted by, in part, Motion to strike denied by, in part *Sloan Valve Co v. Zurn Indus., 2013 U.S. Dist. LEXIS 155730 (N.D. Ill., Mar. 25, 2013)*

**Prior History:** *Sloan Valve Co. v. Zurn Indus., 2012 U.S. Dist. LEXIS 176554 (N.D. Ill., Dec. 13, 2012)*

**Counsel:** **[*1]** For Sloan Valve Company, a Delaware corporation, Plaintiff, Counter Defendant: Slawomir Z. Szczepanski, LEAD ATTORNEY, Steptoe & Johnson LLP, Chicago, IL; Jason Andrew Berta, Foley & Lardner, Chicago, IL; Richard S. Florsheim, PRO HAC VICE, Foley & Lardner, Milwaukee, WI; Scott Richard Kaspar, Foley & Lardner LLP, Chicago, IL.

For Zurn Industries, Inc., a Delaware corporation, Zurn Industries, LLC., a Delaware limited liability company, Defendants: Bryan C. Clark, PRO HAC VICE, John W McIlvaine, III, Kent E. Baldauf, jr., PRO HAC VICE, Steven M. Johnston, PRO HAC VICE, Thomas C Wolski, PRO HAC VICE, The Webb Law Firm, Pittsburgh, PA; David R. Cross, Quarles & Brady, Milwaukee, WI; John E Conour, Michael Steven Rhinehart, Nicole M Murray, Quarles & Brady LLP, Chicago, IL.

For Zurn Industries, LLC., a Delaware limited liability company, Zurn Industries, Inc., a Delaware corporation, Counter Claimants: Bryan C. Clark, PRO HAC VICE, Kent E. Baldauf, jr., PRO HAC VICE, Steven M. Johnston, PRO HAC VICE, Thomas C Wolski, PRO HAC VICE, The Webb Law Firm, Pittsburgh, PA; Michael Steven Rhinehart, Nicole M Murray, Quarles & Brady LLP, Chicago, IL.

For Zurn Industries, LLC., a Delaware limited liability **[*2]** company, Zurn Industries, Inc., a Delaware corporation, Counter Claimants: Bryan C. Clark, PRO HAC VICE, John W McIlvaine, III, Kent E. Baldauf, jr., PRO HAC VICE, Steven M. Johnston, PRO HAC VICE, Thomas C Wolski, PRO HAC VICE, The Webb Law Firm, Pittsburgh, PA; Michael Steven Rhinehart, Nicole M Murray, Quarles & Brady LLP, Chicago, IL.

**Judges:** AMY J. ST. EVE, United States District Judge.

**Opinion by:** AMY J. ST. EVE

## Opinion

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Sloan Valve Company ("Sloan") accuses Defendant Zurn Industries, Inc. and Zurn Industries, LLC. (collectively, "Zurn") of patent infringement. Sloan now seeks leave to amend its final infringement contentions. (R. 451, Mot.) In its memorandum opposing Sloan's motion, Zurn included a cross-motion for leave to amend its contentions and opening expert report, and amend the scheduling order. For the following reasons, the Court denies Sloan's motion, and denies Zurn's cross-motion as moot.

**BACKGROUND**

This case concerns U.S. Patent No. 7,607, 635, entitled "Flush Valve Handle Assembly Providing Dual Mode Operation" (the "'635 Patent" or the "Wilson Patent"), and the corresponding U.S. Patent Application Publication No. 2006/0151729 **[*3]** (the "Published Wilson Patent Application"). On January 13, 2010, Sloan commenced this action against Zurn seeking (a) damages and injunctive relief for Zurn's alleged infringement of the '635 Patent; and (b) provisional damages for Zurn's alleged making, sale, and use of inventions that the Published Wilson Patent Application covers. (*See* R. 1, Compl. 34-38.) The parties are currently in the middle of expert discovery. On

December 13, 2012, the Court entered an amended scheduling order requiring the parties submit initial expert reports by January 28, 2013 and rebuttal expert reports by March 4, 2013. (R. 443.) Fact discovery closed October 26, 2012. (R. 392.)

On August 15, 2012, Zurn filed a motion for partial summary judgment on Count II arguing that Sloan is not entitled to provisional remedies based on Claims 7, 8, and 12 of the '635 Patent. (R. 364, at 1-2.) In order to address this issue in part, on September 11, 2012, Sloan filed a Motion for Leave to Amend Its Final Infringement Contentions in order to "specifically recite [its] claim for provisional damages relating to Zurn's pre-issuance activities." (R. 385.) Two days later, on September 13, 2012, the Court issued its claim **[*4]** construction ruling. (R. 391.) On October 2, 2012, the Court granted Sloan's Motion for Leave to Amend Its Final Infringement Contentions. (R. 399.) On October 9, 2012, Sloan submitted its Amended Final Infringement Contentions ("AFICs"). (R. 419-5.) On November 1, 2012, Zurn filed a Motion seeking Leave to Amend its Final Non-Infringement and Invalidity/Unenforceability Contentions based on Sloan's AFICs. (R. 419.)

Finding that Sloan's AFICs included amendments beyond those sought in its motion, and therefore outside the Court's October 2, 2012 order, on December 13, 2012, the Court struck those portions of Sloan's AFICs that were not relevant to the parties' dispute regarding provisional remedies under *Section 154(d)* and granted Zurn's motion in part. (R. 441.) Sloan served on Zurn its Second Amended Final Infringement Contentions on December 20-21, 2012, pursuant to the Court's December 13, 2012 order. (R. 445.) On December 11, 2012, the parties agreed to stay proceedings until the January 16, 2013 settlement conference before Magistrate Judge Schenkier. (Mot. at 12.) After the parties did not reach a settlement, on January 28, 2013, Sloan filed the present Motion for Leave to Amend **[*5]** its Final Infringement Contentions.

## LEGAL STANDARD

Local Patent *Rule 3.4* provides that a party may amend its final infringement contentions only by order of court "upon a showing of good cause and absence of unfair prejudice to opposing parties made promptly upon discovery of the basis for the amendment." *L.P.R. 3.4*; *see also* *Fujitsu Ltd. v. Tellabs Ops., Inc., Nos. 08 C 3379, 09 C 4530, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979, at *4 (N.D. Ill. Mar. 21, 2012)*. The purpose of the local patent rules regarding infringement contentions is to "prevent a shifting sands approach to claim construction by forcing the parties to crystallize their theories of the case early in litigation." *Fujitsu, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979 at *4* (internal quotations omitted). Furthermore, "[t]he purpose of infringement contentions is to provide notice of the plaintiff's theories of infringement early in the case because, in practice, it is difficult to obtain such information through traditional discovery means, such as interrogatories." *Id.*

Under Local Patent *Rule 3.4*, a claim construction ruling different than the one proposed by a party may constitute good cause warranting amendment, absent undue prejudice to the non-moving party. *See* *L.P.R. 3.4* **[*6]** ("An example of a circumstance that may support a finding of good cause, absent undue prejudice to the non-moving party, includes a claim construction by the Court different from that proposed by the party seeking amendment."). A party's showing of good cause, however, must also show diligence in amending the contentions. *See* *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006)* (The "good cause" showing is not met "merely because new evidence was revealed during discovery" without also showing diligence in amending the contentions.) In particular, the Local Patent Rules require the moving party "to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *Trading Techs. Int'l, Inc. v. BCG Partners, Inc., 10 C 715, 2011 U.S. Dist. LEXIS 99415, 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011)*. In showing diligence, the relevant inquiry is not when the party learned about the information, but when it could have made the discovery. *Thermapure, Inc. v. Giertsen Co. of Ill., 10 C 4724, 2012 U.S. Dist. LEXIS 175612, 2012 WL 6196912 (N.D. Ill. Dec. 11, 2012)*.

## ANALYSIS

Sloan seeks to make three amendments to its Second Amended Final Infringement Contentions ("Final **[*7]** Contentions"). (Mot. at 1.) First, Sloan seeks to add what it describes as "facts and data that will be offered into evidence at trial to support [its] infringement theory." (*Id.* at 3.) Specifically, it seeks to add: (1) "the computer-assisted analysis that was added in the October 9, 2012 infringement contentions that illustrates how the plunger of Zurn's accused product travels ("Amendment 1"); and (2) "facts and data that will be offered into evidence at trial to support Sloan's infringement theory that Sloan

acquired after its October 9, 2012 Contentions were served," included in Exhibit A to the motion ("Amendment Two"). (*Id.*; R. 451-1, Ex. A.) Second, it seeks to add the willfulness discussion from its October 9, 2012 AFICs, which the Court previously struck, and "a brief description of some additional acts regarding Zurn's willfulness that Sloan learned of at an October 23, 2012 deposition of Zurn's counsel" ("Amendment Three"). (*Id.* at 3, 10.) The Court addresses each of these proposed amendments in turn.

**I. Amendment One - Computer-assisted Analysis**

When Sloan served its AFICs on October 9, 2012, after the Court granted its motion seeking leave to amend, it included computer **[*8]** animations which demonstrated the path followed by Zurn's plunger. (Mot. at 5.) Because these animations and data fell outside the scope of the Court's order granting Sloan's motion seeking leave to amend its contentions, and Sloan failed to seek leave to file such contentions, the Court directed Sloan to file amended contentions which did not include these animations. Sloan, therefore, filed its Final Contentions. Sloan now seeks to include reference to this previously-excluded computer-assisted analysis which it claims "shows that the plunger in Zurn's accused products travels along two axes of plunger travel, one of which is horizontal." (*Id.*) Sloan argues that the Court should allow it to amend its contentions in this manner because the Court's construction of the term "axis of plunger travel" differed from that which Sloan proposed. (*Id.*) Specifically, the Court construed the term "axis of travel" as referring to the actual paths followed by the plunger itself, rather than a fixed imaginary line, as Sloan contended. (R. 391, Const. Op. at 32.) According to Sloan, it "should be permitted to amend its contentions rather than risk that they do not fully address a claim construction **[*9]** made in the Court's Markman hearing." (Mot. at 6.) Zurn argues, however, that this amendment would put forth a new theory of infringement, which Zurn cannot advance at this late stage. (R. 459, Resp. at 6-7.)

Under the Local Patent Rules, the Court may find good cause to amend contentions based on a claim construction different from that proposed by the party. L.P.R. 3.4. Sloan contends that the "facts and data" it seeks to include "do not themselves constitute a new contention, but instead provide evidentiary proof that Sloan's experts developed to show that the accused Zurn plunger does in fact travel along two axes, one of which is horizontal, as defined by the Court's claim construction. (R. 466, Reply at 5.) Specifically, it claims that its "infringement theory has always identified the plunger as the element of Zurn's accused products that travels along two axes, one of which is horizontal." (Reply at 4.) Because"[t]he purpose of infringement contentions is to provide notice of the plaintiff's theories of infringement early in the case," and Sloan is not, by its own concession, seeking to change its theory, this proposed amendment to its contentions is unnecessary. *Sloan Valve v. Zurn Industries, Inc., No. 10-cv-00204, 2012 U.S. Dist. LEXIS 176554, 2012 WL 6214608, at *2 (N.D. Ill. Dec. 13, 2012)* **[*10]** (citing *Fujitsu, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979 at *4)*); *see also* *L.P.R. 2.2*. Indeed, Sloan will have an opportunity to serve expert reports outlining and detailing this computer-assisted analysis and other data supporting its theory.

Moreover, in addition to failing to show good cause for this amendment, Sloan has not shown that it sought leave add this amendment "promptly upon discovery of the basis for the amendment." *L.P.R. 3.4*. Indeed, the Court issued its claim construction ruling September 13, 2012 and Sloan did not file the present motion until January 28, 2013. Sloan attempts to hide behind the fact that the parties agreed on December 11, 2012 to stay the proceedings pending the January 16, 2013 settlement conference, and the Court did not direct Sloan to strike the portions of its October 9, 2012 AFICs which correspond to Amendment One until December 13, 2012. (Mot. at 12.) This argument, however, is a red herring. Sloan admits that "the computer modeling was put into Sloan's infringement contentions and served on Zurn less than *one* month after the [C]ourt issued its claim construction ruling," referring **[*11]** to its October 9, 2012 AFICs. (Reply at 6; *see also* Mot at 3 (stating that Amendment One is "computer-assisted analysis that was added in the October 9, 2012 infringement contentions"). Sloan, therefore, had access to this data and had analyzed it prior to October 9, 2012, yet did not seek leave to include these contentions until January 28, 2013. Sloan could have sought leave to amend its contentions before filing its Final Contentions December 28, 2012, or, at a minimum, filed the present motion sooner than twelve days after the parties 'agreed stay of proceedings ended. This lack of diligence and repeated delay by Sloan undermines any good cause it could have to warrant amendment, which, as discussed above, it also has not shown. *See, e.g.,* *Thermapure, Inc. v. Giertsen Co. of Illinois, 10 C 4724, 2012 U.S. Dist. LEXIS 175612, 2012 WL 6196912, at *2 (N.D. Ill. Dec. 11, 2012)* (finding that the Local Patent Rules require the moving party "to proceed with diligence in

amending those contentions when new information comes to light in the course of discovery.") (citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1368 (Fed. Cir. 2006); *see also* Fujitsu, 2011 U.S. Dist. LEXIS 112672, 2011 WL 4577906, at *3. The Court, therefore, **[*12]** denies Sloan's motion regarding Amendment One.

**II. Amendment Two - Facts and Data to Support Infringement Theory**

Exhibit A to Sloan's motion "shows screen shots and excerpts of the facts and data Sloan seeks to include in its infringement contentions" which "were obtained by Sloan's experts in October, November, and December 2012, in the course of preparing their expert reports." (Mot. at 8-9.) The Court denies Sloan's request to add Amendment Two to its infringement contentions for many of the same reasons as Amendment One.

First, Sloan admits that it may not be necessary to include such data in its infringement contentions. (*Id.* at 9) Indeed, "Sloan does not believe that its infringement contentions must disclose all the data supporting its infringement case; rather, Sloan believes that the data to support its infringement contentions must be disclosed in its expert reports." (*Id.*) Additionally, the "proposed additions are evidence that will be used by Sloan at trial to prove its previously disclosed theories of infringement." (*Id.*) Although the Court does not currently address the issue of whether such data will be admissible at trial, the Court agrees that there is no cause at this **[*13]** stage to amend the contentions in order to include extra data to support the theories included in these contentions.

Second, although Sloan argues that it did not discover these facts and data until after it filed its October 9, 2012 contentions, it did not act diligently to seek to include this data in its contentions. As with Amendment One, Sloan could have sought leave to include this data in the contentions it filed in December, or sought leave as soon as the stay of proceedings lifted in mid-January. Sloan, however, did not bring this issue to the Court's attention until January 28, 2013. Because Sloan has not shown good cause to justify adding Amendment Two, and also failed to proceed diligently, the Court denies Sloan's motion regarding Amendment Two.

**III. Amendment Three - Willful Infringement**

"Sloan's third request is to supplement its contention regarding willful infringement to specifically recite facts that Sloan first learned in late September and in October, 2012." (Mot. at 10.) Specifically, Sloan seeks to add material to its willfulness contention based on documents Zurn produced on September 21, 2012 and which Sloan discovered during the deposition of Zurn's opinion counsel, **[*14]** Paul Reznick, on October 23, 2012. (*Id.* at 9-10.) According to Sloan, through the documents it received in September, it learned that the invalidity opinions that Reznick gave Zurn "were the very same arguments the [United States Patent and Trademark Office] rejected in the reexmanation of the *Wilson* patent." (*Id.* at 9.) Furthermore, during the deposition of Mr. Reznick it learned "that at no time after the reexamination did Zurn ask for or receive any opinion from Mr. Reznick that it was safe to keep selling the accused products." (*Id.* at 10.) Sloan deems this information relevant to its contention regarding willful infringement.

Sloan, however, was delinquent in seeking to amend its contentions to reflect this information. Indeed, by Sloan's own admissions, it had obtained all of the information necessary to add Amendment Three to its contentions by October 23, 2012. (*Id.* at 10-11.) Despite having obtained this information in the fall, Sloan offers no explanation in its motion for the three month delay in seeking to amend its contentions in this manner. In its Reply, Sloan attempts to again rely upon the stayed proceedings to justify its delay in filing. The parties, however, did **[*15]** not agree to stay the proceedings until December 11th - over a month and a half after Sloan discovered this new information. Indeed, during that month and a half period, the parties appeared before the Court and filed multiple documents with the Court, yet failed to bring this issue to the Court until months later. Moreover, the parties are currently in the middle of expert discovery, having already exchanged initial expert reports. The Court will not reward such delay by Sloan, particularly when Sloan has not offered any justification for its actions. *See, e.g.,* Thermapure, 2012 U.S. Dist. LEXIS 175612, 2012 WL 6196912 at * 1 ("The party seeking to amend its final infringement contentions has the burden of establishing that it acted diligently and that the accused infringer will suffer no unfair prejudice."). The Court, therefore, denies Sloan's motion regarding Amendment Three.

**CONCLUSION**

For the foregoing reasons, the Court denies Sloan's Motion for Leave to Amend its Final Non-Infringement

Contentions in its entirety. The Court, therefore, denies Zurn's Cross-Motion for Leave to Amend Defendant's Contentions and Opening Expert Report, and Amend the Scheduling Order as moot. (*See* R. 459 at 14.)

**Dated: February [*16] 20, 2013**

**ENTERED**

/s/ Amy J. St. Eve

**AMY J. ST. EVE**

**United States District Judge**

---

End of Document