# Exhibit L

# Peerless Indus. v. Crimson AV, LLC

United States District Court for the Northern District of Illinois, Eastern District

November 27, 2013, Decided; November 27, 2013, Filed

Case No: 11 C 1768

**Reporter**
2013 U.S. Dist. LEXIS 168684 *; 2013 WL 6197096

PEERLESS INDUSTRIES, INC., Plaintiff, v. CRIMSON AV, LLC, and VLADIMIR GLEYZER, Defendants.

**Subsequent History:** Magistrate's recommendation at *Peerless Indus. v. Crimson AV, LLC, 2014 U.S. Dist. LEXIS 97314 (N.D. Ill., Feb. 27, 2014)*

**Prior History:** *Peerless Indus. v. Crimson AV LLC, 2013 U.S. Dist. LEXIS 162148 (N.D. Ill., Nov. 14, 2013)*

**Counsel:** **[*1]** For Peerless Industries, Inc., Plaintiff: Aaron J. Weinzierl, James Daniel Dasso, Jonathan William Garlough, Foley & Lardner, Chicago, IL; Ashley Taylor Corbitt, Foley & Lardner Llp, Chicago, IL.

For Crimson AV, LLC, Defendant: Joseph R. Marconi, LEAD ATTORNEY, Christopher W Loweth, Milutin Miles Sukovic, Peter R. Ryndak, Victor J. Pioli, Johnson & Bell, Ltd., Chicago, IL; Jacques M. Dulin, PRO HAC VICE, Innovation Law Group, Ltd., Sequim, WA.

For Vladimir Gleyzer, Defendant: Joseph R. Marconi, LEAD ATTORNEY, Christopher W Loweth, Milutin Miles Sukovic, Peter R. Ryndak, Victor J. Pioli, Johnson & Bell, Ltd., Chicago, IL.

**Judges:** U.S. District Judge Joan H. Lefkow.

**Opinion by:** Joan H. Lefkow

## Opinion

### OPINION AND ORDER

Presently before the court is a motion for reconsideration filed by defendants, Crimson AV, LLC ("Crimson") and Vladimir Gleyzer ("Gleyzer," together, "defendants"), asking the court to reconsider its ruling of October 2, 2013. (Dkt. 331.) In that ruling, the court reinstated Crimson's motion for partial summary judgment of invalidity but limited defendants to maintaining invalidity defenses that they timely disclosed. For the foregoing reasons, defendants' motion (dkt. 349) is denied.[1]

### BACKGROUND

The court assumes the reader's familiarity with the background of this case, including earlier decisions, as well as the underlying litigation and will set out facts only as necessary for disposition of the remaining issues.[2]

Peerless brought suit against defendants based on their manufacture and sale of television mounts, seeking damages for patent infringement of United States Patent 7,823,850 ("the '850 patent"), trade dress infringement, and various violations of Illinois statutory and common law. (Dkt. 55, Third Am. Compl.) On February 28, 2013, Peerless moved for summary judgment on the issues of infringement and validity. (Dkt. 170.) Crimson moved for summary judgment on the issue of noninfringment on January 18, 2013 (dkt. 134), and on April 5, 2013, of invalidity. (Dkt. 193.) On April 11, **[*3]** 2013 the court denied Crimson's motion for partial summary judgment as to invalidity without prejudice. (Dkt. 200.) On October 1, 2013, the court granted Peerless summary judgment as to infringement, held that Peerless's motion for summary judgment as to validity of the patent was moot, and denied Crimson's motion for summary judgment as to noninfringment. (Dkt. 330.)

The next day, on October 2, 2013, the court partially reinstated Crimson's summary judgment motion as to invalidity (the "October 2 Order"). (Dkt. 331.) In its original motion for summary judgment of invalidity that

---

[1] The court has jurisdiction **[*2]** over this matter pursuant to *28 U.S.C. §§ 1331*, *1338*, and *1367*, and venue is proper under *28 U.S.C. §§ 1391(b)* and *1400(b)*.

[2] In particular, the court laid out the relevant facts in this dispute in its October 1, 2013 Opinion and Order (dkt. 330) granting Peerless's motion for summary judgment as to infringement and denying Crimson's motion for summary judgment as to noninfringment.

Crimson filed on April 5, 2013, Crimson argued the asserted claims were invalid based on (1) the on-sale bar doctrine; (2) failure to name an inventor; (3) failure to disclose the best mode; (4) obviousness; and (5) anticipation. (Dkt. 193.) When the court reinstated Crimson's invalidity motion in the October 2 Order, it limited Crimson to arguing invalidity on bases three through five. The court barred Crimson from asserting bases one and two because Crimson did not properly disclose those bases to Peerless in its invalidity contentions. (Dkt. 331; *see also* dkt. 349 ¶¶ 8-10.) The court explained that a party **[*4]** seeking to amend its final invalidity contentions may do so if it can demonstrate that it acted diligently and the patentee would suffer no prejudice. (Dkt. 331 at 2.) Crimson made no such showing of good cause for amendment in its April 5, 2013 motion. The court noted that Crimson had alleged the on-sale bar doctrine in its amended answer but found that did not save the defense because of Crimson's obligation to disclose the defense in its invalidity contentions pursuant to *Northern District of Illinois Local Patent Rule 3.1*.[3] The court further stated that, if anything, Crimson's inclusion of the on-sale bar doctrine as an invalidity basis in its amended answer "filed *before* it disclosed its invalidity contentions further militates against allowing Crimson to raise the defense at the present time" because that demonstrated Crimson was "undoubtedly aware of the defense." (*Id.* at 3 n.3 (emphasis in original).) As for invalidity based on failure to name an inventor, the court explained that this basis did not appear in Crimson's initial or supplemental invalidity contentions. Nor did Crimson "offer[ ] any explanation as to why it did not timely raise [either of] these defenses." (*Id.* at 3.) **[*5]** Because Crimson had put Peerless on notice of the other three invalidity bases (failure to disclose the best mode, obviousness, anticipation), however, the court determined in its October 2 Order that Crimson could proceed on those bases in its renewed motion for summary judgment. (Dkt. 331 at 3-4.)

Crimson has moved this court to reconsider its October 2 Order barring it from asserting the on-sale bar doctrine and failure to name an inventor as bases for invalidity of the '850 patent. Crimson argues that it could not have had all necessary information to bring these invalidity contentions because the contentions were due "prematurely and well before Plaintiff's (still anticipated) compliance with *Local Patent Rule 2.1*[,] which requires Plaintiff to provide, with specificity, all documents which show public display or offers to sell products using the invention prior to the patent application." (Dkt. 349 ¶ 3.) It also argues that **[*6]** Peerless has been obstinate in its refusal to disclose certain documents in discovery that would have allowed Crimson to discover those bases. (Dkt. 349 ¶¶ 1-2.) Additionally, Crimson argues that it did not learn much of the information necessary to formulate these invalidity contentions until the deposition of Dr. Genady Plavnik (the patent inventor Peerless allegedly failed to name) on May 31, 2013. (*Id.*) Crimson notes that Peerless had initially subpoenaed this deposition to take place earlier but cancelled it after Plavnik issued his statement. (*Id.* at ¶ 13.) Crimson now requests leave to supplement its invalidity contentions once it completes all necessary discovery (much of which it asserts Peerless has delayed in providing), and asserts that such leave is appropriate given various outstanding discovery requests. (*Id.* at ¶ 35.) In the alternative, if the court does not grant Crimson leave to supplement its invalidity contentions, Crimson seeks to have Peerless barred from relying on any date of conception prior to the date of the provisional patent application that formed the basis of the '850 patent (October 14, 2005). (*Id.* at ¶ 36.) It explains that this remedy would be appropriate **[*7]** because there "must be a consequence for Plaintiff's utter disregard for its discovery obligations and the obligation to supplement discovery responses." (*Id.*)

## LEGAL STANDARD

*Federal Rule of Civil Procedure 54(b)* states that a court may reconsider an interlocutory ruling "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Fed. R. Civ. P. 54(b)*. Motions for reconsideration serve the limited purpose to correct manifest errors of law or fact or to present newly discovered evidence. *See Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)*. A motion to reconsider serves an important function where the "court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011)*, *overruled on other grounds*, *Hill v.*

[3] "Each party asserting invalidity or unenforceability of a patent claim shall serve on all other parties, no later than the same time that the Final Infringement Contentions are due, 'Final Unenforceability and Invalidity contentions[.]'" *N.D. Ill. L.P.R. 3.1*.

Tangherlini, 724 F.3d 965 (7th Cir. 2013) (citing Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

Local **[*8]** Patent Rule 3.1 provides that a party asserting invalidity of a claim must serve final invalidity contentions before the close of discovery. Local Patent Rule 3.4 governs the amendment of final invalidity contentions and provides that "[a] party may amend its Final . . . Invalidity Contentions only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." N.D. Ill. L.P.R. 3.4; *see also* O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366-67 (Fed. Cir. 2006); *see generally* Judge Matthew Kennelly & Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. Marshall Rev. Intell. Prop. L. 202, 216 (2010) ("Parties are not locked irrevocably into their final contentions. To amend them, however, a party must obtain leave of court on a showing of good cause and the absence of unfair prejudice to opposing parties."). Determining whether a party has satisfied the good cause requirement is within the court's discretion. *See* MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005); Speedtrack, Inc. v. Endeca Techs., Inc., Nos. 2012-1319, 2012-1402, 524 Fed. Appx. 651, 659 (Fed. Cir. Apr. 16, 2013) **[*9]** (Table) ("Decisions enforcing local rules in patent cases are reviewed for an abuse of discretion.").

The on-sale bar invalidity contention applies if a patent was "in public use or on sale in this country more than one year prior to the date the patent application is filed." *See* Leader Techs., Inc. v. Facebook, Inc., 678 F.3d 1300, 1305 (Fed. Cir. 2012) (quoting 35 U.S.C. § 102(b));[4] N.D. Ill. L.P. R. 2.3(b)(1) ("Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.").

A **[*10]** patent may also be invalid for failure to name an inventor. *See* Pannu v. Iolab Corp., 155 F.3d 1344, 1349-50 (Fed. Cir. 1998); N.D. Ill. L.P.R. 2.3(b)(1) ("Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.").[5]

## ANALYSIS

### I. Motion to Reconsider

Crimson argues that the court should reconsider the October 2 Order because Peerless has failed and continues to fail to produce documents supporting the on-sale bar doctrine and failure to name an inventor invalidity contentions. Crimson asserts that since it first filed its summary judgment motion on April 5, 2013, it has been able to depose Plavnik and has obtained favorable rulings from Magistrate Judge Susan Cox on discovery issues. This new information that Crimson has received or is waiting to receive will allow it to "fully update its invalidity contentions." (Dkt. 349 ¶ 28.) Crimson also argues that its invalidity contentions were "due prematurely and well before **[*11]** Plaintiff's (still anticipated) compliance with Local Patent Rule 2.1."[6] (Dkt. 349 ¶ 3.) It alleges that this new information supports the on-sale bar doctrine and failure to name an inventor invalidity contentions. The on-sale bar doctrine

---

[4] The Leahy-Smith America Invents Act amended section 102. *See* ***Pub. L. 112-29, Sec. 3, 125 Stat. 284 (Sept. 16, 2011)***. The prior version of section 102 applies to this case as the asserted claims have effective filing dates before March 15, 2013, which is when the statute took effect. *See, e.g.,* Golden Bridge Tech., Inc. v. Apple Inc., 937 F. Supp. 2d 490, 494 n.7 (D. Del. 2013).

[5] The Leahy-Smith American Invents Act eliminated section 102(f) but, as discussed *supra* note 4, the prior version of section 102 applies to this case.

[6] Local Patent Rule 2.1 provides that the parties must exchange Federal Rule of Civil Procedure 26(a)(1) initial disclosures within fourteen days of the defendant filing an answer or other response. It also provides that a party asserting patent infringement must produce certain documents to the opposing party, with its initial disclosures including (1) documents concerning "any disclosure, sale or transfer, or offer to sell **[*12]** or transfer, of any item embodying, practicing or resulting from the practice of the claimed invention prior to the date of application for the patent in suit[;]" (2) documents concerning the conception of the patent created on or before the date of the application of the patent in suit; (3) documents relating to communications with the U.S. Patent Office; and (4) documents concerning ownership of patent rights. N.D. Ill. L.P.R. 2.1(a).

contention is premised on Crimson's assertion that Peerless displayed and sold the bracket embodying the '850 patent in September 2004, which was more than one year before Peerless filed the application leading to the '850 patent. The failure to name an inventor contention is based on Crimson's argument that the '850 patent fails to name Dr. Genady Plavnik, Peerless's Senior Design Engineer, who averred that he designed figure 3 in the '850 patent, as an inventor. Both of these facts, Crimson argues, render the patent invalid.

Crimson does not state, however, that the court has patently misunderstood its position, made a decision outside the adversarial issues presented, made an error of apprehension, or that there has been a controlling or significant change in the law. *See, e.g.,* *Ramada Franchise Sys., Inc. v. Royal Vale Hosp. of Cinn., Inc., No. 02 C 1941, 2004 U.S. Dist. LEXIS 24036, 2004 WL 2966948, at *3 (N.D. Ill. Nov. 24, 2004)*. Instead, Crimson asserts multiple ways in which it was unable to know all relevant facts when it served its supplemental invalidity contentions (which Crimson argues it was ordered to submit prematurely).[7] This is insufficient as a matter of law under *Rule 54(b)*.

For example, Crimson states that it was not aware of the existence of an additional inventor until it took depositions of Peerless's inventors and then interviewed and eventually deposed Dr. Plavnik. (Dkt. 349 ¶ 34.) It does not state when it took the depositions of Peerless's other inventors and learned about Plavnik. But in its April 5, 2013 *Local Rule 56.1* statement, Crimson admitted that it learned on December 12, 2012, at the deposition of former Peerless employee Dugan O'Keene, that the "prior art" brackets shown in the '850 patent as figures 1 and 2 were designed by "Genady," *i.e.*, Plavnik. (Dkt. 192 ¶ 2; *see also* dkt. 191 at 3.) Another former Peerless employee, William Lan, testified consistently with O'Keene's statement at his December 13, 2012 deposition. (Dkt. 192 ¶¶ 3, 5; *see also* dkt. 191 at 3.) Even had this information been insufficient to put Crimson on notice of Plavnik's alleged role, it knew of it at least by March 4, 2013, when it received Plavnik's declaration. In it, Plavnik explains that he "worked on the design, engineering, prototyping and initial production of AV mounts, including adapter brackets for AV mounts of the type shown **[*14]** in [the '850 patent]." (Dkt. 349, Ex. E at 3.) Crimson thus had enough information to allege on April 5, 2013 that Plavnik "is an, if not the only, inventor of the bracket shown in Figs 3-7 and claimed in P'850." (Dkt. 192 ¶ 8.)

As for the on-sale bar doctrine, Plavnik's declaration provided Crimson with information sufficient to alert Crimson of this invalidity basis in March 2013. Plavnik states in his declaration that 50 brackets were shipped to Wal-Mart in the fall of 2004. (Dkt. 349, Ex. E at 4-5.) Crimson was thus able to include this fact in its statement of additional facts it submitted on April 5, 2013 with its summary judgment motion. (Dkt. 192 ¶ 9.) Crimson also knew from Plavnik's declaration that the bracket that is the subject of figure 3 of the patent was on display at a trade show in September 2004. (Dkt. 349, Ex. E at 4.) Crimson relied on this fact in its April 5, 2013 motion for summary judgment. (Dkt. 191 at 3.)

Given the evidence that Crimson had supporting the failure to name an inventor and on-sale bar doctrine invalidity contentions when it moved for summary judgment on April 5, 2013, Crimson had all necessary information to move to amend its contentions then. **[*15]** "A motion for reconsideration is not an appropriate vehicle for relitigating arguments that the Court previously rejected or for arguing issues that *could have been raised* during the consideration of the motion presently under reconsideration." *Fed. Deposit Ins. Corp. v. Mahajan, No. 11 C 7590, 2013 U.S. Dist. LEXIS 99450, 2013 WL 3771419, at *2 (N.D. Ill. July 16, 2013)* (emphasis added). Nor is it an appropriate vehicle to "present evidence that was *available earlier.*" *Caine v. Burge, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012)* (emphasis added). This motion thus fails because evidence supporting these contentions was available to Crimson in the spring of 2013 but it did not move to show good cause to amend its contentions then.

Crimson makes much of the fact that it filed various discovery motions between April 2013 and now, and of Judge Cox's related rulings. It is true that Judge Cox has admonished Peerless for some of its discovery practices and that the parties have an ongoing duty to supplement discovery responses. (*See* Dkt. 349 ¶¶ 16-25.) But none of this changes the fact that on April 5, 2013, when Crimson filed its motion for summary judgment, it knew enough to bring the on-sale bar and inventor defenses. **[*16]** (*See* dkt. 191 at 3.) Had Crimson lacked the necessary information to assert the contentions on April 5, 2013, it would not—and could not—have asserted them in the first place. Despite this knowledge, Crimson did not show the court good cause to allow it to update its invalidity contentions. Crimson

[7] As discussed throughout this opinion, Crimson had the option of amending its "premature" invalidity contentions **[*13]** upon a showing of good cause.

frames the issue as whether it had "the additional, specific information[ ] the Court now requires[ ] at the time it served its supplemental contentions." (Dkt. 349 ¶ 30.) But that is the precise issue Crimson should have raised before the court when it moved for summary judgment in April. That Crimson reserved the right to supplement its invalidity defenses does not excuse its failure to comply with this court's local rules, which require that a party assert all invalidity defenses in its final invalidity contentions. Accordingly, Crimson's motion to reconsider the court's October 2 Order is denied.

### III. Request to Amend Invalidity Contentions for Good Cause

To the extent that Crimson is moving to supplement its invalidity defenses in its motion to reconsider, that motion is denied.[8] Crimson asserts that good cause exists to allow it to supplement its contentions because (1) there are outstanding **[*17]** discovery requests that have not been answered; and (2) this would not cause Peerless to suffer any prejudice, as Peerless has information regarding inventorship at its disposal. (*Id.* at ¶ 35.) In its reply brief, Crimson further argues that Peerless made no argument that it would be prejudiced should the court grant Crimson leave to supplement its contentions. (Dkt. 365 at 5.)

To demonstrate good cause to amend invalidity or infringement contentions, a party must demonstrate that it acted diligently and that the accused infringer would suffer no unfair prejudice if the moving party were permitted to amend. *See* O2 Micro, 467 F.3d at 1366-68; Fujitsu Ltd. v. Tellabs Operations, Inc., Nos. 08 C 3379, 09 C 4530, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979, at *7 (N.D. Ill. Mar. 21, 2012). "In showing diligence, the relevant inquiry is not when the party learned about the information, but when it could have made the discovery." Sloan Valve Co. v. Zurn Indus., Inc., No. 10 C 204, 2013 U.S. Dist. LEXIS 22739, 2013 WL 622951, at *2 (N.D. Ill. Feb. 20, 2013) (citing Thermapure, Inc. v. Giertsen Co. of Ill., No. 10 C 4724, 2012 U.S. Dist. LEXIS 175612, 2012 WL 6196912, at *2 (N.D. Ill. Dec. 11, 2012)). Furthermore, "good cause requires more than a showing that new information has been revealed in discovery." Fujitsu, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979, at *6. For example, the court in *Fujitsu* held that the plaintiff had not established good cause to amend its infringement contentions in part because it waited to set dates to depose witnesses despite **[*19]** the approaching discovery deadline. *Id.; see also* Thermapure, 2012 U.S. Dist. LEXIS 175612, 2012 WL 6196912, at *2.

Crimson has not established good cause to amend its invalidity contentions because its actions demonstrate a lack of diligence in pursuing these defenses. As already discussed, Crimson knew by at least the end of 2012 that there was another inventor, a fact it learned through depositions of O'Keene and Lan. (*See* Dkt. 192 ¶¶ 2-3, 5; *see also* dkt. 191 at 3.) Once it received Plavnik's statement on March 4, 2013, it had confirmation that Plavnik was also an inventor of the '850 patent and that certain brackets at issue had been shipped to Wal-Mart in 2004. (*See* Dkt. 192 ¶¶ 7-9; dkt. 349, Ex. E at 5.) Nevertheless, Crimson proceeded to file a motion for summary judgment without moving to amend its invalidity contentions. It did not move to amend its contentions until October 18, 2013. That Crimson did not file this motion between April 11, 2013, when the court denied its motion for summary judgment without prejudice, and October 2, 2013, when the court reinstated its motion, is understandable. What is not understandable is that Crimson had the information it gleaned from Plavnik's deposition for a full **[*20]** month without filing a motion to amend, and that it then let another 16 days pass in October before filing its motion for reconsideration. *See* Sloan Valve, 2013 U.S. Dist. LEXIS 22739, 2013 WL 622951, at *3 (denying plaintiff's motion to amend infringement contentions for lack of diligence where the plaintiff filed to amend 12 days after the parties' agreed stay of proceedings ended).

Crimson argues that it could not have filed this motion any sooner because it lacked necessary information due to Peerless's admonishable discovery tactics. Indeed, it

[8] Although the court will consider the merits of this motion, it notes that a motion to reconsider is not the proper procedural mechanism for moving to supplement invalidity contentions. While it is true that the decision on each motion is within the discretion of the district court, see Goldman v. Gagnard, No. 11 C 8843, 2012 U.S. Dist. LEXIS 87226, 2012 WL 2397053, at *3 (N.D. Ill. June 21, 2012) (citing Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co., 244 F. Supp. 2d 890, 891 (N.D. Ill. 2002)); MEMC Elec., 420 F.3d at 1380 n.5, the court reviews each motion for different factors. The proper motion for Crimson to file in seeking to assert these contentions is one to amend its final invalidity contentions pursuant to Local Patent Rule 3.4. *See, e.g.,* Sloan Valve Co. v. Zurn Indus., Inc., No. 10 C 204, 2013 U.S. Dist. LEXIS 22739, 2013 WL 622951, at *1 (N.D. Ill. Feb. 20, 2013) **[*18]** (noting that court had granted plaintiff's properly filed "Motion for Leave to Amend Its Final Infringement Contentions")

notes that Peerless has produced relevant documents as recently as November 4, 2013. (Dkt. 365 at 3.) The court certainly does not approve of any alleged delay tactics on Peerless's part. But Crimson does not explain why it was able to include the unnamed inventor and on-sale bar doctrine contentions in its April summary judgment motion but was unable to request leave to properly add those contentions. Even if it received confirmation of this through discovery during the summer and fall (and is still awaiting confirmation through discovery that Peerless has not yet turned over), that is no excuse. "[T]heories of [invalidity] do not need to be confirmed before [invalidity] **[*21]** contentions may be amended." *Fujitsu, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979, at *9* (originally discussing infringement contentions); *see also* *O2 Micro, 467 F.3d at 1366* ("If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation."). Crimson also makes much of the fact that Peerless scheduled but then cancelled Plavnik's deposition, contending that Peerless's reliance on this fact is "utter nonsense." (*See* dkt. 349 ¶ 31; dkt. 365 at 1 n.1.) But Crimson does not explain why it did not seek to depose Plavnik earlier, or how its failure to do so demonstrates anything but a lack of diligence on its part.

Because Crimson failed to satisfy the first prong of Local Patent *Rule 3.4*'s test, the court need not delve into whether Peerless would suffer prejudice if Crimson were allowed to amend its invalidity contentions now. *See* *O2 Micro, 467 F.3d at 1368-69* ("Having concluded that the district court could properly conclude that [the patent holder] did not act diligently in moving to amend its infringement contentions, we see no need to consider **[*22]** the question of prejudiced to [the accused infringer]."); *see also* *Fujitsu, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979, at *7*. Thus, to the extent that Crimson's motion for reconsideration contains within it a motion to amend its invalidity contentions, or a motion for leave to amend once it completes discovery, that motion is denied.

**IV. Validity of Local Patent Rule 3.4**

Crimson argues that local patent rules should not trump *Federal Rule of Civil Procedure 26(e)*. In particular, Crimson takes issue with Local Patent *Rule 3.4*, providing that a party wishing to amend its invalidity contentions may only do so "by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment." *N.D. Ill. L.P.R. 3.4*. The rule expressly provides that a party's "duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." *Id.* *Federal Rule of Civil Procedure 26(e)* provides that a party has a continuing obligation to supplement disclosures and responses if the party learns that a disclosure or response is incomplete or incorrect. *Fed. R. Civ. P. 26(e)*.

Crimson's argument fails for three reasons. **[*23]** First, Crimson waived this argument by not making it until the motion for reconsideration. *See, e.g.,* *Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995)*. Second, and relatedly, this was an argument that Crimson could and should have made in the first instance; Crimson presents no new evidence, change in the law, manifest error, or any other ground that would allow it to make this argument only now. *See, e.g.,* *Rothwell, 827 F.2d at 251*. Third, not only does Crimson fail to point to any case in support of this argument, but it cites cases that support rule's validity. *See* *O2 Micro, 467 F.3d at 1365-68* (upholding validity of Northern District of California local patent rule requiring good cause to amend infringement or invalidity contentions based on new material revealed in discovery, and affirming district court's decision that party had not demonstrated good cause to amend contentions); *Fujitsu, 2012 U.S. Dist. LEXIS 38740, 2012 WL 5444979, at *4* ("[T]here is nothing in the Federal Rules that prohibits a local rule requiring the early disclosure of infringement contentions or requiring amendments to contentions to be filed with diligence."). In fact, the Federal Circuit recently affirmed a decision denying **[*24]** leave to amend infringement contentions based on a local rule resembling Local Patent *Rule 3.4*. *See* *Kruse Tech. P'ship v. Volkswagen AG, 544 Fed. Appx. 943, 2013 U.S. App. LEXIS 20457, 2013 WL 5526526, at **9-10 (Fed. Cir. Oct. 8, 2013)*. Application of the rule is appropriate.

**V. Alternative Relief**

Finally, Crimson requests that if it is not allowed to supplement its invalidity contentions, Peerless be barred from relying on any date of conception prior to October 14, 2005, *i.e.*, the date of the provisional patent application that formed the basis of the '850 patent. (Dkt. 349 ¶ 36.) Provided that Peerless complies with all of Magistrate Judge Cox's discovery rulings and

produce documents as required, this request is unnecessary. The court denies this motion without prejudice at this time.

**ORDER**

Crimson's motion (dkt. 349) to reconsider the court's ruling of October 2, 2013 (dkt. 331) is denied. To the extent that Crimson's motion is one to amend its invalidity contentions now or at the close of discovery, that motion is denied. Crimson's motion for alternative relief is denied without prejudice. Crimson may proceed on its theories of the following three invalidity contentions: (1) failure to disclose the best mode; **[*25]** (2) obviousness; and (3) anticipation. The parties shall follow the briefing schedule for Crimson's summary judgment motion as laid out at the motion hearing on October 24, 2013. (Dkt. 360.) The hearing date of December 5, 2013 is stricken.

Date: November 27, 2013

/s/ Joan H. Lefkow

U.S. District Judge Joan H. Lefkow

---

End of Document