# Exhibit N

# Verinata Health, Inc. v. Sequenom, Inc.

United States District Court for the Northern District of California

February 26, 2014, Decided; February 26, 2014, Filed

No. C 12-00865 SI

**Reporter**
2014 U.S. Dist. LEXIS 25406 *

VERINATA HEALTH, INC., et al., Plaintiffs, v. SEQUENOM, INC., et al., Defendants.

**Prior History:** *Verinata Health, Inc. v. Sequenom, Inc., 2013 U.S. Dist. LEXIS 106912 (N.D. Cal., July 29, 2013)*

**Counsel:** **[*1]** For Verinata Health, Inc., The Board of Trustees of the Leland Stanford Junior University, Plaintiffs: Edward Robert Reines, LEAD ATTORNEY, Weil Gotshal & Manges LLP, Redwood Shores, CA; Aaron Y Huang, Weil Gotshal Manges, Redwood Shores, CA; Anant N. Pradhan, Weil, Gotshal and Manges LLP, Redwood Shores, CA; Derek C. Walter, Michele A. Gauger, Weil, Gotshal & Manges LLP, Redwood Shores, CA.

For Sequenom, Inc., Sequenom Center for Molecular Medicine, LLC, Defendants, Counter-claimants: Aton Arbisser, Kaye Scholer LLP, Los Angeles, CA; Gary Ross Allen, Nisha Agarwal, Peter Edward Root, Sean Michael Boyle, Michael Joseph Malecek , Esq., Kaye Scholer LLP, Palo Alto, CA; Robert David Estrin, Los Angeles, CA.

For Isis Innovation Limited, Miscellaneous: Mario Aieta, LEAD ATTORNEY, Satterlee Stephens Burke Burke, New York, NY; M. J. Williams, PRO HAC VICE, Satterlee Stephens Burke & burke, LLP, New York, NY.

For Ariosa Diagnostics, Inc., Miscellaneous: David Isaac Gindler, LEAD ATTORNEY, Irell & Manella LLP, Los Angeles, CA; Lina Fahad Somait, Los Angeles, Ca.

For The Board of Trustees of the Leland Stanford Junior University, Verinata Health, Inc., Counter-defendants: Edward Robert Reines, LEAD **[*2]** ATTORNEY, Weil Gotshal & Manges LLP, Redwood Shores, CA; Derek C. Walter, Michele A. Gauger, Weil, Gotshal & Manges LLP, Redwood Shores, CA.

For Isis Innovation Limited, Counter-defendant: Christopher Todd Norris, LEAD ATTORNEY, Bullivant Houser Bailey PC, San Francisco, CA; M. J. Williams, PRO HAC VICE, Satterlee Stephens Burke & burke, LLP, New York, NY.

For Sequenom Center for Molecular Medicine, LLC, Counter-claimant: Gary Ross Allen, Sean Michael Boyle, Michael Joseph Malecek , Esq., Kaye Scholer LLP, Palo Alto, CA; Robert David Estrin, Los Angeles, CA.

For Sequenom, Inc., Counter-claimant: Aton Arbisser, Kaye Scholer LLP, Los Angeles, CA; Gary Ross Allen, Nisha Agarwal, Peter Edward Root, Sean Michael Boyle, Michael Joseph Malecek , Esq., Kaye Scholer LLP, Palo Alto, CA; Robert David Estrin, Los Angeles, CA.

For The Board of Trustees of the Leland Stanford Junior University, Verinata Health, Inc., Counter-defendants: Edward Robert Reines, LEAD ATTORNEY, Weil Gotshal & Manges LLP, Redwood Shores, CA; Aaron Y Huang, Weil Gotshal Manges, Redwood Shores, CA; Derek C. Walter, Michele A. Gauger, Weil, Gotshal & Manges LLP, Redwood Shores, CA.

**Judges:** SUSAN ILLSTON, United States District Judge.

**Opinion by:** SUSAN ILLSTON

## Opinion

**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR INVALIDITY CONTENTIONS [*3]**

A motion by defendants Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC (collectively "Sequenom") for leave to amend their invalidity contentions is currently scheduled for hearing on February 28, 2014. Pursuant to *Civil Local Rule 7-1(b)*, the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES Sequenom's motion for leave to amend its invalidity contentions.

## BACKGROUND

This is a patent infringement action. Plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") accuse Sequenom's Harmony™TM Prenatal Test of infringing U.S. Patent No. 7,888,017 ("the '017 patent"), U.S. Patent No. 8,008,018 ("the '018 patent"), and U.S. Patent No. 8,195,415 ("the '415 patent").[1] Docket No. 34, First Amended Complaint.

The present action was filed on February 22, 2012. Verinata served its infringement contentions on July 13, 2012, and Sequenom served its invalidity contentions on September 28, 2012. On October 16, 2013, the Court issued a claim construction order in this action and the related cases, construing the disputed terms of the patents-in-suit. Docket No. 135. By the present motion, Sequenom moves for leave to amend its invalidity contentions in light of the Court's claim construction order.

## LEGAL STANDARD

*Patent Local Rule 3-3* requires a party opposing a claim of patent infringement to serve on all parties its "Invalidity Contentions" within 45 days after being served with the "Disclosure of Asserted Claims and Infringement Contentions." *Patent Local Rule 3-6* provides that amendment of the invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." "The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending **[*5]** those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365-66 (Fed. Cir. 2006)*; *see also Atmel Corp. v. Information Storage Devices, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. Nov. 4, 1998)* ("Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.").

To make a satisfactory showing of good cause, a party seeking to amend its invalidity contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro, 467 F.3d at 1363*. "The party seeking to amend its contentions bears the burden of establishing diligence." *CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal. 2009)* (citing *O2 Micro, 467 F.3d at 1366-67*). If the moving party is able to establish diligence, the Court should then consider prejudice to the non-moving party in determining **[*6]** whether to grant leave to amend. *See O2 Micro, 467 F.3d at 1368*; *CBS Interactive, 257 F.R.D. at 201*.

> Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

*N.D. Cal. Pat. L.R. 3-6*.

## DISCUSSION

Sequenom argues that good cause exists for amendment of its invalidity contentions because the proposed amendments are driven by the Court's adoption of claim constructions that are different from the constructions proposed by Sequenom. Docket No. 164 at 5-6. The Patent Local Rules expressly recognize that amendment of invalidity contentions may be appropriate where the Court adopts a claim construction different from that proposed by the party seeking amendment. *See N.D. Cal. Pat. L.R. 3-6(a)*. However, the Court's differing claim construction "in and of itself **[*7]** does not constitute good cause," *Sunpower Corp. Sys. v. Sunlink Corp., 2009 U.S. Dist. LEXIS 85425, at *3 (N.D. Cal. Jun. 12, 2009)*, and the moving party must still establish its diligence. Here, the Court concludes that Sequenom has failed to establish that it was diligent in seeking amendment.

[1] The present action is related to three other patent infringement actions before the Court: *Ariosa v. Sequenom*, 11-cv-6391; *Natera v. Sequenom*, 12-cv-132; and *Verinata v. Ariosa*, 12-cv-5501. Case Nos. 11-cv-6391 and **[*4]** 12-cv-132 are currently on appeal before the Federal Circuit.

For most of the constructions that differed from Sequenom's proposed constructions, the Court simply adopted the constructions proposed by Verinata. *See* Docket No. 135 at 13-31. Sequenom was given notice of these proposed constructions by at least October 26, 2012 when the parties exchanged their preliminary claim constructions. *See also* Docket No. 58. Therefore, Sequenom was aware of the risk that the Court could adopt these constructions by October 2012, yet it waited until more than a year later to seek amendment of its invalidity contentions. *See* *Cisco Sys. v. Teleconference Sys., LLC, 2012 U.S. Dist. LEXIS 189372, at *17 (N.D. Cal. Jun. 11, 2012)* (stating that where the Court adopts the opposing party's proposed construction, the date that the moving party received that proposed construction "mark[s] the beginning of the relevant time period for evaluating [it]'s diligence").

In its reply, **[*8]** Sequenom notes that a few of the Court's claim constructions differ from those proposed by both parties. Docket No. 168 at 2. However, Sequenom does not state that it is these particular constructions that necessitate amending its invalidity contentions. To the contrary, in its motion, the claims terms Sequenom identifies as the basis for its amendments are the terms "massively parallel sequencing," "reaction samples," and "identifying [the] chromosomes" for the '017 and '018 patents, and "a first value and a second value" and "determine a differential" for the '415 patent. Docket No. 164 at 3, 5. For each of these claim terms, the Court adopted Verinata's proposed construction. Docket No. 135 at 16-18, 29-30. Therefore, Sequenom had since October 2012 to modify its invalidity contentions to account for these constructions.

Sequenom argues that it was proper for it to wait until the Court issued its claim construction order before seeking amendment because Sequenom reasonably believed that the Court would reject Verinata's proposed constructions. Docket No. 168 at 3. However, this argument is undercut by Sequenom's own original invalidity contentions. In the contentions, Sequenom stated: **[*9]** "These Preliminary Invalidity Contentions are based on how Sequenom understands Plaintiffs may be construing the asserted claims of the patents-in-suit in light of Plaintiffs' Preliminary Infringement Contentions."[2] Docket No. 167-2, Walter Decl. Ex. 2 at 1. Therefore, in its original contentions, Sequenom found it proper to account for Verinata's proposed constructions. Accordingly, Sequenom has failed to explain why it was necessary for it to wait until over a year after it became aware of the proposed constructions to seek the requested amendments.

In addition, even assuming it was proper for Sequenom to wait until the Court's claim construction order was issued before seeking amendment, Sequenom was not diligent in seeking amendment once that basis for amendment was discovered. *See* *Positive Techs., Inc. v. Sony Elecs., Inc., 2013 U.S. Dist. LEXIS 11271, at *8 (N.D. Cal. Jan. 28, 2013)* ("[T]he diligence required for a showing **[*10]** of good cause has two phases: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered."). The Court's claim construction order was issued on October 16, 2013. Docket No. 135. Sequenom did not provide Verinata with its proposed amendments until December 31, 2013, Docket No. 167-3, Walter Decl. Ex. 3, and did not file the present motion until January 10, 2014—almost three months after the Court's claim construction order. Several courts have found that a delay of three months before seeking amendment is too long to establish diligence. *See, e.g.,* *O2 Micro, 467 F.3d at 1367* (affirming the district court's finding of a lack of diligence by the moving party where the party "waited almost three months . . . to serve its proposed amended contentions and two more weeks to formally move to amend"); *Acer, Inc. v. Tech. Props., 2010 U.S. Dist. LEXIS 142472, at *14-16 (N.D. Cal. Sept. 10, 2010)* (concluding that the moving party was not diligent where it took three months from the time it began review of its contentions to when it sought amendment); *see also, e.g.,* *Oracle Am., Inc. v. Google Inc., 2011 U.S. Dist. LEXIS 87251, at *8-9 (N.D. Cal. Aug. 8, 2011)*. **[*11]** In its motion, Sequenom provides no explanation for this three month delay. Sequenom simply states that it "searched for, located, and analyzed new prior art references and reevaulated its original prior art references in view of the Court's constructions from late October to December 2013." Docket No. 164 at 7. Sequenom does not explain why this process took almost three months, particularly in light of the fact that Sequenom knew of the constructions at issue for over a year and in light of the fact that under the Local Rules a party generally has only 45 days from receipt of the patentee's infringement contentions to prepare and serve its invalidity contentions. *See N.D. Cal. Pat. L.R.*

[2] The Court recognizes that at the time Sequenom made this statement, Sequenom only possessed Verinata's infringement contentions and not Verinata's proposed claim constructions. However, Sequenom received Verinata's proposed claim constructions only a month later.

*3-3*. Accordingly, the Court concludes that Sequenom has failed to establish that it was diligent in seeking amendment of its invalidity contentions.

Because the Court concludes that Sequenom did not act diligently in moving to amend its invalidity contentions, the Court need not address whether Verinata would be prejudiced by the amendments. *See* *O2 Micro, 467 F.3d at 1368* ("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement **[*12]** contentions, we see no need to consider the question of prejudice to MPS."); *Acer, 2010 U.S. Dist. LEXIS 142472, at *17* ("Because TPL has not demonstrated diligence, 'the inquiry should end.'"). Accordingly, the Court denies Sequenom's motion for leave to amend its invalidity contentions.

**CONCLUSION**

For the foregoing reasons the Court DENIES Sequenom's motion for leave to amend its invalidity contentions. Docket No. 164.

**IT IS SO ORDERED.**

Dated: February 26, 2014

/s/ Susan Illston

SUSAN ILLSTON

United States District Judge

---

End of Document