**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XIAOLING CHE and JINYAN DUAN<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN XIMEIKEJI YOUXIAN GONGSI; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI<br><br>Defendants. | Civil Action No. 1:25-cv-4946<br><br>Hon. Chief Judge Virginia M. Kendall |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**
**<u>THEIR MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS</u>**

## I. INTRODUCTION

The Court held a hearing on September 9, 2026, and issued its claim construction order on September 15, 2026, construing the claims of the Asserted Patent, U.S. Patent No. 12,220,648 ("the '648 Patent"). Dkt. 87. Fourteen days later, upon learning of the Court's construction of the claims, Defendants filed a motion for leave to amend their final invalidity contentions, which was timely under Local Patent Rule 3.4. Dkt. 98. This Court then held a hearing on Defendants' motion and ordered additional briefing from the parties. Dkt. 107. Plaintiffs filed their Response, Dkt. 109, and Defendants timely file their Reply herewith. This Court should grant the Defendants' motion for, at least, the four reasons below.

First, Plaintiffs incorrectly characterize Defendants' motion as a "wholesale overhaul of their contentions" based on "entirely new evidence". *See* Plaintiffs' Br. at 2 and 6. This is incorrect. Instead, Malki (a patent reference) and the Bits and Pieces ("B&P") puzzle board (a product that has been commercially and publicly available for sale since, at least, May 2021) have been, and remain, the Defendants' primary anticipation and obviousness references—and have been disclosed, asserted, and analyzed throughout this litigation since, at least, August of 2025.[1] This evidence is the exact evidence this Court acknowledged in denying Plaintiffs' motion for injunctive relief. *See Memorandum Opinion and Order*, Dkt 56, at pp. 6-9 (citing Defendants'

[1] *See, e.g.,* Defendants' Response in Opposition to Preliminary Injunction, Dkt. 32, at pp. 4-6 (addressing B&P puzzle board) and p. 8 and Exhibit A (addressing Malki) (August 4, 2025); Plaintiffs' Reply in Support of Preliminary Injunction, Dkt. 36, at pp. 1-2 (B&P puzzle board) and pp. 6-9 (Malki) (August 10, 2025); Defendants' Answer to Amended Complaint and Counterclaims, Dkt. 43 at p. 7 (B&P puzzle board ***with spinner***) (October 9, 2025); Defendants' Initial Invalidity Contentions, at p. 5 and Exhibits C (Malki) and D (B&P puzzle board) (November 24, 2025); Plaintiffs' Answer to Defendants' Counterclaims, Dkt. 48, at pp. 2-5 (B&P puzzle board ***with spinner***) (October 30, 2025); Defendants' Invalidity Contentions (Malki and B&P puzzle board) (April 6, 2026); Defendants' Motion to Stay Pending Reexamination, Dkt. 69, at pp. 2-5 (B&P puzzle board ***with spinner***) (June 12, 2026).

Response in Opposition to Preliminary Injunction (Dkt. 32)). In particular, this Court noted the potential invalidity of the '648 Patent based on Amazon sales of the B&P puzzle board and/or Malki. *Id.* at pp. 7-8. Nothing has changed to improve the validity of the '648 Patent over B&P or Malki since this Court's opinion—instead that validity has only gotten worse based on Plaintiffs seeking and obtaining the broadest, plain and ordinary constructions of the disputed claim terms.

Second, in spite of Plaintiffs' mischaracterizations, the scope of Defendants' motion relates to the potential addition of a "spinner" feature that was offered for sale in connection with the B&P puzzle board far in advance of the priority date of the '648 Patent (which Plaintiffs do not contest) and an additional patent reference, Watkins, with which Plaintiffs are astutely familiar. Neither of these references provide any prejudice to Plaintiffs and instead only serve to further substantiate the invalidity of the '648 Patent in light of this Court's claim construction. As noted in Defendants' opening memorandum in support of this motion, good cause exists for these amendments based on the Court's claim construction and Defendants timely filed for leave for these amendments.

Third, Defendants have provided ample evidence of the good cause that exists for these potential amendments and have timely and diligently sought these amendments in light of this Court's claim construction order. Prior to that claim construction order, the parties fully briefed, provided competing constructions for, and argued over seven separate claim terms that affect every single asserted claim in this litigation. Put simply, the Plaintiffs prevailed on all seven disputed claim terms and, under Local Patent Rule 3.4, a claim construction ruling different than the one proposed by a party constitutes good cause warranting amendment, if timely sought and absent undue prejudice to the nonmoving party. That is the case here.

Fourth, the case law and authority cited by Plaintiffs in their Response does not compel (or even persuade) a different result than that sought by Defendants here. Instead, Defendants'

amendment is a good faith effort to litigate the invalidity of the ’648 Patent on its merits, and such a merits determination would promote judicial economy by avoiding, among other things, relitigating the same patents, over the same references, all over similar products as Plaintiffs continue to file additional cases about these patents.

As a final introductory note, during briefing of Defendants’ reply brief, Defendants proposed to Plaintiffs that Defendants would be willing to forgo all other bases of prior art invalidity and inequitable conduct unenforceability of the ‘648 Patent, and Plaintiffs refused. Exhibit A, Emails between Lyons, III and Lubezny dated Nov. 2 and 3, 2026. That proposal would have significantly simplified the issues for expert discovery and trial, but Plaintiffs refused.

## II. ARGUMENT

### A. Defendants have Demonstrated Good Cause to Amend Invalidity Contentions and Plaintiff’s Undisputed Compliance with LPR 3.4 shows Inherent Diligence

Defendant seek to amend final invalidity contentions based on the Court’s claim construction order. Amending final invalidity contentions is governed by Local Patent Rule 3.4, which states, in part:

> A party may amend its Final Infringement Contentions or Final Non-infringement and Invalidity Contentions only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment… [the amendments must be] made in timely fashion following discovery of the basis for the amendment. LPR 3.4.

The Court held a claim construction hearing on September 9, 2026, and issued its claim construction order on September 15, 2026. *See* Dkt. 87. Prior to that claim construction hearing, the parties fully briefed competing constructions for seven separate claim terms:

| Disputed Claim Term | Plaintiffs’ Proposed Construction | Defendants’ Proposed Construction |
|---|---|---|
| “a fixing portion extending from the puzzle plate” (claims 1, | Plain and ordinary meaning, which is: a portion extending from the puzzle plate that is | A distinct structural extension of the puzzle plate dedicated specifically to attaching the |

| | | |
|---|---|---|
| 10, 17) | used for fixation. | restricting wall |
| "a rotating assembly" (claim 10) | Not governed by 35 U.S.C. § 112(f). No construction necessary; plain and ordinary meaning. | 35 U.S.C. § 112(f) |
| "supplement arrangement" (claims 1, 5-6, 10, 13, 15, 17, 19, 21, 22) | Not governed by 35 U.S.C. § 112(f). No construction necessary; plain and ordinary meaning. | 35 U.S.C. § 112(f) |
| "restricting wall" (claims 1, 10, 13, 17, 20) | No construction necessary; plain and ordinary meaning. | A raised barrier that physically prevents items from sliding off the puzzle plate. |
| "successively stacked" (claims 1, 13, 17) | No construction necessary; plain and ordinary meaning. | Positioned vertically directly on top of one another in sequential physical contact at the same point of location. |
| "actuated to slide in and-out of the drawer cavity" (claims 1, 10, 17, 19) | No construction necessary; plain and ordinary meaning. | Mechanically guided to slide inward and outward via flat horizontal panels moving through standard physical tracks. |
| "cooperated with the puzzle board for forming at least one drawer cavity" (claims 1, 10) | No construction necessary; plain and ordinary meaning. | Physically joined to the puzzle board structure to create a fully enclosed structural hollow storage space |

In the Court's claim construction, the Court adopted Plaintiffs' positions, construed "a fixing portion extending from the puzzle plate" in Plaintiffs' favor, and noted the "that [the parties] had resolved all issues over, and needed no construction on, all claim terms except [that] one [claim term]." Dkt. 87, at p. 1. That resolution over the other six disputed claim terms was resolved, completely, in Plaintiffs' favor--but was not final until this Court's claim construction order was issued. Then, upon receiving the Court's claim construction order, Defendants sought to amend their final invalidity contentions to further explain how the Court's claim construction rendered the '648 Patent invalid. *See* Defendant's Motion for Leave. Dkt. 98.

The local rule inherently reflects diligence because it requires a timely filing of amended invalidity contentions. Defendants have fully complied with the requirements of Local Patent Rule 3.4 by filing timely amended invalidity contentions within 14 days of the Court's claim

construction order. Defendants compliance with LPR 3.4 shows inherent diligence. Defendants are not seeking to bend the rules, as Plaintiffs contend. Instead, Defendants are fully complying with the requirements of LPR 3.4. The amendments to the invalidity contentions only seek to further explain how the references invalidates the claims of the '648 Patent based on the Court's claim construction.

Additionally, these amendments do not seek to add and/or other address new references of which the Plaintiffs were unaware. Rather, in the case of Malki and B&P (and B&P + spinner), these references have been in this case for over a year. *See, e.g.*, Defendants' Answer to Amended Complaint and Counterclaims, Dkt. 43, at p. 7 (identifying B&P puzzle board ***with spinner***) (October 9, 2025):[2]

**THE '648 PATENT**

11. The '648 Patent is directed to a movable puzzle platform.

12. The '648 Patent was filed on June 7, 2024, and issued February 11, 2025, to Counterclaim Defendants.

13. Upon information and belief, Counterclaim Defendants were aware of the Bits and Pieces Jigsaw Puzzle Board and the Bits and Pieces Rotating Puzzle Board at the time of the filing of the '648 Patent. However, Counterclaim Defendants did not disclose this prior art to the USPTO.




www.amazon.com/dp/B0CKKCZQHS

[2] *See also supra* note 1.

In doing so, Plaintiffs go so far as to say that the court should not consider analysis and arguments that have been in this case for a year. This would be wholly improper, as these two references (or three) have been squarely in this litigation for over a year and any contention by the Plaintiffs to the contrary is simply incorrect.

Instead, Plaintiffs have been aware of these references for, at least, a year, and Defendants are merely seeking to further explain why the references invalidate the ‘648 Patent based on this Court’s claim constructions. In doing so, Defendants are not seeking to wholly alter their invalidity arguments, but rather are merely supplementing previous arguments based on new constructions from the Court. Further, in their brief, Plaintiffs state, in part, that “[a]n adverse claim construction ruling is not a license to start over ... Defendants’ proposed amendments introduce new factual issues—including the alleged prior sale and structure of B&P products—that Plaintiffs had no opportunity to investigate.” Plaintiffs’ Br., at p. 2. This statement is incorrect, both as a matter of fact and law.

Defendants are not asking for a license to start over, nor are Defendants seeking to introduce new factual issues into the case. Rather, Defendants are only seeking to fortify the same arguments that Plaintiffs have been aware of since, at least, August of 2025. *See supra* note 1.

Defendants are also not introducing new factual issues into the case, nor are they asking for a license to start over. Defendants are merely seeking to supplement their Invalidity Contentions to further explain what prior art existed prior to the ‘648 Patent being filed, and show how the Court’s claim construction applies to that prior art.

### B. This Court Has Already Recognized Defendants’ Evidence Likely Invalidates the ‘648 Patent

Plaintiffs previously moved to enjoin Defendants from selling the Accused Products. *See* Dkt. 14. This Court denied the motion, stating, in part, that a preliminary injunction was not proper

because the on sale bar appears to invalidate the ‘648 patent. The Court stated:

> These are reviews of the Accused Products—the very products Plaintiffs claim infringe. Evidence showing that these products were produced, sold, and disclosed before the priority date of the ’648 Patent is relevant—and here, persuasive—evidence that there are on-sale bar concerns to deny Plaintiffs’ motion. Plaintiffs cannot have it both ways. If the Accused Products do not satisfy the rotating limitation, they do not infringe; if they do have the rotating limitation, they bar Plaintiffs’ claim.” Dkt. 56, at p. 7. (citations omitted).

This Court properly pointed out that Plaintiffs assert two incongruent positions. If the accused products do not have a rotating limitation, they cannot infringe the claims of the ‘648 Patent. If the Accused Products do have the rotating limitation, they invalidate the ‘648 Patent because the Accused Product, with each and every limitation of the ‘648 Patent, was sold and disclosed prior to the filing date of the ‘648 Patent.

In response, Plaintiff argued that the cited prior art does not invalidate the claims of the ‘648 Patent and stated that the B&P puzzle board does not disclose a rotating limitation in any of the prior art. *See* Dkt. 36, at pp. 1-2. However, as shown by Defendants multiple times in this litigation, the B&P reference ***did*** include a rotating component before the priority date of the ‘648 Patent—and, at least, as early as May 7, 2021. *See supra* note 1; *see also* Declaration of Christopher Butler, at p. 5 (a copy of which is attached hereto as Exhibit B). Indeed, Defendants have long known of the currently marketed B&P rotating puzzle board (B&P + spinner) and even identified it in their own counterclaims. Dkt. 43, at p. 7. To the extent Plaintiffs argue any surprise or unfair prejudice based on an alleged distinction between a YouTube video of the B&P puzzle board and the B&P puzzle board (or the B&P rotating puzzle board) itself, this assertion is, at worst, completely untrue and, at best, a distinction without a difference. *See supra* note 1.

Therefore, Defendants’ proposed amendments to the invalidity contention are proper and timely concerning the details of what is disclosed by this reference (B&P + spinner), which has been squarely argued and analyzed in this litigation well before Defendants filed this motion. *See*

*supra* note 1. And again, this type of evidence (or this exact evidence) is precisely what raised substantial invalidity concerns at the preliminary injunction stage when this Court denied Plaintiffs' request for preliminary injunction. *See, e.g.*, Dkt. 56, at p. 7.

Furthermore, it is telling that Plaintiffs have never even attempted to challenge the authenticity of this evidence or provide any reason why this evidence (like Malki and B&P) does not completely anticipate and/or otherwise render obvious every single limitation of every asserted claim in this litigation. Indeed, Plaintiffs have never argued that the '648 Patent is valid over any of these references, nor can they. Defendants' motion should be granted for this reason as well.

### C. These Amendments Will Not Prejudice Plaintiffs

LPR 3.4 also requires the absence of unfair prejudice, and there is none here. Under the current schedule, opening expert reports are due December 4, 2026. Plaintiffs have had Malki and the B&P puzzle board since at least August 2025. *See supra* note 1. The proposed Malki and B&P amendments change only how two existing references are mapped under constructions that Plaintiffs themselves proposed, argued for, and won. Again, Watkins is offered only as a secondary obviousness reference and is a reference that Defendants have long known about.

Further, to the extent Plaintiffs require additional time to respond to Defendants' amended invalidity contentions, it will be limited (particularly if further focused by Defendants' offer to forgo any other invalidity or unenforceability bases) and can be completed without moving any other date in the schedule. Defendants do not object to Plaintiffs serving supplemental responsive contentions, if this Court so orders.

Finally, each of Defendants' proposed amendment rests on its own basis. Should the Court have concerns about any particular amendment or combination, Defendants respectfully request that the Court grant leave as to the remaining amendments.

### D. Plaintiff Rely on Inapposite Case Law in Their Response

Tellingly, in support of their Response brief, Plaintiffs do not attempt to distinguish the vast majority of cases cited by Defendants in their opening brief.

Instead, in support of their Response brief, Plaintiffs cite a number of cases from outside this district, including *ACME Worldwide Enters. v. United States,* 2022 U.S. Claims LEXIS 2324, *6 (Fed. Cl. Oct. 11, 2022), *Verinata Health, Inc. v. Sequenom, Inc.*, 2014 U.S. Dist. LEXIS 25406, *6-7 (N.D. Cal. Feb. 26, 2014), and *Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, 32 F. Supp. 3d 1155, 1162 (D. Nev. 2014). However, these cases are inapt, factually and legally, and have no bearing on this litigation.

For example, unsurprisingly, findings by other courts that defendants were not diligent in seeking amendments were based on much longer periods of delay after the claim construction order (e.g., 2 months, 3 months, or 22 months). *See ACME*, 2022 U.S. Claims LEXIS 2324, at * 14-15 (finding no diligence when the defendant moved to amend its invalidity contentions ***<u>for nearly 22 months after the issuance of claim construction order</u>***); *Verinata Health*, 2014 U.S. Dist. LEXIS 25406, at *9-10 (where defendant was found not diligent when the motion to amend was filed ***<u>almost three months after the claim construction order</u>***); *Silver State*, 32 F. Supp. 3d at 1163 (finding no diligence when the defendants "waited ***<u>over two months following the Court's claim construction Order</u>*** to file its amendments"). These delays are unlike the 14 days required by LPR 3.4 at issue here, with which Defendants indisputably complied. Thus, the cases cited by Plaintiffs simply have no bearing or have any relation to the facts here, nor do these cases have anything to do with this Court's procedures or standards (most importantly LPR 3.4).

## <u>III. CONCLUSION</u>

As detailed above, Defendants have shown good cause for amending the invalidity

contentions and exercised diligence in seeking these amendments by complying with the requirements of LPR 3.4. Plaintiffs cite to no relevant case law, record evidence, or factual basis to address or otherwise overcome this argument. Therefore, Defendants must be able to properly amend their invalidity contentions and respectfully request that the Court grant their motion for leave to supplement their invalidity contentions for at least the reasons stated above.

Dated: November 3, 2026

By: /s/ George T. Lyons, III
James Lovsin (ID No. 6303858)
George T. Lyons, III (ID No. 6324271)
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive, Suite 3100
Chicago, Illinois 60606-6709
(312) 913-0001 Telephone
(312) 913-0002 Facsimile
lovsin@mbhb.com
lyons@mbhb.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I certify that on this 3rd day of November 2026, a true and correct copy of the foregoing was served under Local Rule 5.9 upon Plaintiffs' counsel of record.

By: /s/ George T. Lyons, III
James Lovsin (ID No. 6303858)
George T. Lyons, III (ID No. 6324271)
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive, Suite 3100
Chicago, Illinois 60606-6709
(312) 913-0001 Telephone
(312) 913-0002 Facsimile
lovsin@mbhb.com
lyons@mbhb.com

*Attorneys for Defendants*