**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| XIAOLING CHE AND JINYAN DUAN, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | |
| | ) | No. 25 C 4946 |
| SHENZHEN XIMEIKEJI YOUXIAN GONGSI; SHENZHEN MUMUWAN MAOYI YOUXIAN GONG SI; QINGYUNXIANGESIWEI-SHANGMAOYOUXIANGONGSI; and SHENZHEN MENGDUDU CHONGWU YONGPIN YOUXIAN GONGSI | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| *Defendants*. | ) | |

**OPINION & ORDER**

Defendants filed a Motion for Leave to Amend their Final Unenforceability and Invalidity Contentions due to the Court's Claim Construction Ruling. (Dkt. 98). Defendants assert that good cause exists because the Court's claim construction Order "altered" their "understanding of the scope and meaning of the asserted claims" of U.S. Patent No. 12,220,648. (Dkt. 100 at 2). They further claim that they acted with diligence and that Plaintiffs will suffer no prejudice because expert discovery has not begun and Plaintiffs have known about the new references. (*Id.* at 2, 5-8).

Plaintiffs respond that Defendants failed to show good cause and lack of prejudice. (Dkt. 109 at 4). Plaintiffs point out that Defendants do not address how the Court's Order changed their "understanding" of the claims, why that warrants amendment, nor why they did not assert these new theories and evidence earlier. (*Id.*) Plaintiffs continue that Defendants "seek nothing less than a wholesale overhaul of their contentions," proposing to "rewrite their invalidity claim charts," "add new prior art, new obviousness combinations, new theories based on the alleged sale of physical products, and entirely new indefiniteness and inequitable conduct defenses," while reversing "their prior admissions concerning what the prior art discloses, including for limitations the Court never addressed." (*Id.* at 5). As for prejudice, Plaintiffs note that fact discovery has closed and that Defendants' proposed amendments introduce "new factual issues" that Plaintiffs would have no opportunity to investigate, thereby forcing Plaintiffs "to defend against new theories without meaningful discovery." (*Id.* at 5, 11-18).

Local Patent Rule 3.4 governs the amendment of final contentions and states in relevant part:

> A party may amend its Final Infringement Contentions or Final Non-infringement and Invalidity Contentions only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the amendment.
>
> An example of a circumstance that may support a finding of good cause, absent undue prejudice to the non-moving party, includes a claim construction by the Court different from that proposed by the party seeking amendment.

L.P.R. 3.4. "The central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852-53 (7th Cir. 2022). While the timing of an amendment is important, "delay by itself is normally an insufficient reason to deny a motion for leave to amend." *Dubicz v. Commonwealth Edison Co*., 377 F.3d 787, 793 (7th Cir. 2004). Rather, "[d]elay must be coupled with some other reason," which is typically undue prejudice to the non-moving party. *Id.* Undue prejudice is unreasonable, excessive, or unjustified "[d]amage or detriment to one's legal rights or claims." Black's Law Dictionary, 1370 (10th ed. 2014).

Defendants must show both good cause and no undue prejudice. L.P.R. 3.4. They fall well short. *Id.* Defendants' entire basis for diligence is this: because the Court adopted the plain and ordinary meaning of the claim term "a fixing portion extending from the puzzle plate,"[1] this "altered" their "understanding of the scope and meaning of the asserted claims." (Dkt. 100 at 5); (Dkt. 87). This is skeletal. "When a party presents an insufficiently robust explanation of why it was diligent, there is no good cause." *Sumrall v. LeSea, Inc.*, 104 F.4th 622, 630 (7th Cir. 2024) (cleaned up). Far from a "robust" explanation, Defendants present no explanation at all. *Id.*

Defendants note that they filed their Motion within fourteen days of the Court's Order and thus assert that it is timely. (Dkt. 100 at 6). Local Patent Rule 3.4 sets no such temporal limit. L.P.R. 3.4. It requires a party to seek leave "promptly upon discovery of the basis for the amendment." *Id.* In other words, the inquiry is not when the Court entered its Order, but when Defendants should have reasonably discovered that amendment was necessary. *Id.*

Defendants have been on notice of Plaintiffs' proposed construction—which merely follows black letter law—since filing their opening claim construction brief on June 29, 2026. (Dkt. 76 at 16-18). There certainly could be no doubt about Plaintiffs' proposed construction because they also presented it in their responsive claim construction brief. (Dkt. 79 at 12-16). It is unclear how the Court adopting Plaintiffs' construction "altered" Defendants' "understanding" of the claim term when that construction was what Defendants have been preparing for and defending against all along. Defendants could have—but did not—introduce (or seek leave to amend to include) the arguments they now belatedly present in their reply brief, despite spending half of their brief on this issue. (Dkt. 80 at 1-6).[2] While this scenario "may" present circumstances supporting amendment, Defendants do not show diligence warranting it. L.P.R. 3.4.

---

[1] Hereinafter referred to as "the Term."

[2] Defendants did not seek leave to reopen fact discovery in view of the Court's Order. *See, e.g.*, L.P.R. 1.3.

Turn next to undue prejudice. Defendants note that expert discovery has not started. (Dkt. 100 at 6). True, but fact discovery closed in June. (Dkt. 68). Defendants' contention that fact discovery is "[o]ngoing" is inaccurate. (Dkt. 100 at 4). The Court sanctioned Defendants for failing to prepare their Rule 30(b)(6) witnesses and, in addition to requiring Defendants to pay Plaintiffs' fees, permitted Plaintiffs to retake two depositions. (Dkts. 68, 94, 108).

Defendants' arguments that there is no "unfair surprise" to Plaintiffs is futile. (Dkt. 100 at 6-8). Start first with Defendants' position that the *B&P + Spinner* is not new evidence. (*Id.* at 7). This is a nonstarter. That prior art was raised in a different proceeding, before a different judge, involving a different patent, and different claims. (*Id.*) It's new. Defendants' theory of inequitable conduct before the patent office based on *Watkins* is also new, untimely, and irrelevant to the Court's Order. (*Compare id.* at 7-8 *with* Dkt. 87). Defendants claim that Plaintiffs did not disclose *Watkins* during prosecution. (Dkt. 100 at 7-8). Yet Defendants do not even attempt to connect the dots between the Court adopting the plain and ordinary meaning of the Term, the *Watkins* reference, and any apparent misconduct during prosecution. (*Id.*) During patent prosecution an applicant is required to disclose information that is "material to patentability when it is not cumulative to information already of record or being made of record in the application[.]" 37 CFR § 1.56(b); MPEP § 2001. Defendants do not explain how the references the patent applicant and examiner disclosed during prosecution were insufficient or non-cumulative such that the absence of *Watkins* amounts to inequitable conduct warranting amendment. Injecting such an unsupported far-reaching theory based on an undisclosed reference this late in the game is wholly prejudicial.

Perhaps most problematic with Defendants' Motion is that the arguments in their brief do not match the scope of the changes they seek. (*Compare* Dkt. 100 *with* Dkt. 98 *through* Dkts. 98-3). Defendants' representations make their Motion out to merely add but a few references that were accidentally left on the counter just to put a bit more meat on the bones. Far from it. Their amendments overhaul their legal positions. Consider Defendants' passing reference to *Malki*. (Dkt. 100 at 6). Defendants fail to explain what their amendments are or why they are necessary. (*Id.*) They provide no redline nor means for the Court to efficiently compare Defendants' proposed amendments to their prior charts involving *Malki*. The reason is clear: explaining the scope of the amendments obliterates any notion that Plaintiffs would not suffer undue prejudice if the Court were to grant Defendants' Motion.

*Malki* has been out in the open since day one. It is on the face of the '648 Patent and was cited by the examiner during prosecution. *See* '648 Patent at 2. Defendants had ample time to prepare their defenses using *Malki*. Yet they radically reconstruct their claim charts in a way that would put Plaintiffs in an untenable position. For example, Defendants have changed how their claim charts map onto the claim limitations and claim elements in view of the prior art. Indeed, Defendants proposed amendment to the limitation disclosing "a puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate" in Claim 10 offers a prime example:

## Claim Charts – Claim 10

### Original

| | |
|---|---|
| a board assembly comprising: | Malki discloses this element. |
| a puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate; | Malki discloses this element. Malki at ¶ 002 (As best illustrated in FIGS . 1-4 , the jigsaw puzzle workboard 10 generally comprises a panel 12 rectangular in shape having an upper surface 14 and a lower surface 16 . The panel 12 has a perimeter edge 18 including a front edge 20 , a first side edge 22 , a back edge 24 and a second side edge 26. A lip 28 is attached to and extends along the back edge 24 and the second side edge 26. The lip 28 is mounted on the periphery of the panel 12 and it extends upward to hold a puzzle 2 as it placed on the panel 12. The lip 28 is perpendicularly adjacent to the workspace of the workboard 10. The lip 28 defines an interior workspace for the containment of jigsaw puzzle game pieces . The lip 28 is secured to the game workboard by suitable chemical or mechanical methods such as but not limited to glue or wood screws . Although no specific length is required for the lip 28 , good results have been achieved with a lip 28 that extends three - quarters of an inch ( 2 cm ) in length above workboard 10."),<br><br>FIG. 1 |

### Proposed Amendment

| | |
|---|---|
| a board assembly comprising: a puzzle board comprising a puzzle plate | Malki discloses a board assembly based on the flat surface where the puzzle is completed, including, but not limited to, parts 14/12/20/18.<br><br>**Malki, Figure 1**<br>Malki discloses the "puzzle plate" limitation based on part 14. Part 14 (construed as "upper surface" within Malki) is where the puzzle is completed.<br>Therefore, Malki discloses (or at least, renders obvious) this limitation. |
| a fixing portion extending from the puzzle plate; | The specification of the '648 patent describes that the "fixing portion" extends from a surface of the puzzle plate. Additionally, based on the Court's claim construction, the fixing portion is construed as "a portion [of the puzzle board] extending from the puzzle plate that is used for fixation". In further embodiments, the specification describes components (e.g., extending walls) are placed on top of the "fixing portion".<br>Part 14 is where the puzzle is completed (i.e., "puzzle plate"), therefore the outer perimeter of the flat surface could be construed as the "fixing portion".<br><br>**Malki, Figure 1, Zoomed In**<br>Malki discloses this limitation, or at very least, render it obvious. While Malki does not directly recite a "fixing portion", it does include extending walls attached at a portion of the "upper surface" 14. Therefore, Malki, at least, discloses or teaches a "fixing portion". |

(*Compare* Dkt. 109-4 at 15-16 *with* Dkt. 98-3 at 18-19). In their original contentions, for the "a board assembly comprising" limitation, they merely stated without any support that "*Malki* discloses this element" and then they combined the "puzzle board comprising a puzzle plate and a fixing portion extending from the puzzle plate" limitations together and address them as one. (Dkt. 109-4 at 15-16). Defendants now propose addressing these three limitations by first combining two limitations ("a board assembly comprising: a puzzle board comprising a puzzle plate") and then addressing the third limitation ("a fixing portion extending from the puzzle plate") separately. (Dkt. 98-3 at 18-19). They are also now relying on different embodiments and disclosures in *Malki*. (*Compare* Dkt. 98-3 at 18-19 *with* Dkt. 109-4 at 15-16). This is a dramatic departure that necessitates substantial justification to proceed this late in the proceedings. Defendants offer none. This is also just one example. The Court need not address them all because Defendants do not support any of their proposed amendments. The disclosure and discovery deadlines closed months ago. Defendants fail to explain how the Court's adoption of the plain and ordinary meaning of the Term warrants such a massive departure in their claim charts—from the preamble, transitional phrases, and limitation elements to their substantive arguments. *See* MPEP §§ 2111.1-03.

Defendants' final position concerning "validity concerns" is baseless. Defendants seek to connect the Court's denial of Plaintiffs' motion for preliminary injunction to its proposed amendments in view of some other cases involving Mr. Che. (Dkt. 100 at 8). The trajectory of Defendants' position is crystal: it asks the Court to disregard the relevant inquiry and instead ponder an issue that has no bearing on the outcome. The Court declines.

At bottom, Defendants' motion is a last-minute effort to overhaul their defenses, months after fact discovery and the deadline for contentions passed. A claim-construction order is not a free pass to fix longstanding defects in one's case. Defendants cannot concoct good cause from a ruling that merely confirmed what they have known all along, nor can they use that ruling to gut and replace their defenses at this point in the litigation.

## CONCLUSION

Defendants' Motion for Leave to Amend their Final Unenforceability and Invalidity Contentions Due to the Court's Claim Construction Ruling is denied in full. (Dkt. 98).

Virginia M. Kendall
United States District Judge

Date: November 10, 2026